1  **PORTER, SCOTT, WEIBERG & DELEHANT**
   A Professional Corporation
2  Terence J. Cassidy, SBN 099180
   John R. Whitefleet, SBN 213301
3  350 University Avenue, Suite 200
   Sacramento, CA 95825
4  (916) 929-1481
   (916) 927-3706 (facsimile)
5
6  ATTORNEYS FOR:  Defendants COUNTY OF SOLANO, DAVID PAULSON, AL
   GARZA, and BROOK BYERLEY
7
8              **UNITED STATES DISTRICT COURT**
9             **EASTERN DISTRICT OF CALIFORNIA**
10
11
12  JOEL THOMAS TOLER                   Case No. CIV 06-0735 LKK DAD

13       Plaintiff,                     **Defendants' Motion to Dismiss Pursuant
                                        to FRCP Rule 12(b)(6); Memorandum of**
14  vs.                                 **Points and Authorities in Support
                                        Thereof**
15  DAVID  PAULSON,  COUNTY  OF
    SOLANO,  AL  GARZA,  BROOK          **DATE:      June 12, 2006**
16  BYERLY,  and  DOES  1  through  10, **TIME:      10:00 a.m.**
    inclusive,                          **CTRM:      4**
17
18       Defendants.
    _____/
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///

LAW OFFICES OF
**PORTER, SCOTT,**
**WEIBERG & DELEHANT**
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
*www.pswdlaw.com*
28  ///

**Defendants'  Motion to Dismiss; Memorandum of Points and Authorities in Support**
00428990.WPD

1

## TABLE OF CONTENTS

2

3  I.      INTRODUCTION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

4  II.     FACTS, ALLEGATIONS AND ASSERTED CLAIMS FOR RELIEF  . . . . . . . . 1

5  III.    LEGAL STANDARD FOR MOTION TO DISMISS  . . . . . . . . . . . . . . . . . . . . . . . 3

6  IV.     PLAINTIFFS' CLAIMS ARE BARRED UNDER THE YOUNGER ABSTENTION
        DOCTRINE  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
7
   V.      PLAINTIFF'S CLAIMS ARE BARRED BY HECK . . . . . . . . . . . . . . . . . . . . . . . 6
8
   VI.     PLAINTIFF FAILS TO STATE A CLAIM FOR VIOLATION OF THE FIRST
9          AMENDMENT PURSUANT TO 42 U.S.C. SECTION 1983  . . . . . . . . . . . . . . . 9

10 VII.    PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE
           GRANTED PURSUANT TO 42 U.S.C. SECTION 1983 FOR VIOLATION OF THE
11         FOURTH AMENDMENT ARISING OUT OF THE SEARCH WARRANT  . . 11

12 VIII.   PLAINTIFF FAILS TO STATE A CLAIM FOR CONSPIRACY  . . . . . . . . . . . 12

13         A.      Plaintiff Fails to State a Claim under 42 U.S.C. Section 1983  . . . . . . . . 12

14         B.      Plaintiff Fails to State a Claim for Conspiracy Under 42 U.S.C. 1985 . . . 13

15 IX.     DEFENDANTS PAULSON GARZA AND BYERLEY ARE ENTITLED TO
           ABSOLUTE IMMUNITY  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
16
           A.      Defendants PAULSON GARZA and BYERLEY Are Entitled to Prosecutorial
17                 Immunity  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

18         B.      Defendants PAULSON GARZA and BYERLEY Are Entitled to Immunity
                   under the Eleventh Amendment  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
19
20 X.      DEFENDANTS PAULSON GARZA AND BYERLEY ARE ENTITLED TO
           QUALIFIED IMMUNITY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
21
   XI.     PLAINTIFF FAILS TO STATE A CLAIM AGAINST THE COUNTY OF SOLANO
22         FOR MONELL-TYPE LIABILITY UNDER 42 U.S.C. § 1983 . . . . . . . . . . . . 18

23 XII.    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

24

25

26

27

LAW OFFICES OF
**PORTER, SCOTT,**
**WEIBERG & DELEHANT**
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
*www.pswdlaw.com*

28

1

2 **TABLE OF AUTHORITIES**

3

4 Cases                                                                    Page No.

5

6 Act Up!/Portland v. Bagley,
        988 F.2d 868 (9th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

7 Aiona v. Judiciary of the State of Hawaii,
        17 F.3d 1244 (9th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

8

9 Alioto v. City of Shively, Kentucky,
        835 F.2d 1173, 1174 (6th Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

10 Beltran v. State of Calif.,
        871 F.2d 777 (9th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

11

12 Bruning v. Pixler,
        949 F.2d 352 (10th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

13 Burns v. County of King,
        883 F.2d 819 (9th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

14

15 Conley v. Gibson,
        355 U.S. 41 (1957) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

16 Cook Perkiss & Liehe, Inc. v. N.Cal.Collection Serv.,Inc.,
        911 F.2d  242 (9th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

17

18 Cortez v. County of Los Angeles,
        294 F.3d 1186 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

19 Coszalter v. City of Salem,
        320 F.3d 968 (9th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

20

21 Delta Dental Plan v. Mendoza,
        139 F.3d 1289 (9th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

22 Disabled Rights Action Comm. v. Las Vegas Events, Inc.,
        375 F.3d 861 (9th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

23

24 Dory v. Ryan,
        25 F.3d 81 (2nd Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

25 Edwards v. Balisok,
        520 U.S. 641 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

26

27 Franks v. Delaware,
        438 U.S. 154 (1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

LAW OFFICES OF
**PORTER, SCOTT,**
**WEIBERG & DELEHANT**
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
*www.pswdlaw.com*

28

# TABLE OF AUTHORITIES CONTINUED

Gibson v. Berry Hill,
    411 U.S. 564 (1973) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Gilles v. Davis,
    427 F.3d 197 (3d Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Gobel v. Maricopa County,
    867 F.2d 1201 (9th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 15

Griffin v. Breckenridge,
    403 U.S. 88, 101, 91 S. Ct. 1790, 29 L. Ed. 2d 338 (1971) . . . . . . . . . . . . . . . 13

Guerrero v. Gates,
    357 F.3d 911 (9th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Harlow v. Fitzgerald,
    457 U.S. 800 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Hartman v. Moore,
    547 U.S. ___ , 74 U.S.L.W. 4209 (April 26, 2006) . . . . . . . . . . . . . 5, 7, 9, 11, 17

Harvey v Waldron,
    210 F.3d 1008 (9th Cir 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Heck v. Humphrey,
    512 U.S. 477, 114 S.Ct. 2364 (1994) . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7, 8, 9

Hervey v. Estes,
    65 F.3d 784 (9th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Hirsh v. Justices of the Supreme Court,
    67 F.3d 708 (9th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Imbler v. Pachtman,
    424 U.S. 409, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976) . . . . . . . . . . . . . . . . . . 14

Ivey v. Board of Regents of the University of Alaska,
    673 F.2d 266 (9th Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Lee v. City of Los Angeles,
    250 F.3d 668 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Liston v. County of Riverside,
    128 F.3d 965 (9th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Lopez v. Smith,
    203 F.3d 1122 (9th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

McMillian v. Monroe County, Ala.,
    520 U.S. 781(1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 18

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LAW OFFICES OF
**PORTER, SCOTT,**
**WEIBERG & DELEHANT**
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
www.pswdlaw.com

1

# TABLE OF AUTHORITIES CONTINUED

2

3   Middlesex Co. Ethics Comm. v. Garden State Bar Ass'n,
        457 U.S. 423 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

