1  John Gregory Downing (State Bar No. 157717)
   Jordan A. Sussman (State Bar No. 225220)
2  DOWNING LAW FIRM
   109 Geary Street, 4th Floor
3  San Francisco, CA 94108
   Tel: (415) 986-3644
4  Fax: (415) 982-5130

5  Attorneys for Plaintiff
   JOEL THOMAS TOLER
6

7              UNITED STATES DISTRICT COURT

8        IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

9  JOEL THOMAS TOLER,                )    **No.: CIV 06-0735 LKK DAD**
                                     )
10         Plaintiff,                )    **OPPOSITION TO DEFENDANTS'**
                                     )    **MOTION TO DISMISS**
11      vs.                          )    **[FRCP 12(b)(6)]**
                                     )
12 DAVID PAULSON, COUNTY OF SOLANO,  )
   AL GARZA, BROOK BYERLY, and DOES  )
13 1 through 10, inclusive.          )    Date:  7/10/06
                                     )    Time:  9:00 a.m.
14         Defendants.               )    CTRM: 4, Hon. Lawrence Karlton
                                     )
15 _____ )

16

17

18

19

20

21

22

23

24

25

26

27

28

**Opposition to Motion to Dismiss**
*Toler v. Paulson* **(CIV 06-0735 LKK DAD)**

1

**TABLE OF CONTENTS**

2  **1.**  **Introduction**                                                                          **1**

3  **2.**  **Factual Allegations**                                                                   **1**

4  **3.**  **Applicable Standard**                                                                   **3**

5  **4.**  **Judicial Notice cannot be taken of the Garza Declaration**                              **4**

6  **5.**  **Plaintiff's claims are not barred under *Younger***                                     **5**

7  **6.**  **Plaintiff's claims are not barred under *Heck***                                        **6**

8
9  **7.**  **Plaintiff has stated a claim under 42 USC §1983 based on Defendants' court proceedings, which were filed in retaliation for Plaintiff's valid exercise of his First Amendment Rights.**   **7**

10

11  **8.**  **Plaintiff can state a claim for relief under 42 USC §1983 for violation of his rights under the Fourth Amendment**   **9**

12  **9.**  **Plaintiff can state a claim for conspiracy pursuant to 42 USC §§1983 and 1985**   **9**

13

14  **10.**  **Defendants PAULSON, GARZA, and BYERLY are not entitled to immunity**   **10**

15       **a.**   **Absolute Immunity is not applicable**   **10**

16
17       **b.**   **Eleventh Amendment Immunity is not applicable.**   **11**

18       **c.**   **Qualified Immunity is not applicable.**   **11**

19  **11.**  **Plaintiff has stated a *Monell* claim against the County of Solano**   **12**

20  **12.**  **Alternatively, if the Court is inclined to grant the motion to dismiss, Plaintiff should be granted leave to amend their Complaint.**   **13**

21

22  **13.**  **Conclusion**   **13**

23

24

25

26

27

28

1

## TABLE OF AUTHORITIES

2

**Cases**

3

*Ankenbrandt v. Richards* ................................................................. 4
4
504 U.S. 689, 119 L.Ed.2d 2d 468, 112 S.Ct. 2206 (1992)

5
*Bishop Paiute Tribe v. County of Inyo* ............................................. 11
275 F.3d 893 (9th Cir. 2002)

6
*Botello v. Gimmick* ......................................................................... 10
7
413 F.3d 971 (9th Cir. 2005)

8
*Broam v. Bogan* ............................................................................. 10
320 F.3d 1023 (9th Cir. 2003)

9
*Buckley v. Fitzsimmons* .................................................................. 10
10
509 U.S. 259, 125 L. Ed. 2d 209, 113 S. Ct. 2606 (1993)

11
*Cervantes v. City of San Diego* ...................................................... 7
5 F.3d 1273 (9th Cir. 1993)
12

13
*Crawford-El v. Britton* .................................................................... 8
523 U.S. 574, 118 S. Ct. 1584, 140 L. Ed. 2d 759 (1998)

14
*Dwares v. City of New York* ........................................................... 7
15
985 F.2d 94 (2d Cir. 1993).

