PORTER, SCOTT, WEIBERG & DELEHANT
A Professional Corporation
Terence J. Cassidy, SBN 099180
John R. Whitefleet, SBN 213301
350 University Avenue, Suite 200
Sacramento, CA 95825
(916) 929-1481
(916) 927-3706 (facsimile)

ATTORNEYS FOR: Defendants COUNTY OF SOLANO, DAVID PAULSON, AL GARZA, and BROOK BYERLEY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL THOMAS TOLER, | Case No. CIV 06-0735 LKK DAD |
| Plaintiff, | **Defendants' Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss Pursuant to FRCP Rule 12(b)(6)** |
| vs. | |
| DAVID PAULSON, COUNTY OF SOLANO, AL GARZA, BROOK BYERLY, and DOES 1 through 10, inclusive, | DATE: July 24, 2006<br>TIME: 10:00 a.m.<br>CTRM: 4 |
| Defendants. / | |

Defendants COUNTY OF SOLANO, DAVID PAULSON, AL GARZA, and BROOK BYERLEY hereby submit the following Reply to Plaintiff's Opposition to Defendants' Motion Dismiss pursuant to F.R.Civ.P. 12(b)(6).

I.

**PLAINTIFF CONCEDES HE FAILS TO STATE A CLAIM FOR VIOLATION OF THE FOURTH AMENDMENT ARISING FROM A SEARCH WARRANT**

Plaintiff concedes that he fails to state a claim for violation of the Fourth Amendment pursuant to 42 U.S.C. section 1983 arising from the search warrant. (Opposition p. 9:8-14). Moreover, Plaintiff fails to offer any additional allegations to cure the deficiencies. In other words, Plaintiff offers no allegations that the search warrant contained knowing or reckless

LAW OFFICES OF
**PORTER, SCOTT, WEIBERG & DELEHANT**
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
www.pswdlaw.com

**Defendants' Reply to Opposition to Motion to Dismiss**
00440391.WPD                    1

false statements which were material for finding probable cause which meets the heightened pleadings standard. Hervey v. Estes, 65 F.3d 784, 788 (9th Cir. 1997). Accordingly, the court need not provide an opportunity to amend. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). Therefore, Defendants' Motion to Dismiss Plaintiff's claim for violation of the Fourth Amendment pursuant to 42 U.S.C. section 1983 should be granted without leave to amend.

## II.

### YOUNGER ABSTENTION BARS EACH AND EVERY CLAIM OF PLAINTIFF

Defendants assert that Plaintiff's claims for violation of the First and Fourth Amendments pursuant to 42 U.S.C. section 1983 arising from the ongoing state proceedings -the Workplace Violence Petition and temporary restraining order (TRO) issued against Plaintiff in connection therewith and the criminal prosecution of Plaintiff for violating the TRO - are barred under the Younger abstention doctrine. Plaintiff concedes Younger applies to these state proceedings and that two of the three elements are met: the ongoing proceedings implicate important state interests. (Opposition, p. 4:27-5:9). Plaintiff opposes the application of Younger on the basis that state court proceedings do not provide him with an adequate opportunity to litigate his federal claims because the First Amendment "does not appear to be a defense" to the criminal charges under the language of California Civil Procedure section 527.8(c). (Opposition, p. 5: 10-16.) Defendants submit this proposition is unsupported by any authority and must fail.

California Civil Procedure section 527.8(c), by its express language, does not purport to limit any affirmative defense Plaintiff may choose to raise in the state court proceedings. Moreover, Plaintiff fails to present any authority to support his proposition. Thus, California Civil Procedure section 527.8(c) presents no bar to Plaintiff's ability to raise his First Amendment or Fourth Amendment claims in the state court proceedings. Accordingly, Plaintiff fails to establish that the California Constitution and/or state law provide any impediment in his ability to assert in the state trial court proceedings that the conduct of Defendants violated his First Amendment rights, if any, and/or whether probable cause

LAW OFFICES OF
**PORTER, SCOTT,
WEIBERG & DELEHANT**
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
*www.pswdlaw.com*

**Defendants' Reply to Opposition to Motion to Dismiss**
00440391.WPD                 2

1 existed to initiate those actions. See <u>Moore v. Sims</u>, 442 U.S. 415, 425-426 (1979).
2 Therefore, Plaintiff has failed to show all of his claims are not be barred by <u>Younger</u>
3 abstention, and the motion should be granted and all claims dismissed.

