MATT GONZALEZ (SBN 153486)
G. WHITNEY LEIGH (SBN 153457)
BRYAN VERESCHAGIN (SBN 188608)
BRIAN BRAZIER (245004)
GONZALEZ & LEIGH LLP
Two Shaw Alley, Third Floor
San Francisco, CA 94105
Telephone: (415) 512-2000
Facsimile: (415) 512-2001

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL THOMAS TOLER<br><br>Plaintiffs,<br><br>vs.<br><br>DAVID PAULSON, COUNTY OF SOLANO, AL GARZA, BROOK BYERLY, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. CIV 06-0735 LKK DAD<br><br>**FIRST AMENDED AND SUPPLEMENTAL COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**JURY TRIAL REQUESTED**<br><br>**INJUNCTIVE RELIEF REQUESTED**<br><br>**REQUEST FOR PUNITIVE DAMAGES** |

**JURISDICTION AND VENUE**

1. This is a civil suit brought under the Federal Civil Rights Act, 42 U.S.C. §§ 1983, 1985 and 1988 for violations of the United States Constitution. This Court has subject matter jurisdiction over the parties and this action pursuant to 28 U.S.C. § 1343(3) and 28 U.S.C. § 1331.

2. This suit further seeks the imposition of punitive damages against all Defendants as appropriate under law.

3. Venue is proper in this Court because the facts supporting each of these causes of action arise out of conduct undertaken by Defendants in the County of Solano, State of California.

## GENERAL ALLEGATIONS

4. Defendant David Paulson is the elected District Attorney of the County of Solano.

5. Defendant County of Solano is a governmental entity located in the State of California.

6. Defendant Al Garza is the Chief Investigator employed by the District Attorney's Office of Solano County.

7. Defendant Brook Byerly is the Supervising Investigator employed by the District Attorney's Office of Solano County.

8. Plaintiff is informed and believes, and thereon alleges, that each of the defendants named herein was, at all times relevant to this action, the agent, employee, representing partner, co-conspirator, or joint venturer of the remaining defendants and was acting within the course and scope and in furtherance of that relationship. Plaintiff is further informed and believes, and thereon alleges, that each of the defendants herein gave consent to, ratified, and authorized the acts alleged herein to each of the remaining defendants.

9. Plaintiff does not know the true names of defendants DOES 1 through 10, inclusive, and therefore sues them by those fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

10. The acts alleged in this complaint to have been done by defendants, were done by them not as individuals, but under color of the authority of the State of California, County of Solano, under the authority of the District Attorney's Office for the County.

//
//
//

## STATEMENT OF FACTS

11. Mr. Toler is a former police officer with no previous criminal record or history of threatening behavior.

12. Mr. Toler is currently a licensed bail bondsman and licensed private investigator with his principal place of business in Fairfield, County of Solano.

13. On March 27, 2005, after receiving threats of physical violence to his children Toler made a police report to the Fairfield Police Department ("the report").

14. On April 7, 2005, Mr. Toler came to the District Attorney's Office for the County of Solano to inquire what action was being taken on the report. According to sworn testimony from William Godwin, investigator for the District Attorney's Office, while Toler initially appeared upset, after speaking to him, Mr. Toler calmed down and Godwin took a sworn statement regarding the threats made against Mr. Toler's children.

15. On April 12, 2005, Mr. Toler submitted a paid article to a local newspaper, which was critical of defendant Paulson and the Solano County District Attorney's office, and sought to air his discontent over the treatment he had received at the hands of the District Attorney's office and their inaction regarding the reported threats to Mr. Toler's children.

16. Later that day on April 12, five days after the Mr. Toler had inquired about the threats to his children, and only after Mr. Toler's article appeared in a local newspaper, Brook Byerly, after speaking to District Attorney Paulson, prepared a report alleging that Mr. Toler had violated Penal Code § 76 on April 7, 2005 by making threats against a Public Officer/Public Office. The threat allegedly made by Mr. Toler was – "don't make me defend my children."

