**P O R T E R  |  S C O T T**

A PROFESSIONAL CORPORATION
Terence J. Cassidy, SBN 099180
John R. Whitefleet, SBN 213301
350 University Ave., Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

ATTORNEYS FOR:  Defendants COUNTY OF SOLANO, DAVID PAULSON, AL
GARZA, and BROOK BYERLEY

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL THOMAS TOLER | Case No. CIV 06-0735 LKK DAD |
| Plaintiff, | **DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS** |
| vs. | |
| DAVID PAULSON, COUNTY OF SOLANO, AL GARZA, BROOK BYERLY, and DOES 1 through 10, inclusive, | **DATE:** **January 14, 2007**<br>**TIME:** **10:00 a.m.**<br>**CTRM:** **4** |
| Defendants. | |

///

///

///

///

///

///

///

///

///

///

**P O R T E R | S C O T T**
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**

00552138.WPD

1

**TABLE OF CONTENTS**

2      I.     INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

3      II.    PLAINTIFF IMPROPERLY NARROWS OR STATES THE
              STANDARD ON A MOTION TO DISMISS . . . . . . . . . . . . . . . . . . . . . . . 2
4
       III.   PLAINTIFF CONCEDES HE FAILS TO STATE A CLAIM
5             AGAINST DEFENDANT COUNTY OF SOLANO FOR
              MONELL-TYPE LIABILITY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
6
7      IV.    PLAINTIFF CONCEDES HE FAILS TO STATE A CLAIM
              FOR VIOLATION OF THE FOURTH AMENDMENT ARISING
8             OUT OF A SEARCH WARRANT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

9      V.     DEFENDANTS PAULSON, GARZA, AND BYERLEY ARE
              ENTITLED TO PROSECUTORIAL AND/OR ELEVENTH
10            AMENDMENT IMMUNITY ARISING FROM CONDUCT
              RELATING TO THE INITIATION  AND/OR PROSECUTION
11            OF CRIMINAL CHARGES  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

12     VI.    DEFENDANTS PAULSON, GARZA AND BYERLEY ARE
              ENTITLED TO ABSOLUTE WITNESS IMMUNITY ARISING
13            FROM CONDUCT RELATING TO THE INITIATION
              AND/OR PROSECUTION OF THE WORKPLACE VIOLENCE
14            PETITION AND RESULTING TRO AND CRIMINAL
              PROSECUTION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

15     VII.   DEFENDANTS PAULSON, GARZA AND BYERLEY ARE
              ENTITLED TO QUALIFIED IMMUNITY . . . . . . . . . . . . . . . . . . . . . . . . 8
16
17     VIII.  PLAINTIFF CONCEDES THAT HE MUST, BUT CANNOT,
              ALLEGE LACK OF PROBABLE CAUSE AND THEREFORE
18            FAILS TO STATE A CLAIM FOR VIOLATION OF THE
              FIRST AMENDMENT PURSUANT TO 42 U.S.C. SECTION 1983 . . . 11

19     IX.    PLAINTIFF FAILS TO STATE A CLAIM FOR RETALIATION
              ARISING FROM ALLEGED RETALIATORY ACTS REGARDING
20            THE WORKPLACE VIOLENCE PETITION AND TRO . . . . . . . . . . . 12

21            A      Plaintiff Fails to Allege the Alleged Retaliatory Action
                     Adversely Affected the Plaintiff's Constitutionally Protected
22                   Speech . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

23            B      Plaintiff Fails to Sufficiently State a Causal Connection Between
                     the Speech and Alleged Retaliatory Acts . . . . . . . . . . . . . . . . . . . 13
24
25     X.     PLAINTIFF FAILS TO STATE A CLAIM FOR CONSPIRACY . . . . . . 14

              A.     Plaintiff Fails to State a Claim for Conspiracy under 42 U.S.C.
26                   section 1983  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

27            B.     Plaintiff Fails to State a Claim for Conspiracy Under 42 U.S.C.
                     section 1985(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
28
       XI.    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

PORTER|SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

1

**TABLE OF AUTHORITIES**

2

<u>Balistreri v. Pacifica Police Dep't</u>
  901 F.2d 696 (9th Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

3

<u>Barnes v. Wright</u>
  449 F.3d 709 (6th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

4

<u>Buckley v. Fitzsimmons</u>
  509 U.S. 259 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

5

6

<u>Burns v. County of King</u>
  883 F.2d 819 (9th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

7

<u>Burns v. Reed</u>
  500 U.S. 478 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

8

9

<u>Cahill v. Liberty Mut. Ins. Co.</u>
  80 F.3d 336 (9th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

10

<u>Franklin v. Terr</u>
  201 F.3d 1098 (9th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

11

12

<u>Gilligan v. Jamco Dev. Corp.</u>
  108 F.3d 246 (9th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

13

<u>Griffin v. Breckenridge</u>
  403 U.S. 88 (1971) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

14

15

<u>Hafer v. Melo</u>
  502 U.S. 21 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

16

<u>Hall v. Santa Barbara</u>
  833 F.2d 1270 (9th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

17

18

<u>Hartman v. Moore</u>
  547 U.S. 250, 126 S. Ct. 1695 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 10, 11

