UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOEL THOMAS TOLER,

         NO. CIV. S-06-735 LKK/DAD

    Plaintiff,

  v.                                O R D E R

DAVID PAULSON; COUNTY OF SOLANO;
AL GARZA; and BROOK BYERLEY,

    Defendants.
                           /

    At the hearing on defendants' motion to dismiss, the court ordered supplemental briefing on the issue of whether the individual defendants are not entitled absolute witness immunity for their actions in seeking and obtaining the temporary restraining order because they acted as "complaining witnesses." See, e.g., Gionis v. Javitch, Block, & Rathbone, LLP, 238 Fed. Appx. 24, 27 (6th Cir. 2007) (holding that defendant acted as complaining witness where a misleading affidavit was attached to a civil complaint).

    Plaintiff shall also file supplemental briefing on a second

1

1 issue.  If he continues to name Solano County as a defendant in his
2 second amended complaint (or defendants Paulson, Byerley, or Garza
3 in their official capacities), he must allege a basis for municipal
4 liability.  See Gillette v. Delmore, 979 F.2d 1342, 1346 (9th Cir.
5 1992); Weiner v. San Diego County, 210 F.3d 1025, 1028 (9th Cir.
6 2000).  The present complaint is bereft of any allegation as to an
7 official policy, custom, or practice, and it is unclear whether
8 defendants Paulson, Garza, and/or Byerley acted with final
9 policymaking authority for their role in seeking and obtaining the
10 temporary restraining order.  See, e.g., Pembaur v. City of
11 Cincinnatti, 475 U.S. 469, 484 (1986) (holding that prosecutor had
12 authority for making final decision and thus his decision
13 constituted the city's official policy).

14     IT IS SO ORDERED.

15     DATED: January 15, 2008.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT