**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
Terence J. Cassidy, SBN 099180
John R. Whitefleet, SBN 213301
350 University Ave., Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

ATTORNEYS FOR: Defendants COUNTY OF SOLANO, DAVID PAULSON, AL GARZA, and BROOK BYERLEY

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOEL THOMAS TOLER | Case No. CIV 06-0735 LKK DAD |
| Plaintiff, | **DEFENDANTS' SUPPLEMENTAL BRIEFING IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT AND PROPOSED SECOND AMENDED COMPLAINT** |
| vs. | |
| DAVID PAULSON, COUNTY OF SOLANO, AL GARZA, BROOK BYERLY, and DOES 1 through 10, inclusive, | |
| | DATE: March 24, 2008 |
| Defendants. | TIME: 10:00 a.m. |
| / | CTRM: 4 |

Defendants COUNTY OF SOLANO, DAVID PAULSON, AL GARZA, and BROOK BYERLEY (hereinafter collectively "Defendants") hereby submit the following Supplemental Briefing in support of Defendants' Motion to Dismiss the "First Amended and Supplemental Complaint" (hereinafter collectively referred to as "First Amended Complaint" or "FAC") of Plaintiff JOEL THOMAS TOLER (hereinafter "Plaintiff"). Defendants further address the proposed Second Amended Complaint ("SAC") and why leave should not be granted to file the SAC.

**I.**

**INTRODUCTION/BACKGROUND**

Defendants move to dismiss the claims in the First Amended Complaint of Plaintiff for retaliation and conspiracy pursuant to 42 U.S.C. sections 1983 and 1985(3) arising from two state court proceedings, criminal charges and a Workplace Violence Petition (resulting

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

**DEFENDANTS' SUPPLEMENTAL BRIEFING**

00566050.WPD

1  in the Solano County Superior Court issuing a Temporary Restraining Order, hereinafter
2  "TRO"), on the grounds that the claims are insufficient as a matter of law as well as
3  prosecutorial immunity, Eleventh Amendment immunity, absolute witness immunity and/or
4  qualified immunity.  In addition, Defendant COUNTY OF SOLANO moves to dismiss all
5  claims against it grounded on <u>Monell</u>-type liability.

6  At the hearing on January 14, 2008, on the Motion, the District Court requested the
7  parties address the application of the "complaining witness" exception to absolute witness
8  immunity. (See Docket Entry No. 40).  The court also requested Plaintiff further address its
9  failure to allege a policy, custom or practice and/or whether the individuals had any final
10 policymaking authority to support a <u>Monell</u>-type claim.  (Id).  Counsel for Plaintiff also
11 proposed that a Second Amended Complaint may cure the defects and/or address the issues
12 raised in Defendants' Motion to Dismiss.

13 Plaintiff filed his supplemental briefing and proposed SAC. (Docket Entries Nos. 42
14 and 43).  Defendants' maintain leave to file the SAC should not be granted as it fails to
15 address the issues raised in the Motion to Dismiss

**II.**

**THE COMPLAINING WITNESS EXCEPTION TO ABSOLUTE WITNESS IMMUNITY DOES NOT APPLY**

Defendants PAULSON, GARZA and BYERLEY move to dismiss the claims of Plaintiff in the FAC for alleged violation of the First Amendment arising from any sworn statements, including declarations made under oath, made in connection with the initiation and/or prosecution of the Workplace Violence Petition submitted in support thereof in *County of Solano v. Toler*, Solano County Superior Court Case No. FCS026197, as well as any participation as witnesses during the criminal proceedings, *People v. Toler*, Solano County Superior Court Case No. FCR 227937, on the grounds of absolute witness immunity.

