**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
Terence J. Cassidy, SBN 99180
John R. Whitefleet, SBN 213301
350 University Ave., Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendants DAVID PAULSON, COUNTY SOLANO, AL GARZA and BROOK BYERLEY

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL THOMAS TOLER, | Case No. CIV 06-0735 LKK DAD |
| Plaintiff, | **ANSWER TO SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL** |
| vs. | |
| DAVID PAULSON, COUNTY OF SOLANO, AL GARZA, BROOK BYERLY, and DOES 1 through 10, inclusive | |
| Defendants. | |

Defendants COUNTY OF SOLANO, DAVID PAULSON, AL GARZA, and BROOK BYERLEY (mistakenly named as "BYERLY") hereby respond to Plaintiff JOEL THOMAS TOLER's Second Amended Complaint as follows:

**JURISDICTION AND VENUE**

1. Answering paragraphs 1, 2, and 3, these answering Defendants contend that these paragraphs contain conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, these answering Defendants generally and specifically deny each and every allegation contained in these paragraphs.

**GENERAL ALLEGATIONS**

2. Answering paragraph 4, these answering Defendants admit that Defendant DAVID PAULSON is the duly elected District Attorney for the COUNTY OF SOLANO.

1
**ANSWER TO SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com
00570358.WPD

1  These answering Defendants generally and specifically deny each and every remaining allegation contained in this paragraph.

3.  Answering paragraph 5, these answering Defendants admit that Defendant COUNTY OF SOLANO is duly organized and exists under the laws of the State of California. These answering Defendants generally and specifically deny each and every remaining allegation contained in this paragraph.

4.  Answering paragraph 6, these answering Defendants admit that Defendant AL GARZA is an employee of the COUNTY OF SOLANO. These answering Defendants generally and specifically deny each and every remaining allegation contained in this paragraph.

5.  Answering paragraph 7, these answering Defendants admit that Defendant BROOK BYERLEY is an employee of the COUNTY OF SOLANO. These answering Defendants generally and specifically deny each and every remaining allegation contained in this paragraph.

6.  Answering paragraphs 8, 9 and 10, these answering Defendants lack sufficient information or knowledge to enable them to answer the allegations contained in these paragraphs, and basing their denial on that ground, generally and specifically deny each and every allegation contained in these paragraphs.

**STATEMENT OF FACTS**

7.  Answering paragraphs 11, 12, and 13, these answering Defendants lack sufficient information or knowledge to enable them to answer the allegations contained in these paragraphs, and basing their denial on that ground, generally and specifically deny each and every allegation contained in these paragraphs.

8.  Answering paragraph 14, these answering Defendants admit that Plaintiff was present at the office of the District Attorney for the COUNTY OF SOLANO on or about April 7, 2005. These answering Defendants lack sufficient information or knowledge to enable them to answer the remaining allegations contained in this paragraph, and basing their denial on that ground, generally and specifically deny each and every remaining allegation

2

contained in this paragraph.

9. Answering paragraph 15, these answering Defendants admit that William Godwin spoke with Plaintiff. These answering Defendants lack sufficient information or knowledge to enable them to answer the remaining allegations contained in this paragraph, and basing their denial on that ground, generally and specifically deny each and every remaining allegation contained in this paragraph.

10. Answering paragraph 16, these answering Defendants lack sufficient information or knowledge to enable them to answer the allegations contained in this paragraph, and basing their denial on that ground, generally and specifically deny each and every allegation contained in this paragraph.

11. Answering paragraph 17, these answering Defendants generally and specifically deny each and every allegation contained in this paragraph.

12. Answering paragraph 18, these answering Defendants admit that Defendant BYERLEY prepared a report that Plaintiff made a threat against a public officer/public office, California Penal Code section 76. These answering Defendants generally and specifically deny each and every remaining allegation contained in this paragraph.

13. Answering paragraph 19, these answering Defendants generally and specifically deny each and every allegation contained in this paragraph.

