**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
Terence J. Cassidy, SBN 99180
John R. Whitefleet, SBN 213301
350 University Ave., Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendants DAVID PAULSON, COUNTY OF SOLANO, AL GARZA and BROOK BYERLY

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL THOMAS TOLER,<br><br>    Plaintiff,<br><br>vs.<br><br>DAVID PAULSON, COUNTY OF SOLANO, AL GARZA, BROOK BYERLY, and DOES 1 through 10, inclusive<br><br>    Defendants.<br>_____/ | Case No. CIV 06-0735 LKK DAD<br><br>**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT/ADJUDICATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT/ADJUDICATION**<br><br>Date:    November 3, 2008<br>Time:    10:00 a.m.<br>Ctrm:    4<br>Judge:   Lawrence K. Karlton |

Defendants COUNTY OF SOLANO, DAVID PAULSON, AL GARZA and BROOK BYERLY respectfully move for Summary Judgment/Adjudication as to the claims of Plaintiff JOEL THOMAS TOLER ("Plaintiff") in his Second Amended Complaint and submit the following Memorandum of Points and Authorities in support thereof.

## I.

## **INTRODUCTION**

In the short span of just over two months, Plaintiff purposefully went to the office of the District Attorney eighteen times. Frustrated at not being able to gain a meeting with the District

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

00614149.WPD

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT/ADJUDICATION; MEMORANDUM OF POINTS AND AUTHORITIES**   - 1 -

Attorney, Plaintiff paid the newspaper to publish an advertisement purportedly critical of the District Attorney on April 12, 2005. Plaintiff continued to go the office of the District Attorney, whose staff described Plaintiff as loud, angry, and using threatening body language. On his last visit on June 13, 2005, Plaintiff made a comment to Defendant GARZA which referenced an "Uzi"- an automatic weapon. Believing Plaintiff's actions to be a credible threat of violence, the County obtained temporary restraining order in connection with a Workplace Violence Petition pursuant to California Civil Procedure section 527.8.

Defendants move for summary judgment/adjudication as to the remaining claims of Plaintiff which survived Defendants' prior motion to dismiss for First Amendment retaliation and <u>Monell</u>-type liability against the COUNTY OF SOLANO.

## II.

## BACKGROUND

Defendant DAVID PAULSON is the District Attorney in the County of Solano (SAC ¶ 4). Defendant AL GARZA is the Chief Investigator for the office the District Attorney in the County of Solano (SAC ¶ 6). Defendant BROOK BYERLEY is the Supervising Investigator for the office of the District Attorney in the County of Solano.  (SAC, ¶ 7).

On March 27, 2005, Plaintiff reported threats to his children to the Fairfield police. (Defendants' Undisputed Material Facts ("UMF") No. 1) On April 7, 2005, Plaintiff first appeared at the office of the District Attorney "to inquire what action was being taken on the report." (UMF No. 2). Plaintiff spoke with Defendant BYERLEY, who told Plaintiff, that he did not have the Fairfield police report yet. (UMF No. 3). Wanting a meeting with the Defendant PAULSON, Plaintiff proceeded to leave "a dozen messages or so" with the staff of the District Attorney. (UMF No. 4). In total, Plaintiff went to the office of the District Attorney eighteen times. (UMF No. 5).

On one occasion, Plaintiff spoke with Linda Jones, the front clerk at the office of the District Attorney to speak with a supervisor. (UMF No. 6). Ms. Jones recalls Plaintiff as being loud, yelling, angry with "threatening body language." (UMF No. 7). Ms. Jones could not recall anyone else causing a disturbance like Plaintiff. (UMF No. 8).

