**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
Terence J. Cassidy, SBN 99180
John R. Whitefleet, SBN 213301
350 University Ave., Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendants DAVID PAULSON, COUNTY OF SOLANO, AL GARZA and BROOK BYERLEY

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL THOMAS TOLER,<br><br>　　Plaintiff,<br><br>vs.<br><br>DAVID PAULSON, COUNTY OF SOLANO, AL GARZA, BROOK BYERLY, and DOES 1 through 10, inclusive<br><br>　　Defendants.<br>_____/ | Case No. CIV 06-0735 LKK DAD<br><br>**DEFENDANTS' UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT/ADJUDICATION**<br><br>Date:　November 3, 2008<br>Time:　10:00 a.m.<br>Ctrm:　4<br>Judge:　Lawrence K. Karlton |

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| 1. On March 27, 2005, Plaintiff reported threats to his children to the Fairfield police. | 1. Second Amended Complaint "SAC" ¶ 13 |
| 2. On April 7, 2005, Plaintiff first appeared at the office of the District Attorney "to inquire what action was being taken on the report." | 2. SAC ¶ 7 |
| 3. Plaintiff spoke with Defendant BYERLEY, who told Plaintiff, that he did not have the Fairfield police report yet | 3. SAC ¶ 14 |

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com
00617761.WPD

DEFENDANTS' UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT/ADJUDICATION　- 1 -

| | | | |
|---|---|---|---|
| 4. | Wanting a meeting with the Defendant PAULSON, Plaintiff proceeded to leave "a dozen messages or so" with the staff of the District Attorney. | 4. | Deposition of Plaintiff Toler, pp. 56:8-25; 58:5-12; 60:16-61:6; 64:4-67:1, attached as Exhibit A to Declaration of John R. Whitefleet ("Deposition of Plaintiff Toler") |
| 5. | In total, Plaintiff went to the office of the District Attorney eighteen times | 5. | Deposition of Plaintiff Toler, p. 65:2-3 |
| 6. | On one occasion, Plaintiff spoke with Linda Jones, the front clerk at the office of the District Attorney to speak with a supervisor. | 6. | Deposition of Linda Jones dated May 9, 2006, taken in connection with County of Solano v. Toler, Solano County Superior Court Case No. FCS026197, Exhibit B to Declaration of John R. Whitefleet ("Jones Depo."), pp. 5:25-6:21 |
| 7. | Ms. Jones recalls Plaintiff as being loud, yelling, angry with "threatening body language." | 7. | Jones Depo., pp 7:13-14, 8:13-18, 11:10-16, 12:12-13:5 |
| 8. | Ms. Jones could not recall anyone else causing a disturbance like Plaintiff. | 8. | Jones Depo., pp. 12:12-13:5 |
| 9. | Ms. Marsha Johnson, Clerical Operations Manager with the office of the District Attorney, responded to the request for a supervisor on April 7, 2005. | 9. | Deposition of Marsha Johnson dated May 9, 2006, taken in connection with County of Solano v. Toler, Solano County Superior Court Case No. FCS026197, Exhibit C to Declaration of John R. Whitefleet ("Johnson Depo."), pp.5:17-25, 11:14-12:8 |
| 10. | At some point, Ms. Johnson recalls Plaintiff saying that he would "have to kill the person who's making threats against my children." | 10. | Johnson Depo., pp. 14:16-21, 27:24-27:2 |
| 11. | Ms. Johnson believed Plaintiff was upset, and his body language and tone of voice was making her feel uncomfortable, and threatened. | 11. | Johnson Depo., pp.14:5-11, 15:15-22, 18:3-6; 27:7-23 |
| 12. | Warren Butler, Senior Procedures Clerk with the office of the District Attorney, observed the conversation between Plaintiff and Ms. Johnson, describing Plaintiff as angry and upset. | 12. | Deposition of Warren Butler dated May 9, 2006, taken in connection with County of Solano v. Toler, Solano County Superior Court Case No. FCS026197, Exhibit D to Declaration of John R. Whitefleet ("Butler Depo."), pp. 5:24-6:9, 6:10-17, 10:9-18, 11:3-7, 12:25-13:6 |

