1  MATT GONZALEZ (SBN 153486)
   MATT SPRINGMAN (SBN 252508)
2  GONZALEZ & LEIGH, LLP
   Two Shaw Alley, 3rd Floor
3  San Francisco, CA 94105
   Telephone: (415) 512-2000
4  Facsimile: (415) 512-2001

5  Attorneys for Plaintiffs
   JOEL THOMAS TOLER
6

7

8

9                    UNITED STATES DISTRICT COURT
10
                     EASTERN DISTRICT OF CALIFORNIA
11

12 | JOEL THOMAS TOLER,                    | Case No. CIV 06-0735 LKK DAD
   |                                        |
13 |                  Plaintiff,            | **OBJECTIONS TO DEFENDANTS'**
   |                                        | **STATEMENT OF UNDISPUTED FACTS**
14 |      vs.                               |
   |                                        | Date:  November 3, 2008
15 | DAVID PAULSON, COUNTY OF SOLANO,       | Time:  10:00 a.m.
   | AL GARZA, BROOK BYERLY, and DOES 1     | Crtrm: 4
16 | through 10, inclusive,                 | Judge: Lawrence K. Karlton
   |                                        |
17 |                  Defendants.           |

18

19

20

21

22

23

24

25

26

27

28

**PLTFS RESPONSE TO DEFT'S SEPARATE STATEMENT OF UNDISPUTED FACTS AND ASSERTION OF ADDITIONAL FACTS ISO OF PLTFS' OPPOSITION TO MSJ**
**Case No. CIV 06-0735 LKK DAD**

| DEFENDANTS' UNDISPUTED FACTS | PLAINTIFF'S RESPONSE |
|---|---|
| 1.  On March 27, 2005, Plaintiff reported threats to his children to the Fairfield police.<br><br>*Second Amended Complaint "SAC" ¶ 13* | 1. On March 27, 2005 Richard Oawseter threatened to kill Plaintiff's children, saying "you might as well get used to used to not having your kids here" and "that bitch and bastard son of yours is dead."<br><br>*See* Declaration of Matt Springman, Ex. A at 31:21- 34-4 [Excerpts from the deposition transcript of Tom Toler]. |
| 2.   On April 7, 2005, Plaintiff first appeared at the office of the District Attorney "to inquire what action was being taken on the report."<br><br>*SAC ¶ 7* | |
| 3.   Plaintiff spoke with Defendant BYERLEY, who told Plaintiff, that he did not have the Fairfield police report yet.<br><br>*SAC ¶ 14* | |
| 4.   Wanting a meeting with the Defendant PAULSON, Plaintiff proceeded to leave "a dozen messages or so" with the staff of the District Attorney.<br><br>*Deposition of Plaintiff Toler, pp. 56:8-25; 58:5-12; 60:16-61:6; 64:4-67:1, attached as Exhibit A to Declaration of John R. Whitefleet ("Deposition of Plaintiff Toler")* | 4. Plaintiff left a "dozen messages or so" over the course of several months to inquire on the status of any investigation into the threats made against his children.  None of the messages were ever returned.<br><br>*See* Declaration of Matt Springman, Ex. A at 56:8-25; 58:5-12; 60:16-61:6; 64:4-67:1 [Excerpts from the deposition transcript of Tom Toler]. |
| 5.   In total, Plaintiff went to the office of the District Attorney eighteen times.<br><br>*Deposition of Plaintiff Toler, p. 65:2-3* | |

1

**PLTFS RESPONSE TO SEPARATE STATEMENT OF UNDISPUTED FACTS AND ASSERTION OF ADDITIONAL FACTS ISO OF PLTFS' OPPOSITION TO MSJ**
**Case No. CIV 06-0735 LKK DAD**

| | |
|---|---|
| 6. On one occasion, Plaintiff spoke with Linda Jones, the front clerk at the office of the District Attorney to speak with a supervisor.<br><br>*Deposition of Linda Jones dated May 9, 2006, taken in connection with County of Solano v. Toler, Solano County Superior Court Case No. FCS026197, Exhibit B to Declaration of John R. Whitefleet ("Jones Depo."), pp. 5:25-6:21* | |

