1 | MATT GONZALEZ (SBN 188608)
2 | MATT SPRINGMAN (SBN 252508)
  | GONZALEZ & LEIGH, LLP
3 | Two Shaw Alley, 3rd Floor
  | San Francisco, CA 94105
4 | Telephone: (415) 512-2000
  | Facsimile: (415) 512-2001

5 | Attorneys for Plaintiffs
6 | JOEL THOMAS TOLER

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL THOMAS TOLER,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID PAULSON, COUNTY OF SOLANO, AL GARZA, BROOK BYERLY, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. CIV 06-0735 LKK DAD<br><br>**PLAINTIFFS OBJECTIONS TO AND MOTION TO STRIKE THE DECLARATION OF JARED ZWICKEY**<br><br>Date: November 3, 2008<br>Time: 10:00 a.m.<br>Dept: 4<br>Judge: Honorable Lawrence K. Karlton |

## I. INTRODUCTION

Plaintiff Tom Toler hereby moves to strike the Declaration and Report of Jared Zwickey and the opinions contained therein. Mr. Zwickey's Declaration is improper for several reasons, and viewed in its entirety, it is unclear how this expert witness assists the court in its summary judgment determination.

As an initial matter, Defendants are offering a Declaration and Report by a police practices expert, who's primary experience is testifying in excessive force cases, to opine that Defendants acted in good faith, as well as to offer the legal conclusion that sufficient evidence existed in this matter to justify the issuance of the TRO. Even putting aside that this expert witness is not qualified to render legal conclusions and that courts are generally hesitant to allow a witness to testify to ultimate legal questions, this expert relied exclusively on defendant's self-serving deposition testimony, rendering any objective expert opinion incomplete and speculative.

Indeed, his review of the record is woefully incomplete, includes only the depositions of defendants and/or county employees, and does not include a number of documents, evidence, and other testimony that would tend to favor Mr. Toler. Notwithstanding, Mr. Zwickey's assertion that he reviewed "a variety of documents and things to reach opinions in this matter," it appears that Defendants' neglected to provide Mr. Zwickey with documents and testimony that may have substantially altered his conclusions (including the deposition of Mr. Toler).

Additionally, as mentioned above, Mr. Zwickey's Declaration and Report is peppered with legal conclusions which he is not qualified to give. And, his conclusions include misstatements of the law, including a serious misstatement of the standard for issuing a TRO under §527.8 – a fundamental issue in determining the merits of Defendants' pending summary judgment motion. Indeed a review of his CV, reveals that Mr. Zwickey may qualify as an expert in police practices surrounding the use of force, but he is not qualified to offer purely legal opinions, which Mr. Zwickey attempts to do in his Report.

Cloaked in his misstatements of the law, he then offers conjecture for the proposition that Mr. Toler is capable of inflicting violence on employees of the District Attorney's Office, but

1  provides no methodology for his conclusions.

2  Given the substantial evidentiary and legal deficiencies included in Mr. Zwickey's Declaration, and the prejudicial effect it may have on Plaintiff's Opposition to Defendants Motion, Plaintiff respectfully asks this court to strike the Declaration and Report of Mr. Zwickey, and the opinions contained therein.

## II. MR. ZWICKEY'S REPORT IS BASED ON A DEFICIENT RECORD, WHICH RENDERS HIS REPORT INCOMPLETE AND SPECULATIVE

Page 2 of Mr. Zwickey's report provides a list of Depositions he reviewed in his analysis of the case. Notably, all depositions reviewed by Mr. Zwickey are the depositions of either Defendants in this matter, or other employees of the District Attorney's Office. Mr. Zwickey never reviewed the Deposition of Mr. Toler, or the transcript of the trial in which Mr. Toler was acquitted on all criminal charges related to this matter. Mr. Zwickey attempted no independent inquiry into the substance of Mr. Toler's allegations, and conducted no interviews. And beyond Mr. Toler's complaint, Mr. Zwickey reviews no other documents tending to favor Mr. Toler's version of events, including information related to Mr. Toler's law enforcement and military background. Indeed, Mr. Zwickey's isolation of testimony that describes Mr. Toler's apparent "incremental state of agitation," belies a fundamental issue in this case: that Mr. Toler, while attempting to obtain answers to the serious matter of the safety of his children, was severely mistreated by the Solano County District Attorney's Office over the course of several months. But, Mr. Zwickey was never provided with that testimony. Predictably then, his resulting analysis is one-sided and self-serving, and amounts to speculation.[1]

## III. MR. ZWICKEY'S DECLARATION CALLS FOR LEGAL CONCLUSIONS WHICH HE IS NOT QUALIFIED TO GIVE. AND IN OFFERING HIS LEGAL OPINION HE MISSTATES THE LEGAL STANDARD FOR ISSUING A TRO UNDER §527.8.

