**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
Terence J. Cassidy, SBN 099180
John R. Whitefleet, SBN 213301
350 University Ave., Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

ATTORNEYS FOR:   Defendants DAVID PAULSON, AL GARZA, and BROOK BYERLEY.

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL THOMAS TOLER,<br><br>  Plaintiff,<br><br>vs.<br><br>DAVID PAULSON, COUNTY OF SOLANO, AL GARZA, BROOK BYERLEY, and DOES 1 through 10, inclusive<br><br>  Defendants.<br>_____/ | Case No. CIV 06-0735 LKK DAD<br><br>**DEFENDANTS' PRETRIAL STATEMENT**<br><br>Final Pretrial Conference:   01/12/09<br>Trial:   03/10/09 |

Defendants[1] DAVID PAULSON, AL GARZA, and BROOK BYERLEY, hereby submit the following Pre-trial Statement in accordance with the Status (Pretrial Scheduling) Order dated October 17, 2007.

### I.

### JURISDICTION/VENUE

Plaintiff has brought this action pursuant to 42 USC §1983. Jurisdiction is based upon 28 USC §§1331 and 1343. Jurisdiction is based upon 28 USC §1367.

Venue is proper in the Eastern District because the acts complained of occurred in this District. 28 USC §1391 (b) and (c). Venue is proper within this division under Local Rule

___

[1] Defendant COUNTY OF SOLANO was dismissed by Order dated November 6, 2008.

1

00641863.WPD         **DEFENDANTS' PRETRIAL STATEMENT**

3-120 subdivision (d).

## II.

## JURY OR NON-JURY CASE

The parties have timely demanded a jury trial in this matter.

## III.

## UNDISPUTED FACTS

See Joint Pre-Trial Conference Statement, to be filed by Plaintiff..

## IV.

## DISPUTED FACTUAL ISSUES

See Joint Pre-Trial Conference Statement, to be filed by Plaintiff.

## V.

## GENERAL FACTUAL INFORMATION

On March 27, 2005, Plaintiff made a report of threats to his children to the Fairfield police. Starting in April 2005, Plaintiff went to the office of the District Attorney eighteen times, in purported attempts to gain an audience with the District Attorney. The threats to his children were deemed not actionable. Plaintiff paid the newspaper to publish an advertisement purportedly critical of the District Attorney on April 12, 2005.

On June 13, 2005, while in the lobby of the office of the District Attorney, Plaintiff made a comment to Defendant GARZA which referenced an "Uzi"- an automatic weapon. Believing Plaintiff's actions to be a credible threat of violence, the County of Solano obtained temporary restraining order in connection with a Workplace Violence Petition pursuant to California Civil Procedure section 527.8, on June 15, 2005. The restrictions in the TRO were subsequently modified by court order several times.

Following the issuance of the TRO, Plaintiff continued to pay for advertisements critical of the office of the District Attorney. The matter was ultimately resolved in an out-of-court settlement.

///

///

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916. 929.1481
FAX: 916. 927.3706
www.porterscott.com

00641863.WPD

2

DEFENDANTS' PRETRIAL STATEMENT

# VI.

## EVIDENTIARY ISSUES

1. Defendants will seek to exclude any testimony, evidence, reference or questions regarding the Plaintiff's criminal charges and trial including its outcome, <u>People v. Toler</u>, Solano County Superior Court Case No. FCR 227937.

2. Defendants will seek to exclude the Fairfield Police Report by Plaintiff regarding alleged threat(s) to his children by Richard Oawster.

3. Defendants will seek to exclude any testimony by Plaintiff regarding the loss of personal or business income/wages.

4. Defendants will seek to exclude any evidence of payment of attorney fees incurred in defense of the criminal matter <u>People v. Toler</u>, Solano County Superior Court Case No. FCR 227937.

5. Defendants will seek to exclude any evidence of advice of County Counsel sought by Defendants.

6. Defendants will seek to exclude any testimony, evidence, reference or questions regarding the involvement of Defendants in campaigning for office of the District Attorney.

# VII

## RELIEF SOUGHT

Plaintiff seeks general and special damages against the Defendants in an unknown amount. Although Plaintiff claimed loss of business, no documents were ever produced or provided. Plaintiff requests an award of attorney's fees and cost of suit incurred therein.

Defendants request that Plaintiff take nothing in this action, that Defendants be awarded their attorney fees and cost of suit, and for such other and further relief as the Court deems just and proper.

