MATT GONZALEZ (SBN 153486)
G. WHITNEY LEIGH (SBN 153457)
MATT SPRINGMAN (SBN 252508)
GONZALEZ & LEIGH, LLP
Two Shaw Alley, 3rd Floor
San Francisco, CA 94105
Telephone: (415) 512-2000
Facsimile: (415) 512-2001

Attorneys for Plaintiff

PORTER SCOTT
A PROFESSIONAL CORPORATION
Terence J. Cassidy, SBN 099180
John R. Whitefleet, SBN 213301
350 University Ave., Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendants

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL THOMAS TOLER,<br><br>                 Plaintiff,<br><br>     vs.<br><br>DAVID PAULSON, COUNTY OF SOLANO, AL GARZA, BROOK BYERLY, and DOES 1 through 10, inclusive,<br><br>                 Defendants. | **Case No. CIV 06-0735 LKK DAD**<br><br>**JOINT STATEMENT OF DISPUTED AND UNDISPUTED FACTS** |

1
**JOINT STATEMENT OF DISPUTED AND UNDISPUTED FACTS**
**Case No. CIV 06-0735 LKK DAD**

**I.     UNDISPUTED FACTS**

1. Plaintiff is a licensed bail bondsman conducting business in Solano and surrounding counties

2. Defendant David Paulson is the duly elected District Attorney of Solano County.

3. Defendants Al Garza and Brook Byerley were at all times relevant herein employed as investigators with the office of the District Attorney of Solano County and were acting under color of state law.

4. Plaintiff reported alleged threats to his son to the Fairfield Police Department on March 27, 2005.

5. Between approximately March 27, 2005, and June 13, 2005 Plaintiff went to the District Attorney's office on numerous occasions.

6. On April 12, 2005, Plaintiff paid to have an advertisement published in several newspapers entitled "A Visit to the Solano County DA's Office."

7. On June 13, 2005, Plaintiff again went to the office of the District Attorney.

8. On June 15, 2006, Solano County filed a Workplace Violence Petition against Plaintiff in Solano County Superior Court.

9. On June 15, 2006, Superior Court Commissioner Alberta Chew issued a temporary restraining order against Plaintiff, directing Plaintiff to stay away from Defendants and the physical office of the District Attorney of Solano County.

10. A search warrant was obtained by Det. Brad DeWall to search the residence of Plaintiff.

11. On April 6, 2006, Plaintiff paid to have an advertisement published in several newspapers entitled "Elect Tom Toler for Solano District Attorney, if he was running"

///

## II. DISPUTED FACTS/ISSUES

1. Whether Plaintiff's course of conduct constituted a credible threat of violence or harassment of the staff members of the District Attorney's Office for purposes of California Code of Civil Procedure 527.8-527.9.

2. On April 7, 2005 Plaintiff went to the office of the District Attorney to follow up on the threats made to his son on March 27, 2005. [Plaintiff contends that a fact that is not disputed should be included in the undisputed facts even though such fact may be subject to inferences one or another party disfavors; Defendants contend the fact as stated is in dispute: it would be sufficient to state Plaintiff went "to follow up on his report."  In addition "threats" is plural, vague, irrelevant, and lacks foundation].

3. Between March 27 and June 13, 2005 Plaintiff went to the District Attorney's office on numerous occasions, to follow up on the reported threats to his son, and to request a meeting with the District Attorney. [Plaintiff contends that a fact that is not disputed should be included in the undisputed facts even though such fact may be subject to inferences one or another party disfavors; Defendants contend the facts as stated are in dispute: it is overbroad to attribute dates and reasons for the various visits, of which there are eighteen.  In addition, each lacks foundation as to the combined specific dates and reasons].

4. On April 12, 2005 Defendant Byerely and a non-defendant investigator William Godwin prepared reports concerning Plaintiff's visits to the District Attorney's Office. [Plaintiff contends that a fact that is not disputed should be included in the undisputed facts even though such fact may be subject to inferences one or another party disfavors; Defendants do not dispute that there are documents in which April 12, 2005 is referenced, but the facts as stated are compound, overbroad, in that the contents of the documents may not be

summarily glossed over].

5. Mr. Godwin's April 12, 2005 report was titled "Response to Daily Republic Article Submitted by Tom Toler." [ Plaintiff contends that a fact that is not disputed should be included in the undisputed facts even though such fact may be subject to inferences one or another party disfavors; Defendants do not dispute that the referenced document contains the phrase, but the facts presented by Plaintiff lacks foundation, and the title contains in and of itself disputed inferences, and is hearsay.

6. Marsha Johnson, Defendant Paulson's secretary, testified at deposition that shortly after Plaintiff's April 12, 2005 article appeared, she raised the issue of the article with Mr. Paulson directly in response to an inquiry from a member of the County Board of Supervisors.  In response to Ms Johnson Mr. Paulson responded, "Don't worry about it. I've already taken care of it. You don't need to respond" Deposition of Marsha Johnson at19:3-20:23 [Plaintiff contends that a fact that is not disputed should be included in the undisputed facts even though such fact may be subject to inferences one or another party disfavors; Defendants submit the testimony is hearsay, lacks foundation, and the facts as phrased are compound, and contains disputed inferences].

7. Whether the reports by defendant Brook Byerley and non-defendant William Godwin on April 12, 2005 were prepared specifically in response to Plaintiff's published advertisement.

8. Whether the search warrant obtained by Det. Brad DeWall was lawful. [Defendants contend this issue is irrelevant and no longer part of the claims of Plaintiff].

9. Whether Garza misrepresented certain facts in his declaration submitted in support of the Workplace Violence Petition and/or TRO.

10. Whether Plaintiff stated his comment using the "UZI" term on June 13, 2005, in the

4
**JOINT STATEMENT OF DISPUTED AND UNDISPUTED FACTS**
**Case No. CIV 06-0735 LKK DAD**

manner described by Plaintiff or as described by Defendant Garza.

11. Whether Defendant Paulson conspired to and/or violated the First Amendment rights of Plaintiff

12. Whether Defendant Garza conspired to and/or violated the First Amendment rights of Plaintiff.

13. Whether Defendant Byerley conspired to and/or violated the First Amendment rights of Plaintiff.

14. Whether the Workplace Violence Petition and/or TRO was filed/obtained in retaliation for Plaintiff's advertisement on April 12, 2005.

15. Whether a Workplace Violence Petition and/or TRO would have been sought regardless of Plaintiff's exercise of his First Amendment rights.

16. Whether Plaintiff sustained injuries or damages.

17. The nature and extent of any injury or damages.

18. Whether the conduct of Defendants' and each of them, was done with the necessary malice to support punitive damages.

19. On August 21, 2007, the temporary restraining order against Plaintiff was lifted (terms of which are confidential) [Plaintiff contends that the fact that the stay was lifted is not confidential, only the terms of the settlement agreement /Defendants do not wish to violate the Settlement Agreement. Should Plaintiff wish to speak of the lifting of the TRO, Plaintiff should admit to the remainder of the terms of the Agreement]

DATED:  January 5, 2009                         GONZALEZ & LEIGH, LLP


By:  */s/ Matt Springman*_____
     MATT SPRINGMAN
     Attorney for Plaintiff
     JOEL THOMAS TOLER


DATED: January 5, 2009                          PORTER SCOTT


By: */s/ John R. Whitefleet*_____
     JOHN R. WHITEFLEET
     Attorney for Defendants