MATT GONZALEZ (SBN 188608)
MATT SPRINGMAN (SBN 252508)
GONZALEZ & LEIGH, LLP
Two Shaw Alley, 3rd Floor
San Francisco, CA 94105
Telephone: (415) 512-2000
Facsimile: (415) 512-2001

Attorneys for Plaintiffs
JOEL THOMAS TOLER

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL THOMAS TOLER,<br><br>                    Plaintiff,<br><br>      vs.<br><br>DAVID PAULSON, COUNTY OF SOLANO, AL GARZA, BROOK BYERLY, and DOES 1 through 10, inclusive,<br><br>                    Defendants. | Case No. CIV 06-0735 LKK DAD<br><br>**PLAINTIFF'S SEPARATE PRETRIAL CONFERENCE STATEMENT**<br><br>**Date: January 12, 2009**<br>**Time: 2:30**<br>**Judge: Hon. Lawrence K. Karlton** |

## I. JURISDICTION AND VENUE

Plaintiff has brought this action pursuant to 42 USC § 1983. Jurisdiction is based upon 28 USC §§1331 and 1343. Jurisdiction is based upon 28 USC §1367. Venue is proper in the Eastern District because the acts complained of occurred in this District. 28 USC §1391 (b) and (c). Venue is proper within this division under Local Rule 3-120 subdivision (d).

## II. JURY TRIAL

The parties have timely demanded a jury trial in this matter.

## III. UNDISPUTED FACTS

See Joint Pre-Trial Conference Statement

## IV. DISPUTED FACTUAL ISSUES

See Joint Pre-Trial Confernence Statement

## V. EVIDENTIARY ISSUES

1. Plaintiff intends to move to exclude testimony and opinion by Defendants' expert Jared Zwickey.
2. Plaintiffs intends to move to exclude evidence and testimony of any prior or subsequent bad acts, or crimes, and unproved allegations under FRE 404.
3. Plaintiff intends to move to exclude evidence and testimony related to any complaints, official or otherwise made against Plaintiff in the course of conducting his bail bond business.
4. Plaintiff intends to move to exclude any evidence or testimony related to any alleged violations of the restraining order at issue in this case.
5. Plaintiff reserves the right to move, under the Federal Rules of Evidence, to exclude or admit any other testimony or evidence.
6. At trial plaintiff intends to show a brief video

## VI. RELIEF SOUGHT

Plaintiff seeks damages related to retaliation based on the exercise of his First Amendment Rights, economic damages, and punitive damages in an amount to be determined by the jury.

## VII. POINTS OF LAW

The following are the legal theories and standards which plaintiff believes may reasonably be expected to be in controversy:

### 1. Retaliation for Exercise of First Amendment Rights

A cause of action for retaliation for exercise of First Amendment Rights is governed by federal law. U.S. Const. amend. I; 42 U.S.C. §1983. To establish a First Amendment retaliation claim, a plaintiff must prove that he was engaged in constitutionally protected speech, that the defendant's actions "would have chilled or silenced a person of ordinary firmness from future First Amendment activities", and that the government would not have taken the retaliatory action but for the purpose of silencing the plaintiff's speech. *Mendocino Environmental Center v. Mendocino County*, 192 F.3d 1283, 1300 (9th Cir. 1999); Hartman v. Moore, 547 U.S. 250.

Intent to chill speech can be demonstrated either through direct or circumstantial evidence. *Mendocino Envtl. Ctr. v. Mendocino County*, 192 F.3d 1283, 1300-1301 (9th Cir. 1999).

### 2. Conspiracy Under 42 U.S.C. § 1983

Conspiracy under §1983 is governed by federal law. To prove a conspiracy under § 1983, a plaintiff must show that the defendants "by some concerted action, intend[ed] to accomplish some unlawful objective for the purpose of harming another which results in damage." *Gilbrook v. City of Westminster*, 177 F.3d 839, 856 (9th Cir.1999) (quoting *Vieux v. East Bay Reg'l Park Dist.*, 906 F.2d 1330, 1343 (9th Cir.1990)). There must be evidence of an agreement or "meeting

of the minds" in order for defendants to be liable for conspiracy. *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540-41 (9th Cir. 1989).

Evidence of a conspiracy may be circumstantial. *Mendocino*, 192 F.3d at 1301

### 3.  Credible Threat of Violence Under CA Code Civ. Proc. § 527.8

To obtain a temporary restraining order under CCP 527.8, the entity seeking the order must show that "employee has suffered unlawful violence or a credible threat of violence from any individual, that can reasonably be construed to be carried out or to have been carried out at the workplace[.]" CCP §527.8.  A "[c]redible threat of violence" is defined as "a knowing and willful state or course of conduct that would place a reasonable person in fear for his or her safety, or the safety of his or her immediate family, and that serves no legitimate purpose." CCP § 527.8(b)(2).

### 4.  Qualified Immunity

On November 6, 2008 this Court denied Defendants' motion for summary judgment on the issue of qualified immunity.  Because qualified immunity is an issue to be resolved before trial, the issue should not go to the jury in this matter. NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS, Qualified Immunity 9.26

### 5.  Punitive Damages

Punitive Damages in §1983 actions are governed by federal law. A jury may assess punitive damages under § 1983 when defendants' conduct involves reckless or callous indifference to the federally protected rights of others. *Larez v. City of Los Angeles*, 946 F.2d 630 (9th Cir. 1991).

