**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
Terence J. Cassidy, SBN 099180
John R. Whitefleet, SBN 213301
350 University Ave., Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

ATTORNEYS FOR: Defendants DAVID PAULSON, AL GARZA, and BROOK BYERLEY.

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL THOMAS TOLER, | Case No. CIV 06-0735 LKK DAD |
| Plaintiff, | |
| vs. | **DEFENDANTS' OBJECTIONS TO THE PRETRIAL CONFERENCE ORDER [TENTATIVE]** |
| DAVID PAULSON, COUNTY OF SOLANO, AL GARZA, BROOK BYERLEY, and DOES 1 through 10, inclusive | Trial: March 10, 2009 |
| Defendants. | |

Defendants DAVID PAULSON, AL GARZA, and BROOK BYERLEY, hereby object to the Pre-trial Conference Order [Tentative] dated January 16, 2009, as set forth in No. XXV, Objections to Pretrial Order, as follows.

1. Defendants respectfully requests that undisputed fact No. 13 be deleted. Undisputed Facts, Number 13, states "On August 21, 2007, the temporary restraining order against Plaintiff was lifted (terms of which are confidential)." In preparing the Joint Statement, Plaintiff proposed this fact as undisputed. Defendants did not wish to include the fact out of concern for confidentiality provision of the agreement. The fact was jointly submitted as disputed and apparently mistakenly listed as undisputed.

///

---

1

DEFENDANTS' OBJECTIONS TO THE PRETRIAL CONFERENCE ORDER [TENTATIVE]

1   2.   Defendants submit the following disputed facts be excluded, Section IV, Nos.
2   4, and 5.  In their place, following meet and confer with counsel for Plaintiff, Defendants
3   request the following facts be added as undisputed facts in Section III:

4   •   Between March 27, 2005, and June 13, 2005, Plaintiff Toler went to the office
5       of the Solano County District Attorney multiple times to follow up on a police
6       report he filed.  On some of Mr. Toler's visits to the District Attorney's Office
7       he requested a meeting with the District Attorney.

8   •   In a report dated April 12, 2005 District Attorney Investigator William Godwin
9       described his interaction with Mr. Toler on April 7, 2005.  The subject line of
10      the report was "Response to Daily Republic Article submitted by Tom Toler."

11  •   In a report dated April 12, 2005, Defendant Byerely described his interaction
12      with Toler in late March of 2005 and April 7, 2005.  The subject line of the
13      report was "P.C. 76 - Threats against a Public Officer/Public Office"

14  •   District Attorney Investigator William Godwin created a report related to his
15      interaction with Mr. Toler with the subject line: "Follow up investigation of
16      complaint filed by Mr. Tom Toler."  The report was dated June 14, 2005.

17  •   District Attorney Investigator Al Garza created a report related to his
18      interaction with Mr. Toler with the subject line: threats against a public officer/
19      public office 76 penal code.  The report was dated June 13, 2005.

20

21  3.   Following meet and confer with counsel for Plaintiff, Defendants request the
22  following facts be added as additional disputed facts in Section IV:

23  "On April 12, 2005, Mr. Toler published an article in local newspapers concerning his
24  effort to follow up on the reported threats to his children." and "On April 12, 2005, Mr. Toler
25  sent a letter to Defendant Paulson related to his concerns about the threats to his children and
26  also requested a meeting with the District Attorney." (Defendant contends the contents of
27  the documents are subject to dispute).
28  ///

4. Defendants respectfully requests that the District Court amend Section V, Non-Discovery Motions to the Court and Resolution, page 6:22-25, to reflect that in its order dated March 14, 2008, the court also dismissed the claim of Plaintiff for First Amendment retaliation arising from the prosecution of the violation the temporary restraining order.

5. Defendants respectfully requests that the District Court Amend Section VI, Disputed Evidentiary Issues to omit the reference to the video, No. 6, as Defendants have no objection to the submission of the video.

6. Defendants respectfully requests that the District Court Amend Sections XI, Witnesses, and Section XII, Exhibits, to allow amended lists of witnesses and exhibits to be filed **thirty** days from the final order (not sixty as stated, in that sixty days is beyond the scheduled trial date of March 10, 2009).

WHEREFORE, Defendants respectfully requests that the District Court include or exclude the items set forth above in the Final Pretrial Conference Order.

Respectfully submitted,

DATED:   January 30, 2009                        PORTER SCOTT
                                                 A Professional Corporation


                                                 By: /s/ John R. Whitefleet
                                                     Terence J. Cassidy
                                                     John R. Whitefleet
                                                     Attorneys for Defendants

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

3

DEFENDANTS' OBJECTIONS TO THE PRETRIAL CONFERENCE ORDER [TENTATIVE]