MATT GONZALEZ (SBN 188608)
G. WHITNEY LEIGH (SBN 153457)
MATT SPRINGMAN (SBN 252508)
GONZALEZ & LEIGH, LLP
Two Shaw Alley, 3rd Floor
San Francisco, CA 94105
Telephone:  (415) 512-2000
Facsimile:  (415) 512-2001

Attorneys for Plaintiffs
JOEL THOMAS TOLER

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL THOMAS TOLER,<br><br>    Plaintiff,<br><br>    vs.<br><br>DAVID PAULSON, COUNTY OF SOLANO, AL GARZA, BROOK BYERLY, and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No. CIV 06-0735 LKK DAD<br><br>**PLAINTIFFS OBJECTIONS TO DEFENDANTS' EXHIBIT: EXPERT REPORT AND DECLARATION OF JARED ZWICKEY**<br><br>Trial Date:   March 10, 2009<br>Time:          10:00 a.m.<br>Judge:         Honorable Lawrence K. Karlton |

**PLAINTIFFS OBJECTION TO REPORT AND DECLARATION OF JARED ZWICKEY**
**Case No. CIV 06-0735 LKK DAD**

**I.     INTRODUCTION**

Plaintiff Tom Toler objects to Declaration and Report of Jared Zwickey[1] and the opinions contained therein included in Defendants' Amended Exhibit List.  Mr. Zwickey's Declaration is improper for several reasons, including his fundamental misstatement of the applicable law, his incomplete, speculative and unsubstantiated factual assertions, and his lack of expertise to provide opinions on workplace violence; and would only serve to confuse, mislead, and distract the trier of fact from the fundamental issues of this case.  The Court should exclude it.

First, Defendants offer the Declaration and Report of Jared Zwickey, a police practices expert, who's primary experience is testifying in excessive force cases, to opine that Defendants acted reasonably and in "good faith" (neither of which is the applicable legal standard here), as well as to offer the legal conclusion that sufficient evidence exists in this matter to justify the issuance of the TRO.  Yet, Neither Mr. Zwickey's CV, nor the substance of his opinion presents any evidence that he is qualified to offer an opinion on workplace violence or threat assessment.

Additionally, his review of the record is woefully incomplete, includes only the depositions of defendants and/or county employees, and does not include a number of documents, evidence, and other testimony that would tend to favor Mr. Toler.  Notwithstanding, Mr. Zwickey's assertion that he reviewed "a variety of documents and things to reach opinions in this matter," it appears that Defendants' neglected to provide Mr. Zwickey with documents and testimony that may have substantially altered his conclusions (including the deposition of Mr. Toler).

Mr. Zwickey's exclusive reliance on defendant's self-serving deposition testimony renders his expert opinion incomplete and speculative.  And given his reliance on a partial record, Mr. Zwickey's report contains numerous unsubstantiated facts; most notably that Al Garza is qualified to give an expert opinion on threat assessment (a fact Mr. Garza admits is untrue in his discovery responses, responses Mr. Zwickey never saw).

Mr. Zwickey's Declaration and Report is also peppered with legal conclusions that he is

---

[1] Declaration of Matt Springman ISO Objections to Expert Report of Jared Zwickey at Exh. A.

1
**PLAINTIFFS OBJECTION TO REPORT AND DECLARATION OF JARED ZWICKEY**
Case No. CIV 06-0735 LKK DAD

not qualified to give, as well as a fundamental misstatement of the applicable legal standard in the case. CA Code of Civ. Proc. §527.8, requires a "credible threat of violence" for the issuance of a TRO.  That standard is fundamental to determining the merits of Defendants' defense: that the issuance of the TRO was proper.  Yet, Mr. Zwickey gets the standard wrong, basing his opinion on the "reasonable[ness]" and the "good faith" of defendants' action, not on whether Mr. Toler actually presented a credible threat of violence.

Finally, Mr. Zwickey provides no methodology for his conclusions, providing only a generic primer on the law of probable cause without stating why the law is relevant to the standard under § 527.8, or how the law is relevant to this case; in fact the law of probable cause is not relevant to either.

