1    MATT GONZALEZ (SBN 188608)
     MATT SPRINGMAN (SBN 252508)
2    GONZALEZ & LEIGH, LLP
     Two Shaw Alley, 3rd Floor
3    San Francisco, CA 94105
     Telephone:  (415) 512-2000
4    Facsimile:  (415) 512-2001

5    Attorneys for Plaintiffs
     JOEL THOMAS TOLER
6

7

8

9                        UNITED STATES DISTRICT COURT

10                       EASTERN DISTRICT OF CALIFORNIA

11

12   JOEL THOMAS TOLER,                    Case No. CIV 06-0735 LKK DAD

                         Plaintiff,        **DECLARATION OF MATT SPRINGMAN
13                                         IN SUPPORT OF PLAINTIFF'S
            vs.                            OBJECTION TO THE EXPERT REPORT
14                                         OF JARED ZWICKEY**

15   DAVID PAULSON, COUNTY OF SOLANO,
     AL GARZA, BROOK BYERLY, and DOES 1
     through 10, inclusive,
16

17                       Defendants.

18

19

20

21

22

23

24

25

26

27

28

1          I, MATT SPRINGMAN, declare and state as follows:

2          1.     I am an attorney duly licensed to practice in the State of California and am an

3    associate in the law firm of Gonzalez & Leigh, LLP, counsel for Joel Thomas Toler, Jr. in this

4    case.  The matters set forth herein are within my personal knowledge and if called and sworn as a

5    witness, I could competently testify thereto.

6          2.     Attached hereto as Exhibit A is a true and correct copy of the expert report of

7    Jared Zwickey

8          3.     Attached hereto as Exhibit B is a true and correct copy of Al Garza's Responses

9    to Plaintiff's Requests for Admission.

10         I declare under penalty of perjury, under the laws of the State of California, that the

11   foregoing is true and correct.  Executed on February 10, 2009 at San Francisco, California

12

13                    _/s/ Matt Springman_____

14                    MATT SPRINGMAN

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DECLARATION OF MATT SPRINGMAN ISO OF OPPOSITON**
**Case No. CIV-06-0735 LKK DAD**

# EXHIBIT A



# EXPERT OPINION REPORT

Court:          United States District Court – Eastern District of California
Case Number:    CIV 06-0735 LKK DAD
Case Name:      Joel Thomas Toler
Vs:             **David Paulson, County of Solano, Al Garza, Brook Byerley**
Date:           July 15, 2008

I, Jared L. Zwickey am an adult over 18 years of age and would be competent to testify if called as a witness in this matter. I have prepared this report on behalf of the defendants, in the matter of _Joel Toler v David Paulson, County of Solano, Al Garza, Brook Byerley, et al_ in the United States District Court, Eastern District of California.

The San Joaquin Delta College District in Stockton, California employs me as the Coordinator of Public Safety Programs. My duties include, but are not limited to, the management of the Basic Peace Officer Training program, Fire Technology program, and the Administration of Justice and Corrections programs. In addition to writing curriculum and teaching college courses for the San Joaquin Community College District, I teach law enforcement related classes in the Basic Peace Officer Academy program, and for numerous law enforcement agencies.

The County of Stanislaus, California employs me as a Level I Reserve Deputy Sheriff. My duties include, but are not limited to uniform patrol duties and teaching at the Regional Training Center.

I work closely with the California Commission on Basic Peace Officer Standards and Training (POST) as a consultant in the development of course curriculum for the Basic Peace Officer Academy. I currently serve as the use of force subject matter expert representing all of the Basic Peace Officer Academy sponsored programs in the State of California. I am also a member of the Basic Academy Consortium Advisory Committee, which reviews all basic training materials and curriculum before Commission approval.

I have served on numerous POST committees as a K-9, tactics, firearms, and policies and procedures expert during the past thirty-nine years, where my duties involved developing law enforcement training program guidelines.

I have thirty-five years of law enforcement experience and thirty years training experience as a law enforcement tactics and procedures trainer. My area of expertise includes, but is not limited to: patrol response tactics; use of force; less-lethal alternatives to deadly force (equipment and tactics); modern police administration and supervision, including policies, procedures, and current law enforcement practices; firearms; internal affairs investigations and disciplinary matters; police k-9 administration, training, and tactics; special weapons and tactics administration, and training.

I have testified in approximately forty-two cases involving law enforcement policies and procedures, and I have testified in state and federal courts for the defense and for the plaintiff.
On July 14, 2008, the law firm of Porter Scott retained me as a law enforcement expert to review the facts and circumstances regarding the issuance of a temporary restraining order (TRO) against the plaintiff on June 13, 2005.

*Expert Opinion Report – Joel Toler v David Paulson, County of Solano, Al Garza, Brook Byerley.*

I have reviewed a variety of documents and things to reach opinions in this matter. The statements made herein are based on my personal knowledge, a review of the documents, and things listed on the attachment entitled documents and things reviewed. A copy of my Curriculum Vitae is attached, and incorporated hereto as though fully set forth.

On July 14, 15, 2008, I received a variety of written, materials from the law firm of Porter Scott. I was requested to provide my opinion as to the credible nature of the threats made by the plaintiff, and to determine if the pursuit of the TRO was based on probable cause.

