MATT GONZALEZ (SBN 153486)
G. WHITNEY LEIGH (SBN 153457)
MATT SPRINGMAN (SBN 252508)
GONZALEZ & LEIGH, LLP
Two Shaw Alley, 3rd Floor
San Francisco, CA 94105
Telephone:  (415) 512-2000
Facsimile:  (415) 512-2001

Attorneys for Plaintiff
JOEL THOMAS TOLER

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL THOMAS TOLER,<br><br>            Plaintiff,<br><br>     vs.<br><br>DAVID PAULSON, COUNTY OF SOLANO, AL GARZA, BROOK BYERLY, and DOES 1 through 10, inclusive,<br><br>            Defendants. | **Case No. CIV 06-0735 LKK DAD**<br><br>**PLAINTIFF'S MOTION IN LIMINE #2: TO EXCLUDE EVIDENCE AND TESTIMONY OF PLAINTIFF'S PRIOR AND SUBSEQUENT ACTS**<br><br>Date:            March 10, 2009<br>Time:           10:00<br>Courtroom:   4<br>Judge:           Hon. Lawrence K. Karlton |

**The Court Should Exclude Evidence of Plaintiff's Prior and Subsequent Acts Under Fed. R. Evid. 404(b)(2), 402 and 403**

Plaintiff anticipates that defendants will attempt to offer character evidence in the form of Mr. Toler's prior and subsequent "bad" acts to show that Mr. Toler's alleged conduct in this matter is in conformity therewith.  Plaintiff asks the Court to exclude testimony and evidence of any alleged prior or subsequent acts, including but not limited to prior and subsequent arrests, encounters with law enforcement, or incidents involving his conduct in the course of performing his duties as a bail bondsman, to show that Mr. Toler acted similarly in this matter because that

evidence will be prejudicial, irrelevant, and incongruous with the Rules governing character evidence (to which no exceptions are applicable here).

F.R.E. 404(b) provides that "evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." As such, the Plaintiff requests that any evidence relating to any crimes, acts or wrongs unrelated to the underlying incident should be excluded. F.R.E. 402.

Additionally, the admission of evidence related to the uncharged conduct and/or conduct that did not result in conviction would unduly prejudice the plaintiff by focusing on non-probative incidents attenuated from the present facts, would necessitate an undue consumption of judicial time, and would have high likelihood of misleading the jury, and confusing the issues. F.R.E. 403.

Finally, in anticipation of the City's opposition, Plaintiff adds that defendants cannot reasonably argue that any known prior or subsequent conduct is subsumed under any of those exceptions described in 404(b), i.e. evidence that would show proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

DATED: February 18, 2009                              GONZALEZ & LEIGH, LLP


                                                      By: */s/ Matt Springman*
                                                         MATT SPRINGMAN
                                                         Attorney for Plaintiff
                                                         JOEL THOMAS TOLER