

**FILED**

FEB **1 9** 2009

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

1

2

3

4

5

6                UNITED STATES DISTRICT COURT

7                EASTERN DISTRICT OF CALIFORNIA

8

9  JOEL THOMAS TOLER,
                                    NO. CIV. S-06-735 LKK/DAD
10         Plaintiff,

11    v.                            **PRETRIAL CONFERENCE ORDER**
                                    **[FINAL]**
12  DAVID PAULSON; COUNTY OF
    SOLANO; AL GARZA; and
13  BROOK BYERLEY and DOES
    1 through 10, inclusive,
14
           Defendants.
15  _____/

16       Pursuant to court order, a Pretrial Conference was held in

17  Chambers on January 12, 2009.  MATT GONZALEZ and MATT SPRINGMAN

18  appeared as counsel for plaintiff; TERENCE J. CASSIDY and JOHN R.

19  WHITEFLEET appeared for defendants Paulson, Garza and Byerley.

20  After consideration of the parties' objections and requests for

21  augmentation, the court makes the following ORDERS:

22                **I.   JURISDICTION/VENUE**

23       Jurisdiction is predicated upon 28 U.S.C. §§ 1331, 1343 and

24  1367. Venue is predicated upon 28 U.S.C. § 1391(b)-(c).   Both

25  jurisdiction and venue have previously been found proper.   Those

26  findings are reaffirmed.

                              1

## II.   JURY/NON-JURY

Both parties have requested a jury trial on all issues.

### III.   UNDISPUTED FACTS

1.   Plaintiff is a licensed bail bondsman conducting business in Solano and surrounding counties

2.   Defendant David Paulson is the duly elected District Attorney of Solano County.

3.   Defendants Al Garza and Brook Byerley were at all times relevant herein employed as investigators with the office of the District Attorney of Solano County and were acting under color of state law.

4.   Plaintiff reported alleged threats to his son to the Fairfield Police Department on March 27, 2005.

5.   Between March 27 and June 13, 2005 Plaintiff went to the District Attorney's office on numerous occasions.

6.   On April 7, 2005, plaintiff went to the office of the District Attorney to follow-up on the threats he asserted were made to his son on March 27, 2005.

7.   On April 12, 2005, Plaintiff paid to have an advertisement published in several newspapers entitled "A Visit to the Solano County DA's Office."

8.   Between March 27, 2005 and June 13, 2005, Plaintiff Toler went to the office of the Solano County District Attorney multiple times to follow up on a police report he filed. On some of Mr. Toler's visits to the District Attorney's Office, he requested a meeting with the District Attorney.

9.   In a report dated April 12, 2005, District Attorney Investigator William Godwin described his interaction with Mr. Toler on April 7, 2005. The subject line of the report was "Response to Daily Republic Article submitted by Tom Toler."

10.   In a report dated April 12, 2005, Defendant Byerely described his interaction with Mr. Toler in late March 2005 and on April 7, 2005. The subject line of the report was "P.C. 76 - Threats against a Public Officer/Public Office."

11.   On June 13, 2005, Plaintiff again went to the office of the District Attorney.

12.   District Attorney Investigator William Godwin created a report related to his interaction with Mr. Toler with the subject line: "Follow up investigation of complaint filed by Mr. Tom Toler." The report was dated June 14, 2005.

13.   District Attorney Investigator Al Garza created a report related to his interaction with Mr. Toler with the subject line" "threats against a public officer/public office 76 penal code." The report was dated June 13, 2005.

14.   On June 15, 2006, Solano County filed a Workplace Violence Petition against Plaintiff in Solano County Superior Court.

15.   On June 15, 2006, Superior Court Commissioner Alberta Chew issued a temporary restraining order against Plaintiff, directing Plaintiff to stay away from Defendants and the physical office of the District Attorney of Solano County.

16.   A search warrant was obtained by Det. Brad DeWall to

3

search the residence of Plaintiff.

17.   On April 6, 2006, Plaintiff paid to have an advertisement published in several newspapers entitled "Elect Tom Toler for Solano District Attorney, if he was running"

## IV.   DISPUTED FACTUAL ISSUES

1.   Whether Plaintiff's course of conduct constituted a credible threat of violence and/or whether he seriously harassed staff members of the District Attorney's Office for purposes of California Code of Civil Procedure 527.8-527.9.

