1

**PORTER | SCOTT**

A PROFESSIONAL CORPORATION

2  Terence J. Cassidy, SBN 099180
John R. Whitefleet, SBN 213301

3  350 University Ave., Suite 200
Sacramento, California 95825

4  TEL: 916.929.1481
FAX: 916.927.3706

5

6  ATTORNEYS FOR:  Defendants DAVID PAULSON, AL GARZA, and BROOK
BYERLEY.

7

8  **UNITED STATES DISTRICT COURT**

9  **EASTERN DISTRICT OF CALIFORNIA**

10  JOEL THOMAS TOLER,                    Case No. CIV 06-0735 LKK DAD

11      Plaintiff,
                                        **DEFENDANTS' OPPOSITION TO**
12  vs.                                 **PLAINTIFF'S MOTIONS IN LIMINE**

13  DAVID   PAULSON,   COUNTY   OF
SOLANO,   AL   GARZA,   BROOK          Trial:                      05/12/09
14  BYERLEY,   and   DOES   1   through   10,
inclusive

15
        Defendants.
16
                                    /
17

18      Defendants DAVID PAULSON, AL GARZA, and BROOK BYERLEY, hereby

19  submit the following in opposition to Plaintiff JOEL THOMAS TOLER's Motions in

20  Limine.[1]

21                                    **I.**

22  **PLAINTIFF'S MOTION TO EXCLUDE TESTIMONY OF DEFENDANTS'
EXPERT JARED ZWICKEY SHOULD BE DENIED**

23

24      In his Motion in Limine No. 1, Plaintiff moves to exclude any evidence or testimony

25  from Defendants' proffered expert witness Jared Zwickey, claiming that there is no need for

26

27

28  [1]Although Plaintiff references five categories in his PreTrial Statement, Defendants are aware
of only two motions in limine.

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

1

00677932.WPD    **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTIONS IN LIMINE**

1   expert testimony, and/or by challenging his credentials and basis for his opinions.

2   Apparently choosing to not take the deposition testimony of Mr. Zwickey, nor disclose any

3   expert witnesses, Plaintiff misreads the report submitted by Mr. Zwickey as proferring an

4   opinion that "defendants' conduct was reasonable," arguing that "this case addresses no issue

5   that calls for expert opinion."   Defendants respectfully contend the motion should be denied

6   because Plaintiff misstates the proffered testimony, and misapplies the standard for exclusion

7   of expert testimony.

8   **A.       Mr. Zwickey's opinions would be helpful to the jury**.

9          Under Federal Rule of Evidence section 702, an expert opinion is considered helpful

10  if it is "beyond the common knowledge of the average lay person." Where the standard being

11  adjudicated is whether a "reasonable person" would have acted, this is within the province

12  of a jury.   Aguilara v. International Longshoreman's Union Local #10, 966 F.2d 443, 447

13  (9th Cir. 1992) [holding that it is improper to use an expert to testify about reasonable

14  reliance in a promissory estoppel claim].  Here, the question is whether Defendants' conduct

15  violated the First Amendment.  Underlying that issue is whether there was probable cause

16  to seek a temporary restraining order (See Hartman v. Moore, 547 U.S. 250 (2006)) via the

17  Workplace Violence Petition for "a person who has been stalked, threatened, or otherwise

18  seriously harassed" may petition a court to enjoin such conduct under California Code of

19  Civil Procedure section 527.6, and whether Plaintiff's conduct constituted a credible threat

20  of violence for purposes of California Code of Civil Procedure section 527.8.

21         Here, Mr. Zwickey is not being proffered to testify whether Plaintiff's course of

22  conduct or statement about an "Uzi" posed an actual threat to Mr. Garza or Mr. Paulson, but

23  rather whether probable cause existed, based on Mr. Garza's training and experience as a law

24  enforcement officer and office supervisor, for Mr. Garza to assist in the seeking of a

25  restraining order and whether Defendants' conduct violated the First Amendment.  Mr.

26  Zwickey has unique knowledge and training in assessing threats as a law enforcement

27  officer, and therefore his opinions regarding probable cause clearly go "beyond the common

28  knowledge of the average lay person." Accordingly, the motion should be denied.

