**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
Terence J. Cassidy, SBN 099180
John R. Whitefleet, SBN 213301
350 University Ave., Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

ATTORNEYS FOR: Defendants DAVID PAULSON, AL GARZA, and BROOK BYERLEY.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL THOMAS TOLER,<br><br>  Plaintiff,<br><br>vs.<br><br>DAVID PAULSON, COUNTY OF SOLANO, AL GARZA, BROOK BYERLEY, and DOES 1 through 10, inclusive<br><br>  Defendants.<br>_____/ | Case No. CIV 06-0735 LKK DAD<br><br>**DEFENDANTS' TRIAL BRIEF**<br><br>TRIAL:   05/12/09<br>TIME:    10:30 a.m.<br>CTRM:    4 |

Defendants DAVID PAULSON, AL GARZA, and BROOK BYERLEY, hereby submit the following Trial Brief.

## I.

## STATEMENT OF FACTS

On March 27, 2005, Plaintiff made a report of threats to his children to the Fairfield police. Starting in April 2005, Plaintiff claims to have gone to the office of the District Attorney numerous times in order to gain an audience with the District Attorney. The threats to his children were deemed not actionable. On April 7, 2005, Plaintiff went to the office of the District Attorney, regarding which numerous reports were generated. Plaintiff paid to publish an advertisement purportedly critical of the District Attorney on April 12, 2005.

///

1

00678251.WPD                    **DEFENDANTS' TRIAL BRIEF**

Over two months later on June 13, 2005, while in the lobby of the office of the District Attorney, Plaintiff made a comment to Defendant GARZA which referenced an "Uzi"- an automatic weapon. Believing Plaintiff's actions to be a credible threat of violence, the County of Solano immediately obtained a temporary restraining order in connection with a Workplace Violence Petition pursuant to California Civil Procedure section 527.8, on June 15, 2005. The restrictions in the TRO were subsequently modified by court order several times.

Following the issuance of the TRO, Plaintiff continued to pay for advertisements critical of the office of the District Attorney. The matter was ultimately resolved in an out-of-court settlement.

## II.

### ADMISSIONS/STIPULATIONS NOT RECITED IN THE PRETRIAL ORDER

Defendants are not aware of any further admissions or stipulations not otherwise recited in the PreTrial Conference Order[Final] dated February 19, 2009. Defendants' Motions in Limine regarding anticipated evidentiary issues have been separately filed.

## III.

### SUMMARY OF LAW

**A.    First Amendment Retaliation**

In order to demonstrate a First Amendment retaliation claim, a plaintiff must provide evidence showing that "by his actions [the defendant] deterred or chilled [the plaintiff's] political speech and such deterrence was a substantial or motivating factor in [the defendant's] conduct." Mendocino Environmental Center v. Mendocino County, 192 F.3d 1283, 1300 (9th Cir. 1999) (quoting Sloman v. Tadlock, 21 F.3d 1462, 1469 (9th Cir. 1994)). In that regard, a plaintiff must demonstrate that defendants "intended to interfere with [plaintiffs'] First Amendment rights." Mendocino Environmental Center v. Mendocino County, 14 F.3d 457, 464 (9th Cir. 1994)  In addition to evidence that the defendant knew of the protected speech, Plaintiff must establish (1) evidence of proximity in time between the protected speech and the allegedly retaliatory decision, (2) evidence that the defendant

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

1  expressed opposition to the speech, or (3) evidence that the defendant's proffered reason for
2  the adverse action was false or pretextual. See Keyser v. Sacramento City Unified Sch. Dist.,
3  265 F.3d 741, 751-52 (9th Cir. 2001).

**B.   Plaintiff must also establish lack of probable cause.**

In order to establish a claim for First Amendment retaliation pursuant to 42 U.S.C. section 1983, Defendants submit that a plaintiff must also demonstrate[1] the lack of probable cause to initiate the adverse proceedings against him.  See e.g. Hartman v. Moore, 547 U.S. 250 (2006) (reversing the denial of qualified immunity to investigators on First Amendment retaliation claim where plaintiff criticized certain business decisions advocated by the Postal Service); See also Moore v. Hartman, 241 F.R.D. 59, 64 (D.D.C. 2007) (describing the standard as establishing that a reasonable and prudent man would not suspect that the plaintiff had committed the offense) citing Ornelas v. United States, 517 U.S. 690, 695, 116 S. Ct. 1657, 134 L. Ed. 2d 911 (1996); Barnes v. Wright, 449 F.3d 709, 720 (6th Cir. 2006) (rejecting a First Amendment retaliation claim where plaintiff was critical of officers' performance, and after the officers sought and obtained grand jury indictment leading to plaintiff's arrest, noting that the Hartman rule "sweeps broadly.") and Williams v. City of Carl Junction, 480 F.3d 871, 877 (8th Cir. 2007) (dismissing First Amendment retaliation claim against a city mayor arising from twenty-six traffic citations because plaintiff failed to establish even an arguable absence of probable cause).

