**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
Terence J. Cassidy, SBN 099180
John R. Whitefleet, SBN 213301
350 University Ave., Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

ATTORNEYS FOR Defendants DAVID PAULSON, AL GARZA, and BROOK BYERLEY

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL THOMAS TOLER,<br><br>    Plaintiff,<br><br>vs.<br><br>DAVID PAULSON, COUNTY OF SOLANO, AL GARZA, BROOK BYERLEY, and DOES 1 through 10, inclusive<br><br>    Defendants.<br>_____/ | Case No. CIV 06-0735 LKK DAD<br><br>**DEFENDANTS' PROPOSED CIVIL JURY INSTRUCTIONS**<br><br>[Citations Included]<br><br>TRIAL DATE:  5/12/2009<br>TIME:        10:30 a.m.<br>CTRM:        4 |

Dated: April 28, 2009

Respectfully submitted,

PORTER SCOTT
A Professional Corporation


By____/s/ John R. Whitefleet____
    Terence J. Cassidy
    John R. Whitefleet
    Attorneys for DAVID PAULSON, AL GARZA, and BROOK BYERLEY

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

00666273.WPD

1

PROPOSED JURY INSTRUCTIONS

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 1

The plaintiff brings his claim under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

**NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS**
**9.1 VIOLATIONS OF FEDERAL CIVIL RIGHTS -**
**ELEMENTS AND BURDEN OF PROOF**

_____  Given
_____  Given as Modified
_____  Refused
_____  Withdrawn

_____
United States District Judge

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 2

In order to prevail on his § 1983 claim against defendant DAVID PAULSON, AL GARZA, or BROOK BYERLEY, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1. the defendant acted under color of law; and

2. the acts of defendant DAVID PAULSON, AL GARZA, or BROOK BYERLEY deprived the plaintiff of his particular rights under the United States Constitution as explained in later instructions.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation.

If you find the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements he is required to prove, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant.

**NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS**
**9.2 VIOLATIONS OF FEDERAL CIVIL RIGHTS -**
**ELEMENTS AND BURDEN OF PROOF**

_____  Given
_____  Given as Modified
_____  Refused
_____  Withdrawn

_____
United States District Judge

00666278.WPD

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 3

Plaintiff JOEL TOLER has the burden to prove that the acts of defendants DAVID PAULSON, AL GARZA, or BROOK BYERLEY deprived him of particular rights under the United States Constitution. In this case, plaintiff alleges defendants deprived him of his rights under the First Amendment to the Constitution by seeking a temporary restraining order via a Workplace Violence Petition in retaliation for his paid advertisement.

Under the First Amendment, a citizen has the right to free expression. In order to prove the defendant deprived the plaintiff of this First Amendment right, TOLER must prove the following additional elements by a preponderance of the evidence:

1. TOLER engaged in speech protected under the First Amendment;

2. either PAULSON, GARZA, or BYERLEY personally participated in seeking a temporary restraining order via the Workplace Violence Petition against TOLER;

3. either PAULSON, GARZA, or BYERLEY lacked probable cause to seek a temporary restraining order via the Workplace Violence Petition;

4. the issuance of the temporary restraining order via the Workplace Violence Petition would deter or silence a person of ordinary firmness from future First Amendment activities; and

5. TOLER's protected speech was a substantial or motivating factor in the decision to seek a temporary restraining order via the Workplace Violence Petition.

A substantial or motivating factor is a significant factor.

Ninth Circuit Model Civil Jury Instructions 9.10
*Hartman v. Moore*, 547 U.S. 250 (2006)
*Mendocino Env'l Ctr. v. Mendocino County*, 192 F.3d 1283, 1300 (9th Cir.1999).
Docket Entry No. 18; Order filed July 27, 2006 p. 10:12-14

|  | |
|---|---|
| \_\_\_\_\_ | Given |
| \_\_\_\_\_ | Given as Modified |
| \_\_\_\_\_ | Refused |
| \_\_\_\_\_ | Withdrawn |

_____
United States District Judge

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 4

In determining whether the protected speech was a substantial or motivating factor in the decision to seek a temporary restraining order via the Workplace Violence Petition, plaintiff must demonstrate that defendants intended to interfere with his First Amendment rights. In addition to evidence that the defendant knew of the protected speech, Plaintiff must establish (1) evidence of proximity in time between the protected speech and the allegedly retaliatory decision, (2) evidence that the defendant expressed opposition to the speech, or (3) evidence that the defendant's proffered reason for the adverse action was false or pretextual.

