MATT GONZALEZ (SBN 188608)
MATT SPRINGMAN (SBN 252508)
GONZALEZ & LEIGH, LLP
Two Shaw Alley, 3rd Floor
San Francisco, CA 94105
Telephone: (415) 512-2000
Facsimile: (415) 512-2001

Attorneys for Plaintiffs
JOEL THOMAS TOLER

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL THOMAS TOLER,<br><br>       Plaintiff,<br><br> vs.<br><br>DAVID PAULSON, COUNTY OF SOLANO, AL GARZA, BROOK BYERLY, and DOES 1 through 10, inclusive,<br><br>       Defendants. | Case No. CIV 06-0735 LKK DAD<br><br>**PLAINTIFF'S ADDITIONAL PROPOSED JURY INSTRUCTIONS** |

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 1**

The plaintiff brings his claims under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS 9.1, SECTION 1983 CLAIM—INTRODUCTORY INSTRUCTION

\_\_\_   Given
\_\_\_   Given as Modified
\_\_\_   Refused
\_\_\_   Withdrawn

_____
United States District Judge

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 2

In order to prevail on § 1983 claim against the defendant, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1.  the defendant acted under color of law; and

2. the acts of the defendant deprived the plaintiff of his particular rights under the United States Constitution as explained in later instructions.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation.

I instruct you that the defendant acted under color of law.

If you find the plaintiff has proved each of these elements, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant.

NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS 9.2 (modified)

SECTION 1983 CLAIM AGAINST DEFENDANT IN INDIVIDUAL CAPACITY—ELEMENTS AND BURDEN OF PROOF

\_\_\_   Given
\_\_\_   Given as Modified
\_\_\_   Refused
\_\_\_   Withdrawn

_____
United States District Judge

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 3**

In order to establish that the acts of the David Paulson, Brook Byerely, or Al Garza deprived the plaintiff of his particular rights under the United States Constitution as explained in later instructions, the plaintiff must prove by a preponderance of the evidence that the acts were so closely related to the deprivation of the plaintiff's rights as to be the substantial motivating factor that caused the ultimate injury.

NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS
9.8 (modified)

CAUSATION

\_\_\_   Given
\_\_\_   Given as Modified
\_\_\_   Refused
\_\_\_   Withdrawn

_____
United States District Judge

# PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 4

As previously explained, the plaintiff has the burden to prove that the acts of the David Paulson, Brook Byerley, or Al Garza deprived the plaintiff of particular rights under the United States Constitution. In this case, the plaintiff alleges the defendant deprived him of his rights under the First Amendment to the Constitution when defendants sought and obtained a temporary restraining order in retaliation for Mr. Toler's published article that was critical of the District Attorney's Office.

Under the First Amendment, a citizen has the right to free expression. In order to prove the defendant deprived the plaintiff of this First Amendment right, the plaintiff must prove the following additional elements by a preponderance of the evidence:

1. Toler engaged in speech protected under the First Amendment;

2. defendants sought a temporary restraining order on their own behalf based on a declaration signed by Al Garza; and

3. chilling the plaintiff's protected speech was a substantial or motivating factor for the defendant's action.

I instruct you that plaintiff's speech in this case was protected under the First Amendment and, therefore, the first element requires no proof.

A substantial or motivating factor is a significant factor.

NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS
9.10 PARTICULAR RIGHTS—FIRST AMENDMENT—"CITIZEN" PLAINTIFF

\_\_\_ Given
\_\_\_ Given as Modified
\_\_\_ Refused
\_\_\_ Withdrawn

_____
United States District Judge

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 5**

To have an actionable conspiracy claim, a plaintiff must establish (1) the existence of an express or implied agreement among the defendant officers to deprive him of his constitutional rights, and (2) an actual deprivation of those rights resulting from that agreement.

*Ting v. United States*, 927 F.2d 1504, 1512 (9th Cir. 1991)

\_\_\_ Given
\_\_\_ Given as Modified
\_\_\_ Refused
\_\_\_ Withdrawn

_____
United States District Judge

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 6

Each member of a conspiracy is liable for each act and bound by each declaration of every other member of the conspiracy if the act or the declaration is in furtherance of the object of the conspiracy.

The act of one conspirator pursuant to or in furtherance of the common design of the conspiracy is the act of all conspirators. A member of a conspiracy is not only liable for the particular wrongful act that to his knowledge his confederates agreed to and did commit, but is also liable for the natural and probable consequences of any wrongful act of a co-conspirator to further the object of the conspiracy, even though that act was not intended as a part of the agreed upon objective and even though he was not present at the time of the commission of that act.

You must determine whether each defendant was a member of a conspiracy to commit the originally agreed upon wrongful acts, and, if so, whether the act alleged was perpetrated by a coconspirator in furtherance of this conspiracy and was a natural and probable consequence of the agreed upon objective of this conspiracy.

BAJI 13.86 Conspiracy—Joint Responsibility

\___   Given
\___   Given as Modified
\___   Refused
\___   Withdrawn

_____
United States District Judge

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 7**

  The formation and existence of a conspiracy may be inferred from all circumstances tending to show the common intent and may be proved in the same way as any other fact may be proved, either by direct testimony of the fact or by circumstantial evidence, or by both direct and circumstantial evidence. It is not necessary to show a meeting of the alleged conspirators or the making of an express or formal agreement.

BAJI 13.87 Conspiracy—Proof of Express Agreement Not Necessary

         ___ Given
         ___ Given as Modified
         ___ Refused
         ___ Withdrawn

         _____
         United States District Judge

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 8**

Every person who joins a conspiracy after its formation, is liable for and bound by the acts done and declarations made by other members in pursuance and furtherance of the conspiracy before and during the time that he is a member of the conspiracy.

Evidence of any acts done or declarations made by other conspirators prior to the time a person becomes a member of the conspiracy also may be considered by you in determining the nature, objectives and purposes of the conspiracy.

BAJI 13.93 Joining Conspiracy after Its Formation

\_\_\_ Given
\_\_\_ Given as Modified
\_\_\_ Refused
\_\_\_ Withdrawn

_____
United States District Judge

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 9**

Each defendant in this case is individually entitled to, and must receive, your determination whether he was a member of the alleged conspiracy.

BAJI 13.96 Conspiracy—Case Must Be Considered as to Each Defendant 9 (modified)

    ___ Given
    ___ Given as Modified
    ___ Refused
    ___ Withdrawn

_____
United States District Judge

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 10**

    The law which applies to this case authorizes an award of nominal damages. If you find for the plaintiff, but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS
5.6 NOMINAL DAMAGES

    \_\_\_   Given
    \_\_\_   Given as Modified
    \_\_\_   Refused
    \_\_\_   Withdrawn

_____
United States District Judge

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 11**

If you find for the plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving by a preponderance of the evidence that punitive damages should be awarded, and, if so, the amount of any such damages.

You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct.

You may impose punitive damages against one or more of the defendants and not others, and may award different amounts against different defendants. Punitive damages may be awarded even if you award plaintiff only nominal, and not compensatory, damages.

NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS
5.5 PUNITIVE DAMAGES

   ___ Given
   ___ Given as Modified
   ___ Refused
   ___ Withdrawn

_____
United States District Judge

DATED: April 28, 2009       GONZALEZ & LEIGH, LLP

By: */s/ Matt Springman*
    MATT SPRINGMAN
    Attorney for Plaintiff
    JOEL THOMAS TOLER

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28