MATT GONZALEZ (SBN 153486)
G. WHITNEY LEIGH (SBN 153457)
MATT SPRINGMAN (SBN 252508)
GONZALEZ & LEIGH, LLP
Two Shaw Alley, 3rd Floor
San Francisco, CA 94105
Telephone: (415) 512-2000
Facsimile: (415) 512-2001

Attorneys for Plaintiff
JOEL THOMAS TOLER

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL THOMAS TOLER,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>DAVID PAULSON, COUNTY OF SOLANO, AL GARZA, BROOK BYERLY, and DOES 1 through 10, inclusive,<br><br>　　　　　　Defendants. | **Case No. CIV 06-0735 LKK DAD**<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDENTS' MOTION IN LIMINE #1: TESTIMONY AND EVIDENCE RELATED TO PLAINTIFF'S CRIMINAL CHARGES AND ITS OUTCOME**<br><br>**Date:**　　August 11, 2009<br>**Time:**　　10:00<br>**Courtroom:**　4<br>**Judge:**　　Hon. Lawrence K. Karlton |

1  Mr. Toler believes that evidence of Mr. Toler's criminal trial in which he was acquitted is
2  relevant to show both compensatory and punitive damages.
3  In the event the Court excludes the fact of Mr. Toler's acquittal in his criminal trial, Mr.
4  Toler reserves the right to offer testimony and evidence of that acquittal if the defendants attempt
5  to offer any evidence that he violated the TRO, that he was arrested for violating the TRO, or if
6  defendants attempt to offer any evidence that Mr. Toler engaged in any criminal behavior during
7  the time of the events underlying this lawsuit.
8  DATED:  August 3, 2009                               GONZALEZ & LEIGH, LLP

By: */s/ Matt Springman*
    MATT SPRINGMAN
    Attorney for Plaintiff
    JOEL THOMAS TOLER

MATT GONZALEZ (SBN 153486)
G. WHITNEY LEIGH (SBN 153457)
MATT SPRINGMAN (SBN 252508)
GONZALEZ & LEIGH, LLP
Two Shaw Alley, 3rd Floor
San Francisco, CA 94105
Telephone:  (415) 512-2000
Facsimile:  (415) 512-2001

Attorneys for Plaintiff
JOEL THOMAS TOLER

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL THOMAS TOLER,<br><br>               Plaintiff,<br><br>     vs.<br><br>DAVID PAULSON, COUNTY OF SOLANO, AL GARZA, BROOK BYERLY, and DOES 1 through 10, inclusive,<br><br>               Defendants. | **Case No. CIV 06-0735 LKK DAD**<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE #2: TO EXCLUDE TESTIMONY AND EVIDENCE RE LOSS OF INCOME AND WAGES**<br><br>**Date:**       **August 11, 2009**<br>**Time:**        10:00<br>**Courtroom:**   4<br>**Judge:**        Hon. Lawrence K. Karlton |

I. **Mr. Toler is Qualified to Testify on Loss of Business Income Because He is the Bookkeeper for His Business, Toler Bail Bonds, and Has Personal Knowledge of His Business Losses**

The defendants move to exclude testimony regarding Mr. Toler's business loss as result of the issuance of the TRO because he is not an expert in accounting.  But, the defendants fail to address Mr. Toler's role as the accountant and bookkeeper for the business for which he is claiming losses.  Mr. Toler is the bookkeeper for Toler Bail Bonds; and testified extensively about the substantial decline in both the amount of bonds issued and the total monetary value of the bonds issued in the months preceding and following the issuance of the TRO against him.  See Declaration of Tom Toler In Support of Opposition to Defendant's Motions in Limine ("Toler Dec."), ¶2.

