MATT GONZALEZ (SBN 188608)
MATT SPRINGMAN (SBN 252508)
GONZALEZ & LEIGH, LLP
Two Shaw Alley, 3rd Floor
San Francisco, CA 94105
Telephone:  (415) 512-2000
Facsimile:  (415) 512-2001

Attorneys for Plaintiffs
JOEL THOMAS TOLER

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL THOMAS TOLER,<br><br>            Plaintiff,<br><br>    vs.<br><br>DAVID PAULSON, COUNTY OF SOLANO, AL GARZA, BROOK BYERLY, and DOES 1 through 10, inclusive,<br><br>            Defendants. | Case No. CIV 06-0735 LKK DAD<br><br>**PLAINTIFF'S PROPOSED FINDING OF FACTS AND CONCLUSIONS OF LAW**<br><br>Date:         August 11, 2009<br>Time:        10:00<br>Courtroom:  4<br>Judge:       Hon. Lawrence K. Karlton |

1

**PLAINTIFF'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**
**Case No. CIV 06-0735 LKK DAD**

I.     **PROPOSED CONCLUSIONS OF LAW**

### A. Retaliation for Exercise of First Amendment Rights

A cause of action for retaliation for exercise of First Amendment Rights is governed by federal law. U.S. Const. amend. I; 42 U.S.C. §1983. To establish a First Amendment retaliation claim, a plaintiff must prove that he was engaged in constitutionally protected speech, that the defendant's actions "would have chilled or silenced a person of ordinary firmness from future First Amendment activities", and that the government would not have taken the retaliatory action but for the purpose of silencing the plaintiff's speech. *Mendocino Environmental Center v. Mendocino County*, 192 F.3d 1283, 1300 (9th Cir. 1999); Hartman v. Moore, 547 U.S. 250.

Intent to chill speech can be demonstrated either through direct or circumstantial evidence. *Mendocino Envtl. Ctr. v. Mendocino County*, 192 F.3d 1283, 1300-1301 (9th Cir. 1999).

Mr. Toler will provide sufficient evidence, both direct and circumstantial, at trial for a finding that defendants retaliated against him for exercising his First Amendment rights

### B. Conspiracy Under 42 U.S.C. § 1983

Conspiracy under §1983 is governed by federal law. To prove a conspiracy under § 1983, a plaintiff must show that the defendants "by some concerted action, intend[ed] to accomplish some unlawful objective for the purpose of harming another which results in damage." *Gilbrook v. City of Westminster*, 177 F.3d 839,856 (9th Cir.1999) (quoting *Vieux v. East Bay Reg'l Park Dist.*, 906 F.2d 1330, 1343 (9th Cir.1990)). There must be evidence of an agreement or "meeting of the minds" in order for defendants to be liable for conspiracy. *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540-41 (9th Cir. 1989).

Evidence of a conspiracy may be circumstantial. *Mendocino*, 192 F.3d at 1301.

2

**PLAINTIFF'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**
Case No. CIV 06-0735 LKK DAD

At trial Mr. Toler will show sufficient evidence that defendants conspired to retaliate against him based on his exercise of his First Amendment Rights.

### C. Credible Threat of Violence Under CA Code Civ. Proc. § 527.8

To obtain a temporary restraining order under CCP 527.8, the complainant seeking the order must show that "employee has suffered unlawful violence or a credible threat of violence from any individual, that can reasonably be construed to be carried out or to have been carried out at the workplace[.]" CCP §527.8.  A "[c]redible threat of violence" is defined as "a knowing and willful state or course of conduct that would place a reasonable person in fear for his or her safety, or the safety of his or her immediate family, and that serves no legitimate purpose." CCP § 527.8(b)(2).

Mr. Toler will show at trial that he did not pose a credible threat of violence under § 527.8 and that defendants decision to seek a TRO was a pretext for retaliating against him for exercising his First Amendment rights.

### D. Qualified Immunity

On November 6, 2008 this Court denied Defendants' motion for summary judgment on the issue of qualified immunity.  Because qualified immunity is an issue to be resolved before trial, the issue cannot go to the jury in this matter. NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS, Qualified Immunity 9.26

### E. Witness Immunity

Defendants argue that they are entitled to witness immunity for statements made in support of the petition for the TRO.  Defendants' argument, which this Court already rejected, is without merit.

### F. Punitive Damages

Punitive Damages in §1983 actions are governed by federal law. A jury may assess punitive damages under § 1983 when defendants' conduct involves reckless or callous indifference to the federally protected rights of others. *Larez v. City of Los Angeles*, 946 F.2d 630 (9th Cir. 1991).

If the trial reaches the punitive damages phase, Mr. Toler will provide evidence that the defendants exhibited malice when they sought to punish him for exercising his First Amendment rights.

## II.    PROPOSED FINDINGS OF FACT

A. Plaintiff is a licensed bail bondsman conducting business in Solano and surrounding counties

B. Defendant David Paulson is the duly elected District Attorney of Solano County.

C. Defendants Al Garza and Brook Byerley were at all times relevant herein employed as investigators with the office of the District Attorney of Solano County and were acting under color of state law.

D. Plaintiff reported alleged threats to his son to the Fairfield Police Department on March 27, 2005.

E. Between March 27 and June 13, 2005 Plaintiff went to the District Attorney's office on numerous occasions, to follow up on the reported threats to his son, and to request a meeting with the District Attorney.

F. On April 12, 2005, Plaintiff paid to have an advertisement published in several newspapers entitled "A Visit to the Solano County DA's Office."

G. On April 12, 2005 Defendant Byerely and a non-defendant investigator William Godwin prepared reports concerning Plaintiff's visits to the District Attorney's Office.

H. Mr. Godwin's April 12, 2005 report was titled "Response to Daily Republic Article Submitted by Tom Toler."

I. On June 13, 2005, Plaintiff again went to the office of the District Attorney.

J. On June 15, 2006, Solano County filed a Workplace Violence Petition against Plaintiff in Solano County Superior Court.

K. On June 15, 2006, Superior Court Commissioner Alberta Chew issued a temporary restraining order against Plaintiff, directing Plaintiff to stay away from Defendants and the physical office of the District Attorney of Solano County.

L. A search warrant was obtained by Det. Brad DeWall to search the residence of Plaintiff.

M. On April 6, 2006, Plaintiff paid to have an advertisement published in several newspapers entitled "Elect Tom Toler for Solano District Attorney, if he was running"

N. On August 21, 2007, the temporary restraining order against Plaintiff was lifted (terms of which are confidential).

O. Marsha Johnson, Defendant Paulson's secretary, testified at deposition that shortly after Plaintiff's April 12, 2005 article appeared, she raised the issue of the article with Mr. Paulson directly in response to an inquiry from a member of the County Board of Supervisors. In response to Ms Johnson Mr. Paulson responded, "Don't worry about it. I've already taken care of it. You don't need to respond" Deposition of Marsha Johnson at19:3-20:23

P.   The reports by defendant Brook Byerley and non-defendant William Godwin on April 12, 2005 were prepared specifically in response to Plaintiff's published advertisement.

Q.   Al Garza misrepresented certain facts in his declaration submitted in support of the Workplace Violence Petition and/or TRO.

DATED:  August 3, 2009                    GONZALEZ & LEIGH, LLP


By:  */s/ Matt Springman*
     MATT SPRINGMAN
     Attorney for Plaintiff
     JOEL THOMAS TOLER