1

**P O R T E R | S C O T T**
A PROFESSIONAL CORPORATION

2   Terence J. Cassidy, SBN 99180
Kristina M. Hall, SBN196794

3   John R. Whitefleet, SBN 213301
350 University Ave., Suite 200

4   Sacramento, California 95825
TEL: 916.929.1481

5   FAX: 916.927.3706

6   Attorneys for Defendants DAVID PAULSON, AL GARZA and BROOK BYERLY

7

8

9               **UNITED STATES DISTRICT COURT**

10              **EASTERN DISTRICT OF CALIFORNIA**

11

12   JOEL THOMAS TOLER,                     Case No. CIV 06-0735 LKK DAD

          Plaintiff,
13                                           **D E F E N D A N T S '   R E P L Y   T O**
     vs.                                     **PLAINTIFF'S  OPPOSITION  TO**
14                                           **MOTIONS IN LIMINE**
     DAVID   PAULSON,   COUNTY   OF
15   SOLANO,   AL   GARZA,   BROOK
     BYERLY,  and  DOES  1  through  10,
16   inclusive

17          Defendants.
     _____/
18

19          Defendants DAVID PAULSON, AL GARZA and BROOK BYERLY hereby submit

20   their Reply to Plaintiff's Opposition to Defendants' Motions in Limine.

                                  **I.**
21

22   <u>**MOTION IN LIMINE NO. 1: MOTION TO EXCLUDE ANY TESTIMONY,
     EVIDENCE, REFERENCE OR QUESTIONS REGARDING PLAINTIFF'S
     CRIMINAL CHARGES AND TRIAL INCLUDING ITS OUTCOME**</u>
23

24          Plaintiff has provided no legal basis to adequately oppose Defendants' *in limine*

25   motion regarding the criminal charges and prosecution against him.   Rather, Plaintiff

26   contends simply that he should be permitted to present this type of evidence because his

27   "acquitt[al] is relevant to show compensatory and punitive damages."   However, Plaintiff

28   fails to explain how this evidence has any relevancy to his claims.   In fact, it is well

**PORTER | SCOTT**
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

1

1    established that Plaintiff's acquittal in the prior criminal proceeding is indeed irrelevant to

2    the burden of proof and causes of action in this civil case.  See <u>Fireman's Fund Ins. Co. v.</u>

3    <u>Stites</u>, (9th Cir. 2001) 258 F.3d 1016, 1022.   Plaintiff's acquittal does not prove his

4    innocence of the criminal charges against him; rather, it simply demonstrates that the

5    criminal prosecution failed to establish his guilt beyond a reasonable doubt – a much higher

6    burden of proof than will be utilized in this case. See <u>McKinney v. Galvin</u> 701 F.2d 584, 586

7    n.5 (6th Cir. 1983).

8         Moreover, Plaintiff also has failed to oppose (and thereby concedes) Defendants'

9    arguments regarding the unfair prejudicial nature posed by evidence of Plaintiff's criminal

10   case far outweighs any probative value that such evidence arguably may have, particularly

11   in light of the varying burdens of proof discussed above, which would only confuse the jury.

12   Accordingly, Defendants request that their motion to exclude evidence of Plaintiff's criminal

13   trial and its outcome be granted.

14                                              **II.**

15   **MOTION IN LIMINE NO. 2:  EXCLUSION OF  ANY TESTIMONY,**
     **EVIDENCE, REFERENCE OR QUESTIONS REGARDING THE**
16   **LOSS OF PERSONAL OR BUSINESS INCOME/WAGES**

17        Defendants moved for an order precluding any testimony, evidence, reference or

18   questions relating to the purported loss of personal or business income of Plaintiff or to

19   Plaintiff's business, Toler Bail Bonds on the grounds that such evidence lacks the necessary

20   foundation, is speculative, requires expert testimony, or otherwise should be strictly limited

21   in time. In response, Plaintiff disputed only one portion of Defendants' motion in this regard:

22   that he was qualified to testify regarding the account of his own business.  As a sole

23   proprietor, Plaintiff certainly could testify as a lay witness regarding his accounts of business

24   – provided he had documentation to support his testimony.   Without such supporting

25   evidence, any testimony, evidence, reference to or questions regarding Plaintiff's alleged loss

26   of income, personal or business, is inadmissible hearsay.  FRE 801, 802.