4

5   Mitchell v. Forsyth,
        472 U.S. 511 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

6   Monell v. Department of Social Services of New York,
        436 U.S. 658, 985 S.Ct. 2018 (1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 18

7

8   Moore v. Sims,
        442 U.S. 415 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

9   Neely v. Feinstein,21
        50 F.3d 1502 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

10

11   Olsen v. Idaho State Bd. of Med.
        363 F.3d 916 (9th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

12   Parks School of Business, Inc. v. Symington,
        51 F. 3d 1480 (9th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

13

14   Pareto v. FDIC,
        139 F.3d 696 (9th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

15   Pembaur v. City of Cincinnati,
        475 U.S. 469, 106 S. Ct. 1292 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

16

17   Pitts v. County of Kern,
        17 Cal. 4th 340 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 18, 19

18   Saucier v. Katz,
        533 U.S. 194 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

19

20   Scheuer v. Rhodes,
        416 U.S. 232 (1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

21   Scott v. Ross,
        140 F.3d 1275 (9th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

22

23   Shamaeizadeh v. Cunigan,
        182 F.3d 391 (6th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

24   Smiddy v. Varney,
        665 F.2d 261 (9th Cir. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

25

26   Suarez Corp. Indus. v. McGraw,
        202 F.3d 676 (4th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

27   Quiller v. Barclays American Credit Inc.,
        727 F 2d 1067 (5th Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

28

LAW OFFICES OF
**PORTER, SCOTT,**
**WEIBERG & DELEHANT**
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
www.pswdlaw.com

# TABLE OF AUTHORITIES CONTINUED

<u>Terracom v. Valley National Bank,</u>
   49 F.3d 555 (9th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

<u>United States v. Leon,</u>
   468 U.S. 897, 104 S. Ct. 3405, 82 L. Ed. 2d 677 (1984) . . . . . . . . . . . . . . . . . . 8

<u>Weiner v. San Diego County,</u>
   210 F.3d 1025 (9th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 18, 19

<u>Whitaker v. Garcetti</u>
   291 F. Supp. 2d 1132 (C. D. Cal. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

<u>Woodfeathers, Inc. v. Washington Co., Oregon,</u>
   180 F.3d 1017 (1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

<u>Woodrum v. Woodward County</u>
   866 F.2d 1121 (9th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

<u>Woods v. Canedela</u>
   47 F.3d 545 (2d Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

<u>Younger v. Harris</u>
   401 U.S. 37 (1971) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 6


**Statutes**


California Code of Civil Procedure § 527.8 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

California Penal Code § 166 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4,7

42 U.S.C. § 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 6, 9, 11, 12, 14, 18

42 U.S.C. § 1985 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 13

42 U.S.C. § 1985 (3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Federal Rule of Evidence 201 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Fed. R. Civ. P. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

LAW OFFICES OF
**PORTER, SCOTT,**
**WEIBERG & DELEHANT**
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
*www.pswdlaw.com*

**Defendants' Motion to Dismiss; Memorandum of Points and Authorities in Support**

Defendants COUNTY OF SOLANO, DAVID PAULSON, AL GARZA, and BROOK BYERLEY hereby move this Court to dismiss pursuant to F.R.Civ.P. 12(b)(6) and submit the following Memorandum of Points and Authorities in Support thereof.

## I.

## INTRODUCTION

This action arises out of the initiation of two proceedings against Plaintiff JOEL THOMAS TOLER (hereinafter "Plaintiff"): a civil proceeding for a workplace violence restraining order for making threats to the staff of the office of the District Attorney, and criminal charges for violating a temporary restraining order issued in connection with the workplace violence proceeding.  Both proceedings are currently ongoing.  Plaintiff alleges these proceedings were initiated in retaliation for his criticisms of the office of District Attorney.  Defendants move to dismiss pursuant to F.R.Civ.P. 12(b)(6).

## II.

## FACTS, ALLEGATIONS AND ASSERTED CLAIMS FOR RELIEF

On March 27, 2005, Plaintiff allegedly reported threats to his children to the Fairfield police.  (Compl. ¶ 11.)  Soon thereafter, Plaintiff appeared at the office of the District Attorney "to find out if any action was going to be taken on the report." (Compl. ¶ 12).  Apparently dissatisfied with the perceived inaction on Plaintiff's threat report, Plaintiff paid to advertise alleged criticism of the District Attorney's office in the Fairfield Daily Republic.  (Compl. ¶ 13).  On or around June 13, 2005, Plaintiff again visited the office of the District Attorney, this time making a statement to the effect of bringing an "Uzi up in here." (Compl. ¶ 17; Declaration of Al Garza in Support of Application for Injunctive Relief Against Workplace Violence, ¶s 2-4; Request for Judicial Notice, ¶ 1, Ex. A.)

Based on this apparent threat, the COUNTY OF SOLANO filed a Petition of Employer for Injunction Prohibiting Violence or Threats of Violence Against Employee and Temporary Restraining Order ("Workplace Violence Petition"), County of Solano v. Toler, Solano County Superior Court Case No. FCS026197. (Compl. ¶¶ 14-16; Workplace Violence Petition; Request for Judicial Notice, ¶ 2, Ex. B.)  In connection with the Workplace

LAW OFFICES OF
**PORTER, SCOTT,**
**WEIBERG & DELEHANT**
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
www.pswdlaw.com

**Defendants' Motion to Dismiss; Memorandum of Points and Authorities in Support**

00428990.WPD                                              - 1 -

1   Violence Petition, the Solano County Superior Court issued a temporary restraining order

2   against Plaintiff on June 15, 2006. (Compl. ¶ 16; Request for Judicial Notice, ¶ 3, Ex. C).

3   The temporary restraining order ("TRO") required, *inter alia*, that Plaintiff to stay at least

4   500 yards away from District Attorney PAULSON.  (Id.)  The Workplace Violence Petition

5   is pending; trial is scheduled for September 14, 2006.[1]

6           On September 22, 2005, Plaintiff made direct contact with Defendant PAULSON

7   allegedly within the forbidden 500 yard radius.  (Compl. ¶ 16, 18.)  On October 27, 2005,

8   five counts of violation of California Penal Code section 166 were filed against Plaintiff for

9   allegedly violating the temporary restraining order.  People v. Toler, Solano County Superior

10  Court Case No. FCR 227937.  (Compl. ¶ 20).   While trial assignment in the criminal

11  proceedings is scheduled for May 19, 2006, a motion to continue the trial has been filed.[2]

12          Lastly, Plaintiff briefly alleges that on November 3, 2005 a search warrant was

13  obtained which "was based on false and otherwise inadequate information." (Compl. ¶ 21).