16
*Harlow v. Fitzgerald* ....................................................................... 11
457 U.S. 800, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982)
17

18
*Hartman v. Moore* .......................................................................... 8
– U.S. —, 126 S.Ct. 1695, 164 L.Ed.2d 441 (2006)

19
*Harvey v. Waldron* .......................................................................... 7
210 F.3d 1008 (9th Cir. 2000)
20

21
*Heck v. Humphries* .......................................................................... 7
512 U.S. 477, 114 S.Ct. 2364, 114 S.Ct. 236 (1994)

22
*Huffman v. Pursue, Ltd.* .................................................................. 5
23
420 U.S. 592, 611, 43 L. Ed. 2d 482, 95 S. Ct. 1200 (1975)

24
*Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit ...* 7
507 U.S. 163, 168, 122 L. Ed. 2d 517, 113 S. Ct. 1160 (1993)
25

*Lee v. City of Los Angeles* ............................................................... passim
26
250 F.3d 668 (9th Cir. 2001)

27
*Middlesex County Ethics. Comm. v. Garden State Bar Ass'n* ............... 4-5
457 U.S 619, 106 S.Ct. 2718
28

**Opposition to Motion to Dismiss**
*Toler v. Paulson* **(CIV 06-0735 LKK DAD)**                                    ii

*Monell v. Department Servs.* ........................................................... 12
436 U.S. 658 (1978)

*Saucier v. Katz* ............................................................................ 12
533 U.S. 194, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001).

*Terracom v. Valley National Bank* ................................................... 7
49 F.3d 555 (9th Cir. 1995)

*United States v. City of Redwood* ................................................... 13
640 F.2d 963 (9th Cir. 1981)

*Weiner v. San Diego County* .......................................................... 11
210 F.3d 1025 (9th Cir. 2000)

*Younger v. Harris* ...................................................................... 4-6
401 U.S. 37, 91 S.Ct. 746 (1971)

**Statutes**

California Code of Civil Procedure §527.8 ...................................... 5

California Penal Code §166 ......................................................... 3

1st Amendment, U.S. Constitution ........................................ passim

4th Amendment, U.S. Constitution ............................................... 7

11th Amendment, U.S. Constitution ............................................ 11

42 U.S.C. §1983 ................................................................ passim

42 U.S.C. §1985 ................................................................... 9

Rule 201, Federal Rules of Evidence ............................................ 4

Rule 12, Federal Rules of Civil Procedure ................................ passim

## POINTS & AUTHORITIES

### 1.     Introduction

After his children were threatened by a child molester, Plaintiff JOEL THOMAS TOLER ("Toler"), understandably upset, sought the assistance of the Solano County District Attorney's office.  After failing to get a response, he submitted a paid advertisement in the Daily Republic, which was critical of District Attorney DAVID PAULSON ("Paulson").  In short order, Paulson, with the assistance of his two top investigators, AL GARZA ("Garza") and BROOK BYERLY ("Byerly") initiated an investigation of Toler.  Shortly thereafter, Paulson, Garza, and Byerly initiated the filing of a civil Workplace Violence Petition (the "Petition"), claiming Toler had threatened the District Attorney's office.  The alleged threats were not made, with Toler only stating "Don't make me defend my children".  When Toler inadvertently happened across Paulson in a public parking area near the Courthouse extended his hand to shake Paulson's, Toler was charged with six (6) violations of the Penal Code.

Toler is seeking relief, primarily damages, for Defendants' retaliation against him for exercise of his First Amendment rights.

### 2.     Factual Allegations

On March 27, 2005, after receiving threats of physical violence to his children, Toler first made a police report to the Fairfield Police Department (the "Report"). (Complaint, ¶11)

On April 7, 2005, not having heard any response, Toler came to the District Attorney's Office to find out if any action was going to be taken on the Report. According to sworn testimony from William Godwin, investigator for the District Attorney's Office, while Toler initially appeared upset, after speaking to him, Toler calmed down and Godwin took a statement regarding Toler's report of threats. (Complaint, ¶12)

**Opposition to Motion to Dismiss**
*Toler v. Paulson* **(CIV 06-0735 LKK DAD)**                                        Page 1

1   On April 12, 2005, Toler submitted a paid advertisement to the Fairfield Daily

2   Republic, which was critical of Paulson and the District Attorney's office. (Complaint,

3   ¶13)

4   Later on that same day of April 12, 2005, presumably after they had become

5   aware of Toler's article, Byerly, after conferring to Paulson, prepared a report alleging