4 Plaintiff next argues that <u>Younger</u> abstention is inappropriate because "bad faith
5 prosecution or harassment is present," relying on <u>Huffman v. Pursue, Ltd.</u>, 420 U.S. 592, 611
6 (1975). Defendants contend this argument must also fail.

7 First, Defendants submit that while the Court in <u>Huffman</u> may have noted a "bad
8 faith" exception to the <u>Younger</u> abstention doctrine, it did not apply it to the case. Instead,
9 the <u>Huffman</u> court remanded for consideration of whether <u>Younger</u> barred an adult theater's
10 First Amendment facial challenge to an Ohio statute while state civil nuisance proceeding
11 were pending. <u>Huffman</u>, 420 U.S. at 611.

12 Second, Plaintiff's argument rests on an erroneous reading of the "bad faith"
13 exception to <u>Younger</u>. In order to establish "bad faith," Plaintiff is required to allege
14 "something akin to a series of prosecutions" that are "with(out) any expectation of securing
15 a valid conviction or a prosecution brought under a statute which is "flagrantly and patently
16 violative of express constitutional prohibitions in every clause, sentence and paragraph, and
17 in whatever manner and against whomever an effort might be made to apply it." <u>Williams
18 v. Red Bank Bd. of Educ.</u>, 662 F.2d 1008, 1022 (3d Cir. 1981) citing <u>Younger v. Harris</u>,
19 supra, 401 U.S. at 53-54, 91 S. Ct. at 754-755 and <u>Dombrowski v. Pfister</u>, 380 U.S. 479, 85
20 S. Ct. 1116, 14 L. Ed. 2d 22 (1965). Plaintiff's complaint makes no such allegations.
21 Therefore, Plaintiff has failed to establish the bad faith exception to <u>Younger</u>.

22 Third, Plaintiff's own allegations in his Complaint clearly establish that the
23 Workplace Violence Petition and the TRO issued against Plaintiff have a good faith basis:
24 Detective Garza perceived a threat about Plaintiff "bringing an Uzi" into the office of the
25 District Attorney. (Compl. ¶ 17.) While Plaintiff objects to the entire Declaration of Al
26 Garza which was submitted in Support of Application for Injunctive Relief Against
27 Workplace Violence, he fails to identify which specific part of the declaration is
28

LAW OFFICES OF
PORTER, SCOTT,
WEIBERG & DELEHANT
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
www.pswdlaw.com

**Defendants' Reply to Opposition to Motion to Dismiss**

00440391.WPD                                3

1  objectionable.[1]  More importantly, Plaintiff does not dispute that Defendant Garza perceived
2  that Plaintiff made a statement to the effect of bringing an "Uzi up in here." (Compl. ¶ 17.)
3  Rather, Plaintiff denies this statement constituted a threat.  Accordingly, Plaintiff does not
4  dispute Garza perceived a threat, which forms the good faith basis for the Workplace
5  Violence proceedings.  Thus, the allegations of the Complaint and the Declaration of Al
6  Garza establish that there was a perceived threat, and thus the Application for Injunctive
7  Relief Against Workplace Violence was not brought in bad faith.  Likewise, Plaintiff admits
8  he purposefully violated the TRO by purposefully "extending his hand to shake Paulson's"
9  after he identified District Attorney Paulson.  (Compl, ¶ 18; Opposition p. 3:4-5.)  Thus, any
10 prosecution for violating the TRO cannot be said to be in "bad faith."  This is particularly so
11 because the California Attorney General is prosecuting the matter. (Opposition, p. 10, n. 3.)
12 On this additional basis, Plaintiff cannot establish the necessary "bad faith" such that this
13 court should not abstain under Younger.

14       Lastly, Plaintiff requests this court stay the matter rather than dismiss merely because
15 he "primarily" seeks damages relying on Gilbertson v. Albright, 381 F.3d 965, 982 (9th Cir.
16 2004).  The court in Gilbertson, however, noted that where comity dictates, a suit for
17 damages may be stayed, assuming there are no other reasons for dismissal.  Id. at 982 n. 18.