17. William Godwin, either at the direction of defendant Garza or defendant Paulson, was asked to prepare a memorandum regarding Godwin's April 7, 2005 meeting with

Mr. Toler, even though Godwin did not believe the incident necessitated preparation of a memorandum.

18. On June 13, 2005 a local newspaper published a story reporting that Mr. Toler had filed a small claims action against defendant Paulson.

19. On June 15, 2005, The District Attorney filed for, and was granted, a "Petition of Employer for Injunction Prohibiting Violence or Threats of Violence Against Employee and Application for Temporary Restraining Order" pursuant to CCP §§ 527.8 and 527.9 in County of Solano et al. v. Toler (Case No. FCS026197) ("the petition"). The order was granted ex parte on by Commissioner Albert Chew.

20. Mr. Toler believes that the petition was in retaliation for his criticism of the District Attorney's office in their handling of the threats to his children.

21. The petition also sought to publicly embarrass Mr. Toler and undermine his work as a bail bondsman and private investigator by prohibiting Mr. Toler from coming within 500 yards of 675 Texas Street, a place known as Government Center, where Mr. Toler conducted a significant amount of his work. Indeed, the modified order issued three weeks later (reducing the distance to 100 yards), though it purported to create a mechanism that would allow Mr. Toler to conduct lawful business, unreasonably prohibited him entering the Tax Collector's Office, the Building Department, and the Office of the County Supervisor – all offices that Mr. Toler accessed regularly as a bail bondsman.

22. The petition was supported by a declaration from defendant Al Garza that contained two false statements: (1) That Toler threatened to bring an "uzi" to the District Attorney's Office, and (2) that Garza was an expert on workplace violence.

23. Additionally, the order required Mr. Toler to make an appointment through plaintiffs' counsel before entering the government building – thereby placing a significant burden on the conduct of Mr. Toler's business.

24. Both County Counsel and Commissioner Chew knew that Toler's place of business, Toler Bail Bonds, located at 709 Jefferson Street in Fairfield, was less than 100 yards

1  away from 675 Texas Street – the building Mr. Toler was required to stay away from. Mr.
2  Toler's place of business was, however, not exempted from the parameters of the stay-away
3  order.
4      25.    On September 22, 2005, Toler was standing in the first level of a parking lot
5  (maintained for the public) when defendant Paulson (who has his own space on the fourth level)
6  approached him. Toler, who did not know it was Paulson until someone called out Paulson's
7  name, made no threatening gestures or movements, but did extend his hand to shake Mr.
8  Paulson's hand.
9      26.    Despite the fact that the encounter was coincidental and did not involve any
10 violation of the TRO, Paulson sought criminal prosecution of Toler for violation of California
11 Penal Code, § 166.
12     27.    On November 3, 2005, defendants sought to obtain a search warrant and have it
13 served on Toler. The search warrant affidavit was based on false and otherwise inadequate
14 information, there was no probable cause for the requested search warrant and its issuance
15 violated the Fourth Amendment of the United States Constitution.
16     28.    Before the 2006 Solano County District Attorney election, Mr. Toler published a
17 satirical advertisement that, again, criticized the then current administration of the Solano County
18 District Attorney's office.
19     29.    Throughout 2006, despite no threats of violence from Mr. Toler, indeed no
20 contact with anyone from the District Attorney's office, and clearly contrary to the law
21 governing the issuance of temporary restraining orders, the defendants continued to uphold and
22 enforce the existing temporary restraining order against Mr. Toler. In fact, the defendants
23 continued to pursue an extended three year injunction against Mr. Toler.
24     30.    On February 1, 2007 Mr. Toler sought modification of the order. The modified
25 order, signed February 9, 2007, continued to require Mr. Toler to "stay at least twenty-five yards
26 away from the defendants, their residences, vehicles, and their place of work, which is the
27
28

Solano County Government Center, 675 Texas Street, Fairfield, CA" – again, the very building and area where Mr. Toler conducted much of his business.