19

<u>Hearn v. R.J. Reynolds Tobacco Co.</u>
  279 F. Supp. 2d 1096 (D. Ariz. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

20

21

<u>Imbler v. Pachtman</u>
  424 U.S. 409 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

22

<u>Ivey v. Board of Regents of the University of Alaska</u>
  673 F.2d 266 (9th Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

23

24

<u>Jablon v. Dean Witter & Co.</u>
  614 F.2d 677 (9th Cir. 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

25

<u>Milstein v. Cooley</u>
  257 F.3d 1004 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

26

27

<u>Monell v. Department of Social Services</u>
  43 U.S. 658 (1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3

28

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

<u>Mullis v. United States Bankruptcy Court</u>
        828 F.2d 1385 (9th Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

<u>Pareto v. FDIC</u>
        139 F.3d 696 (9th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

<u>Robinzine v. Vicory</u>
        143 Cal.App.4th 1416 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

<u>Saucier v. Katz</u>
        533 U.S. 194 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

<u>Scott v. Ross</u>
        140 F.3d 1275 (9th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

<u>Suarez Corp. Indus. v. McGraw</u>
        202 F.3d 676 (4th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13

<u>Weiner v. San Diego County</u>
        210 F.3d 1025 (9th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

<u>Williams v. City of Carl Junction</u>
        480 F.3d 871 (8th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11


**<u>Statutes</u>**

42 U.S.C. section 1983 or 1985(3)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

F. R. Civ. P. Rule 8  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

F. R. Civ. P Rule 12(b)(6)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

California Code of Civil Procedure section 527.8 . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**<u>Miscellaneous</u>**

Wright & Miller, Federal Practice & Procedure, Civil § 1357, at 598 (1969)  . . . . . . . . 2
Wright & Miller, Federal Practice & Procedure, Civil 3d § 1357 at 557, 563 (2004)  . . . 2

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

00552138.WPD                    -iv-

1    Defendants COUNTY OF SOLANO, DAVID PAULSON, AL GARZA, and BROOK

2    BYERLEY (hereinafter collectively "Defendants") hereby submit the following Reply to the

3    Opposition filed by Plaintiff JOEL THOMAS TOLER (hereinafter "Plaintiff") to

4    Defendants' Motion to Dismiss the "First Amended and Supplemental Complaint"

5    (hereinafter collectively referred to as "First Amended Complaint" or "FAC") of Plaintiff.

6                                               **I.**

7                                    **INTRODUCTION**

8        Defendants move to dismiss the claims in the First Amended Complaint of Plaintiff

9    for retaliation and conspiracy pursuant to 42 U.S.C. sections 1983 and 1985(3) arising from

10   two state court proceedings, criminal charges and a Workplace Violence Petition (resulting

11   in the Solano County Superior Court issuing a Temporary Restraining Order, hereinafter

12   "TRO"), on the grounds that the claims are insufficient as a matter of law as well as

13   prosecutorial immunity, Eleventh Amendment immunity, absolute witness immunity and/or

14   qualified immunity.  In addition, Defendant COUNTY OF SOLANO moves to dismiss all

15   claims against it grounded on <u>Monell</u>-type liability.

16       In opposition, Plaintiff effectively concedes that any <u>Monell</u>-type claim against

17   Defendant COUNTY OF SOLANO fails.  Plaintiff also appears to concede that prosecutorial

18   and Eleventh Amendment immunity bars the claims against the individual Defendants arising

19   from the initiation and prosecution of criminal charges.  As to the claims based on the

20   WorkPlace Violation Petition and TRO, the authorities cited by Plaintiff regarding absolute

21   witness immunity or qualified immunity do not support Plaintiff and/or are irrelevant such

22   that the immunities clearly apply to the case at bar.  In addition, Plaintiff stands on his

23   overbroad, conclusory allegations which fail to satisfy the pleading requirements for First

24   Amendment retaliation claim.  For each of these reasons, Defendants' Motion to Dismiss

25   should be granted without leave to amend.

26   ///

27   ///

28   ///

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**

## II.

### PLAINTIFF IMPROPERLY NARROWS OR STATES
### THE STANDARD ON A MOTION TO DISMISS

Initially, Defendants note that Plaintiff misstates or impermissibly narrows the standard on determining a motion to dismiss. For example, Plaintiff proclaims that motions to dismiss are generally "disfavored" relying on <u>Gilligan v. Jamco Dev. Corp.</u>, 108 F.3d 246 (9th Cir. 1997). The citation in <u>Gilligan</u> to motions to dismiss as being "disfavored," however, does not reflect the current law and is otherwise inapposite to the case at bar.