In his Supplemental Brief, as he did in his opposition to the motion to dismiss, Plaintiff again focuses his argument solely on the Workplace Violence Petition proceedings (See pp. 2-4, Plaintiff's Supplemental Brief).  Accordingly, it continues to appear that he concedes that either his claims are not based on the testimony, if any, provided by any

Defendant in connection with the criminal proceedings and/or that absolute witness immunity attaches to same. See Briscoe v. LaHue, 460 U.S. 325 (1983) (absolute immunity applies to witnesses in criminal proceedings); Holt v. Castaneda, 832 F.2d 123, 126 (9th Cir. 1987) (discussing numerous cases regarding immunity as to testimony provided in criminal proceedings). Thus, Defendants' motion should be granted as to the claims of Plaintiff against Defendants PAULSON, GARZA and BYERLEY based on sworn testimony during the criminal proceedings, *People v. Toler*, Solano County Superior Court Case No. FCR 227937.

As to the Workplace Violence Proceedings, Plaintiff also now appears to clarify that he is not alleging Defendants PAULSON or BYERLEY provided testimony in support of the Workplace Violence Proceedings or temporary restraining order (TRO) issued in connection therewith. (See p. 4:13-16, Plaintiff's Supplemental Brief; but see Plaintiff's Opposition, pp. 7:17-19, and 12:19-13-5). Based on this concession, Defendants would agree witness immunity would not apply to Defendants PAULSON or BYERLEY in the absence of those allegations. Gionis v. Javitch, Block & Rathbone, LLP, 238 Fed. Appx. 24, 27 (6th Cir. 2007) (finding that the law firm was not the complaining party and thus the immunity did not apply, relying on Todd v. Weltman, Weinberg & Reis Co., L.P.A., 434 F.3d 432, 447 (6th Cir. 2006) (false information provided to initiate of garnishment proceeding not entitled to absolute immunity).

Therefore, Defendant GARZA now maintains the "complaining witness" exception does not apply based on the allegations of the FAC. While a witness who allegedly falsely testifies has long been afforded absolute witness immunity (Briscoe v. LaHue, 460 U.S. 325, 330-32 (1983) (absolute witness immunity for testimony at criminal proceedings), a "complaining witness," defined as one a private party who initiates prosecution against another, is not afforded the same immunity. See e.g. Burns v. Reed, 500 U.S. 478, 501 (1991) (noting definition); See also Kulas v. Flores, 255 F.3d 780, 783 (9th Cir. 2001) ("A complaining witness is a person 'who actively instigated or encouraged the prosecution of the plaintiff.'" quoting Anthony v. Baker, 955 F.2d 1395, 1399 n.2 (10th Cir. 1992)). The

PORTER | SCOTT

ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

**DEFENDANTS' SUPPLEMENTAL BRIEFING**

00566050.WPD                    3

distinction in a "witness" versus a "complaining witness" lies in the common law treatment between defamation actions and actions for malicious prosecution. See e.g. Kalina v. Fletcher, 522 U.S. 118, 133 (1997) (prosecutor not absolutely immune in attesting to facts in support of arrest warrant); White v. Frank, 855 F.2d 956, 961 (2d Cir. 1988). In a defamation action, the plaintiff seeks to hold a witness liable for the defamatory effect of his testimony. Id. In a malicious prosecution action, however, the plaintiff attempts to hold the witness liable for his role in "initiating a baseless prosecution" Id. Thus, it was generally considered that a party who initiated prosecution was not afforded immunity for such malicious prosecution. Id. From this line of reasoning emerged the test of whether absolute immunity lies for sworn testimony: a court examines "the nature of the function performed, not the identity of the actor who performed it" in light of proceeding in which the testimony was provided. See Kalina, 522 U.S. at 127 quoting Forrester v. White, 484 U.S. 219, 229 (1988). In that regard, being the "complainant" appears a key indicator in the analysis. See e.g. McCormick v. City of Lawrence, 99 Fed. Appx. 169, 173 (10th Cir. 2004) (prosecutor who filed a complaint with the Consumer Protection Division of the Office of the Kansas Attorney General was a complaining witness in debarment proceedings and thus not entitled to absolute immunity).