14. Answering paragraph 20, these answering Defendants admit that Defendant PAULSON testified that he did not read the advertisement entitled "A Visit to the Solano County District Attorney's Office." These answering Defendants lack sufficient information or knowledge to enable them to answer the remaining allegations contained in this paragraph, and basing their denial on that ground, generally and specifically deny each and every remaining allegation contained in this paragraph.

15. Answering paragraphs 21 and 22, these answering Defendants generally and specifically deny each and every allegation contained in this paragraph.

16. Answering paragraph 23, these answering Defendants lack sufficient information or knowledge to enable them to answer the allegations contained in this

3

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

**ANSWER TO SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**

00570358.WPD

paragraph, and basing their denial on that ground, generally and specifically deny each and every allegation contained in this paragraph.

17.   Answering paragraphs 24, 25, and 27, these answering Defendants generally and specifically deny each and every allegation contained in this paragraph.

18.   Answering paragraph 26, these answering Defendants admit that Commissioner Alberta Chew issued a temporary restraining order.  These answering Defendants generally and specifically deny each and every remaining allegation contained in this paragraph.

19.   Answering paragraph 28, these answering Defendants admit that the temporary restraining order initially prohibited Plaintiff from coming within 500 yards of 675 Texas Street, Fairfield, California.  These answering Defendants generally and specifically deny each and every remaining allegation contained in this paragraph.

20.   Answering paragraph 29, these answering Defendants admit that the temporary restraining order was later modified to prohibit Plaintiff from coming within 100 yards of 675 Texas Street, Fairfield, California.  These answering Defendants generally and specifically deny each and every remaining allegation contained in this paragraph.

21.   Answering paragraph 30, these answering Defendants generally and specifically deny each and every allegation contained in this paragraph.

22.   Answering paragraphs 31 and 32, these answering Defendants lack sufficient information or knowledge to enable them to answer the allegations contained in this paragraph, and basing their denial on that ground, generally and specifically deny each and every allegation contained in this paragraph.

23.   Answering paragraph 33, these answering Defendants contend that pursuant to the Order dated March 14, 2008, the claim(s) underlying these allegations have been dismissed and therefore no answer is required.  To the extent an answer is deemed required, these answering Defendants admit that Plaintiff made contact with Defendant PAULSON on September 22, 2005.  These answering Defendants generally and specifically deny each and every remaining allegation contained in this paragraph.

24.   Answering paragraph 34, these answering Defendants contend that pursuant

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

4
ANSWER TO SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL
00570358.WPD

to the Order dated March 14, 2008, the claim(s) underlying these allegations have been dismissed and therefore no answer is required. To the extent an answer is deemed required, these answering Defendants admit that Plaintiff was prosecuted for violation of California Penal Code section 166. These answering Defendants generally and specifically deny each and every remaining allegation contained in this paragraph.

25.     Answering paragraphs 35 and 36, these answering Defendants contend that pursuant to the Order dated March 14, 2008, the claim(s) underlying these allegations have been dismissed and therefore no answer is required. To the extent an answer is deemed required, these answering Defendants generally and specifically deny each and every allegation contained in these paragraphs.

26.     Answering paragraphs 37 and 38, these answering Defendants lack sufficient information or knowledge to enable them to answer the allegations contained in these paragraphs, and basing their denial on that ground, generally and specifically deny each and every allegation contained in these paragraphs.

27.     Answering paragraph 39, these answering Defendants generally and specifically deny each and every allegation contained in this paragraph.

28.     Answering paragraph 40, these answering Defendants admit that the temporary restraining order was modified to prohibit Plaintiff from coming within 25 yards of 675 Texas Street, Fairfield, California. These answering Defendants generally and specifically deny each and every remaining allegation contained in this paragraph.

29.     Answering paragraph 41, these answering Defendants admit that under the terms of a modified temporary restraining order, Plaintiff was required to contact the Solano County Counsel twenty four hours prior to entering 675 Texas Street, Fairfield, California. These answering Defendants generally and specifically deny each and every remaining allegation contained in this paragraph.

30.     Answering paragraph 42, these answering Defendants admit that a settlement agreement was reached, the terms of which included resolving the temporary restraining order. These answering Defendants generally and specifically deny each and every

1  remaining allegation contained in this paragraph.