///

**PORTER | SCOTT**
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916. 929.1481
FAX: 916. 927.3706
www.porterscott.com

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT/ADJUDICATION; MEMORANDUM OF POINTS AND AUTHORITIES**
00614149.WPD                                                                                          - 2 -

Ms. Marsha Johnson, Clerical Operations Manager with the office of the District Attorney, responded to request for a supervisor. (UMF No. 9). At some point, Ms. Johnson recalls Plaintiff saying that he would "have to kill the person who's making threats against my children." (UMF No. 10). Ms. Johnson believed Plaintiff was upset, and his body language and tone of voice was making her feel uncomfortable, and threatened. (UMF No. 11). Warren Butler, Senior Procedures Clerk with the office of the District Attorney, observed the conversation between Plaintiff and Ms. Johnson, describing Plaintiff as angry and upset. (UMF No. 12).

Mr. William Godwin, an investigator with the office of the District Attorney responded to a request by the front desk to speak with Plaintiff. (UMF No. 13). Mr. Godwin found Plaintiff very upset and irate, describing Plaintiff using his voice in high volume, with a red face. (UMF No. 14). Mr. Godwin characterized Plaintiff's behavior as vociferous, loud and heated which "at times bordered on the edge of violence." (UMF No. 15).

Plaintiff estimates that after approximately seven attempts to gain a meeting with the District Attorney, he paid to have an advertisement published in several newspapers on April 12, 2005, purporting to levy criticism of the District Attorney's office for their inaction to his complaint against the third party. (UMF No. 16). Following this advertisement, Plaintiff went back to the office of the District Attorney multiple times to continue to attempt to set a meeting with Defendant PAULSON. (UMF No. 17).

On June 8, 2005, Plaintiff filed a small claims action against Defendant PAULSON. (UMF 18) In this action, Plaintiff sought damages in the amount of $26.75, for the gasoline purportedly expended in driving to the office of the District Attorney. (UMF No. 19). Plaintiff admitted, however, that for many of his visits to the office of the District Attorney, he was already at the Solano County business center in connection with his bail bonds business, and would simply walk over the to government center directly across the street. (UMF No. 20).

On or around June 13, 2005, Plaintiff again visited the office of the District Attorney. (UMF No. 21). Plaintiff spoke with Defendant GARZA. (Id). During that meeting, Plaintiff summarizes the meeting that he "made it real clear to [GARZA] that [he] thought [GARZA] was useless as a public servant; [GARZA] was inexperienced as an investigator or any type of law enforcement

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT/ADJUDICATION; MEMORANDUM OF POINTS AND AUTHORITIES**
00614149.WPD     - 3 -

officer; that [GARZA] had forgotten that [GARZA] works for the people and [GARZA] wasn't some "whore" for the District Attorney.  (UMF No. 22).

Plaintiff purports to have stated to Defendant GARZA:

> Al, your performance is on the level of that of a meter maid...the only difference between you and the meter maid is if you brought an Uzi in the courthouse, nobody would care. If the meter maid brought it into the courthouse, you would throw him in jail.

(UMF No. 23).  Defendant GARZA understood[1] Plaintiff to be making a threat. (UMF No. 24).

Based on this apparent threat, the COUNTY OF SOLANO filed a Petition of Employer for Injunction Prohibiting Violence or Threats of Violence Against Employee and Temporary Restraining Order ("Workplace Violence Petition"), County of Solano v. Toler, Solano County Superior Court Case No. FCS026197. (UMF No. 25). On June 15, 2006, Solano County Superior Court Commissioner Alberta Chew issued a Temporary Restraining Order ("TRO") against Plaintiff ("TRO").  (UMF No. 26).

On or about the same day, Plaintiff called William Godwin and left a voice mail, in which Mr. Godwin heard Plaintiff relay that he now purported to state that  "you and Byerley couldn't get fired even if you came into this building with an Uzi" (See footnote 1), but that Defendant GARZA had misinterpreted the statement.  (UMF No. 27).

Following the issuance of the Workplace Violence Petition and TRO, Plaintiff continued to pay for advertisements critical of the office of the District Attorney.  (UMF No. 28). One of the paid advertisements entitled "Elect Tom Toler for Solano District Attorney, if he was running" dated April 6, 2006.  (UMF No. 29). In this advertisement, Plaintiff references monies received for stolen car recovery, for which Plaintiff was accusing the District Attorney of misusing public funds. (UMF No. 30).  Regardless of the April 12, 2005, advertisement, Plaintiff's aggressive and agitated behavior generated a reasonable belief and probable cause to believe, that the plaintiff could inflict violence on staff members of the District Attorney's Office for purposes of CCP 527.8-527.9. (UMF No. 31).

---

[1]Defendant GARZA has a different recollections of the statement.  For purposes of this motion, however, Defendants presume Plaintiff's purported version, or as stated in his voice mail to Mr. Godwin, were uttered.

In his Second Amended Complaint, Plaintiff alleges the restraining order was obtained in retaliation for his paid advertisement published in the newspaper, and asserts a claim for violation of First and Fourteenth Amendments pursuant to 42 U.S.C. section 1983 against all defendants, including Monell-type liability. (SAC ¶s 43-51). Plaintiff also asserts a claim for conspiracy to deprive him of these rights pursuant to 42 U.S.C. sections 1983.[2]

### III.

### LEGAL STANDARD

If there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law, then the court must make an order granting movant's motion for summary judgment. Fed. R. Civ. P. 56(c).

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of 'the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Once a movant's initial burden is met, the burden shifts to the opponent, who must then produce specific facts beyond the pleadings and show the existence of genuine disputes of material fact. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-87 (1986). The opposing party cannot establish disputed material facts by relying on allegations in his or her pleadings, but must tender admissible evidence showing the genuineness of the dispute regarding material issues. Depoali v. Carlton, 878 F.Supp. 1351, 1357 (E.D. Cal. 1995). Summary judgment should be granted "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, set forth in Rule 56(c) is satisfied." Celotex, 477 U.S. at 323.

///

---

[2] In an Order dated March 14, 2008 (Docket Entry No. 45), the court dismissed the claim for conspiracy pursuant to 42 U.S.C. section 1985(3). (Docket Entry No. 45, Order, p. 15:1-23). Likewise, the court dismissed any claim arising from the subsequent criminal prosecution of Plaintiff arising from the violation of the TRO. (Docket Entry No. 45, Order, p. 15:24-17:5). Lastly, the court dismissed any claim arising from any search warrants. (Docket Entry No. 45, Order, p. 17:6-17).

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT/ADJUDICATION; MEMORANDUM OF POINTS AND AUTHORITIES**
00614149.WPD                                                                                        - 5 -

The moving party need not present any evidence on those matters where the opposing party will have the burden of proof at trial. Id. at 325. With respect to claims for which the opposing party bears the ultimate burden of proof, the moving party's burden is met by demonstrating the absence of evidence supporting the opposing party's claim. Id. "[A] complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." Id. at 322.

> To demonstrate a genuine issue, the opposing party, must do more than simply show that there is some metaphysical doubt as to the material fact ... where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'

Matsushita, 475 U.S. at 586.

### IV.

### PLAINTIFF CANNOT ESTABLISH HIS CLAIM FOR FIRST AMENDMENT RETALIATION PURSUANT TO 42 U.S.C. SECTION 1983

**A.     Plaintiff cannot establish the Workplace Violence Petition or TRO was without probable cause**

Plaintiff asserts First Amendment retaliation and conspiracy to violate same in his two claims for relief. Defendants submit that the undisputed facts establish Plaintiff cannot establish a crucial element of his First Amendment retaliation claim: the lack of probable cause.

In order to establish a claim for First Amendment retaliation pursuant to 42 U.S.C. section 1983, Defendants submit that a plaintiff must first demonstrate[3] the lack of probable cause to initiate the adverse proceedings against him. See e.g. Hartman v. Moore, 547 U.S. 250 (2006) (reversing the denial of qualified immunity to investigators on First Amendment retaliation claim where plaintiff criticized certain business decisions advocated by the Postal Service); See also Moore v. Hartman, 241 F.R.D. 59, 64 (D.D.C. 2007) (describing the standard as establishing that a reasonable and prudent man would not suspect that the plaintiff had committed the offense) citing Ornelas v. United States, 517 U.S. 690, 695, 116 S. Ct. 1657, 134 L. Ed. 2d 911 (1996); Barnes v. Wright, 449

---

[3] This Court has already noted that "[i]n order to prevail on his retaliation claim, plaintiff must show that these proceedings were instituted illegitimately and that the TRO was issued without probable cause." (See Docket Entry No. 18; Order filed July 27, 2006 p. 10:12-14).

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT/ADJUDICATION; MEMORANDUM OF POINTS AND AUTHORITIES**
00614149.WPD                                                                                            - 6 -

1  F.3d 709, 720 (6th Cir. 2006) (rejecting a First Amendment retaliation claim where plaintiff was
2  critical of officers' performance, and after the officers sought and obtained grand jury indictment
3  leading to plaintiff's arrest, noting that the Hartman rule "sweeps broadly.") and Williams v. City
4  of Carl Junction, 480 F.3d 871, 877 (8th Cir. 2007) (dismissing First Amendment retaliation claim
5  against a city mayor arising from twenty-six traffic citations because plaintiff failed to establish even
6  an arguable absence of probable cause).

7  Here, Defendants submit that Plaintiff cannot establish that the Workplace Violence Petition
8  or TRO was initiated without probable cause.  Here, the undisputed facts are that by his own
9  admissions, Plaintiff went to the office of the District Attorney *eighteen times* in the short span of
10 just over two months, April 7, 2005 to June 13, 2005.  (UMF Nos. 2-23).  Within that timeframe,
11 several staff members of the District Attorney describe Plaintiff' behavior as loud, angry, and using
12 threatening body language.  (UMF Nos. 7-8, 10-12, 14-15)  Plaintiff filed a small claims action
13 against Defendant PAULSON for gas reimbursement despite knowing it was a false claim (because
14 he was already in the area doing business, See Toler Deposition, pp. 71:11-72:8) or for an improper
15 purpose ("trying to get Defendant Paulson's attention" See Toler Deposition, pp. 64:8-10).  (UMF
16 Nos. 18-20).  On his last visit on June 13, 2005, Plaintiff made a comment to Defendant GARZA
17 which referenced an "Uzi"- an automatic weapon.  (UMF Nos. 22-23, 27).

18 A person who has been stalked, threatened, or otherwise seriously harassed may petition a
19 court to enjoin such conduct. Cal. Code Civ. Proc. § 527.6; Grant v. Clampitt 56 Cal.App.4th 586,
20 591-592 (1997).  The Workplace Violence Safety Act at issue here, section 527.8, "was enacted to
21 allow employers to seek protections comparable to those offered under section 527.6 to enjoin
22 workplace threats or acts of violence against employees." Robinzine v. Vicory 143 Cal.App.4th
23 1416, 1423 (2006) (finding that workplace violence petitions ("WVP") under California Code of
24 Civil Procedure section 527.8 may not provide a basis for retaliation and/or malicious prosecution
25 actions).  California Code of Civil Procedure section 527.8 enables employers to seek the same
26 remedy for its employees as section 527.6 provides for natural persons. Scripps Health v. Marin 72
27 Cal.App.4th 324, 333-334 (1999).
28 ///

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT/ADJUDICATION; MEMORANDUM OF POINTS AND AUTHORITIES**
00614149.WPD - 7 -

For purposes of California Code of Civil Procedure section 527.8, probable cause to seek a WVP requires an employee to have suffered unlawful violence or a credible threat of violence, and that great or irreparable harm would result to an employee. See Cal Code Civ Proc § 527.8(e). "Credible threat of violence" is a knowing and willful statement or course of conduct that would place a reasonable person in fear for his or her safety, or the safety of his or her immediate family, and that serves no legitimate purpose. Cal. Code Civ. Proc. § 527.8(b)(2). In other words, Defendants submit that Plaintiff cannot establish that his course of conduct and behavior of acting loudly, angrily, "on the border of violent", his eighteen visits to the office of the District Attorney within just over two months, together with the "Uzi" comment gives rise to a reasonable belief that Plaintiff was stalking, threatening or seriously harassing Defendant PAULSON, or otherwise presented a credible threat such that Plaintiff cannot show there was no probable cause in filing the WVP or TRO. (UMF Nos. 4-23, 27, 31)

Here, it is not only Plaintiff's "Uzi" comment, assuming arguendo, it was made in the context of comparing Defendant GARZA to a meter maid, but the manner of delivery in broader context of insulting and vindictive nature "bordering on violent", the prior course of conduct within the two months preceding which reasonably justify the WVP or TRO issued based thereon. In that regard, Defendants submit that Plaintiff took that chance that the purported content in which he used the word "Uzi" would be misunderstood. That a comment perceived as a threat was "made in frustration" or "were not intended to be taken seriously" where the recipient of the message misunderstands does not vitiate probable cause of a threat. See Levin v. United Air Lines, Inc., 158 Cal.App.4th 1002, 1025 (2008) (plaintiff's arrest in airport following a sarcastic comment about a bomb was supported by probable cause). Given these undisputed facts *in toto*, Plaintiff cannot establish that the Workplace Violence Petition or TRO was initiated without probable cause to believe Plaintiff presented a credible threat given his course of conduct to warrant a Workplace Violence Petition or TRO pursuant to California Code of Civil Procedure section 527.8. Accordingly, plaintiff cannot establish that his First Amendment rights were violated. On this basis, summary judgment/adjudication should be granted.

///

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT/ADJUDICATION; MEMORANDUM OF POINTS AND AUTHORITIES**
00614149.WPD — 8 —

B.  **Plaintiff's cannot Establish Defendants intended to violate his First Amendment Rights.**

In order to demonstrate a First Amendment retaliation claim, a plaintiff must also provide evidence showing that 'by his actions [the defendant] deterred or chilled [the plaintiff's] political speech and such deterrence was a substantial or motivating factor in [the defendant's] conduct.'" Mendocino Environmental Center v. Mendocino County, 192 F.3d 1283, 1300 (9th Cir. 1999) (quoting Sloman v. Tadlock, 21 F.3d 1462, 1469 (9th Cir. 1994)).  In that regard, a plaintiff must demonstrate that defendants "intended to interfere with [plaintiffs'] First Amendment rights." Mendocino, 14 F.3d at 464.  In addition to evidence that the defendant knew of the protected speech, Plaintiff must establish (1) evidence of proximity in time between the protected speech and the allegedly retaliatory decision, (2) evidence that the defendant expressed opposition to the speech, or (3) evidence that the defendant's proffered reason for the adverse action was false or pretextual. See Keyser v. Sacramento City Unified Sch. Dist., 265 F.3d 741, 751-52 (9th Cir. 2001).

Here, assuming the WVP or TRO adversely affected Plaintiff's First Amendment rights, Plaintiff cannot establish that such Defendants "intended to interfere with [plaintiff's] First Amendment rights."  For example, Plaintiff cannot proffer any evidence that Defendants were insulted or offended by his April 12, 2005 advertisement.  To the contrary, the undisputed evidence establishes that Plaintiff's course of harassing conduct in his treatment of the staff of the office of the District Attorney and ultimately the "Uzi" comment, even if misinterpreted, were the motivating factors in obtaining the WVP or TRO.  In addition, the alleged "Uzi" comment was made almost a month and one half after the publication (April 12, 2005 versus June 13, 2005, and thus cuts-off any contemporaneousness to the WVP and TRO, obtained on June 15, 2005.)  Accordingly, as to each Defendant, Plaintiff cannot establish the requisite intent, and his claim fails. On this additional basis, Plaintiff cannot establish his First Amendment retaliation claim, and summary judgment/adjudication should be granted.

C.  **Defendants have established they are not liable because they would have taken the same course of action regardless of Plaintiff's purportedly critical advertisement**

Assuming arguendo plaintiff establishes the elements of a retaliation claim, a defendant "can escape liability by showing that it would have taken the same action even in the absence of the

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT/ADJUDICATION; MEMORANDUM OF POINTS AND AUTHORITIES**
00614149.WPD                                                                                                       - 9 -

protected conduct." Keyser v. Sacramento City Unified Sch. Dist., 265 F.3d 741, 750 (9th Cir. 2001), quoting Bd. of County Comm'rs v. Umbehr, 518 U.S. 668, 675, 116 S. Ct. 2342, 135 L. Ed. 2d 843 (1996). Here, for the same reasons as argued in section IV(A), supra, Defendants respectfully submit that under the undisputed facts (UMF Nos. 4-23, 27), Defendants would have nonetheless taken the same action with respect to the WVP or TRO regardless of Plaintiff's purportedly critical advertisement. (UMF No. 31). In that regard, Plaintiff's purportedly critical advertisement changes nothing about the Plaintiff's course of conduct in harassing the staff and borderline violent behavior, together with the later-made statement about an Uzi. Plaintiff cannot establish his First Amendment retaliation claim, and summary judgment/adjudication should be granted.

## V.

## DEFENDANTS PAULSON AND BYERLEY ARE ENTITLED TO QUALIFIED IMMUNITY

Assuming arguendo the court does not dismiss the matter based on the grounds set forth above, Defendants PAULSON and BYERLEY assert they are entitled to qualified immunity for the alleged constitutional violations of the First Amendment arising from alleged retaliation connected to the Workplace Violence Petition proceedings.[4]

Qualified immunity is afforded to state officials for decisions made in the good faith exercise of their official responsibilities. It has been recognized that some degree of immunity is necessary in order to insulate public servants from the possibility of vexatious litigation. Saucier v. Katz, 533 U.S. 194 (2001); Scheuer v. Rhodes, 416 U.S. 232, 246 (1974). The purpose of qualified immunity is to shield a public official "from undue interference with their duties and from potentially disabling threats of liability." Harlow v. Fitzgerald, 457 U.S. 800, 806 (1982). The defense provides immunity from suit, not merely from liability. Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). Qualified immunity is an issue to be determined "at the earliest possible point in the litigation." Act Up!/Portland v. Bagley, 988 F.2d 868, 873 (9th Cir. 1993). Once qualified immunity is asserted, Plaintiff bears the burden of pleading and providing that each Defendant violated rights clearly

---

[4] Defendant GARZA reserves the right to raise qualified immunity as a defense, but does not raise it here.

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT/ADJUDICATION; MEMORANDUM OF POINTS AND AUTHORITIES
00614149.WPD                                                                           - 10 -

1  established under the law before an official is subjected to the burden of weathering a lawsuit. <u>Neely
2  v. Feinstein</u>, 50 F.3d 1502, 1506 (1995).

3        To determine whether an official is entitled to qualified immunity requires three inquiries.
4  First, the court must determine whether a defendant's conduct could have violated the constitutional
5  rights of plaintiff based upon the facts viewed in light most favorable to plaintiff.  If the court
6  determines that conduct of a defendant could not violate a constitutional right based upon the facts
7  alleged, then no further consideration of qualified immunity is required. <u>Saucier</u>, 533 U.S. at 201.
8  Second, if based on the factual allegations, the court concludes that the conduct of defendant could
9  have violated the rights of plaintiff, then it must be determined, as a matter of law, whether the
10 specific right violated was clearly established. <u>Id</u>.  Third, in determining whether a right is clearly
11 established, the inquiry is whether it would be clear to a reasonable officer that his conduct was
12 unlawful in the situation he confronted. <u>Id</u>.  The court must determine whether established law puts
13 officers on notice that their conduct will be clearly unlawful; if it did not, judgment in favor of
14 defendant based on qualified immunity is appropriate. <u>Id</u>.  In determining whether a constitutional
15 right is clearly established, the <u>Saucier</u> court reiterated that the right allegedly violated must be
16 defined at the appropriate level of specificity before a court can determine if it was clearly
17 established. <u>Id</u>.

18       Here, Defendants PAULSON and BYERLEY respectfully submit they are entitled to
19 qualified immunity.  The court previously denied qualified immunity on the motion to dismiss on
20 the grounds that the law on submitting a government-falsified petition was clearly established.
21 However, Plaintiff cannot establish that Defendants PAULSON and BYERLEY submitted any
22 purportedly falsified information. Accordingly, Defendants PAULSON and BYERLEY are entitled
23 to qualified immunity, and therefore summary judgment should be granted.
24 ///
25 ///
26 ///
27 ///
28 ///

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT/ADJUDICATION; MEMORANDUM OF POINTS AND AUTHORITIES**
00614149.WPD — 11 —

## VI.

## PLAINTIFF'S CLAIM FOR DUE PROCESS VIOLATION MUST FAIL

Plaintiff claims that his rights to Due Process under the Fourteenth Amendment were violated based upon the same allegations that his First Amendment claim are premised. Defendants submit Plaintiff's substantive due process claim necessarily must fail. The Supreme Court long has held that the Due Process Clause may not be invoked to prosecute an alleged violation of a fundamental right if such right has explicit constitutional protection under a more specific provision. Albright v. Oliver, 510 U.S. 266, 273, 114 S. Ct. 807 (1994); United States v. Lanier, 520 U.S. 259, 272 n.7, 117 S. Ct. 1219 (1997). Thus, Plaintiff's claim fails and Defendants are entitled to summary judgment/summary adjudication in this regard.

Alternatively, to generate liability for a violation of Plaintiffs' substantive due process rights under the Fourteenth Amendment, Defendants' actions "must be so ill-conceived or malicious that [they] 'shock[] the conscience.'" County of Sacramento v. Lewis, 523 U.S. 833, 846, 118 S. Ct. 1708 (1998). The Supreme Court has explained that "conduct intended to injure in some way unjustifiable by any government interest is the sort of official action most likely to rise to the conscience-shocking level." Id. (citing Daniels v. Williams, 474 U.S. 327, 331, 106 S. Ct. 662 (1986). Substantive due process does not protect "against government action that is incorrect or ill-advised," Bishop v. Wood, 426 U.S. 341, 350, 96 S. Ct. 2074 (1976)). "[T]he protections of substantive due process are available only against egregious conduct which goes beyond merely 'offending some fastidious squeamishness or private sentimentalism' and can fairly be viewed as so 'brutal and offensive to human dignity' as to shock the conscience." Smith v. Half Hollow Hills Cent. Sch. Dist., 298 F.3d 168, 173 (2d Cir. 2002) (quoting Johnson v. Glick, 481 F.2d 1028, 1033 & n. 6 (2d Cir. 1973)); see also County of Sacramento v. Lewis, supra, 523 at 847. The standard for such claims is therefore quite high. Indeed, that acts complained of must be such as "to offend even hardened sensibilities." Rochin v. California, 342 U.S. 165, 172, 72 S. Ct. 205 (1952).

The foregoing cases make it abundantly clear that to raise successfully a substantive due process claim, the Defendants' conduct must be unusually extreme and shocking. In this case, any conduct that Plaintiff has attributed to the Defendants in this matter does not come close to the level

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT/ADJUDICATION; MEMORANDUM OF POINTS AND AUTHORITIES**
00614149.WPD                                                                      - 12 -

of extreme malfeasance presented in the foregoing cases, none of which was held to violate substantive due process. Plaintiff was not physically injured, was not held against his will, nor was he ever placed in physical danger. Assuming *arguendo* that the decision to obtain the WVP or TRO was arbitrary, insensitive, or even intolerant, it nevertheless cannot constitute a substantive due process violation as a matter of law. Accordingly, Plaintiff's claim for violation of the Fourteenth Amendment fails and summary judgment should be granted.

## VII.

## PLAINTIFF CANNOT ESTABLISH A CLAIM FOR CONSPIRACY

Plaintiff also claims Defendants conspired to deprive him of his First Amendment rights pursuant to 42 U.S.C. section 1983 by filing the Workplace Violence Petition. (SAC ¶ 42-46). Defendants submit Plaintiff cannot establish this claim

To prove a conspiracy under Section 1983, Plaintiff must set forth evidence of an agreement or a meeting of the minds to violate the plaintiff's constitutional rights. Woodrum v. Woodward County, 866 F.2d 1121, 1126 (9th Cir. 1989).

Here, Defendants submit Plaintiff cannot proffer any evidence of a meeting of the minds to deprive Plaintiff of his First Amendment rights. On this basis, Defendants' motion should be granted.

## VIII.

## THE COUNTY OF SOLANO DID NOT VIOLATE PLAINTIFF'S RIGHTS

The County of Solano is not liable for the actions of its employees which result in violations of constitutional rights, unless the conduct is pursuant to an official government policy or custom. Monell v. Dept. of Social Services (1978) 436 U.S. 658; see Pembaur v. City of Cincinnati (1986) 475 U.S. 469. Municipal liability under section 1983 can only be established where the plaintiff shows that (1) he was deprived of his constitutional rights; (2) the municipality has a policy; (3) the policy amounts to deliberate indifference to plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. City of Canton v. Harris (1989) 489 U.S. 378, 389-91; see Oviatt v. Pearce (9th Cir. 1992) 954 F.2d 1470, 1474 (quoting Canton and analyzing Monell liability). In addition, proof of a single incident of unconstitutional policy is not sufficient to impose

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT/ADJUDICATION; MEMORANDUM OF POINTS AND AUTHORITIES**
00614149.WPD                                                                        - 13 -

1  liability under Monell unless proof of the incident includes proof that it was caused by an existing,
2  unconstitutional municipal policy, which policy can be attributed to a municipal policy maker. Jett
3  v. Dallas Independent Sch. Dist., 491 U.S. 701, 737 (1989).  Whether an individual is a "final
4  policymaker" is determined by:

> (1) whether the official is meaningfully constrained by policies not of that official's own making; (2) whether the official's decision are final--i.e., are they subject to any meaningful review; and (3) whether the policy decision purportedly made by the official is within the realm of the official's grant of authority.

Randle v. City of Aurora, 69 F.3d 441, 448 (10th Cir. 1995).

Here, Plaintiff has not proffered any evidence that Defendant PAULSON acted as the final-policymaker for the COUNTY OF SOLANO in filing the WVP or TRO.  There is no evidence that Defendant PAULSON is essentially provided free reign in making decisions on behalf of the employer, the County of Solano, to pursue the WVP or TRO, as opposed to requiring approval by the County Counsel or otherwise subject to County Counsel's review, or even whether such a decision is within his realm of authority, as compared to his authority as a prosecutor in filing criminal charges.   At no time in this case has Plaintiff proffered evidence of any type of unconstitutional policy or practice with regard to obtaining a WVP or TRO sufficient to impose liability against the County.  Accordingly, Defendant COUNTY OF SOLANO respectfully requests that its motion for summary judgment/adjudication as to Plaintiff's claims for violation of the First and Fourteenth Amendments should be granted.

///
///
///
///
///
///
///
///
///

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT/ADJUDICATION; MEMORANDUM OF POINTS AND AUTHORITIES**
00614149.WPD                                                                                       - 14 -

# IX.

## **CONCLUSION**

Based on the foregoing, Defendants respectfully request that their motion for summary judgment/adjudication as to Plaintiff's claims for violation of the First and Fourteenth Amendments should be granted.

                                              Respectfully Submitted,

Dated: October 1, 2008               PORTER SCOTT
                                        A PROFESSIONAL CORPORATION

                                   By   /s/ John R. Whitefleet

                                        Terence J. Cassidy
                                        John R. Whitefleet
                                        Attorneys for Defendants

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

00614149.WPD     **DEFENDANTS' MOTION FOR SUMMARY JUDGMENT/ADJUDICATION; MEMORANDUM OF POINTS AND AUTHORITIES**     - 15 -