| # | Fact | Evidence |
|---|---|---|
| 13. | Mr. William Godwin, an investigator with the office of the District Attorney responded to requests by the front desk to speak with Plaintiff. | 13. Deposition of William Godwin dated January 19, 2006, taken in connection with <u>County of Solano v. Toler</u>, Solano County Superior Court Case No. FCS026197, Exhibit E to Declaration of John R. Whitefleet ("Godwin Depo."), pp. 10:19-22, 12:15-22 |
| 14. | Mr. Godwin found Plaintiff very upset and irate, describing Plaintiff using his voice in high volume, with a red face. | 14. Godwin Depo., pp.14:1-11 |
| 15. | Mr. Godwin characterized Plaintiff's behavior as vociferous, loud and heated which "at times bordered on the edge of violence." | 15. Godwin Depo., pp., 47:15-48:18 |
| 16. | Plaintiff estimates that after approximately seven attempts to gain a meeting with the District Attorney, he paid to have an advertisement published in several newspapers on April 12, 2005, purporting to levy criticism of the District Attorney's office for their inaction to his complaint against the third party. | 16. SAC ¶ 16; Deposition of Toler, pp. 79:8-80:1, and Exhibit 2 thereto |
| 17. | Following this advertisement, Plaintiff went back to the office of the District Attorney multiple times to continue to attempt to set a meeting with Defendant PAULSON. | 17. Deposition of Plaintiff Toler, p. 56:8-25; 58:5-12; 60:16-61:6; 64:4-67:1, 86:19-87:8 |
| 18. | On June 8, 2005, Plaintiff filed a small claims action against Defendant PAULSON. | 18. Deposition of Toler, pp. 64:8-10, 129:22-130:9, and Exhibit 6 thereto |
| 19. | In the small claims action, Plaintiff sought damages in the amount of $26.75, for the gasoline purportedly expended in driving to the office of the District Attorney. | 19. Deposition of Toler, pp. 64:8-10, 129:22-130:9, and Exhibit 6 thereto |
| 20. | For many of his visits to the office of the District Attorney, Plaintiff was already at the Solano County business center in connection with his bail bonds business, and would simply walk over the to government center directly across the street. | 20. Deposition of Toler, pp. 71:11-72:8 |

| | | | |
|---|---|---|---|
| 21. | On or around June 13, 2005, Plaintiff again visited the office of the District Attorney. Plaintiff spoke with Defendant GARZA. | 21. | Deposition of Toler, pp. 133:2-22 |
| 22. | Plaintiff summarizes what happened during the meeting, stating that he "made it real clear to [GARZA] that [he] thought [GARZA] was useless as a public servant; [GARZA] was inexperienced as an investigator or any type of law enforcement officer; that [GARZA] had forgotten that [GARZA] works for the people and [GARZA] wasn't some whore" for the District Attorney | 22. | Deposition of Toler, pp. 87:8:-88:5, 133:2-22, 140:19-141:24 |
| 23. | Plaintiff purports to have stated to Defendant GARZA:<br><br>Al, your performance is on the level of that of a meter maid...the only difference between you and the meter maid is if you brought an Uzi in the courthouse, nobody would care. If the meter maid brought it into the courthouse, you would throw him in jail. | 23. | Deposition of Toler, pp. 142:13-144:14 |
| 24. | Defendant GARZA understood[1] Plaintiff to be making a threat. | 24. | Declaration of Al Garza in Support of Application for Injunctive Relief Against Workplace Violence, ¶s 2-4; Request for Judicial Notice, ¶ 1, Ex. A |
| 25. | Based on this apparent threat, the COUNTY OF SOLANO filed a Petition of Employer for Injunction Prohibiting Violence or Threats of Violence Against Employee and Temporary Restraining Order ("Workplace Violence Petition"). | 25. | County of Solano v. Toler, Solano County Superior Court Case No. FCS026197. Workplace Violence Petition; Request for Judicial Notice, ¶ 2, Ex. B thereto |

---

[1]Defendant GARZA has a different recollections of the statement. For purposes of this motion, however, Defendants presume Plaintiff's purported version, or as stated in his voice mail to Mr. Godwin, were uttered.

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

00617761.WPD

DEFENDANTS' UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT/ADJUDICATION

- 4 -

| | | | |
|---|---|---|---|
| 26. | On June 15, 2006, Solano County Superior Court Commissioner Alberta Chew issued a TRO against Plaintiff ("TRO"). | 26. | Request for Judicial Notice, ¶ 3, Ex. C thereto |
| 27. | On or about June 15, 2006, Plaintiff called William Godwin and left a voice mail, in which Mr. Godwin heard Plaintiff relay that he now purported to state that "you and Byerley couldn't get fired even if you came into this building with an Uzi" but that Defendant GARZA had misinterpreted the statement. | 27. | Godwin Depo., pp 45:13-46:8, and Exhibits 16-19 thereto |
| 28. | Following the issuance of the Workplace Violence Petition and TRO, Plaintiff continued to pay for advertisements critical of the office of the District Attorney. | 28. | Deposition of Toler, pp. 110:4-25, and Exhibit 5 thereto; pp. 92:10-93:8, and Exhibit 3 thereto |
| 29. | One of the paid advertisements entitled "Elect Tom Toler for Solano District Attorney, if he was running" dated April 6, 2006. | 29. | Deposition of Toler, pp. 110:4-25, and Exhibit 5 thereto |
| 30. | In this advertisement, Plaintiff references monies received for stolen car recovery, for which Plaintiff was accusing the District Attorney of misusing public funds. | 30. | Deposition of Toler, pp. 110:4-25, and Exhibit 5 thereto; 113:19-114:22 |
| 31. | Regardless of the April 12, 2005 advertisement, Plaintiff's aggressive and agitated behavior generated a reasonable belief and probable cause to believe, that the plaintiff could inflict violence on staff members of the District Attorney's Office for purposes of CCP 527.8-527.9. | 31. | Declaration of Jared Zwickey, ¶s 1-4, and Expert Report attached as Exhibit A thereto |

Dated: October 1, 2008

Respectfully Submitted,

PORTER SCOTT
A PROFESSIONAL CORPORATION

By   /s/ John R. Whitefleet

Terence J. Cassidy
John R. Whitefleet
Attorneys for Defendants