**PLTFS RESPONSE TO SEPARATE STATEMENT OF UNDISPUTED FACTS AND ASSERTION OF ADDITIONAL FACTS ISO OF PLTFS' OPPOSITION TO MSJ**
**Case No. CIV 06-0735 LKK DAD**

| | |
|---|---|
| 7.  Ms. Jones recalls Plaintiff as being loud, yelling, angry with "threatening body language."<br><br>*Jones Depo., pp. 7:13-14, 8:13-18, 11:10-16, 12:12-13:5* | 7.  Mr. Jones never "hear[d] [Mr. Toler] threaten anyone."<br><br>*Jones Depo*, p 9:5-6, Exhibit K to Declaration of Matt Springman ISO Plaintiff's Opposition to Summary Judgment<br><br>Q: And these other four – the four or five occasions – were these the times that he came to your particular window?<br><br>A: Well he must have<br><br>Q: Okay<br><br>A: Yeah, he must have.<br><br>Q: So these were all occasions where you had interactions with Mr. Toler?<br><br>\* \* \*<br><br>A: Yes, Yes.<br><br>Q: Okay.  So he came to see Mr. Paulson each time?<br><br>A: Yes<br><br>Q: And what would you – on these occasions what would you – on the one occasion where he was loud and upset, you had Marsha come up and speak to him; is that –<br><br>A: That's correct.<br><br>Q: Okay on these occasions, you would have the investigator come up and speak to him?<br><br>A: Yeah. I would just say, you know, "just have a seat, and someone will be out in just a minute."<br><br>Q: And then someone would come out and he would speak to them?<br><br>A: Yes, um—hmm. |

| | | |
|---|---|---|
| 1 | | Q: On these occasions did he cause any type of – other than the one incident, did he cause a disturbance on any of these other occasions? |
| 2 | | |
| 3 | | A: Not that I recall. |
| 4 | | *Jones Depo*, p 10:21-12:2, Exhibit K to Declaration of Matt Springman ISO Plaintiff's Opposition to Summary Judgment |
| 5 | | |
| 6 | 8.   Ms. Jones could not recall anyone else causing a disturbance like Plaintiff. | Q: Okay. Did you hear him make any specific threats to anyone at the DA's Office? |
| 7 | | |
| 8 | *Jones Depo., pp. 12:12-13:5* | A: I did not. |
| 9 | | *See* Declaration of Matt Springman, Ex K at 12:9-11, [excerpts from the deposition of Linda Jones] |
| 10 | | |
| 11 | 9.   Ms. Marsha Johnson, Clerical Operations Manager with the office of the District Attorney, responded to the request for a supervisor on April 7, 2005.<br><br>*Deposition of Marsha Johnson dated May 9, 2006, taken in connection with County of Solano v. Toler, Solano County Superior Court Case No. FCS026197, Exhibit C to Declaration of John R. Whitefleet ("Johnson Depo."), pp. 5:17-25, 11:14-12:8* | |
| 18 | 10.   At some point, Ms. Johnson recalls Plaintiff saying that he would "have to kill the person who's making threats against my children.<br><br>*Johnson Depo., pp. 14:16-21, 27:24-27:2* | The Statement as recalled by Defendant Byereley was "don't make me defend my kids."<br><br>*See* Declaration of Matt Springman, Ex L [April 12 report of Brook Byerely, documenting Mr. Toler's April 7, 2008 visit]. |
| 23 | 11.   Ms. Johnson believed Plaintiff was upset, and his body language and tone of voice was making her feel uncomfortable, and threatened.<br><br>*Johnson Depo., pp. 14:5-11, 15:15-22, 18:3-6; 27:7-23* | |

4

**PLTFS RESPONSE TO SEPARATE STATEMENT OF UNDISPUTED FACTS AND ASSERTION OF ADDITIONAL FACTS ISO OF PLTFS' OPPOSITION TO MSJ**
**Case No. CIV 06-0735 LKK DAD**

| | | |
|---|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8 | 12.  Warren Butler, Senior Procedures Clerk with the office of the District Attorney, observed the conversation between Plaintiff and Ms. Johnson, describing Plaintiff as angry and upset.<br><br>*Deposition of Warren Butler dated May 9, 2006, taken in connection with County of Solano v. Toler, Solano County Superior Court Case No. FCS026197, Exhibit D to Declaration of John R. Whitefleet ("Butler Depo."), pp. 5:24-6:9, 6:10-17, 10:9-18, 11:3-7, 12:25-13:6* | |
| 9<br>10<br>11<br>12<br>13<br>14<br>15 | 13.  Mr. William Godwin, an investigator with the office of the District Attorney responded to requests by the front desk to speak with Plaintiff.<br><br>*Deposition of William Godwin dated January 19, 2006, taken in connection with County of Solano v. Toler, Solano County Superior Court Case No. FCS026197, Exhibit D to Declaration of John R. Whitefleet ("Godwin Depo."), pp. 10:19-22, 12:15-22* | |
| 16<br>17<br>18<br>19 | 14.  Mr. Godwin found Plaintiff very upset and irate, describing Plaintiff using his voice in high volume, with a red face.<br><br>*Godwin Depo., pp. 14:1-11* | Godwin testified that he had a productive conversation with Mr. Toler and that they parted on a friendly note.<br><br>*See* Declaration of Matt Springman, Ex. D at 12:23 [Deposition Transcript of William Godwin (rough)] |

20
21
22
23
24
25
26
27
28

5
**PLTFS RESPONSE TO SEPARATE STATEMENT OF UNDISPUTED FACTS AND ASSERTION OF ADDITIONAL FACTS ISO OF PLTFS' OPPOSITION TO MSJ**
**Case No. CIV 06-0735 LKK DAD**

| | |
|---|---|
| 15. Mr. Godwin characterized Plaintiff's behavior as vociferous, loud and heated which "at times bordered on the edge of violence."<br><br>*Godwin Depo., pp. 47:15-48:18* | Q: Did you, at any point, feel personally threatened by Mr. Toler?<br><br>A: No<br><br>Q: I need to ask the question. Did you in any way [feel] personally intimidated by Mr. Toler?<br><br>A: No<br><br>Q: Did he ever make any effort or movement or anything that caused you to say to yourself, "I better watch this guy," anything like that?<br><br>A: No.<br><br>*See* Declaration of Matt Springman, Ex. D at 15:3-13 [Deposition Transcript of William Godwin (rough)] |
| 16. Plaintiff estimates that after approximately seven attempts to gain a meeting with the District Attorney, he paid to have an advertisement published in several newspapers on April 12, 2005, purporting to levy criticism of the District Attorney's office for their inaction to his complaint against the third party.<br><br>*SAC ¶ 16; Deposition of Toler, pp. 79:8-80:1, and Exhibit 2 thereto* | |
| 17. Following this advertisement, Plaintiff went back to the office of the District Attorney multiple times to continue to attempt to set a meeting with Defendant PAULSON.<br><br>*Deposition of Plaintiff Toler, p. 56:8-25; 58:5-12; 60:16-61:6; 64:4-67:1, 86:19-87:8* | |
| 18. On June 8, 2005, Plaintiff filed a small claims action against Defendant PAULSON.<br><br>*Deposition of Toler, pp. 64:8-10, 129:22-130:9, and Exhibit 6 thereto* | |

**PLTFS RESPONSE TO SEPARATE STATEMENT OF UNDISPUTED FACTS AND ASSERTION OF ADDITIONAL FACTS ISO OF PLTFS' OPPOSITION TO MSJ**
**Case No. CIV 06-0735 LKK DAD**

| | |
|---|---|
| 19.   In the small claims action, Plaintiff sought damages in the amount of $26.75, for the gasoline purportedly expended in driving to the office of the District Attorney.<br><br>*Deposition of Toler, pp. 64:8-10, 129:22-130:9, and Exhibit 6 thereto.* | In the small claims action, Plaintiff sought damages in the amount of $26.75, for the gasoline expended in driving to the office of the District Attorney. |
| 20.   For many of his visits to the office the District Attorney, Plaintiff was already at the Solano County business center in connection with his bail bonds business, and would simply walk over the to government center directly across the street.<br><br>*Deposition of Toler, pp. 71:11-72:8* | |
| 21.  On or around June 13, 2005, Plaintiff again visited the office of the District Attorney. Plaintiff spoke with Defendant GARZA.<br><br>*Deposition of Toler, pp.  133:2-22* | |
| 22.  Plaintiff summarizes what happened during the meeting, stating that he "made it real clear to [GARZA] that [he] thought [GARZA] was useless as a public servant; [GARZA] was inexperienced as an investigator or any type of law enforcement officer; that [GARZA] had forgotten that [GARZA] works for the people and [GARZA] wasn't some whore" for the District Attorney.<br><br>*Deposition of Toler, pp. 87:8-88:5, 133-2-22, 140:19-141:24* | |

| | |
|---|---|
| 23. Plaintiff purports to have stated to Defendant GARZA:<br><br>    Al, your performance is on the level of that of a meter maid. . . the only difference between you and the meter maid is if you brought an Uzi in the courthouse, nobody would care.  If the meter maid brought it into the courthouse, you would throw him in jail.<br><br>*Deposition of Toler, pp. 142:13-144:14* | |
| 24. Defendant GARZA understood[1] Plaintiff to be making a threat.<br><br>*Declaration of Al Garza in Support of Application for Injunctive Relief Against Workplace Violence, ¶s 2-4; Request for Judicial Notice, ¶ 1, Ex. A* | The statement attributed to Mr. Toler by Mr. Garza in his declaration is significantly different than the quotation appearing in Defendants' Undisputed Fact # 23.  In his Declaration, Al Garza attributes this statement to Mr. Toler:<br><br> "[E]very time I come to see you, you send Brook Byerely, and he patted me down and treated me like I had an uzi when I come up here, which maybe I should do."<br><br>Mr. Toler denies ever making that statement.<br><br>*See* Declaration of Matt Springman, Ex. L at 15:3-13 [Petition for Temporary Restraining Order and Declaration of Al Garza ISO Petition for TRO] |
| 25. Based on this apparent threat, the COUNTY OF SOLANO filed a Petition of Employer for Injunction Prohibiting Violence or Threats of Violence Against Employee and Temporary Restraining Order ("Workplace Violence Petition").<br><br><u>County of Solano v. Toler</u>, Solano County Superior Court Case No. FCS026197. Workplace Violence Petition; Request for Judicial Notice, ¶ 2, Ex. B thereto | The TRO was filed on behalf of Solano County Employees Brook Byerely, David Paulson, and Al Garza.<br><br>The apparent threat relied upon in that petition was the statement in Al Garza's Declaration, which is quoted above.<br><br>Again, Mr. Toler denies ever making that statemement.<br><br>*See* Declaration of Matt Springman, Ex. L at |

---

[1] Defendant GARZA has a different recollections of the statement.  For purposes of this motion, however, Defendants presume Plaintiff's purported version, or as stated in his voice mail to Mr. Godwin, were uttered.

| | |
|---|---|
| | 15:3-13 [Petition for Temporary Restraining Order and Declaration of Al Garza ISO Petition for TRO] |
| 26.  On June 15, 2006, Solano County Superior Court Commissioner Alberta Chew issued a TRO against Plaintiff ("TRO").<br><br>*Request for Judicial Notice, ¶ 3, Ex. C thereto* | |
| 27.  On or about June 15, 2006, Plaintiff called William Godwin and left a voicemail, in which Mr. Godwin heard Plaintiff relay that he now purported to state "you and Byerley couldn't get fired even if you came into this building with an Uzi" but that Defendant GARZA had misinterpreted the statement.<br><br>*Godwin Depo., pp. 45:13-46:8, and Exhibits 16-19 thereto* | |
| 28.  Following the issuance of the Workplace Violence Petition and TRO, Plaintiff continued to pay for advertisements critical of the office of the District Attorney.<br><br>*Deposition of Toler, pp. 110:4-25, and Exhibit 5 thereto; pp. 92:10-93:8, and Exhibit 3 thereto* | |
| 29.  One of the paid advertisements entitled "Elect Tom Toler for Solano District Attorney, if he was running" dated April 6, 2006.<br><br>*Deposition of Toler, pp. 110:4-25, and Exhibit 5 thereto* | |
| 30.  In this advertisement, Plaintiff references monies received for stolen car recovery, for which Plaintiff was accusing the District Attorney of misusing public funds.<br><br>*Deposition of Toler, pp. 110:4:25, and Exhibit 5 thereto, 113:19-114:22* | |

9
**PLTFS RESPONSE TO SEPARATE STATEMENT OF UNDISPUTED FACTS AND ASSERTION OF ADDITIONAL FACTS ISO OF PLTFS' OPPOSITION TO MSJ**
**Case No. CIV 06-0735 LKK DAD**

| | |
|---|---|
| 31. Regardless of the April 12, 2005 advertisement, Plaintiff's aggressive and agitated behavior generated a reasonable belief and probable cause to believe, that the plaintiff could inflict violence on staff members of the District Attorney's Office for purposes of CCP 527.8-527.9.<br><br>*Declaration of Jared Zwickey, ¶s 1-4, and Expert Report attached as Exhibit A thereto.* | See Plaintiff's Objection to the Declaration of Jared Zwickey. |

DATED:  October 20, 2008              GONZALEZ & LEIGH, LLP


                                By:_____/s_____
                                    MATT SPRINGMAN
                                    Attorney for Plaintiffs