Mr. Zwickey is not a trained lawyer or judge, and a review of his resume indicates that, while Mr. Zwickey may have some expertise in general police practices and use of force, he is

---

[1] *Goodwin v. MTD Products, Inc*, 232 F.3d 600, 607-08 (7th Cir. 1999).

not qualified to offer opinions on the legal questions presented here, namely whether sufficient evidence existed to determine whether Plaintiff represented a credible violent threat. Indeed, his report is marked by instances of incorrect legal analysis, including his legal opinion of a fundamental issue in this case – the standard by which a TRO may be issued under § 527.8.

At ¶4 of his Declaration, Mr. Zwickey writes "it is my opinion in essence that regardless of the (sic) Plaintiff Toler's April 12, 2005 advertisement, his aggressive and agitated behavior generated a reasonable belief that the plaintiff *could* inflict violence on staff members of the District Attorney's Office." (emphasis added) While the statement itself is less than clear (why is Plaintiff's advertisement relevant?), one aspect of it is – it misstates the legal standard for issuing a TRO under §527.8.

The issuance of a TRO under § 527.8 requires that an employee suffer from an act of unlawful violence or a credible threat of violence.[2] Mr. Zwickey does not base his conclusion (or even reference) the standard provided by § 527.8. Instead, Zwickey concludes only that Mr. Toler "could inflict violence on staff members." On its face, Mr. Zwickey's conclusion is legally insufficient. And his inclusion of his own incorrect legal analysis does nothing to illuminate, and in fact hinders, a proper review of the calculus by which the TRO was issued against Mr. Toler in this matter.

Mr. Zwickey's finding, while remotely interesting, is nothing more than the legal conjecture of a person who is unqualified to offer it.[3] It should be stricken.

### IV. MR. ZWICKEY'S OPINION ON THE "GOOD FAITH" OF THE DEFENDANTS IS CONCLUSORY AND LACKS FOUNDATION

On Page 2 of his report (at the bottom), Mr. Zwickey offers the following opinion: "After a thorough review of the facts and circumstances, including a review of the reports, correspondence, deposition testimony of the witnesses, the defendants and attached exhibits, *I*

---

[2] *Scripps Health v. Marin*, 72 Cal.App.4th 324, 331 (1999).
[3] *Snap-Drape, Inc. v. Commissioner of Internal Revenue*, 98 F.3d 194, 197-98 (5th Cir. 1996) (trial court properly excluded expert reports that represented legal conclusions); *Taylor v. Burlington Northern Railroad Co.*, 787 F.2d 1309, 1315-16 (9th Cir. 1986).

*formed an opinion that the defendants acted in a manner that was proper, reasonable, and was exercised in good faith.*" Aside from rehashing a one-sided version of events culled exclusively from the Defendants' deposition transcripts, Mr. Zwickey provides no objectively reliable basis for his opinion that the defendants conduct was "proper, reasonable, and was exercised in good faith." Among other things, Mr. Zwickey is offering inadmissible character evidence masquerading as expert opinion.

Additionally, Mr. Zwickey offers a legal conclusion when he opines that the defendants acted in good faith. Good faith immunity is a legal issue that is in dispute in this matter, and Mr. Zwickey is not qualified to offer such an opinion. As such, it should be stricken.

### V. MR. ZWICKEY'S REPORT CONTAINS UNSUBSTANTIATED FACTUAL ASSERTIONS, NAMELY, THAT DEFENDANT GARZA IS AN EXPERT IN WORKPLACE VIOLENCE AND THREAT ASSESSMENT

Again on page 2, under "opinions" Zwickey provides that his opinion regarding the reasonableness of Defendants' conduct "was based on Investigator Garza's years of experience and training in threat assessment." Mr. Garza's status as an expert in threat assessment and workplace violence and threat assessment is in serious dispute in this matter. Indeed, despite Mr. Garza's declaration in support of the TRO that he is an expert on threat assessment (and has testified as one), his deposition testimony revealed that his own declaration is, at best, a serious overstatement of his credentials:

> Q: And you've never testified as an expert?
>
> A: No.
>
> Q: Have you ever been qualified in any court as an expert?
>
> A: No.

See Declaration of Matt Springman ISO Plaintiff's Opp. to SJ, Ex. F at 51:1-5 [Declaration of Al Garza (rough)]

Mr. Zwickey's reliance on Mr. Garza's bloated self-serving declaration that he is an expert in threat assessment, even in the face of contrary evidence, is inappropriate.[4]

---

[4] *Logsdon v. Baker*, 517 F.2d 174, 175 (D.C. Cir. 1975) (Expert's opinion that assumes facts that are not

4

1  All conclusions and opinion based on Mr. Garza's apparent expertise should be stricken.

**VI.  CONCLUSION**

For the above-outlined reasons, Mr. Toler respectfully requests that Court strike the Declaration and Report of Jared Zwickey, and conclusion and opinions contained therein.

DATED: October 21, 2008                    GONZALEZ & LEIGH, LLP


By: /s/ Matt Springman
    MATT SPRINGMAN
    Attorney for Plaintiff
    JOEL THOMAS TOLER

---

supported by the evidence is improper).