///
///
///

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL.: 916. 929.1481
FAX: 916. 927.3706
www.porterscott.com

3

00641863.WPD                **DEFENDANTS' PRETRIAL STATEMENT**

# VIII

## NON-DISCOVERY MOTIONS/RESOLUTIONS

On May 12, 2006, Defendants filed a Motion to Dismiss, arguing the court should abstain from jurisdiction pending the resolution of the underlying Workplace Violence Petition and criminal matter for violating the TRO. In an order dated July 27, 2006, the District Court granted the motion and stayed the matter in its entirety until October 17, 2007.

On November 16, 2007, Defendants filed a Motion to Dismiss the First Amended Complaint of Plaintiff. By Order March 14, 2008, the District Court dismissed any claim based on 42 U.S.C. section 1985, as well as any claim arising from the Fourth Amendment for the execution of a search warrant, or prosecution of Plaintiff for violating the TRO.

On October 1, 2008, Defendants filed a Motion for summary judgment/adjudication. In its Order dated November 6, 2008, the District Court dismissed the COUNTY OF SOLANO as a defendant, as well as any claim for relief based on the Fourteenth Amendment.

The remaining claims for relief are: retaliation/violation of First Amendment, and conspiracy to violate same pursuant to 42 U.S.C. section 1983 against defendants DAVID PAULSON, AL GARZA, and BROOK BYERLEY.

# IX.

## POINTS OF LAW

A.   **First Amendment Retaliation**

In order to demonstrate a First Amendment retaliation claim, a plaintiff must also provide evidence showing that "by his actions [the defendant] deterred or chilled [the plaintiff's] political speech and such deterrence was a substantial or motivating factor in [the defendant's] conduct." Mendocino Environmental Center v. Mendocino County, 192 F.3d 1283, 1300 (9th Cir. 1999) (quoting Sloman v. Tadlock, 21 F.3d 1462, 1469 (9th Cir. 1994)). In that regard, a plaintiff must demonstrate that defendants "intended to interfere with [plaintiffs'] First Amendment rights." Mendocino, 14 F.3d at 464. In addition to evidence that the defendant knew of the protected speech, Plaintiff must establish (1) evidence of

PORTER│SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916. 929.1481
FAX: 916. 927.3706
www.porterscott.com

4

00641863.WPD          DEFENDANTS' PRETRIAL STATEMENT

proximity in time between the protected speech and the allegedly retaliatory decision, (2) evidence that the defendant expressed opposition to the speech, or (3) evidence that the defendant's proffered reason for the adverse action was false or pretextual. See Keyser v. Sacramento City Unified Sch. Dist., 265 F.3d 741, 751-52 (9th Cir. 2001).

### B.    Plaintiff must also establish lack of probable cause

In order to establish a claim for First Amendment retaliation pursuant to 42 U.S.C. section 1983, Defendants submit that a plaintiff must also demonstrate[2] the lack of probable cause to initiate the adverse proceedings against him.  See e.g. Hartman v. Moore, 547 U.S. 250 (2006) (reversing the denial of qualified immunity to investigators on First Amendment retaliation claim where plaintiff criticized certain business decisions advocated by the Postal Service); See also Moore v. Hartman, 241 F.R.D. 59, 64 (D.D.C. 2007) (describing the standard as establishing that a reasonable and prudent man would not suspect that the plaintiff had committed the offense) citing Ornelas v. United States, 517 U.S. 690, 695, 116 S. Ct. 1657, 134 L. Ed. 2d 911 (1996); Barnes v. Wright, 449 F.3d 709, 720 (6th Cir. 2006) (rejecting a First Amendment retaliation claim where plaintiff was critical of officers' performance, and after the officers sought and obtained grand jury indictment leading to plaintiff's arrest, noting that the Hartman rule "sweeps broadly.") and Williams v. City of Carl Junction, 480 F.3d 871, 877 (8th Cir. 2007) (dismissing First Amendment retaliation claim against a city mayor arising from twenty-six traffic citations because plaintiff failed to establish even an arguable absence of probable cause).

A person who has been stalked, threatened, or otherwise seriously harassed may petition a court to enjoin such conduct. Cal. Code Civ. Proc. § 527.6; Grant v. Clampitt 56 Cal.App.4th 586, 591-592 (1997). The Workplace Violence Safety Act at issue here, section 527.8, "was enacted to allow employers to seek protections comparable to those offered under section 527.6 to enjoin workplace threats or acts of violence against employees."

---

[2] This Court has already noted that "[i]n order to prevail on his retaliation claim, plaintiff must show that these proceedings were instituted illegitimately and that the TRO was issued without probable cause." (See Docket Entry No. 18; Order filed July 27, 2006 p. 10:12-14).

00641863.WPD                    DEFENDANTS' PRETRIAL STATEMENT

Robinzine v. Vicory 143 Cal.App.4th 1416, 1423 (2006) (finding that workplace violence petitions ("WVP") under California Code of Civil Procedure section 527.8 may not provide a basis for retaliation and/or malicious prosecution actions). California Code of Civil Procedure section 527.8 enables employers to seek the same remedy for its employees as section 527.6 provides for natural persons. Scripps Health v. Marin 72 Cal.App.4th 324, 333-334 (1999). For purposes of California Code of Civil Procedure section 527.8, probable cause to seek a WVP requires an employee to have suffered unlawful violence or a credible threat of violence, and that great or irreparable harm would result to an employee. See Cal Code Civ Proc § 527.8(e). "Credible threat of violence" is a knowing and willful statement or course of conduct that would place a reasonable person in fear for his or her safety, or the safety of his or her immediate family, and that serves no legitimate purpose. Cal. Code Civ. Proc. § 527.8(b)(2).

### C. Finding of Probable Cause to Issue the TRO collaterally estops Plaintiff from arguing there was not probable cause

Finding of probable cause by a magistrate is presumed accurate. See Franks v. Delaware, 438 U.S. 154, 171 (1978) (warrant presumed valid). A court reviewing the sufficiency of the affidavits must give the magistrate's determination "'great deference.'" United States v. Leon, 468 U.S. 897, 914 (1984). See also Illinois v. Gates, 462 U.S. 213, 237, n.10 (1983) (magistrate's probable cause determination need only have "substantial basis" for concluding probable cause exists). Thus, where probable cause existed, plaintiff is precluded from relitigating the matter, and/or is collaterally estopped to argue probable cause did not exist. See, e.g., Peet v. City of Detroit, 502 F.3d 557, 566 (6th Cir. Mich. 2007).

### D. Defendants would have taken the same course of action regardless of Plaintiff's purportedly critical advertisement

Defendants "can escape liability by showing that it would have taken the same action even in the absence of the protected conduct." Keyser v. Sacramento City Unified Sch. Dist., 265 F.3d 741, 750 (9th Cir. 2001), quoting Bd. of County Comm'rs v. Umbehr, 518 U.S. 668,

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

00641863.WPD

6

DEFENDANTS' PRETRIAL STATEMENT

1  675, 116 S. Ct. 2342, 135 L. Ed. 2d 843 (1996).

### E. Witness Immunity

A witness who allegedly falsely testifies has long been afforded absolute witness immunity (Briscoe v. LaHue, 460 U.S. 325, 330-32 (1983) (absolute witness immunity for testimony at criminal proceedings). A "complaining witness," is defined as one a private party who initiates prosecution against another, is not afforded the same immunity. See e.g. Burns v. Reed, 500 U.S. 478, 501 (1991) (noting definition); See also Kulas v. Flores, 255 F.3d 780, 783 (9th Cir. 2001) ("A complaining witness is a person 'who actively instigated or encouraged the prosecution of the plaintiff.'" quoting Anthony v. Baker, 955 F.2d 1395, 1399 n.2 (10th Cir. 1992)). The distinction in a "witness" versus a "complaining witness" lies in the common law treatment between defamation actions and actions for malicious prosecution. See e.g. Kalina v. Fletcher, 522 U.S. 118, 133 (1997) (prosecutor not absolutely immune in attesting to facts in support of arrest warrant); White v. Frank, 855 F.2d 956, 961 (2d Cir. 1988). In a defamation action, the plaintiff seeks to hold a witness liable for the defamatory effect of his testimony. Id. In a malicious prosecution action, however, the plaintiff attempts to hold the witness liable for his role in "initiating a baseless prosecution" Id. Thus, it was generally considered that a party who initiated prosecution was not afforded immunity for such malicious prosecution. Id. From this line of reasoning emerged the test of whether absolute immunity lies for sworn testimony: a court examines "the nature of the function performed, not the identity of the actor who performed it" in light of proceeding in which the testimony was provided. See Kalina, 522 U.S. at 127 quoting Forrester v. White, 484 U.S. 219, 229 (1988); McCormick v. City of Lawrence, 99 Fed. Appx. 169, 173 (10th Cir. 2004) (prosecutor who filed a complaint with the Consumer Protection Division of the Office of the Kansas Attorney General was a complaining witness in debarment proceedings and thus not entitled to absolute immunity).

### F. Qualified Immunity

Defendants alleged they were acting in their official capacities at all times relevant to this action, and any alleged actions were made in good faith, without malice, or were

performed with a reasonable belief that their actions were authorized by and in accord with existing law and authority. Act Up!/Portland v. Bagley, 988 F.2d 868, 871 (9th Cir. 1993); Romero v. Kitsap County, 931 F.2d 624, 627 (9th Cir. 1991).

Qualified immunity applies to any damages claim for actions taken by government employees in their official capacities, unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known. Marshall v. Gates, 812 F.Supp. 1050 (C.D. Cal. 1993).

The Court must make three inquiries to determine whether the defense of qualified immunity is available to the Defendants. First, the Court must identify the right he allegedly violated. Second, the Court must determine whether the law governing his conduct is clearly enough established to alert a reasonable officer to its constitutional parameters. Third, the Court must consider whether, under the law, a reasonable officer could have believed his conduct was lawful. Reynolds v. County of San Diego, 84 F.2d 1162, 1166-1167 (9th Cir. 1996), citing Anderson v. Creighton, 483 U.S. 635, 640 (1987); Hunter v. Bryant, 502 U.S. 224, 226 (1991); DeNieva v. Reyes, 966 F.2d 480, 484-85 (9th Cir. 1992); and Act Up!/Portland v. Bagley, 988 F.2d 868, 871 (9th Cir. 1993).

It is not enough that the Plaintiff alleges that his constitutional rights were violated. This allegation is insufficient under Heflin v. Stewart County, Tenn., 958 F.2d 709 (8th Cir. 1992). For a right to have been "clearly established" something more than a general constitutional right such as due process must have been recognized. Thus, the right must be established in a "more particularized... sense." Id. at 640, 107 S.Ct. at 3038. This means that "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates the right. Id.; Danese v. Asman, 875 F.2d 1239, 1242 (6th Cir. 1989). It is not necessary that the "very action in question has previously been held unlawful." Rather the unlawfulness of the action must be apparent to the official "in light of the pre-existing law." Id. Heflin at 717 [Emphasis added].

The qualified immunity inquiry "must be undertaken in light of the specific context of the case, not as a broad general proposition." It is not enough to put a reasonable officer

on notice that her conduct is unlawful. A right that an officer is alleged to have violated must have been "clearly established in a more particularized, and hence more relevant sense." Thus, "[t]he relevant, dispositive inquiry in determined whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Brosseau v. Haugen (2004) 125 S.Ct. 596.

"The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Saucier v. Katz 533 U.S. 194, 202 (2001). "The concern of the immunity inquiry is to acknowledge that reasonable mistakes can be made as to the legal constraints on particular police conduct. It is sometimes difficult for an officer to determine how the relevant legal doctrine, here excessive force, will apply to the factual situation the officer confronts. An officer might correctly perceive all of the relevant facts but have a mistaken understanding as to whether a particular amount of force is legal in those circumstances. If the officer's mistake as to what the law requires is reasonable, however, the officer is entitled to the immunity defense." Id. at p. 205.

G.  **Punitive Damages Standard**

In Smith v. Wade (1971) 461 U.S. 30, 103 S.Ct. 1625, the United States Supreme Court held punitive damages may be awarded under § 1983 only if the Plaintiffs prove that the conduct of the Defendants was "motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." Id. at 56; *accord* Kennedy v. Los Angeles Police Dept. (9th Cir. 1989) 901 F.2d 702, 707.

X.

**ABANDONED ISSUES**

None.

XI.

**WITNESS LIST**

Defendants' list of witnesses is attached as Exhibit A.

///

PORTER|SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

9

00641863.WPD        **DEFENDANTS' PRETRIAL STATEMENT**

## XII.

## EXHIBITS

Defendants' list of exhibits is attached as Exhibit B.

## XIII.

## DISCOVERY DOCUMENTS

Defendants do not anticipate offering discovery responses.

## XIV.

## FURTHER DISCOVERY OR MOTIONS

Defendants anticipate filing motions in limine regarding disputed evidentiary issues.

## XV.

## STIPULATIONS

None.

## XVI.

## AMENDMENTS/DISMISSALS

None.

## XVII.

## SETTLEMENT AND NEGOTIATION

There have been no settlement negotiations between Plaintiff and Defendants in this matter, other than those that occurred in connection with the TRO. Defendants are amenable to a Settlement Conference.

## XVIII.

## AGREED STATEMENTS

An agreed statement of facts is neither feasible nor advisable.

## XIX.

## SEPARATE TRIAL OF ISSUES

Defendants anticipate a motion to bifurcate punitive damages.

///

///

## XX.

## IMPARTIAL EXPERTS/LIMITATIONS OF EXPERTS

Appointment of an impartial expert is not advisable. There is no need to limit experts: Plaintiff has not disclosed any expert witness; Defendants have one expert witness.

## XXI.

## ATTORNEY FEES

Defendants reserve the right to seek attorney fees pursuant to 42 USC §1988, and Local Rule 54-293.

## XXII.

## TRIAL EXHIBITS

Defendants do not request any special handling of the trial exhibits. Defendants acknowledge that pursuant to Local Rule 39-138(e), (f) and (g) that the Court will retain non-scanned exhibits offered at trial in the absence of a Court Order to the contrary or a final judgment or stipulation waiving the right to appeal, rehearing, or a new trial.

Respectfully submitted,

DATED: January 5, 2009   PORTER SCOTT
A Professional Corporation


By: /s/ John R. Whitefleet
      Terence J. Cassidy
      John R. Whitefleet
      Attorneys for Defendants

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

11

00641863.WPD   DEFENDANTS' PRETRIAL STATEMENT

# EXHIBIT A

## Defendants' Witness List

**Defendants**:

1. David Paulson
2. Al Garza
3. Brook Byerley
4. Linda Jones
5. Marsha Johnson
6. Warren Butler
7. William Godwin
8. Ira Rosenthal
9. John Daugherty
10. Det. Brad DeWall
11. Robin Keeney
12. Tom Toler

David Paulson, Al Garza, Brook Byerley, Linda Jones, Marsha Johnson, Warren Butler, William Godwin, Robin Keeney and Tom Toler are percipient witnesses to the incident. Ira Rosenthal will testify, if necessary, regarding the search for computerized documents at the County. Deputy District Attorney John Daugherty will testify regarding the handling of Plaintiff's complaint. Det. DeWall will testify regarding the search warrant executed.

Expert witnesses:

1. Jared Zwickey.

Mr. Zwickey will testify regarding peace officer practices, including but not limited to, threat assessment, causation, training practices, procedures and tactics for assessing threats, and the probable cause to seek a WorkPlace Violence Petition and/or TRO.

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

00641863.WPD   DEFENDANTS' PRETRIAL STATEMENT

12

# EXHIBIT B

## Exhibit List

Defendants expect to offer the following exhibits:

A. Email from Brook Byerley dated April 7, 2005
B. Memorandum by Brook Byerley dated April 12, 2005
C. Email from Marsha Johnson dated April 14, 2005
D. Memorandum by Warren Butler
E. Daily Republic Advertisement dated April 12, 2005
F. Memorandum by William Godwin dated June 14, 2005
G. Memorandum by William Godwin dated June 16, 2005
H. Memorandum by William Godwin dated June 20, 2005
I. Garza's POST Training Profile Report
J. County of Solano's Workplace Protection Handbook
K. Small claims action filed June 8, 2005, by Plaintiff against Defendant PAULSON, Toler v. Paulson, Solano County Superior Court Case No. FSC051416.
L. "Help Wanted" Advertisement
M. "Elect Tom Toler for District Attorney" Advertisement
N. Petition of Employer for Injunction Prohibiting Violence or Threats of Violence Against Employee and Temporary Restraining Order, County of Solano v. Toler, Solano County Superior Court Case No. FCS026197.
O. Declaration of Al Garza filed in Support of Application for Injunctive Relief Against Workplace Violence.
P. Temporary Restraining Order dated June 15, 2006, Solano County Superior Court by Commissioner Alberta Chew.
Q. Deposition of Tom Toler, taken on August 25, 2008
R. Deposition of Linda Jones dated May 9, 2006, taken in connection with County of Solano v. Toler, Solano County Superior Court Case No. FCS026197;
S. Deposition of Marsha Johnson dated May 9, 2006, taken in connection with

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

00641863.WPD    DEFENDANTS' PRETRIAL STATEMENT

|   |   |   |
|---|---|---|
| 1 |   | County of Solano v. Toler, Solano County Superior Court Case No. FCS026197; |
| 2 | T. | Deposition of Warren Butler dated May 9, 2006, taken in connection with County of Solano v. Toler, Solano County Superior Court Case No. FCS026197; |
| 4 | U. | Deposition of Deposition of William Godwin dated January 19, 2006, taken in connection with County of Solano v. Toler, Solano County Superior Court Case No. FCS026197 |
| 7 | V. | Expert Report of Jared Zwickey. |

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

00641863.WPD         **DEFENDANTS' PRETRIAL STATEMENT**

14