**VIII.   ABANDONED ISSUES**

None

**IX.   WITNESSES**

See Exhibit A

**X.   EXHIBITS**

See Exhibit B

**XI.   DISCOVERY DOCUMENTS**

Plaintiff expects to offer the following discovery documents at trial:

1.   Defendant Garza's responses to Plaintiff's request for admissions
2.   Defendant Garza's responses to Plaintiff's interrogatories
3.   Defendant Byerley's responses to Plaintiff's request for admissions
4.   Defendant Paulson's responses to Plaintiff's request for admissions
5.   Defendant Paulson's responses to Plaintiff's interrogatories

**XII.   FURTHER DISCOVERY OR MOTIONS**

Defendants anticipate filing motions in limine.

**XIII.   STIPULATIONS**

None

**XIV.   AMENDMENTS – DISMISSALS**

None

**XV.   SETTLEMENT NEGOTIATIONS**

The parties have not engaged in any formal settlement negotiations between Plaintiff and Defendants in this matter. Plaintiffs are amenable to a Settlement Conference.

**XVI.   AGREED STATEMENTS**

Plaintiff does not think that an agreed statement is necessary or advisable in this matter.

**XVII.   SEPARATE TRIAL OF ISSUES**

Plaintiff expresses no opinion on whether to bifurcate the issue of punitive damages.

### XVIII. IMPARTIAL EXPERTS – LIMITATION OF EXPERTS

Plaintiff does not believe that an appointment of an impartial expert is necessary in this case.

### XIX. ATTORNEY'S FEES

If he is the prevailing party, Plaintiff will seek attorney fees pursuant to 42 USC § 1 988, and Local Rule 54-293.

### XX. TRIAL EXHIBITS

Plaintiff intends to show a brief video of Plaintiff taken on April 12, 2005 while Plaintiff was at the Solano County District Attorney's Office.

DATED:  January 5, 2009                    GONZALEZ & LEIGH, LLP


                                           By: */s/ Matt Springman*
                                                MATT SPRINGMAN
                                                Attorney for Plaintiff
                                                JOEL THOMAS TOLER

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

**Plaintiff's Witness List**

1. Tom Toler, 3645 Spurs Trail, American Canyon, CA 94503
2. David Paulson
3. Brook Byerley
4. William Godwin
5. Warren Butler
6. Linda Jones
7. Marsha Johnson

# EXHIBIT B

**Plaintiff's Exhibit List**

1. Email exchange between Brook Byerley, Al Garza and staff dated April 7, 2005

2. Memorandum by Brook Byerley dated April 12, 2005

3. Email from Marsha Johnson dated April 14, 2005

4. Memorandum by Warren Butler

5. Daily Republic Advertisement dated April 12, 2005

6. Memorandum of Brook Byerley dated April 12, 2005

7. Memorandum of William Godwin dated April 12, 2005

8. Memorandum by Wiliam Godwin dated June 14, 2005

9. Memorandum by Willam Godwin dated June 16, 2005

10. February 9, 2007 Order Continuing terms of restraining order against Plaintiff, signed by Commisioner Chew.

11. "Help Wanted" Advertisement

12. "Elect Tom Toler for District Attorney" Advertisement

13. Petition of Employer for Injunction Prohibiting Violence or Threats of Violence Against Employee and Temporary Restraining Order, County of Solano v. Toler, Solano County Superior Court Case No. FCS026197 filed on June 15, 2005.

18. Declaration of Al Garza filed in Support of Application for Injunctive Relief Against Workplace Violence.

19. Temporary Restraining Order dated June 15, 2006, Solano County Superior Court by Commissioner Alberta Chew.

20. April 12, 2005 Letter from Plaintiff to Defendant Paulson

21. Deposition of Linda Jones dated May 9, 2006, taken in connection with County

9
**PLAINTIFF'S SEPARATE PRETRIAL CONFERENCE STATEMENT**
**Case No. CIV 06-0735 LKK DAD**

of Solano v. Toler, Solano County Superior Court Case No. FCS026197.

22. Deposition of Al Garza dated January 19, 2006, taken in connection with County of Solano v. Toler, Solano County Superior Court Case No. FCS026197.

23. Deposition of Brook Byerley taken in connection with County of Solano v. Toler, Solano County Superior Court Case No. FCS026197.

24. Deposition of William Godwin dated January 19, 2006 taken in connection with County of Solano v. Toler, Solano County Superior Court Case No. FCS026197.

25. Deposition of Marsha Johnson dated May 9, 2006 taken in connection with County of Solano v. Toler, Solano County Superior Court Case No. FCS026197.

26. Deposition of William Warren Butler dated May 9, 2006 taken in connection with County of Solano v. Toler, Solano County Superior Court Case No. FCS026197.

27. Deposition of David Paulson dated September 19, 2008.

28. Deposition of Tom Toler, taken on August 25, 2008

29. April 12, 2005 Video taken at the Solano County District Attorney's Office.