Given the report's (1) misstatement of the applicable legal standard, (2) its lack of methodology, (3) Mr. Zwickey's apparent lack of expertise on issues of workplace violence, (3) Mr. Zwickey's review of only a partial record, and (4) Mr. Zwickey's unsubstantiated factual assertions (Defendant Garza is an expert on workplace violence), Plaintiff respectfully asks this court to exclude the Declaration and Report of Mr. Zwickey, and the opinions contained therein.

**II.    MR. ZWICKEY'S DECLARATION CALLS FOR LEGAL CONCLUSIONS WHICH HE IS NOT QUALIFIED TO GIVE.  AND IN OFFERING HIS LEGAL OPINION HE MISSTATES THE LEGAL STANDARD FOR ISSUING A TRO UNDER §527.8.**

Mr. Zwickey is not a trained lawyer or judge, and a review of his resume indicates that while Mr. Zwickey may have some expertise in general police practices and use of force, he is not qualified to offer opinions on the legal questions presented here, namely whether sufficient evidence exists to determine that Plaintiff represented a credible violent threat.  Indeed, his report is marked by instances of incorrect legal analysis, including his legal opinion on a fundamental issue in this case – the standard by which a court may issue a TRO under § 527.8.

At ¶4 of his Declaration, Mr. Zwickey writes "it is my opinion in essence that regardless of the (sic) Plaintiff Toler's April 12, 2005 advertisement, his aggressive and agitated behavior generated a reasonable belief that the plaintiff *could* inflict violence on staff members of the

1 District Attorney's Office." (emphasis added).[2]  But, Mr. Zwickey's opinion misses the
2 applicable legal standard.

3       The issuance of a TRO under § 527.8 requires that an employee suffer from an act of
4 unlawful violence or a credible threat of violence.[3]  Mr. Zwickey does not base his conclusion
5 (or even reference) the standard provided by § 527.8.  Instead, Zwickey concludes only that Mr.
6 Toler "could inflict violence on staff members."[4]  On its face, Mr. Zwickey's conclusion is
7 legally insufficient.  And his inclusion of his own incorrect legal analysis does nothing to
8 illuminate, and in fact hinders, a proper review of the calculus by which the TRO was issued.

9       Mr. Zwickey's finding, while remotely interesting, is nothing more than the legal
10 conjecture of a person who is unqualified to offer it.[5]  It should be excluded.

### III. MR. ZWICKEY'S REPORT CONTAINS THE UNSUBSTANTIATED AND UNTRUE FACTUAL ASSERTION THAT DEFENDANT GARZA IS AN EXPERT IN WORKPLACE VIOLENCE AND THREAT ASSESSMENT

13       Mr. Zwickey's report states that his opinion on the reasonableness and good faith actions
14 of the defendants is based on the Defendant Garza's declaration in support of the petition for the
15 TRO.[6]  In his declaration, Mr. Garza states that he is a qualified expert on threat assessment.  In
16 fact, Mr. Garza has since admitted, both in deposition testimony and in his discovery responses
17 that his statement was untrue:

18       Q: And you've never testified as an expert?
19       A: No.
20       Q: Have you ever been qualified in any court as an expert?
21       A: No.[7]

---

[2] Declaration of Matt Springman ISO Objections to Expert Report of Jared Zwickey, Exh. A at p.3 ¶6.

[3] *Scripps Health v. Marin*, 72 Cal.App.4th 324, 331 (1999).

[4] Declaration of Matt Springman ISO Objections to Expert Report of Jared Zwickey, Exh. A at p. 3, ¶6.

[5] *Snap-Drape, Inc. v. Commissioner of Internal Revenue*, 98 F.3d 194, 197-98 (5th Cir. 1996) (trial court properly excluded expert reports that represented legal conclusions); *Taylor v. Burlington Northern Railroad Co.*, 787 F.2d 1309, 1315-16 (9th Cir. 1986).

[6] Declaration of Matt Springman ISO Objections to Expert Report of Jared Zwickey, Exh. A at p. 3, ¶7.

[7] *See* Docket No. 61[Declaration of Matt Springman ISO Plaintiff's Opp. to MSJ, Ex. F at 51:1-5]; *See also* Declaration of Matt Springman ISO Objection to Expert Report of Jared Zwickey at Exh. B, p. 2-3.

1   Mr. Garza's status as an expert in threat assessment and workplace violence is in serious
2   dispute in this matter.  And, Mr. Zwickey's reliance on Mr. Garza's self-serving (and untrue)
3   declaration that he is an expert in threat assessment, even in the face of contrary evidence, is
4   inappropriate.[8]

5   All conclusions and opinion based on Mr. Garza's apparent expertise should be excluded.

### IV.  MR. ZWICKEY'S REPORT IS BASED ON A DEFICIENT RECORD, WHICH RENDERS HIS REPORT INCOMPLETE AND SPECULATIVE

Mr. Zwickey's report provides a list of depositions he reviewed in his analysis of the case.[9]  Notably, all depositions reviewed by Mr. Zwickey are the depositions of either Defendants in this matter, or other employees of the District Attorney's Office.  Mr. Zwickey never reviewed the deposition of Mr. Toler, or the transcript of the trial in which Mr. Toler was acquitted on all criminal charges related to this matter. Mr. Zwickey attempted no independent inquiry into the substance of Defendants' allegations, and conducted no interviews.  And beyond Mr. Toler's complaint, Mr. Zwickey reviews no other documents tending to favor Mr. Toler's version of events, including information related to Mr. Toler's law enforcement and military background.

Indeed, Mr. Zwickey's reliance on only isolated and one-sided testimony that describes Mr. Toler's apparent "incremental state of agitation,"[10] belies a fundamental issue in this case: that Mr. Toler, while attempting to obtain answers to the serious matter of the safety of his children, was severely mistreated by the Solano County District Attorney's Office over the course of several months.  But, Mr. Zwickey was never provided with that testimony. Predictably then, his resulting analysis is one-sided, self-serving, and speculative.[11]

As such, the Court should exclude Mr. Zwickey's report.

---

[Defendant Garza's Responses to Plaintiff's Request for Admissions].
[8] *Logsdon v. Baker*, 517 F.2d 174, 175 (D.C. Cir. 1975) (Expert's opinion that assumes facts that are not supported by the evidence is improper).
[9] Declaration of Matt Springman ISO Objections to Expert Report of Jared Zwickey, Exh. A at p. 2.
[10] Declaration of Matt Springman ISO Objections to Expert Report of Jared Zwickey, Exh. A at p. 3, ¶7.
[11] *Goodwin v. MTD Products, Inc*, 232 F.3d 600, 607-08 (7th Cir. 1999).

### V.  MR. ZWICKEY'S OPINION ON THE "REASONABLESS" AND "GOOD FAITH" OF THE DEFENDANTS IS CONCLUSORY, LACKS FOUNDATION, AND PRESENTS AN IMPROPER LEGAL CONCLUSION

In his report Mr. Zwickey offers the following opinion: "After a thorough review of the facts and circumstances, including a review of the reports, correspondence, deposition testimony of the witnesses, the defendants and attached exhibits, *I formed an opinion that the defendants acted in a manner that was proper, reasonable, and was exercised in good faith*."[12] Aside from misstating the applicable legal standard at issue here and rehashing a one-sided version of events culled exclusively from the Defendants' deposition transcripts, Mr. Zwickey provides no objectively reliable basis for his opinion that the defendants conduct was "proper, reasonable, and was exercised in good faith."  Among other things, Mr. Zwickey is offering inadmissible character evidence masquerading as expert opinion.

Given the opinions' lack of foundation and the misstatement of the applicable legal standard, Mr. Zwickey's opinions would only to confuse and mislead the jury.  On that basis the Court should exclude it.

### VI.  CONCLUSION

For the above-outlined reasons, Mr. Toler respectfully requests that Court exclude the Declaration and Report of Jared Zwickey, and the conclusion and opinions contained therein.

DATED:  February 10, 2008                    GONZALEZ & LEIGH, LLP

                                             By: /s/ Matt Springman
                                                 MATT SPRINGMAN
                                                 Attorney for Plaintiff
                                                 JOEL THOMAS TOLER

---

[12] Declaration of Matt Springman ISO Objections to Expert Report of Jared Zwickey, Exh. A at p. 2, ¶5.