## DOCUMENTS AND THINGS REVIEWED

1. First Amended Complaint
2. Deposition Transcript of Al Garza
3. Deposition Transcript of Al Garza Exhibits
4. Deposition Transcript of David Paulson
5. Deposition Transcript of David Paulson Exhibits 2
6. Deposition Transcript of Marsha Johnson
7. Deposition Transcript of William Godwin
8. Deposition Transcript of Al Garza
9. Deposition Transcript of Linda Jones
10. Deposition Transcript of Warren Butler
11. Toler Police Reports

## THE COMPLAINT

The plaintiff alleged in the First Amended Complaint that on June 15, 2005, the District Attorney filed, and was granted, a Temporary Restraining Order (pursuant to CCP 527.8 and 527.9) in the County of Solano, CA. Commissioner Albert Chew granted the order. It is alleged that the petition was in retaliation for the plaintiff's criticism of the District Attorney's office in their handling of the plaintiff's complaint regarding threats made to his children. It is further alleged that the intent of filing the petition was intentional, and designed to embarrass the plaintiff and deprive him of his livelihood as a bail bondsman and private investigator.

After a thorough review of the facts and circumstances, including a review of the reports, correspondence, deposition testimony of the witnesses, the defendants and attached exhibits, I formed an opinion that the defendants acted in a manner that was proper, reasonable, and was exercised in good faith.

## OPINIONS:

**THE ASSESSMENT MADE OF THE PLAINTIFF'S LOUD AND AGITATED STATE OF MIND AND THREATS OF USING VIOLENCE TO RESOLVE HIS PERSONAL ISSUES WITH THE CRIMINAL JUSTICE SYSTEM WAS BASED ON INVESTIGATOR GARZA'S YEARS OF EXPERIENCE AND TRAINING IN THREAT ASSESSMENT.**

*Expert Opinion Report – Joel Toler v David Paulson, County of Solano, Al Garza, Brook Byerley.*

**IT WAS REASONABLE TO PETITION THE SUPERIOR COURT OF CALIFORNINA IN THE COUNTY OF SOLANO TO SEEK INJUNCTIVE RELIEF AGAINST THE PLAINTIFF FOR POSSIBLE WORKPLACE VIOLENCE.**

**ANY REASONABLE OFFICER FACED WITH THE SAME OR SIMILAR CIRCUMSTANCES AS CHIEF INVESTIGATOR GARZA, WOULD CONCLUDE THAT IT WAS REASONABLE AND NECESSARY TO PETITION THE COURT TO ISSUE A TEMPORARY RESTRAINING ORDER AGAINST THE PLAINTIFF TO ENSURE THAT POSSIBLE ACTS OF VIOLENCE WOULD NOT OCCUR.**

On June 13, 2005, Investigator Garza was requested to contact the plaintiff in the lobby to discuss the need for the plaintiff to speak directly with the District Attorney regarding threats made to his children. Mr. Garza explained to the plaintiff that he could arrange for the District Attorney to meet with him and asked him for his phone number. The plaintiff become visibly upset over the fact that he could not meet and discuss the issue immediately with the District Attorney, and he began to direct his discontent towards Mr. Garza. The plaintiff told Mr. Garza that every time he comes to the office to contact the District Attorney, he is patted down and treated as if he is in possession of an Uzi machine gun. The plaintiff was heard to say that maybe he should come up to the office with one.

Investigator Garza immediately notified the plaintiff that he took his comments about the Uzi machine gun as a credible threat and asked him to refrain from using expletives in his presence. The plaintiff ignored Mr. Garza's comments. He turned and continued to direct expletives and left the lobby.

The plaintiff's contacts with the District Attorney's Office over the span of a four month period were becoming increasingly focal, and disturbing. On March 28, or 29, 2005 and on April 7, 2005, the plaintiff came to the District Attorney's office and refused to calm down when he aggressively berated several staff members in the office. All of these disturbing contacts reasonably concerned the defendants about their personal safety after the plaintiff' made comments about taking the matter into his own hands, and killing people who threaten his children, and especially after making the comment on June 13, 2005, about bringing a machine gun to the District Attorney's Office.

In my professional opinion, the plaintiff's aggressive and agitated behavior generated a reasonable belief and probable cause to believe, that the plaintiff could inflict violence on staff members of the District Attorney's Office for purposes of CCP 527.8-527.9.

The probable cause for the request of the Temporary Restraining Order is documented in the attachments that accompanied Investigator Garza's declaration, and clearly demonstrate the plaintiff's incremental state of agitation and discontent with the criminal justice system, and the defendants in particular.

All of the facts that Investigator Garza learned during his preliminary investigation, which is documented in his declaration dated June 14, 2005, would lead a reasonable officer to believe that the plaintiff represented a clear and credible threat to the safety of the defendants.

*Expert Opinion Report – Joel Toler v David Paulson, County of Solano, Al Garza, Brook Byerley.*

Probable cause to obtain a Temporary Restraining Order is based on a set of facts that would cause a person of ordinary care and prudence to entertain an honest and strong belief that the person identified in the order posed a real and credible treat of violence or threats of violence against members of the District Attorney's Office.

Probable cause is required before the issuance of a Temporary Restraining Order by a magistrate, and is based on the totality of the circumstances. Facts required to establish probable cause may include, but are not limited to:

- Direct investigation or reports
- Circumstantial evidence, or
- Secondhand statements from reliable witnesses.

Probable cause is a higher level of suspicion than reasonable suspicion. However, factors that contribute to establishing reasonable suspicion can also be used to establish probable cause or can escalate into probable cause. A peace officer's expertise and experience also go into the equation for determining probable cause. For officers versed in a specific field of law enforcement, an activity, which might otherwise appear innocent, may help provide probable cause. *(Buckner (9th cir. 1999), quoting from Garza (9th Cir. 1992)*

Although some courts continue to cite the old definition which requires an "honest and strong suspicion" the trend is toward incorporating the "fair probability" standard that applies to probable cause to search; specifically, probable cause to arrest exists if there is a "fair probability" that the suspect committed a crime. (*Bailey v Superior Court*) In the absence of direct evidence, officers must rely on circumstantial evidence to establish reasonable suspicion and probable cause.

In determining whether probable cause and reasonable suspicion exist, the courts apply the following principles:

**The Need for Facts:** The building blocks of both probable cause and reasonable suspicion are specific facts. Sometimes one is enough. Sometimes it takes a combination of facts, but in every case, officers must have something concrete upon which to base a determination that probable cause or reasonable suspicion exist.

**Hunches:**   Hunches, unsupported conclusions and rumor are meaningless.

**Good Faith:** An arrest is not justified merely because officers had a "good faith" belief that reasonable suspicion or probable cause existed.

**Common-Sense Interpretation:**   Although facts are essential, officers are permitted, actually, required to interpret the facts in light of common sense.
In the words of the United Sates Supreme Court:

"Perhaps the central teaching of our decisions bearing on the probable-cause standard is that it is a practical, non-technical conception. In dealing with probable cause, as the very name implies, we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act". (*Illinois v Gates, 462 U.S. 213, 230-231*) (1983)

*Expert Opinion Report – Joel Toler v David Paulson, County of Solano, Al Garza, Brook Byerley.*

I am prepared to testify to the opinions expressed in this report in deposition or at trial if called upon to do so.

At this time, I do not anticipate any exhibits being utilized, with the proviso that I understand that if exhibits should become necessary, I reserve the right to augment this disclosure report.

If I am provided with further documentation for my review, I may have additional opinions, and I reserve the right to augment this disclosure report.

**EXHIBITS:**

None

**QUALIFICATIONS:**

See Attached Vitae

**EXPERT TESTIMONY**

See Attached Vitae

**PUBLICATIONS:**

Peace Officer's Use of Force Reference Guide, 1996
Dog Sport Magazine, 1990-1993

**COMPENSATION:**

| | |
|---|---|
| Case Review | $150 per hour |
| Deposition Fee | $200 per hour |
| Court Testimony | $200 per hour |

Jared L. Zwickey

5

# JARED L. ZWICKEY

*5151 Pacific Avenue • Stockton, California, 95207 • 209 954-5370*

## POLICE ACADEMY

1968 Los Medanos Regional Training Facility, Concord, CA

## EDUCATION

DIABLO VALLEY COLLEGE, PLEASANT HILL, CA
*1970, AA Degree, Police Science Major*

GOLDEN GATE UNIVERSITY, SAN FRANCISCO, CA
*1977, BA Degree, Criminal Justice Major*

CALIFORNIA STATE UNIVERSITY, HAYWARD, CA
*1980, 19 Units, Public Administration Major*

POST COMMAND COLLEGE, SAN LUIS OBISPO, CA
*1987, Organizational Leadership Major*

FBI NATIONAL ACADEMY, QUANTICO, VIRGINIA
*1988, Organizational Leadership Major*

UNIVERSITY OF VIRGINIA
*1988, 15 Units, Administration of Justice*



## LAW ENFORCEMENT & TEACHING EXPERIENCE

CITY OF CONCORD

| | |
|---|---|
| *Police Reserve Officer* | *1965-1967* |
| *Police Officer* | *1967-1977* |
| *Police Corporal* | *1977* |
| *Police Sergeant* | *1977-1982* |
| *Police Lieutenant* | *1982-1991* |
| *Police Captain* | *1991-1993* |
| *Police Reserve Officer* | *2005-2007* |
| *Sheriff Reserve Officer* | *2007-2008* |

CITY OF TRACY - *Police Chief, 1993-1997*

CONTRA COSTA COMMUNITY COLLEGE DISTRICT-*Defensive Tactics Instructor, 1974-1993*

COUNTY OF STANISLAUS - *Level One Sheriff Reserve Officer*

YOSEMITE COMMUNITY COLLEGE DISTRICT – *Administration of Justice Instructor*

SAN JOAQUIN COUNTY DELTA COLLEGE

*DIRECTOR OR OF PUBLIC SAFETY TRAINING PROGRAMS/INSTRUCTOR*
*DIRECTOR OF THE POST BASIC POLICE ACADEMY*

POLICE TRAINING

1967 - Law & Order Training for Civil Defense Emergency Course
1969 - Weaponless Defense Instructor Course
1970 - K-9 Training Course
1971 - CHP Motorcycle Training School
1972 - Federal Narcotics & Dangerous Drugs
1973 - Polygraph Examiner Course
1973 - FBI Firearms Instructor Course
1973 - Executive Development Course
1974 - Police Self Defense Institute
1975 - Techniques of Teaching
1975 - Sergeant Supervisory Training
1976 - FBI Basic SWAT Training
1977 - FBI Firearms Instructor Course
1978 - Baxter School of Lie Detection
1978 - Traffic Program Management Institute
1979 - Police Dog Handlers Course
1980 - Police Management Course
1981 - Police Dog Training
1981 - Supervising Traffic Control
1982 - Scent Detection Training
1982 - Basic Traffic Accident Investigation
1982 - K-9 Training in Europe, Canada
1983 - K-9 Training in Europe
1983 - Side Handle Baton Instructors Course
1986 - Records Management Training
1986 - Property Management Training
1986 - Middle Management Training
1987 - Critical Incident Management/Tactics
1987 - California Command College
1988 - Earthquake Preparedness
1988 - FBI National Academy
1989 - Police Facility Design & Construction
1990 - Vice/Narcotics Commander's Course
1995 - Executive Development Course
1995 - OJJDP Gang/Drug Policy Training
1995 - Non Lethal Weapons - Instructor
1997 - POST Monthly Video Training
1998 - POST Monthly Video Training
1998 - POST Basic Academy-Director
1998 - POST Firearms Training Seminar
1998 - POST 1998 Legal Update
1999 - POST 1999 Legal Update
1999 - POST Monthly Video Training
1999 - POST Suicide By Cop - V
1999 - POST Viol in a Workplace -V
2000 - POST Domestic Violence,
POST Preliminary Investigation Course -V
2000 - POST Instructor Symposium
2000 - POST Monthly Video Training
2001 - POST Verbal Judo Techniques
2001 - POST Positional Asphyxiation-V
2001 - POST Unmarked Vehicle Ops – V

2001 - POST CDL Falsifications-V
2001 - POST Building Search Techniques-V
2001 - POST Jail/Courtroom Searches-V
2001 - POST Domestic Violence-V
2002 - POST Instructor Symposium - LA
2002 - POST Legal Update- V
2002 - POST Voluntary Instructor Update
2003 - POST Anti-reproductive Crimes-V
2003 - POST Case Law Update-V
2003 - POST Vehicle Theft -V
2003 - POST PC 832 Workshops
2003 - POST Recognizing Terrorism-V
2003 - POST Public Safety Dispatcher-V
2003 - POST Achieving Training-V
2003 - Crowd Management-V
2003 - Civil Disobedience-V
2003 - POST Leadership & Supervision-V
2003 - POST 832 Arrest/Control/Firearms
2003 - POST Use of Chemical Agents (D)
2004 - POST Basic IA Investigations
2004 - POST Case Legal Update (D)
2004 - POST Racial Profiling Trainer
2004 - Pistol Qualification (832pc)
2005 - POST Warrant Service/Bld Search (D)
2005 - POST Preliminary Investigations (D)
2005 - POST Use of Force (D)
2005 - Gang Members (D)
2005 - Illegal Street Racing & Sideshow (D)
2005 - Domestic Violence Update (D)
2005 - Firearms Seizure and Disposition (D)
2005 - Case Law Today - April - June (D)
2005 - Pistol/Long Rifle Qualification
2006 - Legal Update (D)
2006 - Case Law Today (D)
2006 - Terrorism - Suicide Bombers (D)
2006 - Case Law Today (D)
2006 - Custodial and Courtroom Security (D)
2006 - Instructor Development Training
2006 - Electronic & Projectile Weapons
2006 - Shock Knife Instructor Certification
2007 - Legal Update
2007 - Nims & Sims Mandated Training
2008 - LEGAL UPDATE
2008 -Firearms Training for Ex Protection DSS Qualification

## POST CERTIFICATES:

BASIC, INTERMEDIATE, ADVANCED, SUPERVISION, MANAGEMENT, EXECUTIVE, COMMAND COLLEGE. FIREARMS INSTRUCTOR, DEFENSIVE TACTICS, IMPACT WEAPON, NARCOTICS & DANGEROUS DRUGS, ADVANCED NARCOTICS & DANGEROUS DRUGS, ACADEMY DIRECTOR, ACADEMY INSTRUCTOR OF PERISHABLE SKILLS.

## FIELDS OF EXPERTISE

| | |
|---|---|
| Arrest and Control Techniques | Detentions, Stop & Frisk, Laws of Arrest |
| Defensive Tactics/Field Tactics | Less than Lethal Weapons |
| High and Low Risk Stop Techniques | K-9 Training, Tactics, Program Management |
| SWAT Tactics & Management | Tactical Use of Firearms |
| Critical Scene Management | Law Enforcement Policies and Practices |
| Use of Force/Executive Protection | Property/Evidence Management |
| Impact and Dangerous Weapons | Criminal and Administrative Investigations |
| Riot and Crowd Control | Search Warrants & Consent Searches |
| Tactical Communications | Narcotic Dog Detection, Training |
| Transportation of Prisoners | Law Enforcement Policies and Procedures |
| Restraint Devices | Supervision and Leadership |
| Dealing with the Emotionally Disturbed | Response to Critical Incidents |
| Narcotics and Dangerous Drugs | Traffic Accident Investigation |

## INSTRUCTOR/CONSULTANT EXPERIENCE

CHIEF ZWICKEY HAS BEEN AN INSTRUCTOR IN THE LAW ENFORCEMENT COMMUNITY SINCE 1967. HE HAS INSTRUCTED AT LOS MEDANOS COLLEGE IN PITTSBURG, CA, FROM 1974 TO PRESENT, OHLONE COLLEGE, CALIFORNIA STATE UNIVERSITY LONG BEACH, MODESTO JR. COLLEGE AND DELTA COLLEGE. CHIEF ZWICKEY PROVIDED K-9 OFFICER SURVIVAL TRAINING TO OFFICERS FROM NUMEROUS LAW ENFORCEMENT AGENCIES AT THE CALIFORNIA INSTITUTE AT SAN LUIS OBISPO. HE IS ALSO A CONSULTANT TO THE COMMISSION ON CALIFORNIA PEACE OFFICER AND TRAINING. HE HAS CONDUCTED TRAINING FOR THE F.B.I., MEMBERS OF THE UNITED STATES ARMED SERVICES AND THE FOLLOWING LAW ENFORCEMENT/GOVERNMENT AGENCIES:

| | |
|---|---|
| FREMONT POLICE DEPARTMENT | RICHMOND POLICE DEPARTMENT |
| UNIVERSITY OF CALIFORNIA POLICE | VACAVILLE POLICE DEPARTMENT |
| BERKELEY POLICE DEPARTMENT | HAYWARD POLICE DEPARTMENT |
| GLENDALE POLICE DEPARTMENT | SAN LEANDRO POLICE DEPARTMENT |
| HUMBOLDT COUNTY SHERIFF'S DEPT. | CONTRA COSTA SHERIFF'S DEPT. |
| LOS ANGELES SHERIFF'S DEPARTMENT | NAPA POLICE DEPARTMENT |
| TRACY POLICE DEPARTMENT | NAPA COUNTY SHERIFF'S DEPT. |
| LOS ANGELES POLICE DEPARTMENT | SAN PABLO POLICE DEPARTMENT |
| PITTSBURG POLICE DEPARTMENT | ANTIOCH POLICE DEPARTMENT |
| EL MONTE POLICE DEPARTMENT | POMONA POLICE DEPARTMENT |
| ROSEVILLE POLICE DEPARTMENT | EL MONTE POLICE DEPARTMENT |
| MODESTO POLICE DEPARTMENT | CONCORD POLICE DEPARTMENT |
| SAN FRANCISCO POLICE DEPARTMENT | FEDERAL BUREAU OF INVESTIGATION |

## COURT CERTIFICATION AS AN EXPERT WITNESS

SMITH V. CONTRA COSTA COUNTY -DEADLY FORCE, POLICE POLICIES AND PRACTICES P

BELL V. CITY OF BERKELEY -DEADLY FORCE, POLICE POLICIES AND PRACTICES D

JONES V. CITY OF BERKELEY - DEADLY FORCE, POLICE POLICIES AND PRACTICES D

PEOPLE. V. JOHN DOE - MARIN COUNTY - USE OF FORCE, CORRECTIONAL POLICES AND PRACTICES D

DENNIS V. LOS ANGELES COUNTY - USE OF FORCE, POLICE POLICIES AND PRACTICES D

JUAURI V. CITY OF GLENDALE - K-9 USE, TRAINING AND PSYCHOLOGY P

PETERSON V. SAN BERNADINO COUNTY - ARREST AND TRANSPORTATION OF PRISONERS, SEARCH AND SEIZURE P

TOWNSEND V. SAN BERNADINO COUNTY - CONSENT SEARCH, NARCOTICS AND DANGEROUS DRUGS D

JONES V. CITY OF BERKELEY - DEADLY FORCE, POLICE POLICIES AND PRACTICES D

SMITH V. CITY OF BERKELEY - ARREST, TRANSPORTATION, POLICE POLICIES AND PRACTICES D

ESPINOZA V. CITY OF PITTSBURG - USE OF FORCE, POLICE POLICIES AND PRACTICES D

DEVLIN V. CITY OF HUNTINGTON BEACH - WESTMINSTER - USE OF FORCE, POLICIES/PRACTICES

CHRYSLER V CITY OF WEST COVINA - USE OF FORCE, POLICE POLICIES AND PRACTICES D

SORCHINI V CITY OF COVINA - USE OF FORCE, POLICE POLICIES AND PRACTICES D

SUBULSKY V CITY OF RIVERSIDE - USE OF FORCE, POLICE POLICIES AND PRACTICES (MAY, 1998) D

VINE V CITY OF RICHMOND - USE OF FORCE, POLICE POLICIES AND PRACTICES (DECEMBER, 1998) P

PARDO V CITY OF RIVERSIDE - USE OF FORCE, POLICE POLICIES AND PRACTICES (NOVEMBER 1999 & 2000)

STATE OF OREGON V JOHN ROE- USE OF FORCE, DYNAMICS OF STRESS/FEAR (NOVEMBER ,2001) S

AMARILLAS V STANISLAUS COUNTY- USE OF FORCE, POLICE TACTICS/PROCEDURES (FEBRUARY, 2003) D

STREETER V CITY OF OAKLAND -USE OF FORCE, POLICE POLICIES AND PRACTICES (OCTOBER, 2003) D

ABREGO V CITY OF BAKERSFIELD -USE OF FORCE, POLICE POLICIES AND PRACTICES (APRIL, 2004) D

RAPP/MARIN V. CONTRA COSTA COUNTY - INVESTIGATIVE PROCEDURES, SEARCH WARRANTS D

PEOPLE. V. LOBATTO - USE OF FORCE, POLICE POLICIES AND PRACTICES D

ARGEE V. CITY OF TIBURON - USE OF FORCE, POLICE POLICIES AND PRACTICES D

ROMAN GILLARY V. CITY OF RICHMOND - USE OF FORCE, POLICE POLICIES AND PRACTICES D

SPIER V. CITY OF SAN LEANDRO - USE OF FORCE, POLICE POLICIES AND PRACTICES D

KASPRZAK V. CONTRA COSTA COUNTY - USE OF FORCE, POLICE POLICIES AND PRACTICES D

NURENBURG ACTION LEAGUE V. CONTRA COSTA COUNTY - USE OF FORCE, POLICE POLICIES AND PRACTICES D

HAROLD SMITH V. CITY OF LOS ANGELES - USE OF FORCE, POLICE POLICIES AND PRACTICES D

WARNICK V. CITY OF PLEASANT HILL - USE OF FORCE, POLICE POLICIES AND PRACTICES D

VIZZA V. CITY OF TRACY- WRONGFUL TERMINATION, LAWS OF ARREST, MIRANDA D

REYES V. LOS ANGELES COUNTY - USE OF FORCE, POLICE POLICIES AND PRACTICES D

AMERSON V. CITY OF PITTSBURG - USE OF FORCE, POLICE POLICIES AND PRACTICES D

HORNBERGER V CONTRA COSTA COUNTY - USE OF FORCE, POLICE POLICIES AND PRACTICES D

EDMONSON V. RIVERSIDE - USE OF FORCE, POLICE POLICIES AND PRACTICES

BREWER V CITY OF NAPA - USE OF FORCE, POLICE POLICIES AND PRACTICES (JUNE ,1998) D

ESSICK V CITY OF OAKLAND - USE OF FORCE, DETENTION-STOP AND FRISK-POLICE POLICIES AND PRACTICES (APRIL 1999)

CHAPMAN V COUNTY OF LOS ANGELES - USE OF FORCE, POLICE POLICIES AND PRACTICES (JULY 2000) D

MILLER V CLARK COUNTY WA- USE OF FORCE, POLICE TACTICS/PROCEDURES (MAY, 2002) D

JOHNSON V BUTTE COUNTY- USE OF FORCE, POLICE POLICY/PROCEDURES (OCTOBER, 2003) D

PEOPLE V HARRIS/GALLEGOS -USE OF FORCE, POLICE POLICIES AND PRACTICES (DECEMBER, 2003) D

GRUNDY V CITY OF OAKLAND - POLICE POLICIES AND PRACTICES (OCTOBER, 2004) D

## DEPOSITIONS PROVIDED

ADAMS V. CITY OF VALLEJO – LAW ENFORCEMENT POLICIES AND PROCEDURES
ADAMS V. STATE OF CALIFORNIA – USE OF FORCE, LAW ENFORCEMENT POLICIES AND PROCEDURES
ALLEN V. CONTRA COSTA COUNTY - USE OF FORCE, PROBABLE CAUSE
AMARILLAS V. STANISLAUS COUNTY SHERIFF - USE OF FORCE, POLICY AND PRACTICES
ARMENDARIZ V. CITY OF STOCKTON - USE OF FORCE, PROBABLE CAUSE, ARREST AND CONTROL
AVILLA V. COUNTY OF LOS ANGELES - USE OF FORCE, PROBABLE CAUSE
BARI V. USA/CITY OF OAKLAND - SEARCH WARRANTS, PROBABLE CAUSE TO ARREST AND SEARCH
BLANQUEL V. COUNTY OF LOS ANGELES -USE OF FORCE, POLICY AND PRACTICES
COLLINS V. CITY OF OAKLAND -USE OF FORCE, POLICY AND PRACTICES
CONTRERAS V. CITY OF BRENTWOOD - USE OF FORCE, POLICY AND PRACTICES
COREY V. PLUMAS COUNTY - POLICIES AND PROCEDURES, SEARCH WARRANT, USE OF FORCE
CORDOVA V. NEVADA CITY - POLICIES AND PROCEDURES, INVESTIGATIVE TECHNIQUES, MIRANDA
CROSLEY V. CITY OF PITTSBURG- POLICIES AND PROCEDURES, USE OF FORCE
DENNY V. U.C. REGENTS - USE OF FORCE, RESTRAINT DEVICES, PROBABLE CAUSE
ELLIOT V. CITY OF TRACY - POLICIES AND PROCEDURES
ESPINOZA V. CONTRA COSTA COUNTY - USE OF FORCE, CONSENT SEARCH/NARCOTICS
ESSICK V. CITY OF OAKLAND - DETENTIONS, STOP & FRISK, LAWS OF ARREST
EVANS V. CONTRA COSTA COUNTY - ARREST/TRANSPORTATION PROCEDURES
FLORES V UNION PACIFIC RAILROAD - HIRING STANDARDS, ACADEMIC PERFORMANCE
FULLER V. COUNTY OF LOS ANGELES - USE OF FORCE
FULLER V. CITY OF RICHMOND - USE OF FORCE, K-9, POLICIES & PRACTICES
GARCIA V. CITY OF STOCKTON - USE OF FORCE, POLICY AND PRACTICES
GILLAM V. COUNTY OF LOS ANGELES - USE OF FORCE, PROBABLE CAUSE
GIBSON V. WEST SACRAMENTO - IA INVESTIGATIONS, POLICY AND PRACTICES
GOODMAN V. HARRIS COUNTY TX - USE OF FORCE, K-9 POLICIES & PRACTICES, PROBABLE CAUSE
GORDON V. LYONS - DOG BEHAVIOR, K-9 TRAINING
GREWEL V. CITY OF TRACY & CITY OF LIVERMORE - VEHICLE PURSUIT POLICY
HARRINGTON V CITY OF NAPA - USE OF FORCE, LAW ENFORCEMENT POLICY AND PRACTICES
HARDIN V. CITY OF CONCORD - WRONGFUL TERMINATION, SEXUAL HARASSMENT
HARRINGTON V. CITY OF NAPA - USE OF FORCE, POLICIES & PRACTICES, PROBABLE CAUSE
HARRISON V. HARRIS COUNTY TX - USE OF FORCE, POLICIES & PRACTICES
HELTSLY V. CITY OF RICHMOND - USE OF FORCE, POLICIES & PRACTICES .
HOPKINS V. CITY OF OAKLAND - USE OF FORCE, POLICIES AND PRACTICES, PROBABLE CAUSE
JOHNSON V. BUTTE COUNTY - USE OF FORCE, POLICY AND PRACTICES, PROBABLE CAUSE
KASPRZAK V. CONTRA COSTA COUNTY - USE OF FORCE, POLICE POLICIES AND PRACTICES
MAGEE V CITY OF GRETNA - USE OF FORCE, PROBABLE CAUSE, POLICE POLICY AND PRACTICES
MARY DEVLIN V. HUNTINGTON BEACH AND WESTMINSTER - USE OF FORCE, TACTICS
MEDRANO V. HARRIS COUNTY TX - USE OF FORCE, POLICY AND PRACTICES
MILLER V. CLARK COUNTY , WA - USE OF FORCE, POLICY AND PRACTICES
MUNOZGURGEN V. CITY OF WOODLAND - USE OF FORCE, POLICY AND PRACTICES
MURPHY V CITY OF OAKLAND - USE OF FORCE, POLICY AND PRACTICES
MURRY V. CITY OF FREMONT/BART - POLICY AND PROCEDURES, PROBABLE CAUSE, USE OF FORCE
NOLAN V STATE OF CALIFORNIA – USE OF FORCE, SEARCH WARRANT SERVICE
POSEY V. CITY OF OAKLAND - POLICY AND PROCEDURES, PROBABLE CAUSE, USE OF FORCE
PULICICCHIO v CITY OF TACOMA WA - USE OF FORCE, POLICY AND PRACTICES
RAMERIZ V COUTNY OF LOS ANGELES - POLICY AND PRACTICES, INVESTIGATION TECHNIQUES
SARA F. V. CITY OF BRENTWOOD - POLICY AND PRACTICES, INVESTIGATION TECHNIQUES
SKALLERUD V. CITY OF PINOLE - USE OF FORCE, POLICY AND PRACTICES
SMITH V. CITY OF SAN LEANDRO - USE OF FORCE, PROBABLE CAUSE, POLICY/PRACTICES
SMITH V. CITY OF LAFAYETTE - USE OF FORCE, PROBABLE CAUSE
SOTELLO V. CITY OF FRESNO - USE OF FORCE, PROBABLE CAUSE , ARREST/CONTROL
TOWNSEND V. SAN BERNADINO COUNTY - ARREST/ENTRY, POLICY AND PRACTICES
VINES V. CITY OF RICHMOND - USE OF FORCE, K-9 BEHAVIOR, POLICY AND PRACTICES
VILAPONDO V. CITY OF SUISUN - TASER DEPLOYMENT, POLICY AND PRACTICES
VIZZA V. CITY OF TRACY - WRONGFUL TERMINATION, POLICY AND PRACTICES
WARNICK V. CITY OF PLEASANT HILL - USE OF FORCE, ARREST AND CONTROL
WANDASCHNEIDER V. CITY OF OAKLAND - PROBABLE CAUSE, POLICIES AND PRACTICES
WARD V. SUTTER COUNTY SHERIFF - PROBABLE CAUSE, POLICY AND PRACTICES
WATKINS V DEPEE, STATE OF CALIFORNIA - USE OF FORCE, POLICY AND PRACTICES
WILLIAMS V. SAN PABLO - USE OF FORCE, POLICY AND PRACTICES

## COURT CERTIFICATION AS AN EXPERT WITNESS

HARRINGTON V CITY OF NAPA - POLICE POLICIES AND PRACTICES (SEPTEMBER, 2005) D

RAMIREZ V CITY OF LOS ANGELES - POLICE POLICIES AND PRACTICES (FEBRUARY 2006) D

HARRISON V HARRIS COUNTY TX - POLICE POLICIES AND PRACTICES (FEBRUARY 2007) H

WATKINS V LARRY DEPEE - CHP - POLICE POLICIES AND PRACTICES – USE OF FORCE (JULY 2007) D-P

GOODMAN V HARRIS CO. TX - POLICE POLICIES AND PRACTICES – USE OF FORCE (SEPTEMBER 2007) P

BROWN V COUNTY OF KERN -USE OF FORCE, POLICE POLICIES AND PRACTICES (APRIL, 2008) D

MURPHY V CITY OF OAKLAND - POLICE POLICIES AND PRACTICES (DECEMBER, 2005) P

VILLAFONDO V CITY OF SUISUN - POLICE POLICIES AND PRACTICES - USE OF FORCE (MARCH 2006) D

POSEY V CITY OF OAKLAND - POLICE POLICIES AND PRACTICES – USE OF FORCE (JUNE 2007) D

HELTSLEY V CITY OF RICHMOND - POLICE POLICIES AND PRACTICES – USE OF FORCE (AUGUST 2007) D

NOLAN V STATE OF CALIFORNIA -USE OF FORCE, POLICE POLICIES AND PRACTICES (MARCH, 2008) P

# WITNESS FEE SCHEDULE

**ORIGINAL CONSULTATION**                                          $500.00

This fee is charged upon initiating a case file and includes the preliminary case review and assessment, use of library and research materials, fixed office costs and operating expenses.

**CASE REVIEW AND PREPARATION**                              $150.00

This basic hourly fee applies to all directed activities associated with case review, analysis, research, preparation and production.  Included in this category are:

> Review of case documents or exhibits
> Tactical debriefings or witness interviews
> Meetings, report writing or teleconferencing
> Production of documents, exhibits or displays
> Site surveys, photography or forensic analysis

**CASE PRESENTATION**
**Deposition Fee**                       **Hourly rate of $200 per hour**

This basic hourly fee applies to all depositions, hearings, or court appearances and is in compliance with Federal and State rules governing "expert witnesses".  This fee is separate and distinct from other fees such as preparation, travel, lodgings, meals etc.

**DIRECTED TRAVEL**

All travel related expenses, including transportation, insurance, lodgings and meals, will be billed at actual costs.  Costs such as air fare may include insurance and/or messenger expenses associated with such purchases.  Travel time and non-activity days away from my residence will be billed at an hourly rate.  (Travel time will be waived for out of state contracts)

**STATEMENT OF ACCOUNT**

Retainers are not generally required.  Itemized billings, (Statement for Services Rendered) will be prepared and submitted on a periodic basis consistent with the activities of the account.  Payment is due upon receipt of a billing.

# EXHIBIT B

GONZALEZ & EIGH LLP

OCT 3 1 2008

**RECEIVED**

1   **P O R T E R | S C O T T**
    A PROFESSIONAL CORPORATION
2   Terence J. Cassidy, SBN 99180
    John R. Whitefleet, SBN 213301
3   350 University Ave., Suite 200
    Sacramento, California 95825
4   TEL: 916.929.1481
    FAX: 916.927.3706
5
    Attorneys for Defendants DAVID PAULSON, COUNTY SOLANO, AL GARZA and
6   BROOK BYERLY

7

8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

11
    JOEL THOMAS TOLER,                    Case No. CIV 06-0735 LKK DAD
12
            Plaintiff,
13                                         **DEFENDANT   AL   GARZA'S**
    vs.                                    **RESPONSES   TO   PLAINTIFF'S**
14                                         **REQUEST FOR ADMISSIONS, SET**
    DAVID   PAULSON,   COUNTY   OF         **ONE**
15  SOLANO,   AL   GARZA,   BROOK
    BYERLY,   and   DOES   1   through   10,
16  inclusive

17          Defendants.

18  _____/

19  **PROPOUNDING PARTY:**       Plaintiff JOEL TOLER

20  **RESPONDING PARTY:**        Defendant AL GARZA

21  **SET NUMBER:**              ONE

22          Defendant, AL GARZA, hereby responds to Plaintiff's Request for Admissions, Set

23  One, pursuant to Rule 36 of the Federal Rules of Civil Procedure, as follows:

24                        **PRELIMINARY STATEMENT**

25          The following responses are based on discovery and investigation to date and do not

26  preclude Defendant from any further discovery, independent investigation, legal research,

27  or analysis respecting any subject matter covered by these interrogatories.  These responses

28  are based on information presently known to Defendant after reasonable investigation.

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE, SUITE 200
SACRAMENTO, CA 95815
TEL: 916.929.1481
FAX: 916.927.3706

1

DEFENDANT AL GARZA'S RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS,

1  Further investigation or discovery may reveal additional information not included hereunder

2  and presently unavailable.  Accordingly, these responses are provided without prejudice to

3  the right of Defendant to produce additional and/or amended responses hereafter obtained

4  as a result of such investigation or discovery.

5  **REQUEST FOR ADMISSION NO. 1:**

6          Admit that are (sic) aware of the paid article published by Plaintiff Tom Toler in the

7  Daily Republic, Vacaville Reporter, and Vallejo Herald on April 12, 2005 (TLR 0013) that

8  was critical of YOU and the Office of the Solano County District Attorney.

9  **RESPONSE TO REQUEST FOR ADMISSION NO.1:**

10         Admit as to the Daily Republic.

11 **REQUEST FOR ADMISSION NO. 2:**

12         Admit that were (sic) aware of the paid article published by Plaintiff Tom Toler

13 referred

14 to in the above request *before* Solano County filed a Petition for Injunction Against

15 Workplace Violence and Application for Temporary Restraining Order against Plaintiff on

16 June 15, 2005

17 **RESPONSE TO REQUEST FOR ADMISSION NO. 2**

18         Admit.

19 **REQUEST FOR ADMISSION NO. 3**

20         Admit that you read, either all or part, of the paid article published by Plaintiff Tom

21 Toler (referred to Request No. 1 above) *before* Solano County filed a Petition for Injunction

22 Against Workplace Violence and Application for Temporary Restraining Order against

23 Plaintiff on June 15, 2005.

24 **RESPONSE TO REQUEST FOR ADMISSION NO. 3**

25         Admit.

26 **REQUEST FOR ADMISSION NO. 4**

27         Admit that you are not an expert in workplace violence.

28 ///

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

**DEFENDANT AL GARZA'S RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS, SET ONE**
00601784.WPD

1  **RESPONSE TO REQUEST FOR ADMISSION NO. 4**

2      Admit.

3  Dated:  October 30, 2008                    PORTER SCOTT
                                               A PROFESSIONAL CORPORATION
4

5
                                               By _____
6                                                  Terence J. Cassidy
7                                                  John R. Whitefleet
                                                   Attorney for Defendants
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916. 929.1481
FAX: 916. 927.3706
www.porterscott.com

3

**DEFENDANT AL GARZA'S RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS, SET ONE**

00601784.WPD

1  **Case Name:**  <u>**Toler, Joel Thomas v. David Paulson, et al,**</u>
   **Case No.:**     **USDC EDCA CIV 06-0735 LKK DAD**
2

3                                      <u>**DECLARATION OF SERVICE**</u>

4           I am a citizen of the United States and employed in Sacramento County, California;
   I am over the age of 18 years and not a party to the within action; my business address is 350
5  University Avenue, Suite 200, Sacramento, California 95825.

6           On the date below I served the attached:

7  **DEFENDANT DAVID PAULSON'S RESPONSES TO PLAINTIFF'S REQUEST FOR
   ADMISSIONS, SET ONE**
8

9  <u>XXX</u>                     **BY MAIL:** I caused such envelope with postage thereon fully prepaid
                                to be placed in the United States mail at Sacramento, California.
10

                                **BY PERSONAL SERVICE:** I caused such document to be delivered
11 _____                          by hand to the office of the person(s) listed below.

12                               **BY OVERNIGHT DELIVERY:** I caused such document to be
                                delivered by overnight delivery to the office of the person(s) listed
13 _____                          below.

14                               **BY FACSIMILE:** I caused such document to be transmitted by
   _____                          facsimile machine to the office of the person(s) listed below.
15
   addressed as follows:
16

17 MATT GONZALEZ
   G. WHITNEY LEIGH
18 BRYAN VERESCHAGIN
   GONZALEZ & LEIGH LLP
19 Two Shaw Alley, Third Floor
   San Francisco, CA 94105
20

21
           I declare under penalty of perjury that the foregoing is true and correct and was
22 executed on October 30, 2008, in Sacramento, California.

23
                                                   _____
24                                                 Ramina Nurullina

25

26

27

28

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916. 929.1481
FAX: 916. 927.3706
www.porterscott.com

                                            4
   **DEFENDANT AL GARZA'S RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS,**
   00601784.WPD                             **SET ONE**