2.   On April 7, 2005 Plaintiff went to the office of the District Attorney to follow up on the threats made to his son on March 27, 2005. [Defendants do not dispute this fact. However, defendants declined to allow this fact to be included in the statement of undisputed facts on the grounds that the facts might be subject to "implications" that defendants dispute.  Plaintiff contends that a fact that is not disputed should be included in the undisputed facts even though such fact may be subject to inferences one or another party disfavors].

3.   Between March 27 and June 13, 2005 Plaintiff went to the District Attorney's office on numerous occasions, to follow up on the reported threats to his son, and to request a meeting with the District Attorney. [Defendants do not dispute this fact. However, defendants declined to allow this fact to be included in the statement of undisputed facts on the grounds that the facts might be subject to "implications" that defendants dispute.  Plaintiff contends that a fact that is not disputed should be included in the

undisputed facts even though such fact may be subject to inferences one or another party disfavors].

4. On April 12, 2005 Mr. Toler published an article in local newspapers concerning his effort to follow up on the reported threats to his children. [Defendant contends the contents of the document is subject to dispute.]

5. On April 12, 2005, Mr. Toler sent a letter to Defendant Paulson related to his concerns about threats to his children and also requested a meeting with the District Attorney. [Defendant contends the contents of the document is subject to dispute.]

6. Marsha Johnson, Defendant Paulson's secretary, testified at deposition that shortly after Plaintiff's April 12, 2005 article appeared, she raised the issue of the article with Mr. Paulson directly in response to an inquiry from a member of the County Board of Supervisors. In response to Ms Johnson Mr. Paulson responded, "Don't worry about it. I've already taken care of it. You don't need to respond" Deposition of Marsha Johnson at19:3-20:23 [Defendants do not dispute this fact. However, defendants declined to allow this fact to be included in the statement of undisputed facts on the grounds that the facts might be subject to "implications" that defendants dispute. Plaintiff contends that a fact that is not disputed should be included in the undisputed facts even though such fact may be subject to inferences one or another party disfavors].

7. Whether the reports by defendant Brook Byerley and non-defendant William Godwin on April 12, 2005 were prepared

5

specifically in response to Plaintiff's published advertisement.

8.   Whether the search warrant obtained by Det. Brad DeWall was lawful

9.   Whether Garza misrepresented certain facts in his declaration submitted in support of the Workplace Violence Petition and/or TRO.

10.   Whether Plaintiff stated his comment using the "UZI" term on June 13, 2005, in the manner described by Plaintiff or as described by Defendant Garza.

11.   Whether Defendant Paulson conspired to and/or violated the First Amendment rights of Plaintiff

12.   Whether Defendant Garza conspired to and/or violated the First Amendment rights of Plaintiff.

13.   Whether Defendant Byerley conspired to and/or violated the First Amendment rights of Plaintiff.

14.   Whether the Workplace Violence Petition and/or TRO was filed/obtained in retaliation for Plaintiff's advertisement on April 12, 2005.

15.   Whether a Workplace Violence Petition and/or TRO would have been sought regardless of Plaintiff's exercise of his First Amendment rights.

16.   Whether Plaintiff sustained injuries or damages.

17.   The nature and extent of any injury or damages.

18.   Whether the conduct of Defendants' and each of them, was done with the necessary malice to support punitive damages.

////

6

1  **V.  NON-DISCOVERY MOTIONS TO THE COURT AND RESOLUTION**

2  On May 12, 2006, defendants moved to dismiss on abstention
3  grounds. The court stayed the case from July 27, 2006 to October
4  17, 2007 pending the resolution of the underlying criminal and
5  civil actions.

6  On March 14, 2008, the court granted in part defendants'
7  motion to dismiss. In it, the court dismissed the plaintiff's
8  claim under 42 U.S.C. § 1985, his claim under the Fourth
9  Amendment, and his claim under the First Amendment for
10 retaliation arising from the prosecution of the violation of the
11 temporary restraining order.

12 On November 6, 2008, the court granted in part defendants'
13 motion for summary judgment. The County of Solano was dismissed
14 as a defendant and summary judgment was granted on plaintiff's
15 first cause of action to the extent that it alleged a violation
16 of his due process rights.

17 **VI.  DISPUTED EVIDENTIARY ISSUES**

18     1.   Plaintiff intends to move to exclude testimony and
19 opinion by Defendants' expert Jared Zwickey.

20     2.   Plaintiffs intends to move to exclude evidence and
21 testimony of any prior or subsequent bad acts, or crimes, and
22 unproved allegations under FRE 404.

23     3.   Plaintiff intends to move to exclude evidence and
24 testimony related to any complaints, official or otherwise made
25 against Plaintiff in the course of conducting his bail bond
26 business.

7

4.    Plaintiff intends to move to exclude any evidence or testimony related to any alleged violations of the restraining order at issue in this case.

5.    Plaintiff reserves the right to move, under the Federal Rules of Evidence, to exclude or admit any other testimony or evidence.

6.    Defendants will seek to exclude any testimony, evidence, reference or questions regarding the Plaintiff's criminal charges and trial including its outcome, <u>People v. Toler</u>, Solano County Superior Court Case No. FCR 227937.

7.    Defendants will seek to exclude the Fairfield Police Report by Plaintiff regarding alleged threat(s) to his children by Richard Oawster.

8.    Defendants will seek to exclude any testimony by Plaintiff regarding the loss of personal or business income/wages.

9.    Defendants will seek to exclude any evidence of payment of attorney fees incurred in  defense of the criminal matter <u>People v. Toler</u>, Solano County Superior Court Case No. FCR 227937.

10.    Defendants will seek to exclude any evidence of advice of County Counsel sought by  Defendants.

11.    Defendants will seek to exclude any testimony, evidence, reference or questions regarding the involvement of Defendants in campaigning for office of the District Attorney.

////

8

The parties are to bring on motions in limine relative to these matters twenty (20) days prior to trial.  Responses are due ten (10) days prior to trial.

### VII.   SPECIAL FACTUAL INFORMATION

None.

### VIII.   RELIEF SOUGHT

Plaintiff seeks economic damages, punitive damages and attorneys' fees.  Defendants seek judgment in their favor and attorneys' fees.

### IX.   POINTS OF LAW

(a) The elements, standards, and burdens of proof of a claim for retaliation in violation of the First Amendment.

(b) The elements, standards, and burdens of proof of a claim for conspiracy under 42 U.S.C. § 1983.

(c) The elements, standards, and burdens of proof of a claim for a defense of witness immunity.

(d) The elements, standards, and burdens of proof of a claim for an award of punitive damages.

ANY CAUSES OF ACTION OR AFFIRMATIVE DEFENSES NOT EXPLICITLY ASSERTED IN THE PRETRIAL ORDER UNDER POINTS OF LAW AT THE TIME IT BECOMES FINAL ARE DISMISSED, AND DEEMED WAIVED.

### X.   ABANDONED ISSUES

Defendants abandon the following issues:  Eleventh Amendment immunity, waiver, estoppel, unclean hands, comparative fault, and failure to mitigate damages.

////

## XI.  **WITNESSES**

Plaintiff anticipates calling the following witnesses:

See attachment "A".

Defendant anticipates calling the following witnesses:

See attachment "B".

Each party may call a witness designated by the other.

Each party is permitted to file and serve an amended witness list no later than sixty (60) days from the date of this order.

A.   No other witnesses will be permitted to testify unless:

(1)  The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence which could not be reasonably anticipated at the Pretrial Conference, or

(2)  The witness was discovered after the deadline stated above and the proffering party makes the showing required in "B" below.

B.   Upon the post-Pretrial discovery of witnesses, the attorney shall promptly inform the court and opposing parties of the existence of the unlisted witnesses so that the court may consider at trial whether the witnesses shall be permitted to testify.  The evidence will not be permitted unless:

(1)  The witnesses could not reasonably have been discovered prior to Pretrial;

(2)  The court and opposing counsel were promptly notified upon discovery of the witnesses;

1          (3)   If time permitted, counsel proffered the
2  witnesses for deposition;

3          (4)   If time did not permit, a reasonable summary of
4  the witnesses' testimony was provided opposing counsel.

5          **XII.   EXHIBITS, SCHEDULES AND SUMMARIES**

6      At present, plaintiff contemplates the following by way of
7  exhibits:  See attachment "C".

8      At present, defendant contemplates the following by way of
9  exhibits:  See attachment "D".

10     Each party is permitted to file and serve an amended
11 exhibit list no later than sixty (60) days from the date of this
12 order.

13     A.    No other exhibits will be permitted to be introduced
14 beyond that date unless:

15         (1)   The party proffering the exhibit demonstrates
16 that the exhibit is for the purpose of rebutting evidence which
17 could not be reasonably anticipated at the Pretrial Conference,
18 or

19         (2)   The exhibit was discovered after the deadline
20 stated above and the proffering party makes the showing required
21 in paragraph "B," below.

22     B.    Upon the post-Pretrial discovery of exhibits, the
23 attorneys shall promptly inform the court and opposing counsel
24 of the existence of such exhibits so that the court may consider
25 at trial their admissibility.  The exhibits will not be received
26 unless the proffering party demonstrates:

11

1          (1)   The exhibits could not reasonably have been
2  discovered prior to Pretrial;

3          (2)   The court and counsel were promptly informed of
4  their existence;

5          (3)   Counsel forwarded a copy of the exhibit(s) (if
6  physically possible) to opposing counsel.  If the exhibit(s) may
7  not be copied, the proffering counsel must show that he has made
8  the exhibit(s) reasonably available for inspection by opposing
9  counsel.

10      As to each exhibit, each party is ordered to exchange
11  copies of the exhibit not later than fifteen (15) days from the
12  date of this Pretrial Order.  Each party is then granted ten
13  (10) days to file with the court and serve on opposing counsel
14  any objections to said exhibits.  In making said objections, the
15  party is to set forth the grounds for the objection.  As to each
16  exhibit which is not objected to, it shall be marked and
17  received into evidence and will require no further foundation.
18  Each exhibit which is objected to will be marked for
19  identification only.

20      In addition to electronically filing said objections, if
21  any, the objections must be submitted by email, as an attachment
22  in Word or WordPerfect format, to: arivas@caed.uscourts.gov.

23      The attorney for each party is directed to appear before
24  and present an original and one (1) copy of said exhibit to Ana
25  Rivas, Deputy Courtroom Clerk, not later than 10:30 a.m. on the
26  date set for trial.  All exhibits shall be submitted to the

court in binders.  Plaintiff's exhibits shall be listed
numerically.  Defendant's exhibits shall be listed
alphabetically.  The parties shall use the standard exhibit
stickers provided by the court:  pink for plaintiff and blue for
defendant.

### XIII.   DISCOVERY DOCUMENTS

Each party is to provide the other and the court, within
ten (10) days, a statement of the specific matters they intend
to introduce in their case-in-chief.

### XIV.   FURTHER DISCOVERY OR MOTIONS

None.

### XV.   STIPULATIONS

None, except as noted.

### XVI.   AMENDMENTS/DISMISSALS

None, except as noted.

### XVII.   FURTHER TRIAL PREPARATION

A.   Counsel are directed to Local Rule 16-285 regarding
the contents of and the time for filing trial briefs.

B.   Counsel are informed that the court has prepared a set
of standard jury instructions.  In general, they cover all
aspects of the trial except those relating to the specific
claims of the complaint.  Accordingly, counsel need not prepare
instructions concerning matters within the scope of the prepared
instructions.  A copy of the prepared instructions is given to
the parties at the Pretrial Conference.

1    B.    For all cases tried to the court, counsel are ordered
2 to file and serve Proposed Findings of Fact and Conclusions of
3 Law not later than ten (10) days prior to the first date of
4 trial.

5    C.    Counsel are further directed that their specific jury
6 instructions shall be filed fourteen (14) calendar days prior to
7 the date of trial.  As to any instructions counsel desires to
8 offer, they shall be prepared in accordance with Local Rule 51-
9 163(b)(1) which provides:

10       "Two copies of the instructions shall be submitted.
11       One copy shall be electronically filed as a .pdf
12       document and shall contain each instruction on a
13       separate page, numbered and identified as to the party
14       presenting it. Each instruction shall cite the
15       decision, statute, ordinance, regulation or other
16       authority supporting the proposition stated in the
17       instruction."

18       The second copy ("jury copy") shall be submitted by e-mail
19 to lkkorders@caed.uscourts.gov.

20       **In addition, counsel shall provide copies of proposed forms**
21 **of verdict, including special verdict forms, at the time the**
22 **proposed jury instructions are filed with the court.**

23       D.    It is the duty of counsel to ensure that any
24 deposition which is to be used at trial has been filed with the
25 Clerk of the Court.  Counsel are cautioned that a failure to
26 discharge this duty may result in the court precluding use of

14

the deposition or imposition of such other sanctions as the court deems appropriate.

E.   The parties are ordered to file with the court and exchange between themselves not later than one (1) week before the trial a statement designating portions of depositions intended to be offered or read into evidence (except for portions to be used only for impeachment or rebuttal).

F.   The parties are ordered to file with the court and exchange between themselves not later than one (1) week before trial the portions of answers to interrogatories which the respective parties intend to offer or read into evidence at the trial (except portions to be used only for impeachment or rebuttal).

G.   The court has extensive audiovisual equipment available.  Any counsel contemplating its use shall contact the court's Telecommunications Manager, Andre Carrier, at (916) 930-4223, at least two weeks in advance of trial to receive the appropriate training.

## XVIII.   SETTLEMENT NEGOTIATIONS

A Settlement Conference is **SET** before the Honorable John A. Mendez, United States District Judge, on February 6, 2009 at 10:00 a.m.  Counsel are directed to submit settlement conference statements to the settlement judge **not later than seven (7) days prior to the conference.**  At counsel's option, such statements may be submitted in confidence pursuant to Local Rule 16-270(d).
////

Each party is directed to have a principal capable of disposition at the Settlement Conference or to be fully authorized to settle the matter on any terms and at the Settlement Conference.

### XIX.   AGREED STATEMENTS

None.

### XX.   SEPARATE TRIAL OF ISSUES

Punitive damages shall be bifurcated from liability and tried only subsequent to a finding of liability.

### XXI.   IMPARTIAL EXPERTS/LIMITATION OF EXPERTS

None.

### XXII.   ATTORNEYS' FEES

Both parties seek attorneys' fees.  The court will award same upon motion after trial.

### XXIII.   MISCELLANEOUS

None.

### XXIV.   ESTIMATE OF TRIAL TIME/TRIAL DATE

The matter is set for trial on March 10, 2009 at 10:30 a.m., in Courtroom No. 4.  In the event that date is not available, the case is continued to May 12, 2009.  The parties represent in good faith that the trial will take approximately five to seven (5-7) days.

Counsel are to call Ana Rivas, Courtroom Deputy, at (916) 930-4133, one week prior to trial to ascertain status of trial date.

////

16

1

## XXV.   **MODIFICATIONS TO PRETRIAL ORDER**

2

The parties are reminded that pursuant to Federal Rule of

3

Civil Procedure 16(e), this order shall control the subsequent

4

course of this action and shall be modified only to prevent

5

manifest injustice.

6

IT IS SO ORDERED.

7

DATED: February 18, 2009.

8

9

10

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**Plaintiff's Witness List**

1.  Tom Toler, 3645 Spurs Trail, American Canyon, CA 94503

2.  David Paulson

3.  Brook Byerley

4.  William Godwin

5.  Warren Butler

6.  Linda Jones

7.  Marsha Johnson

*ATTACHMENT  "A"*

7

PLAINTIFF'S SEPARATE PRETRIAL CONFERENCE STATEMENT

Case No. CIV 06-0735 LKK DAD

## Defendants' Witness List

**Defendants:**

1. David Paulson
2. Al Garza
3. Brook Byerley
4. Linda Jones
5. Marsha Johnson
6. Warren Butler
7. William Godwin
8. Ira Rosenthal
9. John Daugherty
10. Det. Brad DeWall
11. Robin Keeney
12. Tom Toler

David Paulson, Al Garza, Brook Byerley, Linda Jones, Marsha Johnson, Warren Butler, William Godwin, Robin Keeney and Tom Toler are percipient witnesses to the incident. Ira Rosenthal will testify, if necessary, regarding the search for computerized documents at the County. Deputy District Attorney John Daugherty will testify regarding the handling of Plaintiff's complaint. Det. DeWall will testify regarding the search warrant executed.

Expert witnesses:

1. Jared Zwickey.

Mr. Zwickey will testify regarding peace officer practices, including but not limited to, threat assessment, causation, training practices, procedures and tactics for assessing threats, and the probable cause to seek a WorkPlace Violence Petition and/or TRO.

PORTER|SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916. 929.1481
FAX: 916. 927.3706
www.porterscott.com

00641863.WPD    **DEFENDANTS' PRETRIAL STATEMENT**

**Plaintiff's Exhibit List**

1. Email exchange between Brook Byerley, Al Garza and staff dated April 7, 2005

2. Memorandum by Brook Byerley dated April 12, 2005

3. Email from Marsha Johnson dated April 14, 2005

4. Memorandum by Warren Butler

5. Daily Republic Advertisement dated April 12, 2005

6. Memorandum of Brook Byerley dated April 12, 2005

7. Memorandum of William Godwin dated April 12, 2005

8. Memorandum by Wiliam Godwin dated June 14, 2005

9. Memorandum by Willam Godwin dated June 16, 2005

10. February 9, 2007 Order Continuing terms of restraining order against Plaintiff, signed by Commisioner Chew.

11. "Help Wanted" Advertisement

12. "Elect Tom Toler for District Attorney" Advertisement

13. Petition of Employer for Injunction Prohibiting Violence or Threats of Violence Against Employee and Temporary Restraining Order, County of Solano v. Toler, Solano County Superior Court Case No. FCS026197 filed on June 15, 2005.

18. Declaration of Al Garza filed in Support of Application for Injunctive Relief Against Workplace Violence.

19. Temporary Restraining Order dated June 15, 2006, Solano County Superior Court by Commissioner Alberta Chew.

20. April 12, 2005 Letter from Plaintiff to Defendant Paulson

21. Deposition of Linda Jones dated May 9, 2006, taken in connection with County

*ATTACHMENT "C"*
9

**PLAINTIFF'S SEPARATE PRETRIAL CONFERENCE STATEMENT**
**Case No. CIV 06-0735 LKK DAD**

of Solano v. Toler, Solano County Superior Court Case No. FCS026197.

22. Deposition of Al Garza dated January 19, 2006, taken in connection with County of Solano v. Toler, Solano County Superior Court Case No. FCS026197.

23. Deposition of Brook Byerley taken in connection with County of Solano v. Toler, Solano County Superior Court Case No. FCS026197.

24. Deposition of William Godwin dated January 19, 2006 taken in connection with County of Solano v. Toler, Solano County Superior Court Case No. FCS026197.

25. Deposition of Marsha Johnson dated May 9, 2006 taken in connection with County of Solano v. Toler, Solano County Superior Court Case No. FCS026197.

26. Deposition of William Warren Butler dated May 9, 2006 taken in connection with County of Solano v. Toler, Solano County Superior Court Case No. FCS026197.

27. Deposition of David Paulson dated September 19, 2008.

28. Deposition of Tom Toler, taken on August 25, 2008

29. April 12, 2005 Video taken at the Solano County District Attorney's Office.

## Exhibit List

Defendants expect to offer the following exhibits:

A. Email from Brook Byerley dated April 7, 2005

B. Memorandum by Brook Byerley dated April 12, 2005

C. Email from Marsha Johnson dated April 14, 2005

D. Memorandum by Warren Butler

E. Daily Republic Advertisement dated April 12, 2005

F. Memorandum by William Godwin dated June 14, 2005

G. Memorandum by William Godwin dated June 16, 2005

H. Memorandum by William Godwin dated June 20, 2005

I. Garza's POST Training Profile Report

J. County of Solano's Workplace Protection Handbook

K. Small claims action filed June 8, 2005, by Plaintiff against Defendant PAULSON, Toler v. Paulson, Solano County Superior Court Case No. FSC051416.

L. "Help Wanted" Advertisement

M. "Elect Tom Toler for District Attorney" Advertisement

N. Petition of Employer for Injunction Prohibiting Violence or Threats of Violence Against Employee and Temporary Restraining Order, County of Solano v. Toler, Solano County Superior Court Case No. FCS026197.

O. Declaration of Al Garza filed in Support of Application for Injunctive Relief Against Workplace Violence.

P. Temporary Restraining Order dated June 15, 2006, Solano County Superior Court by Commissioner Alberta Chew.

Q. Deposition of Tom Toler, taken on August 25, 2008

R. Deposition of Linda Jones dated May 9, 2006, taken in connection with County of Solano v. Toler, Solano County Superior Court Case No. FCS026197;

S. Deposition of Marsha Johnson dated May 9, 2006, taken in connection with

PORTER|SCOTT
ATTORNEYS
350 UNIVERSITY AVE. SUITE 200
SACRAMENTO, CA 95825
TEL: 916 929 1481
FAX: 916 927.3706
www.porterscott.com

ATTACHMENT "D"
13

00641863.WPD          DEFENDANTS' PRETRIAL STATEMENT

1      <u>County of Solano v. Toler</u>, Solano County Superior Court Case No. FCS026197;

2  T.  Deposition of Warren Butler dated May 9, 2006, taken in connection with <u>County</u>

3      <u>of Solano v. Toler</u>, Solano County Superior Court Case No. FCS026197;

4  U.  Deposition of Deposition of William Godwin dated January 19, 2006, taken in

5      connection with <u>County of Solano v. Toler</u>, Solano County Superior Court Case

6      No. FCS026197

7  V.  Expert Report of Jared Zwickey.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PORTER|SCOTT

350 UNIVERSITY AVE, SUITE 200
SACRAMENTO, CA 95825
TEL: 916 929 1481
FAX: 916 927 3706

14

00641863.WPD      **DEFENDANTS' PRETRIAL STATEMENT**