PORTER|SCOTT

ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

00677932.WPD        **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTIONS IN LIMINE**

1    Plaintiff appears to move to exclude the testimony of Mr. Zwickey on the basis of

2    Federal Rule of Evidence section 403,[2] although he does not set forth any substantive

3    argument in support thereof.   Because Plaintiff makes no argument as to how he would be

4    unfairly prejudiced, or how Mr. Zwickey's opinions would confuse the jury in this regard,

5    Defendants should not be expected to respond.  To the extent the court requires a response,

6    Defendants submit that Mr. Zwickey's opinion regarding an evaluation of whether there was

7    probable cause to assist in seeking a TRO is highly probative to the issues in this case, and

8    Plaintiff cannot establish any unfair prejudice.   Moreover, it is mere speculation that Mr.

9    Zwickey's opinions would confuse the jury, particularly in that there is no evidence that Mr.

10   Zwickey made, or will make, any credibility determination.   On this additional basis, the

11   motion should be denied.

12   **B.    Plaintiff's motion that Mr. Zwickey's opinions are legally insufficient should be denied.**

13

14   Plaintiff chose to not explore Mr. Zwickey's opinion by way of testimony, but rather

15   rely on his mistaken interpretation of the expert report.   His challenge that Mr. Zwickey

16   "misstates the legal standard" is a misnomer, and should be denied.

17   Although not directly referenced by Plaintiff, it appears he relies on Federal Rule of

18   Evidence section 704.  Under that section, testimony in the form of an opinion or inference

19   otherwise admissible is not objectionable because it embraces an ultimate issue to be decided

20   by the trier of fact. Fed. Rules Evid. R. 704.  Here, Plaintiff again misreads Mr. Zwickey's

21   report, cherry-picking words from the report and providing his own interpretation of same.

22   The portion which reads "could inflict violence" is taken out of the context, and does not

23   represent a legal conclusion, but is part of the basis for his opinion that there was probable

24   cause to seek a restraining order.  Had Plaintiff explored this in testimony, he may have more

25

26   [2]Under Federal Rule of Evidence section 403, evidence may be excluded if its

27   "probative value is substantially outweighed by the danger of unfair prejudice, confusion of
     the issues, or misleading the jury, or by considerations of undue delay, waste of time, or

28   needless presentation of cumulative evidence."

PORTER|SCOTT

ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916. 929.1481
FAX: 916. 927.3706
www.porterscott.com

3

00677932.WPD        **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTIONS IN LIMINE**

1   fully understood that the conclusion that Plaintiff could inflict violence is a mere paraphrased

2   conclusion for credible threat of violence.[3]   Accordingly, that Mr. Zwickey's opinion

3   includes a portion of the "ultimate issue" to be decided by the jury- whether Mr. Garza

4   reasonably believed Plaintiff made a knowing and willful statement or engaged in a course

5   of conduct that would place a reasonable person in fear for his or her safety, or the safety of

6   others, and that serves no legitimate purpose, does not render his opinion regarding probable

7   cause inadmissible.   Alternatively, Mr. Zwickey will confine his opinion for trial using the

8   "credible threat of violence" phraseology.   Therefore, the motion should be denied.

9          **C.      Plaintiff's challenge to the factual basis of Mr. Zwickey's opinion, without
               exploration, should be denied.**

10

11         Plaintiff points to one document - Mr. Garza's declaration submitted in support of the

12   temporary restraining order - and argues Mr. Zwickey's reliance on a statement therein,

13   renders his entire opinion in admissible.   Plaintiff ignores all other documents reviewed by

14   Mr. Zwickey.   The motion should be denied.

15         Plaintiff cannot state that Mr. Zwickey, in rendering his opinion, relied on the portion

16   in Mr. Garza's declaration statement that he was an "expert".   Accordingly, the motion

17   improperly assumes any weight was given to this portion of the declaration, and/or is without

18   evidentiary support.   On this basis, the motion should be denied.

19         Again although not referenced, Plaintiff appears to be arguing the opinion is based on

20   insufficient facts.   Rule 702 requires that an expert's testimony must be based on "sufficient

21   facts or data..." Fed. R. Evid. 702(1).   In addition, expert testimony may "not include

22   unsupported speculation and subjective beliefs." Guidroz-Brault v. Missouri Pacific R. Co.,

23   254 F.3d 825, 829 (9th Cir. 2001). The quality of the factual basis underlying an expert

24   opinion "goes to the credibility of the testimony, not the admissibility, and it is up to the

25

26         [3]"Credible threat of violence" is defined as a knowing and willful statement or course

27   of conduct that would place a reasonable person in fear for his or her safety, or the safety of
     his or her immediate family, and that serves no legitimate purpose.  Cal. Code Civ. Proc. §

28   527.8(b)(2).

PORTER|SCOTT

ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

4

1   opposing party to examine the factual basis for the opinion in cross-examination." <u>Hangarter</u>

2   <u>v. Provident Life and Accident Ins. Co.</u>, 373 F.3d 998, 1017 n.14 (9th Cir. 2004) (quoting

3   <u>Children's Broadcasting Corp. v. Walt Disney Co.</u>, 357 F.3d 860, 865 (8th Cir. 2004)).

4   Here, Plaintiff misstates the testimony of Mr. Garza, which he later clarifies in the deposition

5   the testimony as to his "expert" qualification as a law enforcement officer.  Clearly, as a

6   seasoned law enforcement officer, Mr. Garza could qualify in any court on his ability to

7   assess threats, regardless of the context.  Mr. Zwickey cites to numerous factual materials

8   which he reviewed.  Accordingly, the factual bases for Mr. Zwickey's testimony may be

9   properly challenged on cross-examination, which Plaintiff has apparently chosen not to do.

10  On this additional basis, the motion should be denied.

11                                                **II.**

12  **PLAINTIFF'S MOTION TO EXCLUDE MR. ZWICKEY'S REPORT BASED ON
    A "DEFICIENT RECORD" SHOULD BE DENIED**

13

14      Also in Plaintiff's Motion in Limine No. 1, Plaintiff seeks to exclude the report

15  prepared by Mr. Zwickey on the sole grounds that it is based on a "deficient record."   As

16  noted above, the quality of the factual basis underlying an expert opinion "goes to the

17  credibility of the testimony, not the admissibility, and it is up to the opposing party to

18  examine the factual basis for the opinion in cross-examination." <u>Hangarter</u>, 373 F.3d 1017.

19  Therefore, Plaintiff may properly challenge the factual sufficiency of Mr. Zwickey's

20  testimony on cross-examination, and is not a proper basis to exclude the report.  On this

21  basis, the motion should be denied.

22                                                **III.**

23  **PLAINTIFF'S MOTION TO EXCLUDE ANY "PRIOR AND SUBSEQUENT"
    ACTS SHOULD BE DENIED**

24

25      In his Motion in Limine No. 2, Plaintiff moves to exclude all "prior and subsequent"

26  acts of Plaintiff under Federal Rule of Evidence sections 402, 403 and 404(b)(2).  As a

27  threshold issue, Plaintiff points to no specific past or subsequent acts he seeks to exclude.

28  Absent such specifics, this court and Defendants are left to speculate as to how those

PORTER | SCOTT

ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

5

00677932.WPD          **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTIONS IN LIMINE**

1   unspecified acts are indeed truly improper character evidence.  Therefore, the overbroad,

2   generalized motion should be denied.[4]

3        Assuming Plaintiff is referring to the discovery of an automatic weapon at Plaintiff's

4   residence following the issuance of the TRO by the Solano County Superior Court,

5   Defendants proffer such evidence to show proof of motive, opportunity, intent, preparation,

6   plan, knowledge, identity, or absence of mistake or accident.  Fed. R. Evid. 404(b). In

7   Huddleston, the Supreme Court gave four guidelines on the admissibility of "bad act

8   evidence": (1) the evidence must have a proper purpose; (2) it must be relevant under Rules

9   401 and 402; (3) its probative value must outweigh its prejudicial effect under Rule 403; and

10  (4) the court must charge the jury to consider the evidence only for the limited purpose for

11  which it was admitted. Huddleston v. United States, 485 U.S. 681, 691-92 (1988).

12       Here, that Plaintiff admittedly referenced an automatic weapon to Mr. Garza, and an

13  automatic weapon was later found on Plaintiff's property clearly goes to establish Plaintiff

14  had the means, opportunity, knowledge, and absence of mistake or accident on his part.  Its

15  discovery directly relates to the alleged threat, and its probative value outweighs any

16  prejudice because of the unique nature and seriousness of the weapon (all fully automatic

17  weapons are illegal).  On this basis, the court should allow admission of the automatic

18  weapon, with a limiting instruction to consider the evidence for the limited purpose for which

19  it was admitted.

20                          Respectfully submitted,

21  DATED:   April 28, 2009        PORTER SCOTT
                                   A Professional Corporation

22

23                          By: /s/ John R. Whitefleet
                                   Terence J. Cassidy
24                                 John R. Whitefleet
                                   Attorneys for Defendants
25

26
    [4]See e.g. Forshey v. SOMS, Inc., 2007 U.S. Dist. LEXIS 53449 (W.D. Wash. 2007) (denying
27  motion under FRE 404 for failing to specify what should be disallowed).  Moreover, evidence of a
    witness' character may be used for impeachment or rehabilitative purposes pursuant to FRE Rule
28  607, 608 and 609.

PORTER | SCOTT

ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916. 929.1481
FAX: 916. 927.3706
www.porterscott.com

6

00677932.WPD        **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTIONS IN LIMINE**