A person who has been stalked, threatened, or otherwise seriously harassed may petition a court to enjoin such conduct.  Cal. Code Civ. Proc. § 527.6; Grant v. Clampitt 56 Cal.App.4th 586, 591-592 (1997).  The Workplace Violence Safety Act at issue here, section 527.8, "was enacted to allow employers to seek protections comparable to those offered under section 527.6 to enjoin workplace threats or acts of violence against employees." Robinzine v. Vicory 143 Cal.App.4th 1416, 1423 (2006) (finding that workplace violence

---

[1] This Court has already noted that "[i]n order to prevail on his retaliation claim, plaintiff must show that these proceedings were instituted illegitimately and that the TRO was issued without probable cause." (See Docket Entry No. 18; Order filed July 27, 2006 p. 10:12-14).

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916. 929.1481
FAX: 916. 927.3706
www.porterscott.com

3
00678251.WPD                **DEFENDANTS' TRIAL BRIEF**

1 petitions ("WVP") under California Code of Civil Procedure section 527.8 may not provide
2 a basis for retaliation and/or malicious prosecution actions).  California Code of Civil
3 Procedure section 527.8 enables employers to seek the same remedy for its employees as
4 section 527.6 provides for natural persons. Scripps Health v. Marin 72 Cal.App.4th 324,
5 333-334 (1999).  For purposes of California Code of Civil Procedure section 527.8, probable
6 cause to seek a WVP requires an employee to have suffered unlawful violence or a credible
7 threat of violence, and that great or irreparable harm would result to an employee.  See Cal.
8 Code Civ. Proc. § 527.8(e).  "Credible threat of violence" is a knowing and willful statement
9 or course of conduct that would place a reasonable person in fear for his or her safety, or the
10 safety of his or her immediate family, and that serves no legitimate purpose. Cal. Code Civ.
11 Proc. § 527.8(b)(2).

**C.  Finding of Probable Cause to Issue the TRO collaterally estops Plaintiff from arguing there was not probable cause**

Finding of probable cause by a magistrate is presumed accurate. See Franks v. Delaware, 438 U.S. 154, 171 (1978) (warrant presumed valid).  A court reviewing the sufficiency of the affidavits must give the magistrate's determination "'great deference.'" United States v. Leon, 468 U.S. 897, 914 (1984). See also Illinois v. Gates, 462 U.S. 213, 237, n.10 (1983) (magistrate's probable cause determination need only have "substantial basis" for concluding probable cause exists).  Thus, where probable cause existed, plaintiff is precluded from relitigating the matter, and/or is collaterally estopped to argue probable cause did not exist. See, e.g., Peet v. City of Detroit, 502 F.3d 557, 566 (6th Cir. Mich. 2007).  Plaintiff must establish that absent the allegedly false statement about being "an expert", the magistrate would not have found probable cause to issue the TRO.

**D.  Defendants would have taken the same course of action regardless of Plaintiff's purportedly critical advertisement**

Defendants "can escape liability by showing that it would have taken the same action even in the absence of the protected conduct." Keyser v. Sacramento City Unified Sch. Dist., 265 F.3d 741, 750 (9th Cir. 2001), quoting Bd. of County Comm'rs v. Umbehr, 518 U.S. 668,

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

4
00678251.WPD           **DEFENDANTS' TRIAL BRIEF**

675, 116 S. Ct. 2342, 135 L. Ed. 2d 843 (1996). Here, two months passed between Plaintiff's exercise of free speech, i.e. the critical advertisement on April 12, 2005, and his July 13, 2005 visit during which he referenced an "Uzi" to a law enforcement officer; two days following, a TRO was obtained.

### E.   Witness Immunity

A witness who allegedly falsely testifies has long been afforded absolute witness immunity (Briscoe v. LaHue, 460 U.S. 325, 330-32 (1983) (absolute witness immunity for testimony at criminal proceedings). A "complaining witness," is defined as one a private party who initiates prosecution against another, is not afforded the same immunity. See e.g. Burns v. Reed, 500 U.S. 478, 501 (1991) (noting definition); See also Kulas v. Flores, 255 F.3d 780, 783 (9th Cir. 2001) ("A complaining witness is a person 'who actively instigated or encouraged the prosecution of the plaintiff.'" quoting Anthony v. Baker, 955 F.2d 1395, 1399 n.2 (10th Cir. 1992)). The distinction in a "witness" versus a "complaining witness" lies in the common law treatment between defamation actions and actions for malicious prosecution. See e.g. Kalina v. Fletcher, 522 U.S. 118, 133 (1997) (prosecutor not absolutely immune in attesting to facts in support of arrest warrant); White v. Frank, 855 F.2d 956, 961 (2d Cir. 1988). In a defamation action, the plaintiff seeks to hold a witness liable for the defamatory effect of his testimony. Id. In a malicious prosecution action, however, the plaintiff attempts to hold the witness liable for his role in "initiating a baseless prosecution" Id. Thus, it was generally considered that a party who initiated prosecution was not afforded immunity for such malicious prosecution. Id. From this line of reasoning emerged the test of whether absolute immunity lies for sworn testimony: a court examines "the nature of the function performed, not the identity of the actor who performed it" in light of proceeding in which the testimony was provided. See Kalina, 522 U.S. at 127 quoting Forrester v. White, 484 U.S. 219, 229 (1988); McCormick v. City of Lawrence, 99 Fed. Appx. 169, 173 (10th Cir. 2004) (prosecutor who filed a complaint with the Consumer Protection Division of the Office of the Kansas Attorney General was a complaining witness in debarment proceedings and thus not entitled to absolute immunity).

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

5
00678251.WPD         **DEFENDANTS' TRIAL BRIEF**

**F.     Qualified Immunity**

Defendants alleged they were acting in their official capacities at all times relevant to this action, and any alleged actions were made in good faith, without malice, or were performed with a reasonable belief that their actions were authorized by and in accord with existing law and authority. Act Up!/Portland v. Bagley, 988 F.2d 868, 871 (9th Cir. 1993); Romero v. Kitsap County, 931 F.2d 624, 627 (9th Cir. 1991).

Qualified immunity applies to any damages claim for actions taken by government employees in their official capacities, unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known. Marshall v. Gates, 812 F.Supp. 1050 (C.D. Cal. 1993).

The Court must make three inquiries to determine whether the defense of qualified immunity is available to the Defendants. First, the Court must identify the right he allegedly violated. Second, the Court must determine whether the law governing his conduct is clearly enough established to alert a reasonable officer to its constitutional parameters. Third, the Court must consider whether, under the law, a reasonable officer could have believed his conduct was lawful. Reynolds v. County of San Diego, 84 F.2d 1162, 1166-1167 (9th Cir. 1996), citing Anderson v. Creighton, 483 U.S. 635, 640 (1987); Hunter v. Bryant, 502 U.S. 224, 226 (1991); DeNieva v. Reyes, 966 F.2d 480, 484-85 (9th Cir. 1992); and Act Up!/Portland v. Bagley, 988 F.2d 868, 871 (9th Cir. 1993).

It is not enough that the Plaintiff alleges that his constitutional rights were violated. This allegation is insufficient under Heflin v. Stewart County, Tenn., 958 F.2d 709 (8th Cir. 1992). For a right to have been "clearly established" something more than a general constitutional right such as due process must have been recognized. Thus, the right must be established in a "more particularized... sense." Supra, Anderson, 483 U.S. at 640. This means that "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates the right." Id.; Danese v. Asman, 875 F.2d 1239, 1242 (6th Cir. 1989). It is not necessary that the "very action in question has previously been held unlawful." Rather the unlawfulness of the action must be apparent to the official "in

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

00678251.WPD                    6
**DEFENDANTS' TRIAL BRIEF**

1  light of the pre-existing law." Id. Heflin at 717 [Emphasis added].

2      The qualified immunity inquiry "must be undertaken in light of the specific context
3  of the case, not as a broad general proposition." It is not enough to put a reasonable officer
4  on notice that her conduct is unlawful. A right that an officer is alleged to have violated must
5  have been "clearly established in a more particularized, and hence more relevant sense."
6  Thus, "[t]he relevant, dispositive inquiry in determined whether a right is clearly established
7  is whether it would be clear to a reasonable officer that his conduct was unlawful in the
8  situation he confronted." Brosseau v. Haugen (2004) 125 S.Ct. 596.

9      "The relevant, dispositive inquiry in determining whether a right is clearly established
10  is whether it would be clear to a reasonable officer that his conduct was unlawful in the
11  situation he confronted." Saucier v. Katz 533 U.S. 194, 202 (2001). "The concern of the
12  immunity inquiry is to acknowledge that reasonable mistakes can be made as to the legal
13  constraints on particular police conduct. It is sometimes difficult for an officer to determine
14  how the relevant legal doctrine, here excessive force, will apply to the factual situation the
15  officer confronts. An officer might correctly perceive all of the relevant facts but have a
16  mistaken understanding as to whether a particular amount of force is legal in those
17  circumstances. If the officer's mistake as to what the law requires is reasonable, however, the
18  officer is entitled to the immunity defense." Id. at 205.

19  **G.   Damages**

20      For purposes of actual or compensatory damages, Plaintiff has failed to adequately
21  demonstrate his entitlement to recovery. There is no demonstrable proof of any out of pocket
22  expenses, no medical or emotional distress injuries. Plaintiff's claims for expenses of
23  attorney fees in connection with defense of the TRO are the subject of a waiver in
24  Settlement. Plaintiff's claims for expenses of attorney fees in connection with defense of
25  the prosecution of the criminal matter cannot be sustained in that the court dismissed any
26  action based on the criminal matter. In addition, Plaintiff cannot recover for any emotional
27  distress injuries, as has offered essentially no proof of any emotional distress arising to this
28  incident; rather, Plaintiff attempts to show loss of business income, which is subject of

7

00678251.WPD                **DEFENDANTS' TRIAL BRIEF**

Defendants' Motion in Limine

H. **Punitive Damages**

Punitive damages have been bifurcated from liability. While punitive damages may be recovered in actions brought under §1983, see McDaniel v. Carroll, 457 F.2d 968 (6th Cir. 1972), *cert. denied*, 409 U.S. 1106, 93 S.Ct. 897, in no way does the conduct of Defendants, as pled by Plaintiff herein, meet the standards required for imposition of such damages. In Smith v. Wade, 461 U.S. 30, 103 S.Ct. 1625 (1971), the United States Supreme Court held that punitive damages may be awarded under §1983 only if the Plaintiff proves that the conduct of the defendant was "motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." Id. at 56; accord Kennedy v. Los Angeles Police Dept., 901 F.2d 702, 707 (9th Cir. 1989). Conduct is malicious only if it is accompanied by ill will, or spite, or if it is for the purpose of injuring another. Model Civ. Jury Instr. 9th Cir. 7.5 (2004). Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's rights. Id. The Ninth Circuit also has held that malicious, wanton, or oppressive acts are a proper basis for assessing punitive damages. Dang v. Cross, 422 F.3d 800, 807 (9th Cir. 2005).

IV.

**ANTICIPATED DISPUTES CONCERNING ADMISSIBILITY OF EVIDENCE**

A. **The discovery of an automatic weapon on Plaintiff's property**

Plaintiff admittedly referenced an automatic weapon to Mr. Garza, and an automatic weapon was later found on Plaintiff's property goes to establish Plaintiff had the means, opportunity, knowledge, and absence of mistake or accident on his part.

B. **Damages**.

The extent of damages should be limited by the court's prior order regarding the dismissal of the claims based on the criminal matter, the prior Settlement Agreement, and Defendants' Motions in Limine. Defendants contend no evidence of attorney fees expended should be allowed, and the claimed loss of business should be precluded.

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

**C.     Testimony of Defendant's Expert Witness.**

Plaintiff challenges the need for expert testimony and/or the factual basis of Defendant's Expert Witness. Defendants contend the testimony is helpful to the jury, and any challenge to the factual basis may be handled by cross-examination.

## V.

## CONCLUSION

Based on the foregoing, Defendants respectfully submit Plaintiff will not be able to sustain his burden of proof at the time of trial and should take nothing by way of his Complaint.

Respectfully submitted,

DATED:  April 28, 2009          PORTER SCOTT
                                A Professional Corporation


                                By: /s/ John R. Whitefleet
                                    Terence J. Cassidy
                                    John R. Whitefleet
                                    Attorneys for Defendants

00678251.WPD                    **DEFENDANTS' TRIAL BRIEF**

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com