*Mendocino Env'l Ctr. v. Mendocino County,* 192 F.3d 1283, 1300 (9th Cir.1999).
*Keyser v. Sacramento City Unified Sch. Dist.*, 265 F.3d 741, 751-52 (9th Cir. 2001).

|          |                  |
|----------|------------------|
| _____  | Given            |
| _____  | Given as Modified |
| _____  | Refused          |
| _____  | Withdrawn        |

_____
United States District Judge

00666278.WPD

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 5

In determining whether the plaintiff has established defendants lacked probable cause to initiate the adverse proceedings against him, plaintiff must establish that a reasonable and prudent man would not suspect that the plaintiff had committed the accused of offense.

*Hartman v. Moore*, 547 U.S. 250 (2006)
*Barnes v. Wright*, 449 F.3d 709, 720 (6th Cir. 2006)
*Williams v. City of Carl Junction*, 480 F.3d 871, 877 (8th Cir. 2007)
Docket Entry No. 18; Order filed July 27, 2006 p. 10:12-14

    _____  Given
    _____  Given as Modified
    _____  Refused
    _____  Withdrawn

_____
United States District Judge

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 6

In determining whether the plaintiff has established defendants lacked probable cause, you must consider that the magistrate judge's finding of probable cause to issue a temporary restraining order is presumed accurate. The magistrate's probable cause determination need only have "substantial basis" for concluding probable cause exists. Plaintiff must establish that absent the allegedly false statement in obtaining the temporary restraining order, the magistrate would not have found probable cause to issue the temporary restraining order.

*Franks v. Delaware*, 438 U.S. 154, 171 (1978)
*Illinois v. Gates*, 462 U.S. 213, 237, n.10 (1983)

_____  Given
_____  Given as Modified
_____  Refused
_____  Withdrawn

_____
United States District Judge

00666278.WPD

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 7

In order to establish that the acts of the defendant DAVID PAULSON, AL GARZA, and BROOK BYERLEY deprived the plaintiff of his particular rights under the United States Constitution as explained in other instructions, the plaintiff must prove by a preponderance of the evidence that the acts were so closely related to the deprivation of the plaintiff's rights as to be the moving force that caused the ultimate injury.

Ninth Circuit Model Civil Jury Instructions 9.8

_____   Given
_____   Given as Modified
_____   Refused
_____   Withdrawn

_____
United States District Judge

00666278.WPD

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 8

Plaintiff TOLER alleges that defendants DAVID PAULSON, AL GARZA, and BROOK BYERLEY conspired to fabricate evidence in order to obtain a temporary restraining order against the plaintiff in an effort to discourage plaintiff from exercising his First Amendment rights as retaliation for plaintiff's paid advertisements in the local newspaper.

In order to prove that such a conspiracy took place, TOLER must prove the following elements by a preponderance of the evidence:

1. There was an agreement or "meeting of the minds" between two or more defendants, the essential nature and general scope of which was known to each person who is to be held responsible for its consequences;

2. the object of the agreement was to suppress or deter TOLER's First Amendment rights; and

3. defendants made an overt act in furtherance of the above agreement causing damages to TOLER.

*Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999)
*Hoffman-La Roche, Inc. v. Greenberg*, 447 F.2d 872, 875 (7th Cir. 1971)

_____  Given
_____  Given as Modified
_____  Refused
_____  Withdrawn

_____
United States District Judge

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 9

Defendants are not liable for any violation of the First Amendment if they establish by a preponderance of the evidence that they would have taken the same action even in the absence of the protected conduct.

*Keyser v. Sacramento City Unified Sch. Dist.*, 265 F.3d 741, 750 (9th Cir. 2001), quoting *Bd. of County Comm'rs v. Umbehr*, 518 U.S. 668, 675, 116 S. Ct. 2342, 135 L. Ed. 2d 843 (1996).

|  |  |
|---|---|
| _____ | Given |
| _____ | Given as Modified |
| _____ | Refused |
| _____ | Withdrawn |

_____
United States District Judge

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 10

Any employer, whose employee has suffered unlawful violence or a credible threat of violence from any individual, that can reasonably be construed to be carried out or to have been carried out at the workplace, may seek a temporary restraining order and an injunction on behalf of the employee and, at the discretion of the court, any number of other employees at the workplace, and, if appropriate, other employees at other workplaces of the employer.

California Code of Civil Procedure §527.8(a)

|  | Given |
|---|---|
| _____ | Given as Modified |
| _____ | Refused |
| _____ | Withdrawn |

_____
United States District Judge

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 11

A "credible threat of violence" is a knowing and willful statement or course of conduct that would place a reasonable person in fear for his or her safety, or the safety of his or her immediate family, and that serves no legitimate purpose.

California Code of Civil Procedure §527.8(b)(2)

|  |  |
|---|---|
| _____ | Given |
| _____ | Given as Modified |
| _____ | Refused |
| _____ | Withdrawn |

_____
United States District Judge

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 12

Witnesses providing testimony are immune from civil liability under 42 U.S.C. Section 1983 based on their testimony in both judicial proceedings and sworn statements made to the court.

*Briscoe v. LaHue,* 460 U.S. 325, 337, 345 (1983)
*Burns v. County of King,* 883 F.2d 819, 822 (9th Cir. 1989)

|          |                   |
|----------|-------------------|
| _____  | Given             |
| _____  | Given as Modified |
| _____  | Refused           |
| _____  | Withdrawn         |

_____
United States District Judge

00666278.WPD

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 13

A plaintiff in a suit under 42 U.S.C. § 1983 can recover compensatory damages only if he proves actual injury caused by the denial of his constitutional rights. Where no actual injury is present, no "compensatory" damages can be awarded. Nominal damages are the appropriate means of "vindicating" rights whose deprivation has not caused actual, provable injury.

*Memphis Cmty. Sch. Dist. v. Stachura*, 106 S. Ct. 2537 (U.S. 1986)

_____  Given
_____  Given as Modified
_____  Refused
_____  Withdrawn

_____
United States District Judge

## DEFENDANT'S PROPOSED INSTRUCTION NO. 14

If you find for the plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter a defendant and others from committing similar acts in the future.

The plaintiff has the burden of proving that punitive damages should be awarded, and the amount, by a preponderance of the evidence. You may award punitive damages only if you find that defendant's conduct was malicious, or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring another. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety, rights, or the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering punitive damages, you may consider the degree of reprehensibility of the defendant's conduct and the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.

### NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS
### 7.5 PUNITIVE DAMAGES

*BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996)
*Pacific Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991)
*Kolstad v. American Dental Assn.*, 527 U.S. 526 (1999)
*Caudle v. Bristol Optical Co.*, 224 F.3d 1014, 1026-27 (9th Cir. 2000).
*Passantino v. Johnson & Johnson Consumer Products*, 212 F.3d 493, 514 (9th Cir. 2000).
*Gotthardt v. National Railroad Passenger Corp.*, 191 F.3d 1148 (9th Cir. 1999)
42 U.S.C. 1981a (b)(3)

|  |  |
|---|---|
| _____ | Given |
| _____ | Given as Modified |
| _____ | Refused |
| _____ | Withdrawn |

_____
United States District Judge

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 15

You may not use an award of punitive damages to further compensate the Plaintiff for economic damages, such as wage loss, or non-economic damages, such as emotional distress or loss of enjoyment of life. You have previously made your award on those damage claims in the first phase of this trial. An award of punitive damages, if any, should be aimed at deterrence and retribution, not further compensation for concrete damages.

*State Farm Mutual Ins. Co. v. Campbell*, 538 U.S. 408; 123 S.Ct. 1513 (2003)

_____   Given
_____   Given as Modified
_____   Refused
_____   Withdrawn

_____
United States District Judge

00666278.WPD