In cases where the witness is the bookkeeper or record-keeper and has personal knowledge acquired through the review of business records, the witness may testify about economic damages and loss of income. *Allied Systems, Ltd. v Teamsters Auto. Transport Chauffeurs, Demonstrators and Helpers*, 304 F.3d 785, 792 (8th Cir. 2002)("The opinion testimony of an officer of a business as to value or projected profits or as to damage to the business, without qualifying the officer as an expert, 'is admitted not because of experience, training or specialized knowledge within the realm of an expert, but because of the particularized knowledge that the witness has by virtue of his or her position in the business.'")(quoting the Fed.R.Evid. 701 advisory committee's note (2000); *Rudd v. United States*, 256 F.2d 460, 461-463 (9th Cir. 1958)(Holding that trial court erred by not allowing lay witness to provide opinions regarding the value of land, based upon the witness's experience); *Teen-Ed, Inc. v. Kimball Int'l, Inc.,* 620 F.2d 399, 403 (3d Cir.1980)(Holding that witness's personal knowledge of balance sheets was sufficient to qualify him as a lay witness eligible under Rule 701 to testify as to

calculation of lost profits); *Burlington N. R.R. Co. v. Nebraska,* 802 F.2d 994, 1004-05 (8th Cir.1986)(Holding that "[p]ersonal knowledge or perception acquired through review of records prepared in the ordinary course of business, or perceptions based on industry experience is a sufficient foundation for lay opinion testimony.").

Here, Mr. Toler may testify about his business loss because his role as bookkeeper and record-keeper for Toler Bail Bonds provided him with personal knowledge of any business or income loss that occurred because of the loss.

**II.    Mr. Toler Provided Detailed Reports Which Provide the Exact Number of Bonds Issued and the Monetary Amount of Each Bond Issued in the Months Before and After the TRO Issued. Those Reports Show a Significant Decrease in Revenue in the Months After the TRO Issued**

In response to the Defendants' document requests, Mr. Toler provided detailed reports which list each bond issued and the amount of each bond for the months preceding and following the date the TRO issued. Toler Dec., Ex. A.  Because those reports reflect the exact monetary amount of monthly revenue for Toler Bail Bonds, a sole proprietorship, they serve as income statements for the business and serve as evidence of Mr. Toler's business loss during the period following the issuance of the TRO against him. Defendants' assertion that Mr. Toler could not provide any monetary estimate for his losses is wrong.  The reports provide the exactly how much business he lost relative to the months preceding the issuance of the TRO; as such, they are not speculative.

In any event, to the extent there any inadequacies in Mr. Toler's analysis of his business loss, those inadequacies do not affect the admissibility of the evidence, only the weight a jury may give it; and any flaws in the evidence can be can be addressed through cross-examination, impeachment, or a limiting instruction to the jury. For instance in *Transgo, Inc. v. Ajac Transmissions Parts Corp.*, 768 F.2d 1001, 1023-24 (9th Cir. 1985), a copyright infringement

case, the Court found that the non-expert estimation by Transgo's vice president of lost profits based on the company's previous years' gross sales was not speculative; and that it was the defendant's burden to prove profit loss attributable to factors other than the infringement of Trango's product. The Court also held that it was for the jury to weigh the conflicting positions regarding the evidence at issue. *See also Hemmings v. Tidyman's Inc.*, 285 F.3d 1174, 1183-89 (9th Cir. 2002) (Holding that any flaws in party's statistical analysis affected its weight and not its admissibility, and, in addition, it was not so incomplete as to become irrelevant to the case); *Kaplan v. Intl. Alliance of Theatrical and Stage Employees*, 525 F.2d 1354, 1362-63 (9th Cir. 1975) (Holding that trial court did not abuse its discretion by admitting evidence related to the issue of damages; and that damages do not need to proven with "mathematical certainty"); *United States v. Matta-Ballesteros*, 71 F.3d 754, 766-67 (9th Cir. 1995) (Holding that any flaws in the analysis that led to the opinion of an expert in hair comparison, affected the weight and not the admissibility of the opinion).

Here, if the defendants quarrel with the method Mr. Toler uses to calculate his monthly revenue they will be free to cross-examine him on the issue. But, for purposes of admissibility, the data in each report are not speculative, and the Court should allow the jury to weigh the evidence of business loss presented to them.

DATED:  August 3, 2009                    GONZALEZ & LEIGH, LLP

                                          By: /s/ Matt Springman
                                              MATT SPRINGMAN
                                              Attorney for Plaintiff
                                              JOEL THOMAS TOLER

MATT GONZALEZ (SBN 153486)
G. WHITNEY LEIGH (SBN 153457)
MATT SPRINGMAN (SBN 252508)
GONZALEZ & LEIGH, LLP
Two Shaw Alley, 3rd Floor
San Francisco, CA 94105
Telephone: (415) 512-2000
Facsimile: (415) 512-2001

Attorneys for Plaintiff
JOEL THOMAS TOLER

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL THOMAS TOLER,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>DAVID PAULSON, COUNTY OF SOLANO, AL GARZA, BROOK BYERLY, and DOES 1 through 10, inclusive,<br><br>　　　　　　　Defendants. | **Case No. CIV 06-0735 LKK DAD**<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTIONS IN LIMINE #3 AND #4: TO EXCLUDE EVIDENCE AND TESTIMONY RE ATTORNEYS FEES IN DEFENSE OF PEOPLE V. TOLER, CASE NO. FCR227937 AND COUNTY OF SOLANO V. TOLER, CASE NO FCS026197**<br><br>Date:　　　August 11, 2009<br>Time:　　　10:00<br>Courtroom:　4<br>Judge:　　　Hon. Lawrence K. Karlton |

1

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTIONS IN LIMINE #3 AND #4
Case No. CIV 06-0735 LKK DAD

Mr. Toler is seeking damages for attorney's fees based on both his defense of the TRO issued against him and for the purported violation of the TRO. Mr. Toler respectfully requests that the Court allow testimony and evidence related to Mr. Toler's payment of attorney's fees to defend both actions.

I.  **The Court Should Allow Mr. Toler to Introduce Evidence Related to the Defense of His Purported Violation of the TRO Because the Prosecution Arose Out of An Underlying TRO That Issued Based on False Information and that Forms the Basis of this Lawsuit**

The Defendants argue that because this Court granted their motion to dismiss claims arising from the prosecution of Mr. Toler for violating the TRO, that dismissal is a basis for excluding evidence of the attorney's fees Mr. Toler accrued to defend the criminal charges against him. But, the Court's dismissal of claims arising from the prosecution of Mr. Toler does not affect Mr. Toler's ability to claim damages from the defendants for putting into motion a series of events that ultimately led to his arrest, only that the attorneys who actually prosecuted the case cannot be liable for doing so.

The Defendants also argue that the filing of a criminal action immunizes complaining officials from damages resulting from the filing of the criminal charges unless the plaintiff rebuts the presumption that the prosecutor exercised independent judgment. The Defendants cite *Smiddy v. Varney*, 665 F.2d 261, 266 (9th Cir. 1981) in support; but defendants misapply the holding of *Smiddy* to the circumstances of this case.

In *Smiddy*, the plaintiff was suing two police officers for the negligent investigation of a murder case that led to the arrest of the plaintiff for murder. At trial the officer defendants asked for a jury instruction stating that the prosecuting district attorney bears the responsibility of gathering the evidence to convict or exonerate the arrested person. The trial court denied that

2

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTIONS IN LIMINE #3 AND #4**
Case No. CIV 06-0735 LKK DAD

instruction. The Ninth Circuit held that the trial court erred by denying defendants' proposed jury instruction because the two officers were entitled to a rebuttable presumption that the prosecutor used his or her independent judgment when deciding whether to bring the murder charge against the plaintiff. The Court also held that a presumption that the prosecutor exercised independent judgment can be rebutted by a showing that the complainants knowingly provided false information to the prosecutor which led the complainant's arrest.

Here, Mr. Toler is not alleging that the prosecuting attorney did not exercise independent judgment when he or she decided to prosecute Mr. Toler for the violation of the TRO, or that the arresting officer is liable for Mr. Toler's arrest. Mr. Toler is alleging that the defendants set in motion a course of events by seeking a TRO based on false information. It was that knowing presentation of false information to the County Counsel who obtained the underlying TRO that ultimately led to Mr. Toler's arrest. Assuming Mr. Toler's allegations are true, this Court has already held that the defendants are not entitled to immunity for those knowingly false statements.

Additionally, should this trial get to punitive damages phase, the attorney's fees Mr. Toler accrued in defense of his criminal charge will be relevant to show malice.

II.  **The Court Should Allow Mr. Toler to Introduce Evidence Related to the Defense of the TRO Issued Against Him By Defendants Because Plaintiff Alleges that The Issuance of the TRO Was Based on False Statements**

While defendants misapplied *Smiddy v. Varney* with regard to Mr. Toler's claim for attorney's fees in defense of his arrest for violation of the TRO, *Smiddy* is directly analogous to Mr. Toler's claim for damages related to the issuance of the underlying TRO. In *Smiddy*, the Court held that complainants are entitled to a rebuttable presumption that the prosecuting attorney acted with independent judgment; but that the presumption may be rebutted by a

3

showing that the complaints knowingly presented false information to the prosecutor. *Smiddy*, 665 F.2d at 266.   Here, Mr. Toler is alleging just that: that the defendants knowingly presented false information to the County Counsel for the purpose of chilling Mr. Toler's First Amendment rights.

Given Mr. Toler's allegations, the Court should admit evidence and testimony of the attorney's fees Mr. Toler accrued in defense of the TRO.

Defendants also argue that Mr. Toler has waived the confidentiality of his settlement agreement with Solano County regarding the TRO because he is seeking attorneys fees for his defense of the TRO.  Defendants argument is without basis and they should be sanctioned for publicly filing a confidential document.  For a waiver to occur, Mr. Toler would have had to publish the terms of the agreement.  He did not.  By seeking fees related to his defense of the TRO he has not published any provision of the settlement agreement.  The provision that Defendants argue constitutes a waiver (that all parties will bear their own fees is unrelated) does not prevent Mr. Toler from seeking his fees in another context for conduct not contemplated by the settlement agreement.

Additionally, should this trial get to punitive damages phase, the attorney's fees Mr. Toler accrued in defense of the TRO issued against him will be relevant to show malice.

DATED:  August 3, 2009                           GONZALEZ & LEIGH, LLP


                                                 By: */s/ Matt Springman*
                                                     MATT SPRINGMAN
                                                     Attorney for Plaintiff
                                                     JOEL THOMAS TOLER

4

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTIONS IN LIMINE #3 AND #4**
Case No. CIV 06-0735 LKK DAD

```
MATT GONZALEZ (SBN 153486)
G. WHITNEY LEIGH (SBN 153457)
MATT SPRINGMAN (SBN 252508)
GONZALEZ & LEIGH, LLP
Two Shaw Alley, 3rd Floor
San Francisco, CA 94105
Telephone: (415) 512-2000
Facsimile: (415) 512-2001

Attorneys for Plaintiff
JOEL THOMAS TOLER
```

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL THOMAS TOLER,<br><br>                    Plaintiff,<br><br>     vs.<br><br>DAVID PAULSON, COUNTY OF SOLANO, AL GARZA, BROOK BYERLY, and DOES 1 through 10, inclusive,<br><br>                    Defendants. | **Case No. CIV 06-0735 LKK DAD**<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDENTS' MOTION IN LIMINE #5: TESTIMONY REGARDING ADVICE OF COUNTY COUNSEL SOUGHT BY DEFENDANTS**<br><br>**Date:         August 11, 2009**<br>**Time:         10:00**<br>**Courtroom:  4**<br>**Judge:         Hon. Lawrence K. Karlton** |

1

Pending Mr. Toler's discovery of evidence that defendants waived the attorney-client privilege as it relates to any advice from County Counsel, Mr. Toler is prepared to concede the issue. If Mr. Toler has evidence that the privilege was, in fact, waived, he will make an offer of proof at the hearing on defendants' motion.

DATED: August 3, 2009                          GONZALEZ & LEIGH, LLP


                                               By: */s/ Matt Springman*
                                                   MATT SPRINGMAN
                                                   Attorney for Plaintiff
                                                   JOEL THOMAS TOLER

MATT GONZALEZ (SBN 153486)
G. WHITNEY LEIGH (SBN 153457)
MATT SPRINGMAN (SBN 252508)
GONZALEZ & LEIGH, LLP
Two Shaw Alley, 3rd Floor
San Francisco, CA 94105
Telephone:  (415) 512-2000
Facsimile:  (415) 512-2001

Attorneys for Plaintiff
JOEL THOMAS TOLER

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL THOMAS TOLER,<br><br>               Plaintiff,<br><br>     vs.<br><br>DAVID PAULSON, COUNTY OF SOLANO, AL GARZA, BROOK BYERLY, and DOES 1 through 10, inclusive,<br><br>               Defendants. | **Case No. CIV 06-0735 LKK DAD**<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE #6: TO EXCLUDE EVIDENCE RE DEFENDANTS' INVOLVEMENT IN DEFENDANT PAULSON'S POLITICAL CAMPAIGNS**<br><br>Date:       **August 11, 2009**<br>Time:       **10:00**<br>**Courtroom:  4**<br>**Judge:       Hon. Lawrence K. Karlton** |

**I.     The Court Should Allow Testimony of Mr. Byerley's and Mr. Garza's Participation in Mr. Paulson's Political Campaigns Because it is Relevant to Show Bias**

As the Defendants note in their motion, defendants Al Garza and Brook Byerley played a significant role in Mr. Paulson's various political campaigns by donating money, purchasing tickets to fundraising events, selling tickets to fundraising events, and by putting up campaign signs.

The defendants' participation in the campaigns of defendant Paulson shows a bias towards Paulson, particularly with regard to the success of his political career.  And given that defendant Garza and Byerely presumably serve at the pleasure of Mr. Paulson, Mr. Paulson's political success is likely important to them.  Garza and Byerley's participation in Mr. Paulson's political career is additionally relevant here because of the allegations by Toler: that defendants participated in a conspiracy to chill Mr. Toler's First Amendment rights after Mr. Toler criticized Mr. Paulson in a local newspaper—criticism that a jury could interpret as political criticism.

The Court should allow testimony regarding defendant Garza and defendant Byerley's participation in Mr. Paulson's political campaigns because it is relevant to show that they had an interest in protecting his political career.

DATED:  August 3, 2009            GONZALEZ & LEIGH, LLP


                                  By: */s/ Matt Springman*
                                      MATT SPRINGMAN
                                      Attorney for Plaintiff
                                      JOEL THOMAS TOLE

MATT GONZALEZ (SBN 153486)
G. WHITNEY LEIGH (SBN 153457)
MATT SPRINGMAN (SBN 252508)
GONZALEZ & LEIGH, LLP
Two Shaw Alley, 3rd Floor
San Francisco, CA 94105
Telephone: (415) 512-2000
Facsimile: (415) 512-2001

Attorneys for Plaintiff
JOEL THOMAS TOLER

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL THOMAS TOLER,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>DAVID PAULSON, COUNTY OF SOLANO, AL GARZA, BROOK BYERLY, and DOES 1 through 10, inclusive,<br><br>　　　　　　　Defendants. | **Case No. CIV 06-0735 LKK DAD**<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDENTS' MOTION IN LIMINE #7: TO EXCLUDE QUESTIONS OR TESTIMONY RE FAIRFIELD POLICE REPORT**<br><br>**Date:　　August 11, 2009**<br>**Time:　　10:00**<br>**Courtroom:　4**<br>**Judge:　　Hon. Lawrence K. Karlton** |

1

Mr. Toler does not intend to offer evidence and testimony about the police report he filed in response to the threats against his children for the truth of the matter asserted. Rather, Mr. Toler will offer evidence and testimony about the police report to show that he was justifiably upset at the Solano County District Attorney's Office for failing to act on the information provided in the report—that a known criminal was making violent threats against his children; that the information in the report warranted an investigation; that the District Attorney did not appear to take the matter seriously given the information contained in the report; and that because the information in the report was sufficiently serious, Mr. Toler's inquiry into any potential investigation into the allegations of the report was justified.

Additionally, testimony related to the Fairfield police report filed by Mr. Toler will also serve (1) as evidence of Mr. Toler's state of mind at the time he received the threats to his children, (2) his present sense impression of the threat that prompted the filing of the report, (3) and his motivation behind publishing the articles critical of defendant Paulson—that the District was not properly handling the threats made to his children.

Finally, evidence of the report is also relevant because defendant Paulson testified that the Solano County District Attorney's Office did not have jurisdiction over the threat to Mr. Toler's children—a fact in dispute in this case.

DATED: August 3, 2009        GONZALEZ & LEIGH, LLP


By: */s/ Matt Springman*
    MATT SPRINGMAN
    Attorney for Plaintiff
    JOEL THOMAS TOLER