27        Plaintiff wholly fails to address Defendants' arguments that exclusion of evidence of

28   alleged loss of income is necessary because any such losses are speculative and/or lack

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916. 929.1481
FAX: 916. 927.3706
www.porterscott.com

00708131.WPD

1   foundation.  Plaintiff previously produced no profit and loss statements, no tax returns, no

2   statements of income and no statements of expenditures.   On April 28, 2009, Plaintiff

3   attempted to amend his exhibit list to include Agent Execution reports, which are

4   unexplained and, in fact, were only provided to Plaintiff's insurance carrier to reflect the

5   purported number of monthly bonds underwritten from March to December 2005.   In its

6   Order of April 30, 2009, the Court rejected these and other documents, citing to its Final

7   Pretrial Order, which included all documentary evidence upon which Plaintiff intended to

8   rely at trial.  The Agent Execution reports were not in the Exhibit List included in the Final

9   Pretrial Order; Plaintiff did not object to the Final Pretrial Order or move the Court to include

10  these documents. Thus, the Agent Execution reports – which are the *only* documentation

11  ostensibly pertaining to Plaintiff's income – were properly excluded.  Plaintiff now attempts

12  to circumvent the court's Order of April 30,2009 by attaching these same documents to his

13  declaration in support of his opposition to Defendants' motions *in limine*.  Just as the Court

14  excluded the documents in its Order, they also should be excluded in the context of this

15  motion, as well.  Without this evidence, there is no basis upon which Plaintiff can assert his

16  claims for lost income and therefore any reference to same should be precluded.

17  Accordingly, Defendants request that their motion *in limine* be granted.

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916. 929.1481
FAX: 916. 927.3706
www.porterscott.com

3
**DEFENDANTS' REPLY TO OPPOSITION TO MOTIONS IN LIMINE**
00708131.WPD

1

III.

2
3

**MOTION IN LIMINE NO. 3: MOTION TO EXCLUDE ANY TESTIMONY, EVIDENCE, REFERENCE OR QUESTIONS REGARDING DAMAGES OR FEES INCURRED IN DEFENSE OF CRIMINAL MATTER**

4

**and**

5
6
7

**MOTION IN LIMINE NO. 4:  MOTION TO EXCLUDE ANY TESTIMONY, EVIDENCE, REFERENCE OR QUESTIONS REGARDING DAMAGES OR FEES INCURRED IN DEFENSE OF WORKPLACE VIOLENCE PETITION OR TEMPORARY RESTRAINING ORDER, COUNTY OF SOLANO V. TOLER, SOLANO COUNTY SUPERIOR COURT CASE NO. FCS026197[1]**

8

9      In regard to Defendants' Motions to exclude any evidence regarding any fees Plaintiff

10   incurred defending the criminal charges filed against him and the Petition and TRO, Plaintiff

11   misconstrues both applicable legal precedent and Defendants' arguments related thereto.  It

12   is undisputed that this Court dismissed any claim arising from Plaintiff's  prosecution of

13   Plaintiff for violating the TRO. See Order of March 14, 2008 at 16-17 (Docket No. 45).

14   Because the claim itself is dismissed, there is no legal basis upon which Plaintiff can claim

15   damages for fees purportedly incurred defending the TRO violation, nor does Plaintiff cite

16   any legal precedent that would permit him to do so.

17      Plaintiff devotes most of his opposition to this *in limine* motion to disputing

18   application of Smiddy v. Varney, 665 F.2d 261 (9th Cir. 1981).  However, Plaintiff expressly

19   does not dispute that the prosecuting attorney exercised independent judgment when

20   prosecuting him for the violation.  See Opp. to MIL No. 3 at 3:8-9.  Further, Plaintiff

21   misconstrues Smiddy, contending that it is inapplicable in light of his claim that false

22   information was provided to the County Counsel who obtained the TRO against him in the

23   first instance.  This allegation is irrelevant, as it was the California Attorney General, not

24   County Counsel, who exercised the independent judgment to prosecute Plaintiff.  Plaintiff

25   still fails to provide any facts to suggest that knowingly false information was provided to

26   the Attorney General when he determined that Plaintiff should be prosecuted for violating

27

28      [1]Defendants have grouped these two separate motions *in limine* together for the Court's convenience, as this is the manner in which Plaintiff address them in his Opposition.

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916. 929.1481
FAX: 916. 927.3706
www.porterscott.com

4

1   the TRO.  <u>Smiddy</u> mandates that this exercise of independent judgment by the Attorney

2   General cuts off all damages that accrued after the point that criminal charges were filed.

3         Plaintiff also wholly fails to address Defendants' arguments regarding the potentially

4   prejudicial nature of this evidence.  Evidence of any attorney fees Plaintiff has incurred in

5   the defense of the Petition for Injunctive Relief or TRO are irrelevant to the issues that will

6   be presented at trial in this case and have no bearing on Defendants' liability or actual

7   damages Plaintiff may have sustained.  To admit this evidence may also confuse the jury or

8   lead them to improper and biased conclusions regarding its meaning and therefore should be

9   excluded on this basis  and Defendants' motion *in limine* should be granted.

10                                          **IV.**

11   **MOTION IN LIMINE NO. 5: MOTION TO EXCLUDE ANY REFERENCES
     ABOUT, QUESTIONS TO OR TESTIMONY REGARDING ADVICE OF
12   COUNTY COUNSEL SOUGHT BY  DEFENDANTS**

13         Plaintiff fails to oppose this motion, arguing instead that "if [he] has evidence that the

14   privilege was ... waived" at the time of the hearing on these motions *in limine* (which is also

15   the first day of trial), then he will "make an offer proof" at that time.  Simply stated, Plaintiff

16   has no evidence to oppose this motion and therefore it should be granted.

17                                          **V.**

18   **MOTION IN LIMINE NO. 6:  MOTION TO EXCLUDE ANY REFERENCES
     ABOUT, QUESTIONS TO OR TESTIMONY REGARDING INVOLVEMENT
19   IN CAMPAIGNING FOR OFFICE OF THE DISTRICT ATTORNEY**

20         Here, Defendants moved for an order precluding any testimony, evidence, reference

21   or questions regarding these involvements in the campaigns for the Office of the District

22   Attorney on the basis that any such testimony or evidence is irrelevant, unduly prejudicial and

23   would only confuse the jurors.  FRE 401, 402, 403.

24         Plaintiff's only basis for opposing this motion is pure conjecture and speculation:

25   "Garza and Byerely [sic] *presumably* serve at the pleasure of Mr. Paulson" and "Mr.

26   Paulson's success is *likely* important to them."  Opp. to MIL No. 6 at 2:10-11 (emphasis

27   added).  Plaintiff has presented no established facts or legal argument to demonstrate that the

28   political activities of the individuals are in any way relevant to the claims of this case.  There

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

5

**DEFENDANTS' REPLY TO OPPOSITION TO MOTIONS IN LIMINE**

00708131.WPD

1   is no evidence elicited in the extensive discovery phase of this case that the campaign

2   activities of Garza and/or Byerly had any influence on the eventual filing of the TRO or the

3   Petition.   Exclusion of evidence of Defendants' personal political activities in no way

4   compromises Plaintiff's ability to fully and adequately litigate his case, nor has Plaintiff

5   presented any argument to the contrary. Accordingly, Defendants' motion to exclude this

6   evidence should be granted.

7

8                                                      Respectfully submitted,

9   Dated: August 7, 2009                     PORTER SCOTT
                                               A PROFESSIONAL CORPORATION
10

11
                                               By ____/s/ Terence J. Cassidy_____
12                                                  Terence J. Cassidy
                                                    John R. Whitefleet
13                                                  Kristina M. Hall
                                                    Attorney for Defendants
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916. 929.1481
FAX: 916. 927.3706
www.porterscott.com

**DEFENDANTS' REPLY TO OPPOSITION TO MOTIONS IN LIMINE**

00708131.WPD