14          In his Complaint filed April 5, 2006, Plaintiff includes several claims in his two

15  "causes of action" as against individual Defendants PAULSON, GARZA and BYERLEY

16  as follows: First, Plaintiff claims that the conduct of Defendants PAULSON, GARZA and

17  BYERLEY made in connection with the Workplace Violence Petition and criminal charges

18  in People v. Toler, Solano County Superior Court Case No. FCR 227937 were made in

19  retaliation for Plaintiff's advertisement in the Fairfield Daily Republic in violation of the

20  First Amendment pursuant to 42 U.S.C. section 1983. (Compl. ¶ 22-24).  Second, Plaintiff

21  appears to assert a claim that the search warrant issued November 3, 2005 was without

22  probable cause and based on false information such that "its issuance violated the Fourth

23  Amendment" ostensibly pursuant to 42 U.S.C. section 1983. (Compl. ¶ 21.)  Third, Plaintiff

24  claims Defendants PAULSON, GARZA and BYERLEY conspired to deprive Plaintiff of his

25

26          [1]See http://courtconnect.solanocourts.com/pls/bprod_cc/ck_public_qry_doct.cp_dktrpt_
    frames?backto=P&case_id=FCS026197&begin_date=&end_date=, last visited May 9, 2006

27          [2]See http://courtconnect.solanocourts.com/pls/bprod_cc/ck_public_qry_doct.cp_
    dktrpt_frames?backto=P&case_id=FCR227937&begin_date=&end_date=, last visited May 9, 2006

28

LAW OFFICES OF
**PORTER, SCOTT,**
**WEIBERG & DELEHANT**
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
*www.pswdlaw.com*

**Defendants'  Motion to Dismiss; Memorandum of Points and Authorities in Support**

00428990.WPD                                                    - 2 -

1  "civil rights," although it is unclear whether this claim is asserted pursuant to 42 U.S.C.

2  section 1983 or 1985.  (See caption, Page 1:12, and Page 6:2).

3        As against Defendant COUNTY OF SOLANO, Plaintiff asserts <u>Monell</u>-Type liability

4  pursuant 42 U.S.C. section 1983. (Compl. ¶ 26.).  Plaintiff seeks compensatory and punitive

5  damages, as well as injunctive and declaratory relief.  (Compl. Page 6:24-7:4).

6                                          **III.**

7                 <u>**LEGAL STANDARD FOR MOTION TO DISMISS**</u>

8        A complaint should be dismissed for failure to state a claim under the Federal Rules

9  of Civil Procedure Rule 12(b)(6) where it appears beyond doubt that the Plaintiff can prove

10  no set of facts in support of his claim that would entitle him to relief.  Fed.R.Civ.P. 12(b)(6);

11  <u>Terracom v. Valley National Bank</u>, 49 F.3d 555, 558 (9th Cir. 1995) (quoting <u>Conley v.

12  Gibson</u>, 355 U.S. 41, 45-46 (1957)).  Additionally, a motion to dismiss can be used where

13  a plaintiff has included allegations as disclosing some absolute defense or bar to recovery.

14  Fed. R. Civ. P. 12(b)(6); <u>Quiller v. Barclays American Credit Inc.</u>, 727 F 2d 1067, 1069 (5th

15  Cir. 1984).  Dismissal for failure to state to claim is a question of law.  <u>Parks School of

16  Business, Inc. v. Symington</u>, 51 F. 3d 1480, 1483 (9th Cir. 1995).  Allegations of fact in the

17  complaint must be taken as true and construed in a light most favorable to a non-moving

18  party.  <u>Id</u>. 51 F.3d at 1484.  However, mere "conclusory allegations of law and unwarranted

19  inferences are not sufficient to defeat a motion to dismiss."  <u>Pareto v. FDIC</u>, 139 F.3d 696,

20  699 (9th Cir. 1998).  When it is absolutely clear that the deficiencies in a complaint cannot

21  be overcome by amendment, the court need not provide an opportunity to amend.  <u>Lopez v.

22  Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000); <u>Cook Perkiss & Liehe, Inc. v. N.Cal.Collection

23  Serv.,Inc.</u>, 911 F.2d  242, 247 (9th Cir. 1990).

24        For purposes of a motion under Federal Rules of Civil Procedure 12(b)(6), a court

25  may consider extrinsic material whose authenticity of which is not disputed or is a matter of

26  public record of which the court may take judicial notice under Federal Rule of Evidence

27  201.  <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 688 (9th Cir. 2001).  Under Federal Rule of

28  Evidence 201, the court may judicially notice state court files and records. See <u>Disabled

LAW OFFICES OF
**PORTER, SCOTT,
WEIBERG & DELEHANT**
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
*www.pswdlaw.com*

**Defendants'  Motion to Dismiss; Memorandum of Points and Authorities in Support**

00428990.WPD                                                                   - 3 -

1   Rights Action Comm. v. Las Vegas Events, Inc., 375 F.3d 861, 866 (9th Cir. 2004).

2                                          IV.

3               **PLAINTIFFS' CLAIMS ARE BARRED UNDER**
                **THE YOUNGER ABSTENTION DOCTRINE**

4

5          Defendants respectfully submit the Court should abstain from exercising jurisdiction

6   as to each and every claim for relief asserted by Plaintiff under the Younger Doctrine.

7   Younger v. Harris, 401 U.S. 37, 43 (1971). Federal courts may not grant relief, including

8   declaratory or injunctive relief, that would interfere with state criminal or civil proceedings.

9   Delta Dental Plan v. Mendoza, 139 F.3d 1289 (9th Cir. 1998); Aiona v. Judiciary of the State

10  of Hawaii, 17 F.3d 1244, 1248 (9th Cir. 1994). Under the Younger doctrine, abstention is

11  required if the state proceedings are (1) ongoing, (2) implicate important state interests, and

12  (3) provide the plaintiff an adequate opportunity to litigate federal claims. Hirsh v. Justices

13  of the Supreme Court, 67 F.3d 708, 712 (9th Cir. 1995). The Younger Abstention Doctrine

14  reflects a strong federal policy against federal interference with pending state judicial

15  proceedings. Woodfeathers, Inc. v. Washington Co., Oregon, 180 F.3d 1017 (1999). Based

16  on the notion of comity, Younger and its progeny "bestow a strong federal policy against

17  federal-court interference with pending state judicial proceedings absent extraordinary

18  circumstances." (Id. citing Middlesex Co. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S.

19  423, 431 (1982)). Once it has been determined that the Younger abstention doctrine applies,

20  the court is required to dismiss a plaintiff's complaint, as opposed to issuing a stay. Gibson

21  v. Berry Hill, 411 U.S. 564, 577 (1973); Beltran v. State of Calif., 871 F.2d 777 (9th Cir.

22  1998).

23         Here, the case at bar fits squarely within the Younger doctrine.  First, there are two

24  ongoing state proceedings.  In the pending criminal proceedings, Plaintiff is charged with

25  five counts of violation of California Penal Code section 166 surrounding his alleged

26  violation of the temporary restraining order issued in a civil proceedings against him. People

27  v. Toler, Solano County Superior Court Case No. FCR 227937.  (Compl. ¶ 20).  In the

28  pending civil Workplace Violence Petition, County of Solano v. Toler, Solano County

LAW OFFICES OF
**PORTER, SCOTT,**
**WEIBERG & DELEHANT**
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
www.pswdlaw.com

1    Superior Court Case No. FCS026197, Plaintiff is accused of making threats to the office of

2    the District Attorney. (Compl. ¶¶ 14-16; Request for Judicial Notice, ¶ 2, Ex B.).

3         Second, both of these proceedings implicate important state interests into which the

4    federal court should not interfere.  First, the civil Workplace Violence Petition affords the

5    County the opportunity and ability to protect itself and its staff from potential threats of

6    violence in the workplace.  Specifically, California Code of Civil Procedure section 527.8

7    allows an employer such as the County to seek protection on behalf of any employee who

8    "has suffered unlawful violence or a credible threat of violence from any individual, that can

9    reasonably be construed to be carried out or to have been carried out at the workplace."

10   Thus, it is axiomatic that the County, in exercising its right under the laws of the State of

11   California to petition for relief under the law, clearly implicates important state rights.

12   Second, the State of California's interest in prosecuting crimes is unquestionably an

13   important state interests in which the federal court should not interfere.

14        Third, there can be no doubt this action would interfere with the state proceedings.

15   In this action, Plaintiff alleges Defendants' conduct in connection with both the civil and

16   criminal proceedings were initiated and maintained in retaliation for his alleged public

17   criticism of the office of the District Attorney.  In order to prevail on his retaliation claim,

18   Plaintiff must show these proceedings have been instituted without probable cause.  See

19   Hartman v. Moore, 547 U.S. ___ (74 U.S.L.W. 4209 April 26, 2006) (holding that a plaintiff

20   must plead and prove that criminal proceedings were without probable cause for a First

21   Amendment retaliation claim).  Moreover, whether Plaintiff actually committed the accused-

22   of threats which prompted the filing of the Workplace Violence Petition,  violated the

23   restraining order, or, as Plaintiff claims, whether both were allegedly prompted by Plaintiff's

24   advertisement, will necessarily need to be resolved in this federal action.  Additionally,

25   whether the search warrant issued in connection with the criminal action contained false

26   information will also need be resolved in both actions.  Clearly then, any relief afforded by

27   this Court would have a direct impact on the pending state proceedings and thus interfere

28   with those proceedings.

LAW OFFICES OF
**PORTER, SCOTT,**
**WEIBERG & DELEHANT**
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
*www.pswdlaw.com*

**Defendants'  Motion to Dismiss; Memorandum of Points and Authorities in Support**

1    Lastly, Defendants submit that in defending the criminal charges, the California

2  Constitution and state law provide no impediment to Plaintiff in his ability to assert at the

3  trial court or on appeal that the conduct of Defendants violated his First Amendment rights,

4  if any, and/or whether probable cause existed to initiate those actions.  See <u>Moore v. Sims</u>,

5  442 U.S. 415, 425-426 (1979) ("abstention is appropriate unless state law clearly bars the

6  interposition of the constitutional claims."). Therefore, there is adequate opportunity for

7  Plaintiff to assert the federal claims in defending the criminal charges and civil workplace

8  violence proceeding.

9    Based on the foregoing, this matter falls squarely under the <u>Younger</u> doctrine such

10  that this Court should abstain from exercising jurisdiction as to each and every claim asserted

11  by Plaintiff.  Therefore, Defendants' Motion should be granted, and Plaintiff's claims should

12  be dismissed.

13                                          **V.**

14              **PLAINTIFF'S CLAIMS ARE BARRED BY HECK**

15    Assuming arguendo the Court does not abstain from exercising jurisdiction over

16  Plaintiff's claims as set forth above, Defendants submit Plaintiff's claims are also barred

17  under <u>Heck v. Humphrey</u> 512 U.S. 477, 489-90, 114 S.Ct. 2364, 2372 (1994) and its

18  progeny.

19    A cause of action pursuant to 42 U.S.C. section 1983 does not accrue until pending

20  criminal charges against a plaintiff are dismissed or a conviction has been overturned.

21  <u>Harvey v Waldron</u>, 210 F.3d 1008, 1013-1015 (9th Cir 2000) citing <u>Heck</u>, 512 U.S. at 489-

22  90, 114 S.Ct. at 2372; See also <u>Shamaeizadeh v. Cunigan</u>, 182 F.3d 391, 397-98 (6th Cir.

23  1999); <u>Woods v. Canedela</u>, 47 F.3d 545, 546 (2d Cir. 1995).  In other words, federal claims

24  are barred while state criminal charges are pending because a favorable civil judgment would

25  "necessarily imply" the invalidity of the potential conviction, and thus the delayed accrual

26  avoids the potential for inconsistent determinations on the legality of particular issues in both

27  the civil and criminal cases, which serves to preserve consistency and finality as well as

28  preventing potential collateral attacks. <u>Harvey</u>, 210 F.3d 1008 at 1015.

LAW OFFICES OF
**PORTER, SCOTT,**
**WEIBERG & DELEHANT**
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
*www.pswdlaw.com*

**Defendants'  Motion to Dismiss; Memorandum of Points and Authorities in Support**

00428990.WPD                                      - 6 -

1  This principle applies to claims of conspiracy, as well as declaratory or injunctive

2  relief. See Edwards v. Balisok, 520 U.S. 641, 646 (1997) (applying Heck to bar claim by

3  prisoner that deprivation of good credits violated due process because the alleged deceit and

4  bias on the part of the decision maker, if established, necessarily imply the invalidity of the

5  deprivation of the credits); Guerrero v. Gates, 357 F.3d 911, 918 (9th Cir. 2004) (Heck

6  barred plaintiff's claims of wrongful arrest, malicious prosecution and conspiracy among

7  police officers to bring false charges against him)

8  Likewise, Heck applies to claims for alleged violations of the First Amendment under

9  Section 1983 where it requires answering the same question - whether the alleged behavior

10  constituted lawful or unlawful activity.  See Gilles v. Davis, 427 F.3d 197, 209 (3d Cir. 2005)

11  (finding Heck barred First Amendment claim because if the conduct was lawful, this would

12  necessarily invalidate sentence imposed).  When the claimed retaliation for protected conduct

13  is a criminal charge, a plaintiff must plead (and ultimately prove) that the prosecution had

14  no probable cause in filing the criminal charges.  Hartman, 547 U.S. ___, 74 U.S.L.W at *22

15  - *27 (reversing denial of qualified immunity to investigators on retaliation claim).

16  Here, Plaintiff currently faces five counts for violations of California Penal Code

17  section 166 in  People v. Toler, Solano County Superior Court Case No. FCR 227937.

18  (Compl. ¶ 20).  Defendants submit that Plaintiff's claims for retaliation and conspiracy in

19  violation of the First Amendment in this case will require the determination of the same

20  underlying issues, i.e. whether the charges were prompted by Plaintiff's criticism of the

21  District Attorney and whether Plaintiff actually violated the restraining order.  Moreover,

22  because Plaintiff will need to prove the criminal charges were filed without probable cause

23  in this case, any such determination in this matter will necessarily invalidate the potential

24  conviction in the pending criminal matter.  Therefore, under the above authorities, Plaintiff's

25  federal claims for retaliation arising from the criminal charges are therefore barred and/or

26  have not accrued until the underlying criminal charges are dismissed or a conviction

27  overturned. On this basis, the Motion should be granted.

28  ///

LAW OFFICES OF
**PORTER, SCOTT,**
**WEIBERG & DELEHANT**
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255426
SACRAMENTO, CA 95865
(916) 929-1481
*www.pswdlaw.com*

**Defendants' Motion to Dismiss; Memorandum of Points and Authorities in Support**

00428990.WPD                                                    - 7 -

Likewise, Plaintiff's claim that the search warrant purportedly issued on November 3, 2005 was without probable cause in violation of the Fourth Amendment is also barred by Heck and its progeny.  A finding in favor of Plaintiff in the case at bar that the search warrant affidavit contained false information or that the warrant was procured by way of false and misleading statements would have the effect of undermining the legality of any evidence obtained in support of the pending criminal proceeding. See Whitaker v. Garcetti, 291 F. Supp. 2d 1132, 1144-1145 (C. D. Cal. 2003) (claim that wiretap was obtained by false statements barred by Heck).  Instead, suppression of the evidence in the underlying criminal matter is the appropriate remedy. United States v. Leon, 468 U.S. 897, 923, 104 S. Ct. 3405, 82 L. Ed. 2d 677 (1984) (suppression appropriate if magistrate issuing warrant was misled by information in affidavit that affiant knew was false or made in reckless disregard of the truth).  On this additional basis, Plaintiff's claim regarding the search warrant is barred by Heck and Defendants' Motion should be granted.

Additionally, Defendants submit that Plaintiff's claim that the conduct of Defendants in connection with the Workplace Violence Petition violated his First Amendment rights is also barred by Heck.  This is so because both state proceedings, the criminal charges and Workplace Violence Petition, are so inexorably intertwined with each other; a decision in this case in favor of plaintiff on his retaliation claim would call the bases for underlying criminal action into question, and thus necessarily implies the invalidity of a potential conviction. Specifically, the Workplace Violence Petition was the predecessor to the temporary restraining order being issued. Indeed, without the Workplace Violence Petition, there would be no temporary restraining order for which Plaintiff is charged with violating.  In this case, a favorable outcome for Plaintiff, i.e. that the Workplace Violence Petition was illegal or founded on false information, would also undermine and/or negate the temporary restraining order.  In other words, Plaintiff could argue the temporary restraining order would or should not have issued in connection with the allegedly unlawful Workplace Violence Petition.  On that basis, Plaintiff could argue there is no probable cause for the criminal proceeding.  Accordingly, a finding in this case that the Workplace Violence Petition was initiated in

LAW OFFICES OF
**PORTER, SCOTT,**
**WEIBERG & DELEHANT**
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
*www.pswlaw.com*

**Defendants'  Motion to Dismiss; Memorandum of Points and Authorities in Support**

00428990.WPD                                                          **- 8 -**

violation of Plaintiff's First Amendment rights could invalidate a potential conviction for the pending criminal charges for violation of the temporary restraining order issued thereunder. This figurative house of cards is easily avoided by the application of <u>Heck</u>.  Applying <u>Heck</u> merely means Plaintiff's claim for retaliation does not accrue until Plaintiff has prevailed in the underlying civil Workplace Violence Petition proceedings. Moreover, the application of <u>Heck</u> to these unusual circumstances serves the purposes behind the delayed accrual principles of <u>Heck</u>: to avoid inconsistent determinations on the legality of particular issues, preserve consistency, and preventing potential collateral attacks.  Therefore, until and unless Plaintiff prevails in the underlying civil Workplace Violence Petition proceeding, <u>Heck</u> bars the accrual of his claim. On this additional basis, the Motion should be granted.

## VI.

### PLAINTIFF FAILS TO STATE A CLAIM FOR VIOLATION OF THE FIRST AMENDMENT PURSUANT TO 42 U.S.C. SECTION 1983

Assuming the Court does not dismiss this matter as set forth above, Defendants respectfully submit that Plaintiff fails to state a claim upon which relief may be granted against Defendants PAULSON, GARZA and BYERLEY for violation of the First Amendment.

In order to state a claim for retaliation in violation of the First Amendment pursuant to 42 U.S.C. Section 1983, a plaintiff must allege that his or her speech was protected, that the alleged retaliatory action adversely affected the plaintiff's constitutionally protected speech, and that a causal relationship exists between the speech and the defendant's retaliatory action. <u>Suarez Corp. Indus. v. McGraw</u>, 202 F.3d 676, 685-686 (4th Cir. 2000); <u>Coszalter v. City of Salem</u>, 320 F.3d 968, 973 (9th Cir. 2003) (employment).  Additionally, the United State Supreme Court recently added that a plaintiff making a retaliation claim arising from criminal charges must plead that the charges were without probable cause. <u>Hartman</u>, 547  U.S. ___, 74 U.S.L.Wat. *29.

Here, assuming arguendo Plaintiff's speech is protected, Defendants submit Plaintiff fails to state a claim for retaliation arising from the criminal charges for several reasons.

LAW OFFICES OF
**PORTER, SCOTT,**
**WEIBERG & DELEHANT**
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
*www.pswdlaw.com*

**Defendants'  Motion to Dismiss; Memorandum of Points and Authorities in Support**

00428990.WPD                                                                - 9 -

1   First, Plaintiff fails to allege the criminal action was instituted without probable cause.

2   Indeed, Plaintiff impliedly admits in his allegations he was at least within the prescribed

3   location in violation of the temporary restraining order. (Compl. ¶ 18). Second, Plaintiff fails

4   to allege, and cannot reasonably allege a causal relationship between the criminal charges and

5   the alleged protected speech.   Specifically, the temporary restraining order was issued June

6   15, 2005, and the alleged violation of same occurred on September 22, 2005.   (Compl. ¶s 16,

7   18).    However, Plaintiff's speech upon which Plaintiff bases his retaliation claim allegedly

8   was published on April 12, 2005, well before the alleged violation of the TRO.   (Compl. ¶

9   13).   Clearly, Plaintiff cannot state a claim for retaliation for speech that occurred on April

10  12, 2005 when the alleged violation of the TRO occurred September 22, 2005.   Third,

11  Plaintiff fails to allege Defendants were aware of the allege speech at the time of the alleged

12  retaliatory acts so as to create any causal link.    Fourth, Plaintiff fails to allege how the alleged

13  retaliatory actions of Defendants PAULSON, GARZA and BYERLEY adversely affected

14  the Plaintiff's allegedly protected speech.   For example, Plaintiff fails to allege how the

15  preparation of a report by Defendant BYERLEY (Compl. ¶ 14), or how the submission of

16  a declaration by Defendant GARZA (Compl. ¶ 17), or how the alleged encounter with

17  Defendant PAULSON on September 22, 2005 (Compl. ¶ 18) or alleged criminal prosecution

18  for alleged violation of the TRO (Compl. ¶ 19)  adversely affected Plaintiff's speech.   For

19  all the foregoing reasons, Plaintiff fails to allege a claim for retaliation in violation of the

20  First Amendment arising from acts taken in connection with the criminal proceedings.

21  Therefore, Defendants motion should be dismissed and Plaintiff's claim for retaliation arising

22  from the criminal charges be dismissed without leave to amend.

23          Defendants also submit that Plaintiff fails to state a claim for retaliation arising from

24  alleged retaliatory acts regarding the Workplace Violence Petition. First, assuming arguendo

25  Plaintiff's April 12, 2005 advertisement is protected speech, Plaintiff fails to allege

26  Defendants  PAULSON, GARZA and BYERLEY were aware of the speech, nor that the

27  speech was a substantial motivating factor for the acts taken in connection with the

28  Workplace Violence Petition filed by the COUNTY OF SOLANO.   In other words, Plaintiff

LAW OFFICES OF
**PORTER, SCOTT,**
**WEIBERG & DELEHANT**
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
*www.pswdlaw.com*

1  fails to specifically allege how Defendants' alleged retaliatory acts regarding the Workplace

2  Violence Petition were caused by Plaintiff's protected speech.  Second, Plaintiff fails to

3  allege how the alleged retaliatory actions of Defendants PAULSON, GARZA and

4  BYERLEY adversely affected the Plaintiff's allegedly protected speech.  Third, Defendants

5  submit Plaintiff should also plead that the Workplace Violence Petition was without probable

6  cause, but has not.  See generally Hartman, supra.  For all the foregoing reasons, Plaintiff

7  fails to allege a claim for retaliation in violation of the First Amendment arising from acts

8  taken in connection with the Workplace Violence Petition .  Therefore, Defendants motion

9  should be dismissed and Plaintiff's claim for retaliation arising from the criminal charges be

10 dismissed without leave to amend.

11 **VII.**

12 **PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE**
   **GRANTED PURSUANT TO 42 U.S.C. SECTION 1983 FOR VIOLATION OF THE**
13 **FOURTH AMENDMENT ARISING OUT OF THE SEARCH WARRANT**

14       To the extent Plaintiff attempts to state a claim pursuant to 42 U.S.C. Section 1983

15 for violation of the Fourth Amendment arising out of the search warrant allegedly obtained

16 November 3, 2005, Defendants assert Plaintiff has failed to state a claim upon which relief

17 may be granted.

18       Affidavits supporting Search Warrants are presumed valid.  Franks v. Delaware, 438

19 U.S. 154, 171 (1978). An officer applying for a Search Warrant does not violate an

20 individual's Fourth Amendment Rights unless he or she knowingly or recklessly makes a

21 false statement in an affidavit in support of an arrest or Search Warrant if the false statement

22 was material for finding a probable cause. Hervey v. Estes, 65 F.3d 784, 788 (9th Cir. 1997);

23 Bruning v. Pixler, 949 F.2d 352, 357 (10th Cir. 1991). A warrant remains valid unless the

24 remaining information in the affidavit is insufficient to establish probable cause. Franks, 438

25 U.S. 171-72; Hervey  65 F.3d at 788-789; see also Liston v. County of Riverside, 128 F.3d

26 965, 973 (9th Cir. 1997).  In a civil rights case involving allegations of an illegally obtained

27 warrant, the Ninth Circuit has "established a heightened pleading standard for a plaintiff to

28 establish that the defendant knowingly or recklessly misled the magistrate." Hervey, 65 F.3d

LAW OFFICES OF
**PORTER, SCOTT,**
**WEIBERG & DELEHANT**
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
*www.pswdlaw.com*

**Defendants'  Motion to Dismiss; Memorandum of Points and Authorities in Support**
00428990.WPD                                    - 11 -

1    at 788.

2        Here, Defendants submit the allegations in the Complaint are insufficient to meet the

3    heightened pleading standard.  Plaintiff fails to allege any specifics of what was allegedly

4    false nor what was allegedly omitted in the affidavit, nor how this falsity or omission would

5    have negated probable cause.  Accordingly, Plaintiff fails to state a claim for violation of the

6    Fourth Amendment, and the Motion to Dismiss should be granted.

7                                    **VIII.**

8            **PLAINTIFF FAILS TO STATE A CLAIM FOR CONSPIRACY**

9    **A.    Plaintiff Fails to State a Claim under 42 U.S.C. Section 1983**

10       Plaintiff also claims Defendants conspired to intimidate him by filing the Workplace

11   Violence Petition and criminal charges.  (Compl. ¶ 32).  Defendants submit Plaintiff fails to

12   state a claim upon which relief may be granted pursuant to 42 U.S.C. section 1983.

13       To state a claim for conspiracy under Section 1983, Plaintiff must allege an agreement

14   or a meeting of the minds to violate the plaintiffs' constitutional rights.  Woodrum v.

15   Woodward County, 866 F.2d 1121, 1126 (9th Cir. 1989).  In doing so, the plaintiff must state

16   specific facts to support the existence of the claimed conspiracy under section 1983. Burns

17   v. County of King, 883 F.2d 819, 821 (9th Cir. 1989).   In that regard, "[v]ague and

18   conclusory allegations of official participation in civil rights violations are not sufficient to

19   withstand a motion to dismiss." Ivey v. Board of Regents of the University of Alaska, 673

20   F.2d 266, 268 (9th Cir. 1982).

21       Here, Defendants submit that the Complaint is devoid of any specific facts of any

22   agreement or meeting of the minds of Defendants.  On this basis, Plaintiff fails to state a

23   claim for conspiracy.  Additionally, Plaintiff's allegations fail to rise to the level of any

24   constitutional violations.  Specifically, Defendants submit that an "agreement to intimidate"

25   by petitioning the courts for redress fails to state any constitutional violations, or implicate

26   any constitutional rights.  Indeed, Defendants are unaware of any authority which states a

27   conspiracy to intimidate a party by filing civil or criminal proceedings implicates the U.S.

28   Constitution.  On this additional basis, Plaintiff fails to state a claim for conspiracy, and

LAW OFFICES OF
**PORTER, SCOTT,**
**WEIBERG & DELEHANT**
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
*www.pswdlaw.com*

**Defendants'  Motion to Dismiss; Memorandum of Points and Authorities in Support**

1   Defendants' motion should be granted.

2   **B.    Plaintiff Fails to State a Claim for Conspiracy Under 42 U.S.C. 1985**

3          To the extent Plaintiff attempts to assert a claim for conspiracy under 42 U.S.C.

4   section 1985(3) (Caption of Complaint) Defendants respectfully submit Plaintiff fails to state

5   a claim upon which relief may be granted.

6          To allege a conspiracy claim under 42 U.S.C. section 1985, a plaintiff must allege the

7   existence of a conspiracy to deprive the plaintiff of the equal protection of the laws; an act

8   in furtherance of the conspiracy; and a resulting injury. Scott v. Ross, 140 F.3d 1275, 1284

9   (9th Cir. 1998).  Where, as here, the "complaint lacks any facts specific to a conspiracy, the

10  claim will be dismissed for failure to state a claim." Olsen v. Idaho State Bd. of Med., 363

11  F.3d 916, 929 (9th Cir. 2004) (Section 1985.)   Moreover, in order to assert a federal cause

12  of action for conspiracy pursuant to 42 U.S.C. section 1985(3), a plaintiff is also required to

13  make specific allegations of "class-based discriminatory animus".  Griffin v. Breckenridge,

14  403 U.S. 88, 101-02, 91 S. Ct. 1790, 1797-98, 29 L. Ed. 2d 338 (1971).

15         Here, Plaintiff merely alleges in conclusory fashion that Defendant conspired to

16  intimidate him.  (Compl. ¶ 32).  Defendants assert that under the above authorities, this

17  allegation fails to allege a conspiracy to violate the equal protection of the laws sufficient for

18  purposes of 42 U.S.C. section 1985.  Equally important, a thorough review of the Complaint

19  reveals no allegations of class-based discriminatory animus.   On the foregoing bases,

20  Plaintiff fails to state a claim pursuant to 42 U.S.C. section1985(3), and the Motion to

21  Dismiss should be granted.

22                                                      **IX.**

23                        **DEFENDANTS PAULSON GARZA AND BYERLEY**
                          **ARE ENTITLED TO ABSOLUTE IMMUNITY**
24

25         Assuming the claims against Defendants  PAULSON, GARZA and BYERLEY have

26  not been dismissed as set forth above, Defendants PAULSON, GARZA and BYERLEY

27  respectfully submit they are entitled to prosecutorial immunity and/or Eleventh Amendment

28  Immunity for the claims asserted by Plaintiff arising from the criminal proceedings.

LAW OFFICES OF
**PORTER, SCOTT,**
**WEIBERG & DELEHANT**
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
*www.pswdlaw.com*

**Defendants'  Motion to Dismiss; Memorandum of Points and Authorities in Support**

## A.     Defendants PAULSON GARZA and BYERLEY Are Entitled to Prosecutorial Immunity

Prosecutors enjoy absolute immunity from suit for damages under section 1983 when the activity involved is part of the prosecutorial process, i.e. "intimately associated with the judicial phase of the criminal process."  <u>Imbler v. Pachtman</u>, 424 U.S. 409, 96 S. Ct. 984, 995, 47 L. Ed. 2d 128 (1976).  Indeed, the decision to file a criminal complaint is presumed to result from an independent determination on the part of the prosecutor, and thus, precludes liability for those who participated in the investigation or filed a report that resulted in the initiation of proceedings. <u>Smiddy v. Varney</u>, 665 F.2d 261, 266-68 (9th Cir. 1981). Accordingly, "[i]nvestigators, employed by a prosecutor . . .are entitled to the same degree of immunity as prosecutors." <u>Gobel v. Maricopa County</u>, 867 F.2d 1201, 1203 n.5 (9th Cir. 1989).  Moreover, conspiracies alleged to have arose during the prosecutorial process are also afforded absolute immunity. See e.g. <u>Alioto v. City of Shively, Kentucky</u>, 835 F.2d 1173, 1174 (6th Cir. 1987)(absolute immunity for testimony in judicial proceedings also shields the defendant from liability for alleged conspiracies to give false testimony); <u>Dory v. Ryan</u>, 25 F.3d 81, 83 (2d Cir. 1994) (absolute immunity for prosecutors includes alleged conspiracy to present false evidence at a criminal trial.).

Here, it cannot be reasonably disputed that the alleged conduct of Defendants PAULSON, GARZA and BYERLEY, if any, arising from the criminal proceedings in <u>People v. Toler</u>, Solano County Superior Court Case No. FCR 227937 were part of the prosecutorial process. (Compl. ¶ 18-21).  Indeed, Plaintiff alleges and therefore acknowledges Defendant PAULSON is the District Attorney for Solano County and Defendants GARZA and BYERLEY are employees of the office of the District Attorney for Solano County, and that the conduct was done "under the authority of the District Attorney's Office for the County." (Compl. ¶¶s 4-6, 9).  Thus, to the extent Plaintiff alleges Defendants' conduct arose in connection with the prosecutorial process, Defendants PAULSON, GARZA and BYERLEY are entitled to absolute immunity from suit for damages under section 1983.  Therefore, on this basis, Defendants motion should be granted and Plaintiff's claims against  Defendants

LAW OFFICES OF
**PORTER, SCOTT,
WEIBERG & DELEHANT**
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
*www.pswdlaw.com*

**Defendants'  Motion to Dismiss; Memorandum of Points and Authorities in Support**

00428990.WPD                                                    - 14 -

1   PAULSON, GARZA and BYERLEY arising from the criminal proceedings should be

2   dismissed.

3   **B.    Defendants PAULSON GARZA and BYERLEY Are Entitled to Immunity under
         the Eleventh Amendment**

4

5          Alternatively, Defendants PAULSON, GARZA and BYERLEY are entitled to

6   immunity under the Eleventh Amendment.  A State actor in his official capacity is immune

7   from suit under the Eleventh Amendment.  <u>McMillian v. Monroe County, Ala.</u>, 520 U.S.

8   781(1997).  In that regard, a local prosecutor and his investigators acts on behalf of the State

9   in prosecuting crimes and for those processes that are intimately associated with the

10  administration of justice.  <u>Weiner v. San Diego County</u>, 210 F.3d 1025, 1031 (9th Cir. 2000);

11  <u>Pitts v. County of Kern</u>, 17 Cal. 4th 340 (1998); <u>Gobel</u>, supra, 867 F.2d at 1203 n.5.

12         Here, assuming arguendo Plaintiff's Complaint alleges Defendants PAULSON filed

13  a criminal action against him, or that Defendants GARZA and BYERLEY sought and

14  obtained a search warrant in connection with those criminal proceedings, it cannot be

15  reasonably disputed Defendants were acting on behalf of the State of California.  As state

16  actors, Defendants are entitled to immunity under the Eleventh Amendment.  Therefore, on

17  this additional basis, Defendants motion should be granted and Plaintiff's claims against

18  Defendants PAULSON, GARZA and BYERLEY arising from the criminal proceedings

19  should be dismissed.

20                                    **X.**

21             **DEFENDANTS PAULSON GARZA AND BYERLEY
                ARE ENTITLED TO QUALIFIED IMMUNITY**

22

23         Assuming *arguendo* the court does not dismiss the matter based on the grounds set

24  forth above, Defendants PAULSON, GARZA and BYERLEY assert they are entitled to

25  qualified immunity for the alleged constitutional violations of the First Amendment arising

26  from alleged retaliation connected to both the criminal and civil Workplace Violence Petition

27  proceedings.

28         Qualified immunity is afforded to state officials for decisions made in the good faith

LAW OFFICES OF
**PORTER, SCOTT,
WEIBERG & DELEHANT**
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
*www.pswdlaw.com*

**Defendants'  Motion to Dismiss; Memorandum of Points and Authorities in Support**

1   exercise of their official responsibilities.  It has been recognized that some degree of

2   immunity is necessary in order to insulate public servants from the possibility of vexatious

3   litigation.  Saucier v. Katz, 533 U.S. 194 (2001); Scheuer v. Rhodes, 416 U.S. 232, 246

4   (1974).  The purpose of qualified immunity is to shield a public official "from undue

5   interference with their duties and from potentially disabling threats of liability." Harlow v.

6   Fitzgerald, 457 U.S. 800, 806 (1982).  The defense provides immunity from suit, not merely

7   from liability. Mitchell v. Forsyth, 472 U.S. 511, 526 (1985).  Qualified immunity is an issue

8   to be determined "at the earliest possible point in the litigation." Act Up!/Portland v. Bagley,

9   988 F.2d 868, 873 (9th Cir. 1993).  Once qualified immunity is asserted, Plaintiff bears the

10   burden of pleading and providing that each Defendant violated rights clearly established

11   under the law before an official is subjected to the burden of weathering a lawsuit. Neely v.

12   Feinstein, 50 F.3d 1502, 1506 (1995).

13       To determine whether an official is entitled to qualified immunity requires three

14   inquiries. First, the court must determine whether a defendant's conduct could have violated

15   the constitutional rights of plaintiff based upon the facts viewed in light most favorable to

16   plaintiff.   If the court determines that conduct of a defendant could not violate a

17   constitutional right based upon the facts alleged, then no further consideration of qualified

18   immunity is required. Saucier, 533 U.S. at 201. Second, if based on the factual allegations,

19   the court concludes that the conduct of defendant could have violated the rights of plaintiff,

20   then it must be determined, as a matter of law, whether the specific right violated was clearly

21   established.  Id.  Third, in determining whether a right is clearly established, the inquiry is

22   whether it would be clear to a reasonable officer that his conduct was unlawful in the

23   situation he confronted.  Id.  The court must determine whether established law puts officers

24   on notice that their conduct will be clearly unlawful; if it did not, judgment in favor of

25   defendant based on qualified immunity is appropriate.  Id.  In determining whether a

26   constitutional right is clearly established, the Saucier court reiterated that the right allegedly

27   violated must be defined at the appropriate level of specificity before a court can determine

28   if it was clearly established.  Id.

LAW OFFICES OF
**PORTER, SCOTT,**
**WEIBERG & DELEHANT**
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
www.pswlaw.com

**Defendants' Motion to Dismiss; Memorandum of Points and Authorities in Support**

1    Here, Defendants PAULSON, GARZA and BYERLEY respectfully submit they are

2  entitled to qualified immunity because (1) Plaintiff fails to allege or assert viable claims for

3  constitutional violations; and (2) because Plaintiff cannot show that the law regarding the

4  First Amendment was so clearly established as to alert Defendants that their conduct, if any,

5  was unconstitutional.

6    First, as set forth above in Section VI, Plaintiff fails to allege that Defendants

7  PAULSON, GARZA and BYERLEY committed any cognizable constitutional violations

8  under the First Amendment.  On this basis alone, Defendants PAULSON, GARZA and

9  BYERLEY are entitled to qualified immunity.

10    Second, assuming *arguendo* Plaintiff may assert constitutional violations of the First

11  Amendment, Defendants submit that the law is not clearly established such that Defendants

12  PAULSON, GARZA and BYERLEY would know their respective conduct in this regard,

13  if any, was unconstitutional.  To the contrary, Defendant submits in light of the precedent

14  cited and discussed above, Plaintiff cannot show Defendants PAULSON, GARZA and

15  BYERLEY  could have been on notice that any purported conduct violated the constitution.

16  See Hartman, 547 supra (reversing denial of qualified immunity to investigators on First

17  Amendment retaliation claim).  Accordingly, on this additional bases,  Defendants

18  PAULSON, GARZA and BYERLEY are entitled to qualified immunity as to Plaintiff's First

19  Amendment claim arising from the conduct associated with the criminal and civil

20  proceedings.  Therefore, Plaintiff's claims against Defendants PAULSON, GARZA and

21  BYERLEY should be dismissed.

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28

LAW OFFICES OF
**PORTER, SCOTT,**
**WEIBERG & DELEHANT**
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
*www.pswdlaw.com*

**Defendants'  Motion to Dismiss; Memorandum of Points and Authorities in Support**

00428990.WPD                                    - 17 -

**XI.**

## PLAINTIFF FAILS TO STATE A CLAIM AGAINST THE COUNTY OF SOLANO FOR MONELL-TYPE LIABILITY UNDER 42 U.S.C. § 1983

In his first "cause of action," Plaintiff asserts a <u>Monell</u>-type claim against COUNTY OF SOLANO for its alleged policies regarding the prosecution of crimes. (Compl. ¶ 26).[3] Defendant COUNTY OF SOLANO submits that Plaintiff fails to state a claim for relief because the alleged policies regarding the prosecution of crimes are those of the State of California and therefore those claims are barred by the Eleventh Amendment and/or the COUNTY OF SOLANO is not the proper party.

Municipalities are liable under Section 1983 only when their official policies or customs cause the alleged constitutional deprivation. <u>Monell v. Department of Social Services</u>, 43 U.S. 658, 694 (1978); <u>Pembaur v. City of Cincinnati</u>, 475 U.S. 469, 489, 106 S. Ct. 1292 (1986). However, whether a county may be held liable under <u>Monell</u> depends on whether the policymaker acts on behalf of the county or the State. <u>Cortez v. County of Los Angeles</u>, 294 F.3d 1186 (9th Cir. 2002). It is well settled that state actors in their official capacities are immune from suit under the Eleventh Amendment. <u>McMillian v. Monroe County, Ala.</u>, 520 U.S. 781(1997). Where the alleged bases for <u>Monell</u>-type municipal liability arises from acts of local prosecutors and their investigators for the prosecution of crimes and other acts intimately associated with the administration of justice, the County cannot be liable. <u>Weiner v. San Diego County</u>, 210 F.3d 1025, 1031 (9th Cir. 2000); <u>Pitts v. County of Kern</u>, 17 Cal. 4th 340 (1998).

Here, Plaintiff alleges the COUNTY OF SOLANO has a policy custom or practice of prosecuting crimes in retaliation of Plaintiff's First Amendment Rights. (Complaint, ¶ 26). However, it is the local prosecutor who prosecutes crimes, and does so on behalf of the

---

[3]The entire allegations reads, "As against the County Plaintiff further alleges the acts complained of are indicative and representative of its custom and polices and that said customs and policies are the direct and prompt result of the County's indifference to prosecution of individuals in retaliation for their exercise of their Constitutional Rights including the rights and under the First Amendments for the United States Constitution."

LAW OFFICES OF
**PORTER, SCOTT,**
**WEIBERG & DELEHANT**
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
*www.pswdlaw.com*

**Defendants'  Motion to Dismiss; Memorandum of Points and Authorities in Support**

1   State, not the County in which he/she is employed.  Weiner, 210 F.3d at 1031; Pitts, 17 Cal.

2   4th at 348.  Because the prosecutor has immunity under the Eleventh Amendment for the

3   prosecution of crimes, the County is not liable for any policies, customs, or practices arising

4   therefrom.  On this basis, the Motion should be granted and the claims of Plaintiff against

5   Defendant COUNTY OF SOLANO arising from the criminal proceeding should be

6   dismissed without leave to amend.

7          Alternatively, the COUNTY OF SOLANO is not a proper party regarding said

8   policies of the prosecution of crimes.  In that regard,  when the policies are made on behalf

9   of the State, not the county, then the county is not subject to suit for those polices or lack

10  thereof.  Weiner, 210 F.3d at 1031; Pitts, 17 Cal.4th at 348 (no federal claim under §1983

11  may be stated against a County based upon the actions of its District Attorney as the District

12  Attorney represents the State and not the County).  In other words, when the policies at issue

13  are those emanating from the office of the prosecutor, who acts as an arm of the state, the

14  policies are those of the State, not the county.  Id.  Thus, the county cannot be subject to suit

15  for State policies under Section 1983.  Id.

16         Here, any alleged customs, policies, or practices of prosecuting crimes in violation of

17  the First Amendment are those of the State of California, not the COUNTY OF SOLANO.

18  Because the alleged customs, policies or practices at issue are those of the State, the

19  COUNTY OF SOLANO cannot be subject to suit for same under Section 1983.  In other

20  words, the COUNTY OF SOLANO is not the proper party for any alleged customs, policies,

21  or practices to prosecute crimes of the State of California.  On this additional basis, the

22  Motion should be granted and the claims of Plaintiff against Defendant COUNTY OF

23  SOLANO arising from the criminal proceeding should be dismissed without leave to amend.

24  ///

25  ///

26  ///

27  ///

28  ///

LAW OFFICES OF
**PORTER, SCOTT,**
**WEIBERG & DELEHANT**
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
www.pswdlaw.com

**Defendants'  Motion to Dismiss; Memorandum of Points and Authorities in Support**

00428990.WPD                                          - 19 -

1

## XII.

2

## <u>CONCLUSION</u>

3          Based on the foregoing, Defendants respectfully request that their motion to dismiss

4   be granted, and Plaintiff's claims against them dismissed without leave to amend.

5                                        Respectfully submitted,

6   DATED: May 12, 2006                  PORTER, SCOTT, WEIBERG & DELEHANT

7                                        A Professional Corporation

8

9                                        By   /s/ TERENCE J. CASSIDY

10                                            Terence J. Cassidy
                                             John R. Whitefleet
11                                           Attorneys   for   Defendants   COUNTY   OF
                                             SOLANO, DAVID PAULSON, AL GARZA, and
12                                           BROOK BYERLEY

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF
**PORTER, SCOTT,**
**WEIBERG & DELEHANT**
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
*www.pswdlaw.com*

**Defendants'  Motion to Dismiss; Memorandum of Points and Authorities in Support**