6   Toler had violated Penal Code §76 back on April 7, 2005, specifically that he had made

7   threats against a Public Officer/Public Office.  The threat alleged to have been made by

8   Toler was "Don't make me defend my children." (Complaint, ¶14)

9   Byerly also asked Godwin to prepare a memorandum regarding Godwin's

10  encounter back on April 7, 2005, even though Godwin did not believe the incident

11  necessitated reporting. (Complaint, ¶15)

12  On June 15, 2005, Defendants filed a "Petition of Employer for Injunction

13  Prohibiting Violence or Threats of Violence Against Employee and Application for

14  Temporary Restraining Order" pursuant to Code of Civil Procedure §§527.8 and 527.9 in

15  *County of Solano et al. v. Toler* (Solano Case No. FCS026197)(the "Petition").  The

16  Petition sought that Toler be prevented from bring within 500 yards of the District

17  Attorney's Office.  Toler's office at the time was within the 500 yard prohibited area.   A

18  Temporary Restraining Order (the "TRO") was issued as requested in the Petition.

19  (Complaint, ¶16)

20  The Petition was supported by a declaration by Garza, which contained two false

21  statements, one, that Toler had threatened to bring an Uzi to the District Attorney's

22  office and two, that he was an expert on workplace violence. (Complaint, ¶17)

23

24

25

26

27

28

**Opposition to Motion to Dismiss**
*Toler v. Paulson* **(CIV 06-0735 LKK DAD)**                                    Page 2

1    On September 22, 2005, Toler was standing in one the first level of a parking lot

2 (maintained for the public) when Paulson (who has his own space on the fourth level)

3 approached him.  Toler, who did not know it was Paulson until someone called out

4 Paulson's name, made no threatening gestures or movements, but did extend his hand

5 to shake Mr. Paulson's hand. (Complaint, ¶18)

6    Despite the fact that the encounter with Toler was coincidental and did not

7 involve any violation of the TRO, Paulson sought criminal prosecution of Toler for

8 California Penal Code §166.  On October 27, 2005, in *People v. Toler* (Solano Case No.

9 FCC 227937), criminal charges were brought against Toler for five (5) violations of

10 Penal Code §166 (the "Criminal Case").  (Complaint, ¶20)

11

12    On November 3, 2005, Defendants sought to obtain a search warrant and have it

13 served on Toler.  The Search Warrant Affidavit was based on false and otherwise

14 inadequate information, there was no probable cause for the requested search warrant

15 and its issuance violated the Fourth Amendment of the United States Constitution.

16 (Complaint, ¶21)

17    The actions taken by Defendants, including the filing of the Petition, were

18 intentionally done to retaliate for Toler's exercise of his First Amendment Rights in

19 publishing articles critical of the District Attorney's office. (Complaint, ¶23)

20 **3.    Applicable Standard**

21    Defendants' Motion is made pursuant to Rule 12(b)(6) of the Federal Rules of

22 Civil Procedure.  Under Rule 12(b)(6), a defendant, may assert that plaintiffs action

23 should be dismissed for "failure to state a claim upon which relief can be granted".

24 As stated in *Terracom v. Valley National Bank*, 49 F.3d 555,558 (9th Cir. 1995):

25

26    A complaint should not be dismissed for failure to state a claim unless it appears
     beyond doubt that the plaintiff can prove no set of facts in support of his claim
     which would entitle him to relief." *citing Conley v. Gibson,* 355 U.S. 41, 45-46, 2

27    L. Ed. 2d 80, 78 S. Ct. 99 (1957).

28

**Opposition to Motion to Dismiss**
*Toler v. Paulson* **(CIV 06-0735 LKK DAD)**                                    Page 3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

When the legal sufficiency of a complaint's allegations is tested by a motion under Rule 12(b)(6), "review is limited to the complaint." *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993). All factual allegations set forth in the complaint are taken as true and construed in the light most favorable to plaintiffs and factual challenges to a plaintiff's complaint have no bearing on the legal sufficiency of the allegations under Rule 12(b)(6). *Lee v. City of Los Angeles*, 250 F.3d 668,688 (9th Cir. 2001)

**4.     The Court cannot consider the Garza Declaration in ruling on this motion.**

Defendants have requested judicial notice of the June 14, 2005, Declaration of Al Garza in Support of Application for Injunctive Relief Against Workplace Violence (the "Declaration").  Not only is the Declaration hearsay (in fact containing hearsay within hearsay), its contents are "subject to reasonable dispute."

Thus, judicial notice cannot be taken of this declaration under Rule 201(b), Federal Rules of Evidence and it cannot be considered on a motion to dismiss pursuant to Rule 12(b)(6) *See, for example*, *Lee v. City of Los Angeles*, 250 F.3d at 688 ("abuse of discretion where district court considered certain matters in state court file").

**5.     Plaintiff's Claims are not Barred under *Younger***

"The federal courts have a virtually unflagging obligation to exercise the jurisdiction given them. *Ankenbrandt v. Richards*, 504 U.S. 689,705, 119 L.Ed.2d 2d 468, 112 S.Ct. 2206 (1992).  *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746 (1971)("*Younger*") provides a circumscribed exception to mandatory federal jurisdiction which allows the court, under certain circumstances, to abstain from hearing matters in which there are pending state criminal proceedings.

*Younger* was held applicable to civil proceedings in *Middlesex County Ethics. Comm. v. Garden State Bar Ass'n*, 457 U.S 619, 106 S.Ct. 2718, which held:

**Opposition to Motion to Dismiss**
***Toler v. Paulson*** **(CIV 06-0735 LKK DAD)**                                              Page 4

1
2
3

Abstention is appropriate in favor of state proceedings if: (1) the state proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings provide the plaintiff an adequate opportunity to litigate federal constitutional issues.

4

However, even if these requirements are met, abstention is inappropriate if bad

5

faith prosecution or harassment is present. *See  Huffman v. Pursue, Ltd.,* 420 U.S. 592,

6

611, 43 L. Ed. 2d 482, 95 S. Ct. 1200 (1975).

7

Plaintiff does not dispute that there are ongoing civil and criminal proceedings.

8

Based on the Court's definition in *Middlesex*, Plaintiff does not dispute that the

9

proceedings, if legitimate, involve important state interests.

10

Instead, Plaintiff does contest whether the state proceedings provide him an

11

adequate opportunity to litigate federal constitutional issues, specifically, whether the

12

the Petition was initiated in retaliation for his valid exercise of his First Amendment

13

Rights.  Based on California Code of Civil Procedure §527.8(c), while a restraining order

14

cannot by its terms prohibit future constitutionally protected activity, it does not appear

15

to be a defense that a restraining order was obtained in retaliation for the exercise of

16

constitutional rights. [1]

17
18
19

[1]§ 527.8 substantively provides:

20
21

(a) Any employer, whose employee has suffered unlawful violence or a credible threat of violence from any individual, that can reasonably be construed to be carried out or to have been carried out at the workplace, may seek a temporary restraining order and an injunction on behalf of the employee prohibiting further unlawful violence or threats of violence by that individual.

22
23

(b) For the purposes of this section:

24

(1) "Unlawful violence" is any assault or battery, or stalking as prohibited in  Section 646.9 of the Penal Code, but shall not include lawful acts of self-defense or defense of others.

25
26

(2) "Credible threat of violence" is a knowing and willful statement or course of conduct that would place a reasonable person in fear for his or her safety, or the safety of his or her immediate family, and that serves no legitimate purpose.

27
28

(3) "Course of conduct" is a pattern of conduct composed of a series of acts over a period of time, however short, evidencing a continuity of purpose, including following or stalking an employee to or from

1    Even if the Court does find that he has some ability to assert his constitutional

2  rights in the State Court proceedings, Plaintiff believes that his allegations, if true,

3  establish abstention is inappropriate as bad faith prosecution or harassment is present.

4  This is the entire point of Plaintiff's Complaint – that Defendants initiated the Petition –

5  and later pushed for criminal charges to be filed – solely because Toler published

6  articles critical of the District Attorney's office.  If necessary, Plaintiff can plead

7  additional facts in support of his contention.

8    Finally, Plaintiff's action is primarily one for damages.  Thus, if the Court does

9  find that the action is subject to *Younger* abstention, his action should be stayed, not

10  dismissed. As set forth in *Gilbertson v. Albright*, 381 F.3d 965,981 (9th Cir. 2004):

11

12    ... when damages are sought and *Younger* principles apply, it makes sense for
     the federal court to refrain from exercising jurisdiction *temporarily* by staying its

13    hand until such time as the state proceeding is no longer pending. This allows
     the federal plaintiff an opportunity to pursue constitutional challenges in the

14    state proceeding (assuming, of course, that such an opportunity is available
     under state law), and the state an opportunity to pass on those constitutional

15    issues in the context of its own procedures, while still preserving the federal
     plaintiff's opportunity to pursue compensation in the forum of his choice. In this

16    way, neither the federal plaintiff's right to seek damages for constitutional
     violations nor the state's interest in its own system is frustrated.

17

18  **6.    Plaintiff's Claims are not barred under *Heck* because it is not applicable**

19     **to Civil Proceedings such as the TRO.**

20    Defendants suggest that *Heck v. Humphries*, 512 U.S. 477, 114 S.Ct. 2364, 114

21  S.Ct. 236 (1994) ("*Heck*") requires that the case be dismissed.

22

23

24  ─────────────────

25  the place of work; entering the workplace; following an employee during hours of employment; making
   telephone calls to an employee; or sending correspondence to an employee by any means, including, but
   not limited to, the use of the public or private mails, interoffice mail, fax, or computer e-mail.

26

27  (c) This section does not permit a court to issue a temporary restraining order or injunction prohibiting
   speech or other activities that are constitutionally protected, or otherwise protected by Section 527.3 or
   any other provision of law.

28

**Opposition to Motion to Dismiss**
*Toler v. Paulson* **(CIV 06-0735 LKK DAD)**                                                  Page 6

1    Defendants have not presented any caselaw supporting an extension of *Heck* to

2  civil proceedings, nor does any exist (at least to Plaintiff's counsel's knowledge).

3    The civil and criminal cases are not intertwined in that a criminal conviction could

4  be obtained even if the TRO was found to be invalid (or implied to be invalid as a result

5  of this case).  Thus, if Plaintiff is able to prove that the civil proceedings were initiated

6  in retaliation for his exercise of his First Amendment Rights, it would not necessarily

7  imply the invalidity of the criminal conviction and neither *Heck* nor *Harvey v. Waldron*,

8  210 F.3d 1008 (9th Cir. 2000) apply.

9  **7.    Plaintiff has stated a claim under 42 USC §1983 based on Defendants'**

10 **court proceedings, which were filed in retaliation for Plaintiff's valid**

11 **exercise of his First Amendment Rights.**

12   Rule 8(a)(2) of the Federal Rules of Civil Procedure states that a "pleading which

13 sets forth a claim for relief ... shall contain ... a short and plain statement of the claim

14

15 showing that the pleader is entitled to relief."  The Supreme Court has stated that" the

16 Rule means what it says." *Leatherman v. Tarrant County Narcotics Intelligence and*

17 *Coordination Unit,* 507 U.S. 163, 168, 122 L. Ed. 2d 517, 113 S. Ct. 1160 (1993)*.*

18   Under the liberal system of "notice pleading" set up by Federal Rule of Civil

19 Procedure 8(a)(2), a claimant is not required to set out in detail the facts upon which he

20 bases his claim. To the contrary, all the Rules require is "a short and plain statement of

21 the claim" that will give the defendant fair notice of what the plaintiff's claim is and the

22 grounds upon which it rests. *Lee v. City of Los Angeles*, 250 F.3d at 679.

23   Plaintiff has met that standard.

24   42 U.S.C. §1983 provides that:

25   Every person who, under color of any statute, ordinance, regulation, custom, or
26   usage, of any State, ... subjects or causes to be subjected, any citizen of the
     United States ... to the deprivation of any rights, privileges or immunities secured
27   by the Constitution and laws, shall be liable to the party injured.

28

To state a Section 1983 claim, "a plaintiff must allege (1) that the challenged conduct was attributable at least in part to a person acting under color of state law, and (2) that such conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Dwares v. City of New York,* 985 F.2d 94, 98 (2d Cir. 1993).

In the present case, Plaintiff has properly alleged that the Defendants were all acting under color of state law. (Complaint, ¶¶ 3-6, 25)

Plaintiff has also properly alleged that the Defendants' conduct were in retaliation for his exercise of his lawful exercise of his First Amendment rights.  Official reprisal for protected speech "offends the Constitution because it threatens to inhibit exercise of the protected right," *Crawford-El v. Britton,* 523 U.S. 574, 588, n. 10, 118 S. Ct. 1584, 140 L. Ed. 2d 759 (1998), and the law is settled that as a general matter the *First Amendment* prohibits government officials from subjecting an individual to retaliatory actions, including criminal prosecutions, for speaking out, *id.,* at 592.

While the case of *Hartman v. Moore*, – U.S. —, 126 S.Ct. 1695, 164 L.Ed.2d 441 (2006) ("*Hartman*"), decided at around the same time as Plaintiff filed the Complaint, requires that a Plaintiff prove that a criminal prosecution be found to be without probable cause.[2]

Plaintiff submits that an inference can be drawn that the facts alleged establish Plaintiff's position that the prosecution was initiated without probable cause. Alternatively, Plaintiff requests leave to amend to add an allegation to conform to the holding in *Hartman*, and to allege additional facts in support of the lack of  probable cause.

---

[2]It should be pointed out that *Hartman* overturned the district court's denial of defendant's summary judgment motion, not a Rule 12(b)(6) motion.  Thus, the facts were far more developed as to the existence of probable cause than they are in the present case, which is still at the pleading stage.

For example, with respect to Toler's presence in the parking lot, it had been agreed that notwithstanding the 100 yard prohibition, Toler had the right to take care of business he had in the Court and had the right to be in the public parking lot across the street from the Courthouse.  In addition, Paulson claimed that Toler rapidly approached him and that he (Paulson) had to run to escape him.  In fact, on the date in question, Toler had knee surgery performed and his leg was in a cast.

Finally, *Hartman* has no applicability with respect to the filing of the civil Petition.

**8.     Plaintiff can state a claim under 42 USC §1983 for violation of the Fourth Amendment**

Plaintiff requests leave to amend to allege additional facts supporting his contention that the search warrant was improperly obtained, including on information that Plaintiff had been seen with a gun – in fact, the relevant report clearly indicated the gun was a paintball gun.

**9.     Plaintiff can state a claim for conspiracy pursuant to 42 USC §§1983 and 1985**

Plaintiff believes sufficient facts have been alleged from which an inference can be drawn of a conspiratorial agreement between Paulson, Garza, and Byerly.  Specifically, that later on the day Toler's ad appeared in the Daily Republic, Byerly, after speaking to Paulson, initiated the supposed investigation which led to the Petition being filed.  That being said, Toler is prepared to allege additional facts supporting his conspiracy allegations.

**10.    Defendants PAULSON, GARZA, and BYERLY are not entitled to immunity.**

In filing the Petition, Paulson and the other individual defendants were not acting in their prosecutorial capacity on behalf of the State of California.  Instead, with respect to the Petition, Paulson was acting as the manager of the District Attorney's Office.  With respect to the Criminal Case, Paulson and the other individual defendants are the supposed victims.[3]

**a.    Absolute Immunity is inapplicable.**

In the present case, the individual defendants were only performing administrative or investigative function in filing the Petition and taking other actions in advance of the prosecution of the Criminal Case (which they did not handle).  Thus, they are not entitled to absolute immunity.

When prosecutors perform administrative or investigative functions, only qualified immunity is potentially available. *Botelo v. Gimmick*, 413 F.3d 971 (9th Cir. 2005). *Buckley v. Fitzsimmons*, 509 U.S. 259, 271-73, 125 L. Ed. 2d 209, 113 S. Ct. 2606 (1993); *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003). That is, the actions of a prosecutor are not absolutely immune merely because they are performed by a prosecutor. *Buckley*, 509 U.S. at 273.  Absolute prosecutorial immunity is justified only for actions that are connected with the prosecutor's role in judicial proceedings, not for every litigation-inducing conduct. *Botelo*, 413 F.3d at 976.

---

[3]While not apparent from the online docket, the District Attorney's office is not prosecuting the Criminal Case, instead, the State of California's Attorney General's office is prosecuting the case.  If given leave to amend, Plaintiff would allege this fact.

**Opposition to Motion to Dismiss**
*Toler v. Paulson* **(CIV 06-0735 LKK DAD)**                                                    Page 10

1    **b.      Eleventh Amendment Immunity is inapplicable.**

2          When a District Attorney is making a decision as to whether to prosecute an

3    individual, he is acting as a officer of the State of California and the Eleventh

4    Amendment immunity is applicable. *Weiner v. San Diego County*, 210 F.3d 1025 (9th Cir.

5    2000)

6          However, *Weiner* impliedly recognizes that a district attorney is a county officer

7    for some purposes and is answerable to the County's Board of Supervisors with respect

8    to those duties. 210 F.3d at 1031.

9          District attorneys performing investigatory and other functions, however, are

10   officers of the county. *See, Bishop Paiute Tribe v. County of Inyo*, 275 F.3d 893, 906-10

11   (9th Cir. 2002) (reviewing state constitution and statutes and concluding that district

12   attorney and sheriff acted as county officials in obtaining and executing search

13   warrant), *vacated on other grounds*, 538 U.S. 701, 155 L. Ed. 2d 933, 123 S. Ct. 1887

14   (2003).

15

16         In the present case, Paulson is not entitled to Eleventh Amendment Immunity

17   because his actions were administrative and investigatory in nature.

18   **c.      Qualified Immunity is inapplicable.**

19         In §1983 actions, the doctrine of qualified immunity protects state officials from

20   personal liability for on-the-job conduct so long as the conduct is objectively reasonable

21   and does not violate the plaintiff's clearly-established federal rights. *Harlow v.*

22   *Fitzgerald,* 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982). Contrarily, a

23   state official may be held personally liable in a § 1983 action if he knew or should have

24   known that he was violating a plaintiff's clearly-established federal rights. *Id.*

25

26

27

28

**Opposition to Motion to Dismiss**
*Toler v. Paulson* **(CIV 06-0735 LKK DAD)**                                      Page 11

1    The threshold question in considering application of the qualified immunity

2    defense is whether the facts alleged, viewed in a light most favorable to the plaintiff,

3    show that the defendant's conduct violated the plaintiff's constitutional rights. *Saucier v.*

4    *Katz,* 533 U.S. 194, 201, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001).   If the Court finds

5    that a constitutional right appears to have been violated, it proceeds to the next step,

6    which is to inquire whether the right was clearly established.  If the right was clearly

7    established at the time of the alleged injury, qualified immunity does not apply. *Id.*

8    In the present case, viewing Plaintiff's allegation in the required favorable light,

9    Defendants' conduct was in direct retaliation for Plaintiff's exercise of his First

10   Amendment Rights by publishing articles critical of the District Attorney's office.  Based

11   on those allegations, qualified immunity does not apply.

12

13   **11.    Plaintiff has stated a *Monell* claim against the County of Solano**

14       Under §1983, a local government may be liable for constitutional torts committed

15   by its officials, according to municipal policy, practice, or custom. *See Monell v.*

16   *Department Servs.* 436 U.S. 658, 690-691 (1978).

17       In order to prevail on their claim against the County of Solano, Plaintiff must

18   have must have sufficiently alleged that: (1) they were deprived of their constitutional

19   rights by defendants and their employees acting under color of state law; (2) that the

20   defendants have customs or policies which "'amount to deliberate indifference'" to their

21   constitutional rights; and (3) that these policies are the "'moving force behind the

22   constitutional violations. *Lee v. City of Los Angeles,* 250 F.3d at 681.

23       In the Ninth Circuit, a claim of municipal liability under section 1983 is sufficient

24   to withstand a motion to dismiss 'even if the claim is based on nothing more than a

25   bare allegation that the individual officers' conduct conformed to official policy, custom,

26   or practice. *Id.,* at 682.

27

28

**Opposition to Motion to Dismiss**
*Toler v. Paulson* **(CIV 06-0735 LKK DAD)**                                    Page 12

1      In the present case, Plaintiff's Complaint, specifically, ¶26, sufficiently alleges a

2 claim establishing the County of Solano's liability.

**12.**    **Alternatively, if the Court is inclined to grant the motion to dismiss,**

       **Plaintiff should be granted the right to amend to their complaint.**

     Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend a

complaint "shall be freely granted when justice so requires."  Dismissal without leave to

amend is proper only in "extraordinary" cases. *United States v. City of Redwood*, 640

F.2d 963, 966 (9th Cir. 1981).

**13.**    **Conclusion**

     For the reasons stated above, Plaintiff requests that Defendants' Motion be

denied, or alternatively, that he be granted leave to amend.


Dated: June 27, 2006                  DOWNING LAW FIRM


                           By:    /s/ John G. Downing
                               John Gregory Downing
                               Attorneys for Plaintiff
                               JOEL THOMAS TOLER