18       Here, Defendants submit comity does not dictate a stay versus a dismissal. In fact,
19 Plaintiff seeks injunctive relief, declaratory relief and damages, both compensatory and
20 punitive damages.  (Compl. pp. 6:24-7:4.)  Thus, contrary to Plaintiff's assertion, Plaintiff's
21 complaint presents a mixed case of several types of relief.  In that regard, comity dictates this

---

[1]Contrary to Plaintiff's proposition that the declaration may not be judicially noticed, the court in Lee v. City of Los Angeles, 250 F.3d 668 (9th Cir. 2001) merely noted that the district court went "too far" in taking judicial notice of disputed facts in another court's file as undisputed.  Id. at 690.  Thus, under Federal Rule of Evidence 201, the court may judicially notice undisputed facts in state court files and records. See Disabled Rights Action Comm. v. Las Vegas Events, Inc., 375 F.3d 861, 866 (9th Cir. 2004).  As the Declaration of Al Garza is part of the file, and Plaintiff does not dispute that he mentioned an "Uzi", only that it was not a threat, the statement is properly judicially noticed for purposes of establishing a good faith basis under Younger.

LAW OFFICES OF
PORTER, SCOTT,
WEIBERG & DELEHANT
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
www.pswdlaw.com

Defendants' Reply to Opposition to Motion to Dismiss
00440391.WPD                          4

1  court should dismiss, rather than stay the matter.  Defendants submit that because Plaintiff
2  seeks redress for violation of his First Amendment, actual damages are likely to be nominal
3  at best.  Additionally, there are other reasons for dismissal.  For example, the applicability
4  of Heck to Plaintiff's claims, infra, and Plaintiff's concession that he fails to state a claim
5  under the Fourth Amendment arising from the search warrant, supra.  Therefore, Defendants
6  respectfully request that should the Court determine Younger abstention is appropriate,
7  dismiss the matter in its entirety.

### III

### **PLAINTIFF'S CLAIMS ARE BARRED BY HECK V. HUMPHREY**

10  Defendants alternatively assert that Heck v. Humphrey, 512 U.S. 477, 489-90, 114
11  S.Ct. 2364, 2372 (1994) and its progeny requires dismissal of the claims of Plaintiff.  In
12  opposition, Plaintiff fails to address, and thereby concedes, that all claims arising out of the
13  state criminal proceedings for violation of the TRO are indeed barred by Heck.  Plaintiff
14  likewise fails to address and thereby concedes that his Fourth Amendment claim arising from
15  the search warrant are also barred by Heck.  Therefore, Defendants request that all claims for
16  violation of the First Amendment arising out of the criminal proceedings for violation of the
17  TRO as well as for violation of the Fourth Amendment arising from the search warrant be
18  dismissed.

19  Rather, Plaintiff only argues that Heck should not apply to his claims arising from the
20  civil proceedings - the Workplace Violence petition - because he believes a conviction could
21  be obtained even if the TRO were found to be invalid. (Opposition, p. 7:3-8.)  Defendants
22  submit that although there is no direct application of Heck to a civil proceeding, there is a
23  patent interconnection between the criminal proceedings for the TRO and the Workplace
24  Violence petition under which the TRO was obtained.  Indeed, it would appear that a
25  favorable outcome for Plaintiff in this case, i.e. that the Workplace Violence Petition was
26  illegal or founded on false information, would also clearly call the probable cause for the
27  TRO into question.  See e.g. Reno Air Racing Ass'n, Inc. v. Mccord, 2006 U.S. App. LEXIS
28  16967 (9th Cir. 2006) (reversing sanctions for violating TRO upon finding that the TRO was

LAW OFFICES OF
**PORTER, SCOTT,**
**WEIBERG & DELEHANT**
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
www.pswdlaw.com

**Defendants' Reply to Opposition to Motion to Dismiss**
00440391.WPD                       5

1  improvidently granted.)  Accordingly, Defendants submit that under the unique facts of this

2  case, the application of <u>Heck</u> is also appropriate to the civil proceedings.  Therefore, until

3  Plaintiff prevails in the underlying criminal proceedings, <u>Heck</u> bars the accrual of his claim,

4  and the Motion to Dismiss should be granted.

**IV.**

**PLAINTIFF FAILS TO STATE A CLAIM FOR VIOLATION OF THE FIRST AMENDMENT PURSUANT TO 42 U.S.C. SECTION 1983**

Assuming the Court does not dismiss this matter as set forth above, Defendants also submit that Plaintiff fails to state a claim upon which relief may be granted against Defendants PAULSON, GARZA and BYERLEY for violation of the First Amendment pursuant to 42 U.S.C. section 1983 arising from the civil and/or criminal proceedings.  In opposition, Plaintiff merely points to general pleading standards under Section 1983.

This is clearly insufficient.  As set forth in Defendants' moving papers, in order to state a claim pursuant to Section 1983 for violation of the First Amendment, plaintiff must allege that his or her speech was protected, that the alleged retaliatory action adversely affected the plaintiff's constitutionally protected speech, and that a causal relationship exists between the speech and the defendant's retaliatory action.  <u>Suarez Corp. Indus. v. McGraw</u>, 202 F.3d 676, 685-686 (4th Cir. 2000).  Plaintiff fails to address these pleading standards, nor address how the allegations in his Complaint satisfy these standards.  Indeed, Plaintiff cannot state a claim for retaliation for speech that occurred on April 12, 2005 when the alleged violation of the TRO occurred September 22, 2005.  Moreover, Plaintiff fails to allege how the alleged conduct of Defendants adversely affected his speech.

Additionally, Plaintiff's proposed additional allegations fail to meet the above pleading standards.  For example, that Plaintiff alleges he had the "right" to be in the courthouse or parking lot is irrelevant because Plaintiff does not allege he actually had business in the courthouse at the time.  Also, that Plaintiff was in a leg cast does not vitiate that he alleges he purposefully approached District Attorney Paulson after his identity was made known to Plaintiff in clear violation of the TRO.  Equally important, these additional

LAW OFFICES OF
PORTER, SCOTT,
WEIBERG & DELEHANT
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
www.pswdlaw.com

Defendants' Reply to Opposition to Motion to Dismiss
6
00440391.WPD

allegations do not appear to be material to any portion of Plaintiff's First Amendment claim. Thus, Plaintiff does not establish that he can cure the deficiencies of the Complaint, and therefore the Motion to Dismiss should be granted without leave to amend.

## V.

## PLAINTIFF FAILS TO STATE A CLAIM FOR CONSPIRACY

Defendants argue Plaintiff failed to state a claim for conspiracy under Sections 1983 and 1985 because the Complaint provides only vague conclusions which are devoid of any specific facts of an agreement to deprive Plaintiff of any constitutional violations. In opposition, Plaintiff merely claims the allegations inferentially allege a conspiracy. This proclamation fails to point out where in the Complaint there are specific facts of a conspiracy sufficient for pleading purposes under Section 1983. Alternatively, Plaintiff claims he can make additional allegations to cure any deficiencies. Plaintiff, however, fails to offer what allegations he may make to cure the deficiencies as raised in Defendants' motion. Therefore, the Motion to Dismiss Plaintiff's conspiracy claim under Section 1983 should be granted without leave to amend.

Moreover, Plaintiff fails to plead or offer to cure with specific allegations of "class-based discriminatory animus" sufficient to state a claim for conspiracy under Section 1985(3). See Griffin v. Breckenridge, 403 U.S. 88, 101-02, 91 S. Ct. 1790, 1797-98, 29 L. Ed. 2d 338 (1971). Therefore, the motion to dismiss Plaintiff's conspiracy claim under Section 1985 should also be granted without leave to amend.

## VI.

## DEFENDANTS PAULSON GARZA AND BYERLEY ARE ENTITLED TO ABSOLUTE IMMUNITY

Defendants PAULSON, GARZA and BYERLEY are also entitled to absolute prosecutorial immunity and/or Eleventh Amendment for the claims asserted by Plaintiff arising from the criminal proceedings. Defendants are not claiming absolute immunity in connection with the civil proceedings. In opposition, Plaintiff appears to argue that because Defendants were purported "victims," they were performing administrative or investigative

LAW OFFICES OF
**PORTER, SCOTT,
WEIBERG & DELEHANT**
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
www.pswdlaw.com

**Defendants' Reply to Opposition to Motion to Dismiss**
00440391.WPD                    7

1  functions and therefore are not entitled to absolute prosecutorial immunity. (Opposition, p. 10:3-21; 11:1-17.)  However, Plaintiff fails to elaborate or provide any authority to support the proposition that being a purported victim strips Defendants of absolute prosecutorial immunity arising from the criminal proceedings.  Moreover, Plaintiff fails to analyze or otherwise explain how he believes the alleged conduct of Defendants in connection with the criminal proceedings were not made on behalf of the State of California such that they are entitled to Eleventh Amendment immunity.

Thus, Plaintiff has failed to establish that the alleged conduct of Defendants PAULSON, GARZA and BYERLEY, if any, arising from the criminal proceedings in <u>People v. Toler</u>, Solano County Superior Court Case No. FCR 227937 were not reasonably part of the prosecutorial process on behalf of the State of California   Accordingly, Defendants PAULSON, GARZA and BYERLEY are entitled to absolute prosecutorial immunity and/or Eleventh Amendment immunity under section 1983.  Therefore, on this basis, Defendants motion should be granted and Plaintiff's claims against  Defendants PAULSON, GARZA and BYERLEY arising from the criminal proceedings should be dismissed.

### VII

### DEFENDANTS PAULSON GARZA AND BYERLEY ARE ALSO ENTITLED TO QUALIFIED IMMUNITY

Assuming *arguendo* the Court does not dismiss the matter based on the grounds set forth above, Defendants PAULSON, GARZA and BYERLEY alternatively assert that they are entitled to qualified immunity.  In opposition, Plaintiff appears to argue his allegations of retaliation strip Defendants of qualified immunity. (Opposition, p. 12:9-12.)

This contention is unsupported by any authority.  Moreover, even assuming a constitutional violation, Plaintiff had the burden but failed to establish that existing caselaw clearly established that Defendants should have known under the facts and circumstances of this case that their alleged conduct would have violated Plaintiff's First and Fourth Amendment rights.  In fact, Plaintiff offers no caselaw to that effect.  Accordingly, on this additional bases,  Defendants PAULSON, GARZA and BYERLEY are entitled to qualified

LAW OFFICES OF
**PORTER, SCOTT,
WEIBERG & DELEHANT**
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
www.pswdlaw.com

immunity as to Plaintiff's claims arising from the conduct associated with the criminal and civil proceedings. Therefore, Plaintiff's claims for violations of the First and Fourth Amendments against Defendants PAULSON, GARZA and BYERLEY should be dismissed.

## VIII

### PLAINTIFF FAILS TO STATE A CLAIM AGAINST THE COUNTY OF SOLANO FOR MONELL-TYPE LIABILITY UNDER 42 U.S.C. § 1983

Defendants contend that Plaintiff's first "cause of action" fails to state a Monell-type claim against COUNTY OF SOLANO for its alleged policies regarding the prosecution of crimes because any such policy custom or practice is that of the State of California, not the County in which he/she is employed. In opposition, Plaintiff does not address this specific issue, instead merely proclaiming the allegations are sufficient.

Clearly, a local prosecutor who prosecutes crimes does so on behalf of the State of California. Where the alleged bases for Monell-type municipal liability arises from acts of local prosecutors and their investigators for the prosecution of crimes and other acts intimately associated with the administration of justice, a County cannot be liable. Weiner v. San Diego County, 210 F.3d 1025, 1031 (9th Cir. 2000); Pitts v. County of Kern, 17 Cal. 4th 340 (1998). Because the prosecutor has immunity under the Eleventh Amendment for the prosecution of crimes, the County is not liable for any policies, customs, or practices arising therefrom. Alternatively, the COUNTY OF SOLANO is not a proper party regarding said policies of the prosecution of crimes, but the State. On these bases, the Motion to dismiss should be granted and the claims of Plaintiff against Defendant COUNTY OF SOLANO arising from the criminal proceeding should be dismissed without leave to amend.

///
///
///
///
///
///

LAW OFFICES OF
PORTER, SCOTT,
WEIBERG & DELEHANT
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
www.pswdlaw.com

00440391.WPD

**Defendants' Reply to Opposition to Motion to Dismiss**

9

## IX.

## CONCLUSION

Based on the foregoing, Defendants respectfully request that their Motion to Dismiss be granted, and Plaintiff's claims against them dismissed. Plaintiff's failure to offer sufficient allegations to cure the deficiencies warrants dismissal without leave to amend.

Respectfully submitted,

DATED: July 17, 2006          PORTER, SCOTT, WEIBERG & DELEHANT
A Professional Corporation


By   /s/ John R. Whitefleet
    Terence J. Cassidy
    John R. Whitefleet
    Attorneys for Defendants COUNTY OF SOLANO, DAVID PAULSON, AL GARZA, and BROOK BYERLEY

LAW OFFICES OF
**PORTER, SCOTT,
WEIBERG & DELEHANT**
A PROFESSIONAL CORPORATION
350 UNIVERSITY AVE., SUITE 200
P.O. BOX 255428
SACRAMENTO, CA 95865
(916) 929-1481
*www.pswdlaw.com*

**Defendants' Reply to Opposition to Motion to Dismiss**

00440391.WPD
10