31. In exchange for these modifications, Mr. Toler accepted the onerous condition that he contact county counsel before engaging in legitimate business at the Government Center, by "requiring him to advise Plaintiff's counsel at the Solano County Counsel Office twenty-four(24) hours prior to entering."

32. Finally, on August 21, 2007, the office of the City Counsel, along with David Paulson, Al Garza, Brook Byerley, and Tom Toler entered into a settlement agreement resolving all matters relating to the Temporary Restraining Order and Petition for Injunction. The settlement agreement does not reach the present action currently before this Court.

### First Cause of Action
### Retaliation for Exercise of First Amendments Right – 42 USC §1983

33. Plaintiff incorporates by reference the preceding allegations.

34. The actions of defendants, as alleged above, was in retaliation for Toler's exercise of his civil right in publishing advertisements critical of the District Attorney's Office.

35. The actions of the defendants were intentional.

36. At all relevant times, the individual defendants acted under the color of law.

37. The acts of defendants were the cause of the deprivation of plaintiff's rights as protected by the Constitution and the laws of the United States.

38. As a result of defendants' actions, plaintiff has suffered fear, anxiety, emotional distress, and loss of dignity and pride, and other damages in an amount to be determined at trial. Plaintiff has also suffered loss and damage to his business as a proximate result of defendant's lawful actions.

39. Plaintiff has found it necessary to retain private counsel to vindicate his rights under the law. Plaintiff therefore seeks an award of attorney's fees pursuant to 42 USC § 1988.

40. At all times mentioned herein, the defendants, and each of them, were engaged in an oppressive course of conduct, intentionally, maliciously, willfully, and with full knowledge that such conduct was in derogation of the law and the civil rights of plaintiff.

41. Wherefore plaintiff, Tom Toler, prays for judgment against defendants as set forth hereafter.

## Second Cause of Action
## Conspiracy to Deprive a Constitutional Right – 42 USC §1983 and 42 USC §1985(3)

42. Plaintiff incorporates by reference the preceding allegations.

43. Defendants entered into a conspiracy to deprive Mr. Toler of his First Amendment rights. As a result of Mr. Toler's publication of advertisements critical of the District Attorney and the office of the District Attorney, the defendants took the affirmative step of filing a petition and application for a temporary restraining order against Mr. Toler in retaliation for the exercise of his First Amendment rights. The object of the defendants' actions was designed to "chill" the First Amendment rights of Mr. Toler through harassment and intimidation.

44. As a result of defendants' actions, Mr. Toler's First Amendment rights have in fact been "chilled" through the harassment and intimidation by the defendants. Additionally, Mr. Toler has suffered fear, anxiety, emotional distress, and loss of dignity and pride, and other damages in an amount to be determined at trial. Plaintiff has also suffered loss and damage to his business as a proximate result of defendant's lawful actions.

45. At all times mentioned herein, the defendants, and each of them, were collectively engaged in an oppressive course of conduct, intentionally, maliciously, willfully, and with full knowledge that such conduct was in derogation of the law and the civil rights of plaintiff.

46. Wherefore Plaintiff, Tom Toler, prays for judgment against defendants as set forth hereafter.

## JURY TRIAL

47. Plaintiff hereby demands a jury trial in this matter.

## PRAYER

48. For compensatory damages;

49. For exemplary and punitive damages;

50. For a preliminary and permanent injunction to be issued preventing defendants from further depriving plaintiff of his rights under the United States Constitution and the laws of the United States;

51. For declaratory relief as to the parties respective rights and duties;

52. For attorney's fees under 42 USC § 1988;

53. For costs of suit; and

54. For such other and further relief as may be ordered by the Court.

DATED: November 1, 2007        GONZALEZ & LEIGH, LLP

                               By:    /s/ Matt Gonzalez
                                      MATT GONZALEZ