Specifically, <u>Gilligan</u> quotes <u>Hall v. Santa Barbara</u>, 833 F.2d 1270, 1274 (9th Cir. 1986), which in turn cited the first edition of Wright & Miller, Federal Practice & Procedure, Civil § 1357, at 598 (1969) which, in reviewing all federal court practice at the time, concluded that motion pursuant to F. R. Civ. P Rule 12(b)(6) were "disfavored." This reference, however, does not generally reflect the current status of the law, how courts treat motions to dismiss, or the current version of the practice guide. To wit, the third edition of Wright & Miller now recognizes that although the motion to dismiss had in the past been viewed with disfavor, "in more recent years," federal courts will indeed dismiss a claim depending in part on the substantive context. Wright & Miller, Federal Practice & Procedure, Civil 3d § 1357 at 557, 563 (2004). Rather, "dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1988). Alternatively, dismissal may be appropriate when the plaintiff has included sufficient allegations disclosing some absolute defense or bar to recovery. See <u>Jablon v. Dean Witter & Co.</u>, 614 F.2d 677, 682 (9th Cir. 1980). Thus, Plaintiff may not rely on <u>Gilligan</u> for the general proposition that motions to dismiss are disfavored, and such does not relinquish Plaintiff's obligations to allege the necessary elements for each claim. Second, <u>Gilligan</u> analyzed whether allegations of a violation the Fair Housing Act met the short and plain statement requirement under F. R. Civ. P. Rule 8. This case does not present a Fair Housing Act claim and therefore <u>Gilligan</u> is inapposite to the case at bar.

PORTER|SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**

00552138.WPD                                    -2-

1    In addition, Plaintiff cites to <u>Hearn v. R.J. Reynolds Tobacco Co.</u>, 279 F.Supp.2d

2    1096, 1101 (D. Ariz. 2003) for the proposition that a court may "hypothesize facts." <u>Hearn</u>

3    simply does not state or imply so.  Moreover, it is not the function of the court to speculate

4    or create allegations where only conclusions are alleged.  <u>Pareto v. FDIC</u>, 139 F.3d 696, 699

5    (9th Cir. 1998) (mere "conclusory allegations of law and unwarranted inferences are not

6    sufficient to defeat a motion to dismiss.").  Inferences may be given to only sufficiently well

7    pleaded factual allegations.  See <u>Cahill v. Liberty Mut. Ins. Co.</u>, 80 F.3d 336, 337 38 (9th Cir.

8    1996).  Thus, the court is not required to guess as to allegations of fact which are not

9    included or inferred by the well-pleaded facts in this case.

10   Lastly, contrary to Plaintiff's statement that "review is limited to the contents of the

11   complaint," (Opposition, p 6:16-17), it is well settled that the District Court may properly

12   consider matters that are the subject of judicial notice.  See e.g. <u>Mullis v. United States</u>

13   <u>Bankruptcy Court</u>, 828 F.2d 1385, 1388 (9th Cir. 1987).  In that regard, Plaintiff has not

14   objected to the contents of Defendants' Request for Judicial Notice.  Thus, where the court

15   deems appropriate, the additional judicially-noticed facts may and should be considered.

16   **III.**

17   **PLAINTIFF CONCEDES HE FAILS TO STATE A CLAIM AGAINST
     DEFENDANT COUNTY OF SOLANO FOR <u>MONELL</u>-TYPE LIABILITY**
18

19   Defendant COUNTY OF SOLANO moves to dismiss any claims asserted pursuant

20   to 42 U.S.C. sections 1983 and 1985 on the grounds that FAC does not allege that the

21   COUNTY OF SOLANO had any policies, practices or procedures which serve as the basis

22   for a <u>Monell</u>-type claim.  <u>Monell v. Department of Social Services</u>, 43 U.S. 658, 694 (1978).

23   In opposition, Plaintiff fails to address or argue this issue, and thereby concedes this claim

24   fails as a matter of law.  Indeed, the FAC is devoid of the required allegations to state a

25   <u>Monell</u>-type claim pursuant to 42 U.S.C. sections 1983 or 1985, and Plaintiff fails to explain

26   how the complaint could be amended to cure this defect.  Therefore, the motion to dismiss

27   should be granted, and Defendant COUNTY OF SOLANO should be dismissed as a party

28   without leave to amend.

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

**IV.**

**PLAINTIFF CONCEDES HE FAILS TO STATE A CLAIM FOR VIOLATION OF THE FOURTH AMENDMENT ARISING OUT OF A SEARCH WARRANT**

Defendants move to dismiss any purported claim pursuant to 42 U.S.C. section 1983 for violation of the Fourth Amendment arising out of the search warrant allegedly obtained on November 3, 2005.  (FAC  27).  Plaintiff fails to address this issue and thereby concedes the motion is proper as to this claim.  Therefore, the motion to dismiss any claim pursuant to 42 U.S.C. section 1983 for violation of the Fourth Amendment should be granted without leave to amend.

**V.**

**DEFENDANTS PAULSON, GARZA, AND BYERLEY ARE ENTITLED TO PROSECUTORIAL AND/OR ELEVENTH AMENDMENT IMMUNITY ARISING FROM CONDUCT RELATING TO THE INITIATION  AND/OR PROSECUTION OF CRIMINAL CHARGES**

Defendants PAULSON GARZA and BYERLEY move to dismiss the claims of Plaintiff for First Amendment retaliation pursuant to 42 U.S.C. section 1983 and conspiracy to violate same pursuant to 42 U.S.C. section 1985 arising out of the allegations regarding the initiation and prosecution of the criminal charges against Plaintiff on the grounds that they are entitled to prosecutorial and/or Eleventh Amendment immunity for this conduct.

In opposition, Plaintiff does not appear to oppose the application of prosecutorial immunity relevant to any alleged conduct arising from the initiation and prosecution of the criminal charges.  Rather, a thorough review of the opposition reveals that Plaintiff focuses his prosecutorial immunity argument solely to the application of prosecutorial immunity to the Workplace Violence Petition, which he argues is a civil proceeding.  (See Opposition, p. 8:13-14, "...this case involves the initiation of a civil proceeding by the defendants based on false information.").

Defendants PAULSON GARZA and BYERLEY, however, are not seeking prosecutorial immunity as applicable to the Workplace Violence Petition and resulting TRO, but only to the conduct allegedly associated with the criminal charges against Plaintiff which

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916. 929 1481
FAX: 916. 927 3706
www.porterscott.com

1    form the basis for his claims.  In that regard, Defendants agree that the Workplace Violence

2    Petition is a civil proceeding to which prosecutorial or Eleventh Amendment immunity

3    would not likely apply under these circumstances, particularly insofar as it was the County

4    of Solano who filed the Workplace Violence Petition and obtained the TRO, not the

5    individual Defendants.

6        Notwithstanding same, Plaintiff does not address the long-standing and oft-confirmed

7    authorities as cited by Defendants that prosecutors and prosecutorial investigators are entitled

8    to prosecutorial immunity as applied to criminal charges or any conduct "intimately

9    associated with the judicial phase of the criminal process" or that this immunity extends to

10   alleged conspiracies arising from the prosecutorial process.  <u>Hartman v. Moore</u>, 547 U.S.

11   250, 126 S. Ct. 1695, 1704 05, 164 L. Ed. 2d 441 (2006) (citing <u>Imbler v. Pachtman</u>, 424

12   U.S. 409, 431, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976)).  Therefore, on this basis, the motion

13   should be granted.

14       In opposition to the application of Eleventh Amendment immunity, Plaintiff appears

15   to attempt to recharacterize Defendants' conduct as involving only general "state official"

16   action, and based thereon, argues Eleventh Amendment immunity does not apply to the

17   criminal proceedings.  (Opposition, p. 10:7-9).  In that regard, Plaintiff's relies solely on

18   <u>Hafer v. Melo</u>, 502 U.S. 21 (1991) for such a distinction.  Defendants submit this overbroad

19   argument misses the mark, and any reliance on <u>Hafer</u> is misplaced.

20       The court in <u>Hafer</u> analyzed whether a County General Auditor is subject to suit in an

21   employment context, and ultimately declined to extend the Eleventh Amendment to him,

22   distinguishing <u>Imbler</u>.  <u>Hafer</u>, 502 U.S. at 29.  As <u>Hafer</u> clearly does nothing to undermine

23   or diminish the immunities provided of prosecutors and their investigators for conduct

24   "intimately associated with the judicial phase of the criminal process," as is applicable here,

25   Plaintiff may not rely on <u>Hafer</u> for the more generalized proposition that mere state action

26   is not entitled to Eleventh Amendment immunity.  <u>Weiner v. San Diego County</u>, 210 F.3d

27   1025, 1031 (9th Cir. 2000).

28   ///

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916. 929 1481
FAX: 916. 927 3706
www.porterscott.com

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**

00552138.WPD                                        -5-

1    Accordingly, Defendants PAULSON, GARZA and BYERLEY are clearly entitled to

2    absolute prosecutorial and/or Eleventh Amendment immunity from suit for damages under

3    section 1983 for the claims of purported retaliation and conspiracy to violate the First

4    Amendment arising from the alleged initiation or prosecution of criminal charges.  Therefore,

5    Defendants motion should be granted and Plaintiff's claims against Defendants PAULSON,

6    GARZA and BYERLEY arising from the criminal proceedings should be dismissed with

7    prejudice.

8                                                    **VI.**

9    **DEFENDANTS PAULSON, GARZA AND BYERLEY ARE ENTITLED TO**
     **ABSOLUTE WITNESS IMMUNITY ARISING FROM CONDUCT RELATING**
10   **TO THE INITIATION  AND/OR PROSECUTION OF THE WORKPLACE**
     **VIOLENCE PETITION AND RESULTING TRO AND CRIMINAL**
11                                        **PROSECUTION**

12   Defendants move to dismiss the claims of Plaintiff arising from the sworn statements,

13   including declarations made under oath, made in connection with the initiation and/or

14   prosecution of the Workplace Violence Petition submitted in support thereof in *County of*

15   *Solano v. Toler*, Solano County Superior Court Case No. FCS026197, as well as any

16   participation as witnesses during the criminal proceedings, *People v. Toler*, Solano County

17   Superior Court Case No. FCR 227937, on the grounds of absolute witness immunity.

18   In opposition, Plaintiff first proclaims that the claims of Plaintiff are not based on "the

19   contents of the sworn testimony before the court."  (Opposition, p. 10: 19-21, 11:7-8).  By

20   this admission alone, Defendants submit that Plaintiff appears to concede that any sworn

21   declarations filed in connection with the WorkPlace Violence Petition and resulting TRO,

22   as well as live testimony provided in connection therewith or the criminal proceedings are

23   entitled to absolute witness immunity.  On this basis, Plaintiff's claims for retaliation and

24   conspiracy must fail, and the motion should be granted without leave to amend.

25   Alternatively, Plaintiff appears to relinquish any claim based on the "the contents of

26   the sworn testimony before the court."  As such, any retaliation claim cannot be based on

27   same, and therefore the motion is proper in this regard.  On this additional basis, the motion

28   to dismiss should be granted and the claims against Defendants PAULSON, GARZA and

P O R T E R | S C O T T
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO  MOTION TO DISMISS**

00552138.WPD                                    **-6-**

1   BYERLEY arising from the Workplace Violence Petition and TRO should be dismissed with

2   prejudice.

3       Despite this concession/relinquishment, Plaintiff nonetheless attempts to distinguish

4   the application of absolute witness immunity where the "contents" of the sworn testimony

5   is in furtherance of an alleged conspiracy. (Opposition, p. 11:3-10).  Plaintiff, however, fails

6   to cite to any authority for the proposition that witness immunity does not apply to sworn

7   testimony which is allegedly in furtherance of a conspiracy.  Equally important, Plaintiff

8   wholly ignores the clear authority cited by Defendants to the contrary, which has expressly

9   applied absolute witness immunity to alleged conspiracies. Franklin v. Terr, 201 F.3d 1098,

10  1099 (9th Cir. 2000) (holding alleged conspiracies do not defeat witness immunity).  Because

11  the Ninth Circuit has already determined purported conspiracies do not obviate the witness

12  immunity and Plaintiff provides no authority to the contrary, the claim for conspiracy arising

13  from the Workplace Violence Petition and TRO should be dismissed. Id.  On this additional

14  basis, Plaintiff's claim for retaliation against Defendants PAULSON, GARZA and

15  BYERLEY must fail, and the motion should be granted without leave to amend.

16      In addition, the absolute witness immunity applies despite Plaintiff's attempt to

17  improperly attribute conduct of the County to the individual Defendants.  For example,

18  Plaintiff generally claims "they" sought the restraining order and/or filed the Workplace

19  Violence Petition.   (See Opposition, p. 7:19-20).   As evidenced by the contents of

20  Defendants' Request for Judicial Notice, however, it was the County  of Solano who filed

21  the Workplace Violence Petition and obtained the TRO, not Defendants PAULSON,

22  GARZA and BYERLEY.  Because such conduct may not be attributed to the individual

23  Defendants in an overbroad and generalized fashion, it is ineffective to avoid witness

24  immunity.

25      Such overbroad characterization is also belied by Plaintiff's own admission as to the

26  alleged conduct of the individual Defendants.  Specifically, Plaintiff admits that Defendants

27  PAULSON, GARZA and BYERLEY are "the material witnesses who provided the evidence

28  underlying the chain of events that gave rise to the restraining order, the subsequent criminal

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**

1    prosecution, and the basis of this civil lawsuit." (Opposition, page 12:23-13:1)  In addition,

2    Plaintiff recognizes that "...the three [Defendants PAULSON, GARZA and BYERLEY]

3    determined to file knowingly false declarations in support of a restraining order against Mr.

4    Toler..." (sic) (See Opposition, p 7:17-19).  Accordingly, Plaintiff clearly admits Defendants

5    PAULSON, GARZA and BYERLEY were providing testimony as witness. (Opposition, pp.

6    12:19-13-5).  As such, by Plaintiff's own words, Defendants PAULSON, GARZA and

7    BYERLEY are clearly not the employer or the County, but witnesses in support of the

8    Workplace Violence Petition and TRO. It is these sworn declarations, false or not, and any

9    other testimony under oath provided as support of the Workplace Violence Petition and TRO

10   or criminal proceeding which is clearly entitled to immunity.  As witnesses, and in

11   accordance with <u>Franklin</u>, supra, their sworn testimony, even if in furtherance of a

12   conspiracy, in is entitled to immunity.   Therefore, because the contents any sworn statement

13   or testimony is clearly entitled to witness immunity, any claim based thereon as against

14   Defendants PAULSON, GARZA and BYERLEY should be dismissed without leave to

15   amend.[1]

16                                          **VII.**

17            **DEFENDANTS PAULSON, GARZA AND BYERLEY**
              **ARE ENTITLED TO QUALIFIED IMMUNITY**
18

19            Assuming arguendo the court does not dismiss the matter based on the grounds set

20   forth above, and further assuming a constitutional violation, Defendants PAULSON,

21   GARZA and BYERLEY assert they are entitled to qualified immunity for any alleged

22   constitutional violations of the First Amendment retaliation connected to both the criminal

23   and civil Workplace Violence Petition proceedings.

24            In opposition, Plaintiff merely generally refers to a "prosecutor's" qualified immunity

25

26   _____

27            [1]To the extent Plaintiff attempts to base his claim on conduct of Defendants PAULSON,
     GARZA and BYERLEY which preceded the filing of the Workplace Violence Petition, or is not
     sworn testimony or declarations, Defendants maintain they are entitled to qualified immunity (See
28   Section VII, infra), or Plaintiff fails to state sufficient facts to state a claim (See Sections VIII,  IX,
     and X, infra).

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916. 929. 1481
FAX: 916. 927. 3706
www.porterscott.com

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**

1    and does not differentiate between Defendants PAULSON, GARZA and BYERLEY in their

2    duties or titles as prosecutor and/or prosecutorial investigators. (See Opposition, pp.

3    11:13-12:16). In other words, by specifically addressing only a "prosecutor's" qualified

4    immunity, Plaintiff does not appear to separately address and thereby concedes Defendants

5    GARZA and BYERELY are entitled to qualified immunity, as neither are prosecutors, but

6    prosecutorial investigators. On this basis, the motion as to Defendants GARZA and

7    BYERELY should be granted.

8        Notwithstanding this choice of language, Plaintiff argues Defendants are not entitled

9    to qualified immunity for his First Amendment retaliation claim, relying on numerous cases.

10   Defendants submit that these cases do not assist Plaintiff and do not support the denial of

11   qualified immunity under the circumstances in this case.

12       Plaintiff first states that "acquiring false statements" destroys qualified immunity,

13   relying on Milstein v. Cooley, 257 F.3d 1004 (9th Cir. 2001). This reliance is wholly

14   misplaced. First, Milstein analyzed absolute prosecutorial immunity, not qualified immunity:

15   "[w]e express no opinion as to whether the defense of qualified immunity applies to the

16   remanded claims." Id. at 1013. Second, Milstein did not involve First Amendment

17   retaliation claims, such that its facts and/or holding would put Defendants on notice their

18   conduct was unconstitutional in this case. Accordingly, Plaintiff may not rely on Milstein

19   to establish that Defendants PAULSON, GARZA and BYERLEY are not entitled to

20   qualified immunity.

21       Plaintiff next posits that Burns v. Reed, 500 U.S. 478, 496 (1991) stands for the

22   proposition that "immunity does not inure to" "out-of-court conduct of prosecutors."

23   (Opposition, pp. 11:21-24, 12:13-15). Plaintiff misunderstands Burns, and/or states its

24   holding to broadly. In Burns, the court found that an extension of absolute immunity to the

25   prosecutorial function of giving legal advice to the police in the investigative phase of a

26   criminal case was not justified. Id. at 496. The court however went on to hold that a

27   prosecutor was nonetheless entitled to qualified immunity. Id. at 496-7 (J. Scalia, concurring

28   in part). Thus, the holding in Burns does not equate to a denial of qualified immunity in this

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**

00552138.WPD                                              -9-

1  case.

2        Lastly, Plaintiff cites to <u>Buckley v. Fitzsimmons</u>, 509 U.S. 259, 277 (1993) for the

3  proposition that "prosecutors are not entitled to immunity for fabricating evidence."  Again,

4  Plaintiff misreads <u>Buckley</u>.  Like <u>Burns</u>, the court in <u>Buckley</u> actually found a prosecutor was

5  entitled to qualified immunity, not absolute immunity.  <u>Buckley</u>, 509 U.S. at 278.  Thus,

6  Plaintiff's may not rely on <u>Buckley</u> to deny qualified immunity.

7        Equally important, the cases cited by Plaintiff fall well short of meeting the

8  requirements of putting a reasonable public official on notice that his conduct was unlawful

9  in the specific situation he confronted, as set forth in <u>Saucier v. Katz</u>, 533 U.S. 194 (2001)

10  and <u>Hartman v. Moore</u>, 547 U.S. 250, 126 S. Ct. 1695, 1707 (2006) (reversing the denial of

11  qualified immunity to investigators on First Amendment retaliation claim).  In that regard,

12  <u>Milstein</u>, <u>Burns</u> and <u>Buckley</u> do not involve First Amendment retaliation claims, such that

13  its facts and/or holding would reasonably put Defendants on notice their conduct was

14  unconstitutional in this case.  To the contrary, authority exists which clearly implies that

15  Defendants PAULSON, GARZA and BYERLEY could not have been on notice that taking

16  steps to obtain a Workplace Violence Petition under California Code of Civil Procedure

17  section 527.8 after mention of bringing a machine gun to the office of the District Attorney

18  violates the First Amendment rights of Plaintiff merely because it occurred subsequent to

19  public criticism of the office of the District Attorney.  See e.g. <u>Hartman</u>, supra, and

20  <u>Robinzine v. Vicory</u>, 143 Cal. App. 4th 1416 (2006) (California Code of Civil Procedure

21  section 527.8 may not provide a basis for retaliation and/or malicious prosecution actions).

22  In that regard, Plaintiff does nothing to address, distinguish, or otherwise argue that these

23  authorities clearly indicate qualified immunity should be afforded here.  Accordingly,

24  Defendants PAULSON, GARZA and BYERLEY are entitled to qualified immunity as to

25  Plaintiff's First Amendment claim arising from the conduct associated with the criminal and

26  Workplace Violence Petition proceedings.  Therefore, Plaintiff's claims against Defendants

27  PAULSON, GARZA and BYERLEY should be dismissed without leave to amend.

28  ///

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**

00552138.WPD                                                              -10-

**VIII.**

**PLAINTIFF CONCEDES THAT HE MUST, BUT CANNOT, ALLEGE LACK OF
PROBABLE CAUSE AND THEREFORE FAILS TO STATE A CLAIM FOR
VIOLATION OF THE FIRST AMENDMENT PURSUANT
TO 42 U.S.C. SECTION 1983**

Assuming arguendo any claim of Plaintiff survives the above immunities, Defendants also move to dismiss the First Amendment retaliation claims of Plaintiff for failure to allege that the proceedings were without probable cause, relying on <u>Hartman</u>, supra, 547 U.S. 250, <u>Barnes v. Wright</u>, 449 F.3d 709, 720 (6th Cir. 2006), and <u>Williams v. City of Carl Junction</u>, 480 F.3d 871, 877 (8th Cir. 2007), as well as this Court's prior observations that "plaintiff must show that these proceedings were instituted illegitimately and that the TRO was issued without probable cause." (Order filed July 27, 2006 p. 10:12-14).

In opposition, Plaintiff does not directly address or argue this issue. (Opposition, p. 13:6-13). Accordingly, Plaintiff appears to agree that Plaintiff must allege that the proceedings were without probable cause. Because the FAC does not allege such, on this basis, the motion to dismiss should be granted. Moreover, Plaintiff does not appear to address or argue that he can cure this defect. On this additional basis, any retaliation claim should be dismissed without leave to amend.

Rather, Plaintiff claims there is a disputed issue of fact as to whether the individual officer Defendants testified falsely, which defeats a motion to dismiss (Opposition, p. 13:9-13). Plaintiff cites to no authority for this proposition. Clearly likening the standard applicable to summary judgment motions, Plaintiff apparently ignores <u>Hartman,</u> and other authority regarding mere sufficiency of pleadings. The absence of necessary pleaded facts is a separate issue to whether the facts are disputed. Accordingly, the motion to dismiss should be granted.

///
///
///
///

P O R T E R | S C O T T
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**
00552138.WPD                                           -11-

1

**IX.**

2

**PLAINTIFF FAILS TO STATE A CLAIM FOR RETALIATION ARISING FROM ALLEGED RETALIATORY ACTS REGARDING THE WORKPLACE**

3

**VIOLENCE PETITION AND TRO**

4

Defendants also move to dismiss the claim retaliation claims for violation of the First

5

Amendment arising from the Workplace Violence Petition and resulting TRO for failure to

6

sufficiently allege that the retaliatory action adversely affected the plaintiff's constitutionally

7

protected speech, or sufficiently allege a causal relationship exists between the speech and

8

the defendant's retaliatory action.  Defendants address each in turn.

9

**A.     Plaintiff Fails to Allege the Alleged Retaliatory Action Adversely Affected the Plaintiff's Constitutionally Protected Speech**.

10

11

In opposition to this issue, plaintiff does not identify any speech as being adversely

12

affected by the alleged retaliatory conduct, or argues that the Workplace Violence Petition

13

was intended to silence him.  See e.g. Suarez Corp. Indus. v. McGraw, 202 F.3d 676, 685

14

(4th Cir. 2000) (finding that because none of alleged retaliatory acts implied that defendants

15

would use governmental power to silence plaintiff, plaintiff failed to show that his First

16

Amendments rights were adversely affected).  Indeed, Plaintiff does not refute that he admits

17

that he continued to publish critical advertisements of the District Attorney after the

18

Workplace Violence Petition was filed  (FAC,  29), but prior to its resolution (FAC 32).  By

19

continuing to be publicly critical of the District Attorney, Plaintiff must concede that  he

20

suffered no adverse impact of his First Amendment rights by the initiation or continued

21

prosecution of the Workplace Violence Petition.  On this basis, Plaintiff fails to state a First

22

Amendment retaliation claim, and the motion should be granted without leave to amend.

23

Rather, Plaintiff now characterizes the adverse impact as "forbidding him access to

24

the center of government for Solano County" to "redress grievances" or to "perform his job."

25

(Opposition, p. 14:19-16).  First, these allegations do not appear in the FAC.  Second,

26

Plaintiff cites to no authority that the purported impact as now characterized is sufficient to

27

state a First Amendment retaliatory claim.  In that regard, these allegations do not even

28

constitute speech.  Third, it was the terms of the TRO as fashioned by the Solano County

P O R T E R | S C O T T
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**

00552138.WPD                                                    -12-

1   Superior Court which purports to "deny him access," not the actions of the individual

2   Defendants.  In addition, Plaintiff admits the TRO was later modified to allow Plaintiff

3   greater access to buildings. (FAC ¶s 30, 32 and Ex. D to Request for Judicial Notice,  4).

4   Fourth, as more argued fully below, the finding of probable cause by the superior court in

5   issuing the TRO severs the causal connection between such "ramifications" of the TRO and

6   the alleged conduct of Defendants.  Accordingly, Plaintiff has not and cannot allege facts that

7   his First Amendment rights were adversely affected by the conduct of the individual

8   Defendants.  Therefore, on this basis, the motion to dismiss should be granted without leave

9   to amend, and the first and second "causes of action" for violation of the First Amendment,

10  and conspiracy to violate same, arising from the Workplace Violence Petition, should be

11  dismissed with prejudice.

12  **B.    Plaintiff Fails to Sufficiently State a Causal Connection Between the Speech and**
         **Alleged Retaliatory Acts.**
13

14        Defendants specifically argue that because the Solano county Commissioner Chew

15  found good cause to issue the TRO as well as maintain the TRO almost two years after it was

16  issued, Plaintiff fails to sufficiently allege a proper causal connection between his "critical"

17  advertisement(s) and the filing of the Workplace Violence Petition.  Plaintiff does not

18  address and thereby concedes that the court's finding of good cause severs the required

19  causal connection such that Plaintiff fails to state a claim for First Amendment retaliation as

20  a matter of law.  On this basis, the motion to dismiss should be granted.

21        In opposition to the sufficiency of the pleadings, Plaintiff dismisses this argument by

22  simply pointing to the temporal connection between his publication and the alleged

23  conspiratorial acts instituting the Workplace Violence Petition. (Opposition, pp. 13:14-15:8).

24  This argument misses the mark and is unsupported by any authority.

25        Defendants maintain that regardless of the alleged temporal relationship, Plaintiff

26  must also allege the Defendants PAULSON, GARZA were each aware of the published

27  article or its contents prior to the filing of the Workplace Violence Petition on June 15, 2005.

28  See e.g. Suarez Corp., 202 F.3d at 685-686.  In other words, without allegations that

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS
00552138.WPD                                    -13-

1    Defendants knew of the article or its purportedly "critical" contents, Plaintiff fails to allege

2    that his advertisement dated April 12, 2005, was a substantial motivating factor for the acts

3    taken in connection with the Workplace Violence Petition filed by the COUNTY OF

4    SOLANO.   In addition, Plaintiff fails to allege that the COUNTY OF SOLANO was not

5    merely acting to protect its employees.  Otherwise, Plaintiff merely has alleged a coincidence

6    in timing of events, but no direct cause.   In that regard, Plaintiff argues that the generation

7    of a written report by GARZA regarding Plaintiff's threat only after his published article

8    "creates a strong presumption" that the individual Defendants' conduct was motivated by the

9    article.  Again, while this states a temporal relationship as to Defendant GARZA, Plaintiff

10   improperly assumes or attributes knowledge of the published article to each of the individual

11   Defendants.    Accordingly, causation is incomplete for pleading purposes.   On these

12   additional grounds, the motion should be granted, and the first and second "causes of action"

13   for violation of the First Amendment, and conspiracy to violate same, arising from the

14   Workplace Violence Petition, should be dismissed with prejudice.

15                                              **X.**

16            **PLAINTIFF FAILS TO STATE A CLAIM FOR CONSPIRACY**

17            Defendants also separately move to dismiss the claim for conspiracy to deprive

18   Plaintiff of his First Amendment rights as asserted pursuant to 42 U.S.C. section 1983 or

19   1985(3) on the grounds that Plaintiff failed to state sufficient facts.  Defendants address each

20   below.

21   **A.      Plaintiff Fails to State a Claim for Conspiracy under 42 U.S.C. Section 1983.**

22            In opposition, Plaintiff merely stands on his vague conclusory allegations in the FAC.

23   (Opposition, p. 14:9-18).  These overbroad conclusions are exactly what has been determined

24   to be insufficient, and Plaintiff does nothing to provide otherwise.  Burns v. County of King,

25   883 F.2d 819, 821 (9th Cir. 1989); Ivey v. Board of Regents of the University of Alaska, 673

26   F.2d 266, 268 (9th Cir. 1982).   Moreover, Plaintiff offers no additional facts stating how he

27   could cure this defect.   Accordingly, Plaintiff fails to state a claim for conspiracy under

28   Section 1983 and Defendants' motion should be granted without leave to amend.

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**
00552138.WPD                                    -14-

1  **B.     Plaintiff Fails to State a Claim for Conspiracy Under 42 U.S.C. 1985(3).**

2        Plaintiff fails to separately oppose Defendants' motion that his conspiracy claim under

3  42 U.S.C. section 1985(3) fails as a matter of law because there are no allegations of a

4  conspiracy to deprive the plaintiff of the equal protection of the laws or "class based

5  discriminatory animus." <u>Scott v. Ross</u>, 140 F.3d 1275, 1284 (9th Cir. 1998); <u>Griffin v.</u>

6  <u>Breckenridge</u>, 403 U.S. 88, 101 02, 91 S. Ct. 1790, 1797 98, 29 L. Ed. 2d 338 (1971).

7  Accordingly, he concedes the motion is proper and therefore Plaintiff fails to state a claim

8  pursuant to 42 U.S.C. section1985(3), and the Motion to Dismiss should be granted without

9  leave to amend.

10                                              **XI.**

11                                        **CONCLUSION**

12        Based on the foregoing, Defendants respectfully request that their motion to dismiss

13  be granted, and Plaintiff's claims against them dismissed without leave to amend.

14                                  Respectfully submitted,

15  DATED: January 7, 2008          PORTER SCOTT
                                    A Professional Corporation
16

17                                        /s/ John R. Whitefleet
                                    By _____
18                                        Terence J. Cassidy
                                          John R. Whitefleet
19                                        Attorneys for Defendants COUNTY OF
                                          SOLANO, DAVID PAULSON, AL GARZA, and
20                                        BROOK BYERLEY

21

22

23

24

25

26

27

28

P O R T E R | S C O T T
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**
00552138.WPD                                    -15-