  Here, while Plaintiff does not expressly assert a malicious prosecution action in his FAC (or his SAC), Plaintiff fails to recognize that Defendant GARZA did not file the Workplace Violence Petition or seek the TRO. (See Workplace Violence Petition filed June 15, 2006 attached as Exhibit "B" to Defendants' Request for Judicial Notice, hereinafter "RJN"). Indeed, there are no allegations that Defendant GARZA "initiated" or encouraged the prosecution of the Workplace Violence Petition or TRO. Accordingly, the function fulfilled by the sworn declaration of Defendant GARZA was merely as a witness, not as petitioner seeking to invoke proceedings. Thus, unlike the prosecutor in Kalina who personally sought an arrest warrant, there are no allegations that Defendant GARZA personally sought to restrain Plaintiff in his actions. (See e.g. SAC, ¶ 24). Plaintiff fails to argue otherwise.

1  Defendants note that contrary to Plaintiff's discourse of Wyatt v. Cole, 504 U.S. 158,
2  164 (1992), the Court in Wyatt did not analyze or announce any exception to absolute witness
3  immunity.  Rather, the issue before the Court was whether "private persons, who conspire
4  with state officials to violate constitutional rights, have available the good faith immunity
5  applicable to public officials."  Id. at 169.  While the term "complaining witnesses" is
6  mentioned in the opinion, it does so in reference to malicious prosecution actions in deciding
7  whether qualified immunity applies.  Id.  Ultimately, the Wyatt court merely remanded for
8  a determination of whether defendants were acting under color of state law in initiating their
9  action in replevin.  Id.  As such, Wyatt clearly does not apply to the matter at bar and/or does
10 not support Plaintiff that Defendant GARZA is a "complaining witness."  Indeed, in all cases
11 cited by Plaintiff, the testimony provided was on behalf of the petitioner.  Gionis, 238 Fed.
12 Appx. at 27 (debt collector); Kalina, 522 U.S. at 127  (probable cause statement for arrest by
13 prosecutor).
14 For each of the foregoing reasons, Defendant GARZA is entitled to absolute witness
15 immunity for the contents any sworn statement or testimony provided in connection with the
16 Workplace Violence Petition and resulting TRO and therefore the claims of Plaintiff based
17 thereon should be dismissed without leave to amend.

### III.

### PLAINTIFF FAILS TO STATE A CLAIM AGAINST DEFENDANT COUNTY OF SOLANO FOR MONELL-TYPE LIABILITY

21 Defendant COUNTY OF SOLANO moves to dismiss any claims asserted pursuant
22 to 42 U.S.C. sections 1983 and 1985 on the grounds that FAC does not allege that the
23 COUNTY OF SOLANO had any policies, practices or procedures which serve as the basis
24 for a Monell-type claim.  Monell v. Department of Social Services, 43 U.S. 658, 694 (1978).
25 Moreover, the proposed SAC remains devoid of the required allegations to state a
26 Monell-type claim pursuant to 42 U.S.C. sections 1983 or 1985.  In other words, no policy,
27 practice or procedure of the Defendant COUNTY OF SOLANO is alleged, and therefore, on
28 this basis, the motion to dismiss should be granted without leave to amend.

PORTER | SCOTT

ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

DEFENDANTS' SUPPLEMENTAL BRIEFING
00566050.WPD                    5

In addition, Plaintiff implicitly concedes that he is not attempting to claim Defendants GARZA or BYERELY are the final policy makers for the County. (See pp. 5:1-7:3, Plaintiff's Supplemental Brief). In that regard, Plaintiff's argument that his allegations are sufficient to state a <u>Monell</u> claim against Defendant COUNTY OF SOLANO focuses solely on the proposition that Defendant PAULSON is the final policymaker for Defendant COUNTY OF SOLANO in seeking the TRO (pp 5:1-6:15, Plaintiff's Supplemental Brief) as well as for the subsequent criminal prosecution for violation of the TRO. (pp. 6:16:7:3, Plaintiff's Supplemental Brief). To that end, Plaintiff appears to recognize that the FAC was deficient in this regard, and has now included an allegation that Defendant Paulson is the "official policymaker of the Solano County District Attorney's Office" in his SAC. (SAC, ¶ 10; Plaintiff's Supplemental Brief, p. 5 n. 9). Thus, the remaining question is whether the allegations of the SAC sufficiently state a <u>Monell</u> claim such that leave should be granted to file it. Defendant COUNTY OF SOLANO maintains that Plaintiff's allegations as stated in the SAC fail to state a <u>Monell</u> claim.

In <u>McMillian v. Monroe County, Alabama</u>, 520 U.S. 781 (1998) the United States Supreme Court reaffirmed that policy makers on behalf of the state cannot be liable under 42 U.S.C. Section 1983. Whether a particular official has that final policy making authority is dependent upon an analysis of state law, both statutory and judicial precedent. <u>McMillian</u>, 520 U.S. at 784. The Ninth Circuit has held that, on such questions of state law, federal courts are bound to follow the decisions of the highest state court. <u>Nelson v. Irvine</u>, 143 F.3d 1196, 1206 (9th Cir. 1998); <u>Weiner v. San Diego County</u>, 210 F.3d 1025, 1030 (9th Cir. 2000). ("In addition to California's constitutional and statutory law, we also consider its case law, giving due respect to decisions by the California Supreme Court as the ultimate interpreter of California State law.") In that regard, the California Supreme Court has announced that district attorneys are arms of the State of California, not agents for the county in which they operate. <u>Pitts v. County of Kern</u>, 17 Cal. 4th 340 (1998).

Accordingly, the contention Defendant PAULSON is the final policymaker for Defendant COUNTY OF SOLANO of policies arising from the subsequent criminal

PORTER | SCOTT

ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

**DEFENDANTS' SUPPLEMENTAL BRIEFING**

00566050.WPD                                6

1  prosecution for violation of the TRO is clearly contrary to the great weight of authority
2  stating that local prosecutors are State actors in the prosecution of crimes. Weiner, 210 F.3d
3  at 1031; Pitts, 17 Cal. 4th 340.  Thus, any policies arising from the prosecution of crimes are
4  not attributable to the COUNTY OF SOLANO. Id.  Accordingly, no Monell claim may be
5  based on any purported policy to arising from the subsequent criminal prosecution for
6  violation of the TRO.  On this basis, the FAC and proposed SAC fail to state a Monell claim
7  against Defendant COUNTY OF SOLANO

8        Likewise, Plaintiff's allegation that Defendant PAULSON sought the TRO is contrary
9  to the face of the Workplace Violence Petition and TRO, which is entitled "County of Solano
10 v. Joel Thomas Toler" (RJN, Exhibits B and C).  In other words, Defendant PAULSON is
11 not the employer nor petitioner in the Workplace Violence Petition and TRO, a remedy
12 available to employers pursuant to Code of Civil Procedure section 527.8.  Therefore, it is
13 a misnomer to claim that (1) Defendant PAULSON "chose to pursue" the Workplace
14 Violence Petition and TRO such that the (2) by doing so constituted an act of official
15 government policy. Pembaur v. City of Cincinnati, 475 U.S. 469, 480 (1986).  See also
16 Worsham v. City of Pasadena, 881 F.2d 1336, 1340-41 (5th Cir. 1989) (holding that the
17 existence of a council with the authority to review and set aside a city mayor's decision to
18 terminate a municipal employee precluded a finding that the mayor possessed final city
19 policy-making authority over the employee's termination and, therefore, also precluded a
20 finding of municipal liability resulting from the mayor's subsequently-vacated action).  Here,
21 it would appear axiomatic that Defendant District Attorney PAULSON is not vested with
22 final policy-making authority to seek a Workplace Violence Petition and TRO because he
23 is not the employer, and Plaintiff alleges no statute or ordinance providing such, nor is
24 Defendant aware of any.

25       On these bases, Plaintiff fails to state a Monell claim against Defendant COUNTY OF
26 SOLANO, and the motion to dismiss should be granted without leave to amend or file the
27 SAC.
28 ///

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

DEFENDANTS' SUPPLEMENTAL BRIEFING
00566050.WPD                             7

IV.

**PLAINTIFF FAILS TO STATE A CLAIM FOR VIOLATION OF THE FOURTH AMENDMENT ARISING OUT OF A SEARCH WARRANT**

Defendants move to dismiss any purported claim pursuant to 42 U.S.C. section 1983 for violation of the Fourth Amendment arising out of any search warrant. (FAC 27). The SAC is equally devoid of any allegations to support a Fourth Amendment violation. Therefore, the motion to dismiss should be granted, and leave to file the SAC denied.

V.

**DEFENDANTS PAULSON, GARZA, AND BYERLEY ARE ENTITLED TO PROSECUTORIAL AND/OR ELEVENTH AMENDMENT IMMUNITY ARISING FROM CONDUCT RELATING TO THE INITIATION AND/OR PROSECUTION OF CRIMINAL CHARGES**

Defendants PAULSON GARZA and BYERLEY move to dismiss the claims of Plaintiff for First Amendment retaliation pursuant to 42 U.S.C. section 1983 and conspiracy to violate same pursuant to 42 U.S.C. section 1985 arising out of the allegations regarding the initiation and prosecution of the criminal charges against Plaintiff on the grounds that they are entitled to prosecutorial and/or Eleventh Amendment immunity for this conduct.

The SAC continues to allege that Defendant PAULSON filed a criminal action against him and/or that Defendants PAULSON, GARZA or BYERLEY maintained or continued to prosecute said action. These allegations fail to account for that prosecutors and prosecutorial investigators are entitled to prosecutorial immunity as applied to criminal charges or any conduct "intimately associated with the judicial phase of the criminal process" and that this immunity extends to alleged conspiracies arising from the prosecutorial process. Hartman v. Moore, 547 U.S. 250 (2006) (citing Imbler v. Pachtman, 424 U.S. 409, 431, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976)). Accordingly, Defendants PAULSON, GARZA and BYERLEY are clearly entitled to absolute prosecutorial and/or Eleventh Amendment immunity from suit for damages under section 1983 for the claims of purported retaliation and conspiracy to violate the First Amendment arising from the alleged initiation or prosecution of criminal charges. Therefore, Defendants' motion should be granted, leave to file the SAC denied, and

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

**DEFENDANTS' SUPPLEMENTAL BRIEFING**
00566050.WPD          8

1  Plaintiff's claims against Defendants PAULSON, GARZA and BYERLEY arising from the
2  criminal proceedings should be dismissed with prejudice.

3  ## VI.

4  ### DEFENDANTS PAULSON, GARZA AND BYERLEY ARE ENTITLED TO QUALIFIED IMMUNITY
5

6  Assuming arguendo the court does not dismiss the matter based on the grounds set
7  forth above, and further assuming a constitutional violation, Defendants PAULSON,
8  GARZA and BYERLEY maintain leave to file the SAC would be futile because no authority
9  exists to put Defendants PAULSON, GARZA and BYERLEY on notice that seeking to
10 obtain a Workplace Violence Petition under California Code of Civil Procedure section 527.8
11 and TRO violates the First Amendment rights of Plaintiff after he advertises public criticism
12 of the office of the District Attorney.  Saucier v. Katz, 533 U.S. 194 (2001); Hartman v.
13 Moore, 547 U.S. 250, 126 S. Ct. 1695, 1707 (2006) (reversing the denial of qualified
14 immunity to investigators on First Amendment retaliation claim), and Robinzine v. Vicory,
15 143 Cal. App. 4th 1416 (2006) (California Code of Civil Procedure section 527.8 may not
16 provide a basis for retaliation and/or malicious prosecution actions).  On this additional basis,
17 the motion as to Defendants GARZA and BYERELY should be granted, and leave to file the
18 SAC denied as futile.

19 ## VII.

20 ### PLAINTIFF FAILS TO STATE A CLAIM FOR VIOLATION OF THE FIRST AMENDMENT PURSUANT TO 42 U.S.C. SECTION 1983
21

22 Likewise, leave to amend or file the SAC should be denied as to the First Amendment
23 retaliation claims of Plaintiff because Plaintiff cannot allege that the proceedings were
24 without probable cause, relying on Hartman, supra, 547 U.S. 250, Barnes v. Wright, 449 F.3d
25 709, 720 (6th Cir. 2006), and Williams v. City of Carl Junction, 480 F.3d 871, 877 (8th Cir.
26 2007), as well as this Court's prior observations that "plaintiff must show that these
27 proceedings were instituted illegitimately and that the TRO was issued without probable
28 cause." (Order filed July 27, 2006 p. 10:12-14).  Indeed, Plaintiff alleges he "extended his

PORTER | SCOTT

ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

DEFENDANTS' SUPPLEMENTAL BRIEFING

00566050.WPD                 9

1  hand" (SAC ¶ 33), which reasonably supports probable cause to believe a violation of the
2  TRO had occurred. Accordingly, the motion to dismiss should be granted, and leave to file
3  the SAC denied.

### VIII.

### PLAINTIFF FAILS TO STATE A CLAIM FOR RETALIATION ARISING FROM ALLEGED RETALIATORY ACTS REGARDING THE WORKPLACE VIOLENCE PETITION AND TRO

Defendants also move to dismiss the claim retaliation claims for violation of the First Amendment arising from the Workplace Violence Petition and resulting TRO for failure to sufficiently allege that the retaliatory action adversely affected the plaintiff's constitutionally protected speech, or sufficiently allege a causal relationship exists between the speech and the defendant's retaliatory action. Defendants maintain that the SAC does not identify any speech as being adversely affected by the alleged retaliatory conduct, or argues that the Workplace Violence Petition was intended to silence him. See e.g. Suarez Corp. Indus. v. McGraw, 202 F.3d 676, 685 (4th Cir. 2000) (finding that because none of alleged retaliatory acts implied that defendants would use governmental power to silence plaintiff, plaintiff failed to show that his First Amendments rights were adversely affected). Now, Plaintiff claims his subsequent publication after the Workplace Violence Petition was filed was satirical (SAC, ¶s 37, 38), but prior to its resolution (SAC ¶s 39-42). Defendants maintain by publishing his "Help Wanted" advertisement clearly implies he suffered no adverse impact of his First Amendment rights. On this basis, Plaintiff fails to state a First Amendment retaliation claim, and the motion should be granted without leave to amend, and the leave to file the SAC denied.

In addition, because Plaintiff alleges that Solano County Commissioner Chew reaffirmed the TRO several times after it was issued (SAC ¶s 40-41), Plaintiff fails to sufficiently allege a proper causal connection between his "critical" advertisement(s) and the filing of the Workplace Violence Petition and/or TRO. On these additional grounds, the motion should be granted, and leave to file the SAC denied.

///

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

**DEFENDANTS' SUPPLEMENTAL BRIEFING**
00566050.WPD     10

## IX.

## **PLAINTIFF FAILS TO STATE A CLAIM FOR CONSPIRACY**

Defendants also separately move to dismiss the claim for conspiracy to deprive Plaintiff of his First Amendment rights as asserted pursuant to 42 U.S.C. section 1983 or 1985(3) on the grounds that Plaintiff failed to state sufficient facts. The SAC remains deficient. Burns v. County of King, 883 F.2d 819, 821 (9th Cir. 1989).

Likewise, the SAC remains devoid of any allegations of a conspiracy to deprive the plaintiff of the equal protection of the laws or "class based discriminatory animus." Scott v. Ross, 140 F.3d 1275, 1284 (9th Cir. 1998); Griffin v. Breckenridge, 403 U.S. 88, 101 02, 91 S. Ct. 1790, 1797 98, 29 L. Ed. 2d 338 (1971). Accordingly, he concedes the motion is proper and therefore Plaintiff fails to state a claim pursuant to 42 U.S.C. sections 1983 and 1985(3), and the Motion to Dismiss should be granted without leave to amend.

## X.

## **CONCLUSION**

Based on the foregoing, Defendants respectfully request that their motion to dismiss be granted, and Plaintiff's claims against them dismissed without leave to amend.

Respectfully submitted,

DATED: March 6, 2008         PORTER SCOTT
                             A Professional Corporation

                             By  /s/ John R. Whitefleet
                             _____
                             Terence J. Cassidy
                             John R. Whitefleet
                             Attorneys for Defendants COUNTY OF SOLANO, DAVID PAULSON, AL GARZA, and BROOK BYERLEY