## First Cause of Action

**Violation of the 1st, 4th And, 14th Amendments - 42 USC § 1983, Including Monell Liability**.

31. Answering paragraph 43, these answering Defendants incorporates by reference, as though set forth fully herein, its responses to paragraphs 1 through 42 as set forth above.

32. Answering paragraphs 44, 45, 46, 47, 48, 50, and 51, these answering Defendants generally and specifically deny each and every allegation contained in these paragraphs.

33. Answering paragraph 49, these answering Defendants lack sufficient information or knowledge to enable them to answer the allegations contained in this paragraphs, and basing their denial on that ground, generally and specifically deny each and every allegation contained in this paragraph.

## Second Cause of Action

**Conspiracy to Deprive a Constitutional Right - 42 USC§ 1983 and 42 USC§ 1985(3)**.

34. Answering paragraph 52, these answering Defendants incorporates by reference, as though set forth fully herein, its responses to paragraphs 1 through 51 as set forth above.

35. Answering paragraphs 53, 54, 55, and 56, these answering Defendants contend that pursuant to the Order dated March 14, 2008, the claim(s) underlying these allegations regarding 42 USC § 1985(3) have been dismissed and therefore no answer is required in that regard. To the extent an answer is deemed required, and answering the remaining claims in these paragraphs, these answering Defendants generally and specifically deny each and every allegation contained in these paragraphs.

## **AFFIRMATIVE DEFENSES**

## **FIRST AFFIRMATIVE DEFENSE**

The Complaint, in its entirety and through each separately stated claim, fails to state facts sufficient to constitute a viable claim upon which relief can be granted.

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims, and each of them, are barred by the Eleventh Amendment doctrine set forth in Macmillan v. Monroe County, 520 U.S. 781 (1997).

### THIRD AFFIRMATIVE DEFENSE

At all times mentioned in the Second Amended Complaint, Defendants were acting in good faith and entitled to the good faith qualified immunity

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and each of them, are barred by the doctrines of waiver and estoppel.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and each of them, are barred by the doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery by his own willful and wanton conduct, all of which proximately caused any damage claimed in this action.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff expressly or impliedly consented to the conduct of Defendants in total and utter disregard for the likelihood or probability that they might be injured thereby.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff failed to exercise reasonable diligence so as to mitigate the damages, if any, alleged in the Second Amended Complaint, and said conduct was the sole and proximate cause of said injuries.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for exemplary/punitive damages are barred by provisions of Government Code §818 and Newport v. Fact Concert, Inc., 453 U.S. 247 (1981) as noted in the Order dated March 14, 2008.

///

///

///

WHEREFORE, Defendants COUNTY OF SOLANO, DAVID PAULSON, AL GARZA, and BROOK BYERLEY pray for judgment as follows:

1. Plaintiff's action be dismissed;
2. Plaintiff takes nothing by way of his complaint;
3. Defendants be awarded its costs of suit, including attorney fees; and
4. For such other relief as the Court deems proper.

Respectfully submitted,

Dated:  March 24, 2008          PORTER SCOTT
                                A PROFESSIONAL CORPORATION

                                /s/ John R. Whitefleet

                                By _____
                                Terence J. Cassidy
                                John R. Whitefleet
                                Attorney for Defendants COUNTY OF SOLANO, DAVID PAULSON, AL GARZA, and BROOK BYERLEY

## DEMAND FOR JURY TRIAL

Defendants COUNTY OF SOLANO, DAVID PAULSON, AL GARZA, and BROOK BYERLEY hereby demand a trial by jury in the above-entitled action as provided by the Seventh Amendment to the United States Constitution and Rule 38 of the Federal Rules of Civil Procedure.

Respectfully submitted,

Dated:  March 24, 2008          PORTER SCOTT
                                A PROFESSIONAL CORPORATION

                                /s/ John R. Whitefleet
                                By _____
                                Terence J. Cassidy
                                John R. Whitefleet
                                Attorney for Defendants COUNTY OF SOLANO, DAVID PAULSON, AL GARZA, and BROOK BYERLEY

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com
00570358.WPD

8
ANSWER TO SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL