MATT GONZALEZ (SBN 188608)
MATT SPRINGMAN (SBN 252508)
GONZALEZ & LEIGH, LLP
Two Shaw Alley, 3rd Floor
San Francisco, CA 94105
Telephone: (415) 512-2000
Facsimile: (415) 512-2001

Attorneys for Plaintiffs
JOEL THOMAS TOLER

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL THOMAS TOLER,<br><br>               Plaintiff,<br><br>vs.<br><br>DAVID PAULSON, COUNTY OF SOLANO, AL GARZA, BROOK BYERLEY, and DOES 1 through 10, inclusive,<br><br>               Defendants. | Case No. CIV 06-0735 LKK DAD<br><br>**MOTION IN LIMINE NO. 3** |

**MOTION TO EXCLUDE OR, IN THE ALTERNATIVE, MODIFY THE DEFENDANTS' PROPOSED JURY INSTRUCTION RE: "PROBABLE CAUSE."**

The proposed jury instruction regarding probable cause reads as follows:

In determining whether the plaintiff has established defendants lacked probable cause to initiate the adverse proceedings against him, plaintiff must establish that a reasonable and prudent man tendering the affidavit in question would not suspect that the plaintiff had committed the offense.

       **A.**       **The Proposed Jury Instruction Should Be Excluded, Or At The Least, Substantially Modified.**

Plaintiff respectfully submits that this instruction should be excluded, or, at a minimum, modified, for numerous, independent reasons.

First, defendants' proposed instruction attempts to improperly graft law and analysis applicable to malicious prosecution clams to the plaintiff's claim at issue here for retaliation. Whether "probable cause" existed to issue the temporary restraining order is a question that would be relevant if the claims at issue were for malicious prosecution against the issuer of the order or the agency which sought the order, i.e., the city attorney. But the claims at issue are against the *defendants* for their decision to contact the city attorney, make what plaintiffs allege were a number of false and misleading statements, and request that the city attorney issue a temporary restraining order against plaintiff. Defendants' liability for these actions does not turn on whether there turned out to be "probable cause" for the city attorney to seek, and the court to ultimately issue, the TRO. It turns on whether the defendants' steps to contact the city attorney constituted retaliation in violation of the First Amendment.

To prevail on a First Amendment retaliation claim, a plaintiff must show: (1) that the plaintiff "was engaged in constitutionally protected activity"; (2) that the defendant's actions caused the plaintiff "to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity"; and (3) that the "defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct." *Mendocino Environment Center v. Mendocino County*, 192 F.3d 1283, 1300-01 (9th Cir.1999). As numerous courts have recognized, unlike a claim for "malicious prosecution," lack of "probable cause" is not an element to this claim. *See also Knapps v. City of Oakland* --- F.Supp.2d ----, 2009 WL 2390262, N.D.Cal.,2009 (discussing the different inquiries relevant to malicious prosecution claims and retaliation claims). Yet, that is exactly what the proposed jury instruction requires. It essentially grafts a *fourth* element onto plaintiff's claim. There is no precedent for such an instruction; it is extremely prejudicial to plaintiff; and it flies in the face of cases which have recognized the difference between claims for malicious prosecution and retaliation.

Second, defendants' proposed instruction is improper because it seeks to re-introduce the issue of "qualified immunity" to this case, i.e., whether a "reasonable person" would believe that his conduct was "lawful" in the situation. The issue of qualified immunity was already decided by this Court: defendants do not have a right to this defense. This instruction would provide for qualified immunity in another form, only this time, decided by the jury, which the Ninth Circuit has expressly stated is improper. *See, e.g., Act Up!/Portland v. Bagley*, 988 F.2d 868 (9th Cir. 1993) (holding '[i]f, as appears from the record before us, there is no such issue, then the court should determine whether a reasonable officer in Appellants' position could have thought that the circumstances gave rise to individualized reasonable suspicion that Appellees were carrying contraband, and if so, whether a reasonable officer in Appellants' position could have thought that the manner in which they were searched complied with [the law]"), *superseding* 971 F.2d 298 (9th Cir. 1992).

Third—*at best*—whether defendants had "probable cause" to believe that plaintiff had committed a crime and that a TRO was appropriate is an *affirmative defense*. It is black-letter law that *defendants*—not plaintiff—has the burden of proving it. The instruction, however, strongly implies the reverse. As such it is extremely prejudicial to plaintiff, and should be stricken, or, at a minimum modified.

Fourth, even if the Court disagrees with the first three points above, and that the element of "probable cause" should be grafted onto plaintiff's claims here, as they are in claims for malicious prosecution, the proposed instruction is improper because "probable cause" in claims for malicious prosecution is an issue determined by the *court, not the jury*. *See* BAJI 7.33 Probable Cause for Criminal/Civil Prosecution, Comment ("Whether there was probable cause for the criminal prosecution is a question of law. When the facts are admitted or not controverted the question is to be determined by the court alone. When the facts are controverted or the evidence is conflicting, the jury must be instructed as to what facts, if established, constitute probable cause. Only the question of the existence of such facts should be submitted to the jury.").

Moreover, in claims for malicious prosecution, the issue of probable cause is decided under an *objective standard*. The "state of mind" of the defendant is irrelevant. *See* BAJI 7.33 Probable Cause for Criminal/Civil Prosecution, Comment ("In a malicious prosecution action against an attorney, the test for "probable cause" is an objective one. The attorney's state of mind, research, or investigation are irrelevant to probable cause. The issue is what facts were known to the attorney, and whether those facts made the lawsuit tenable. If the facts known to the attorney are undisputed, the trial court must determine the element of probable cause as a matter of law. Only if the facts are in dispute is there a jury issue. (The attorney's subjective belief as to the merits of the case is relevant and admissible on the issue of malice.))." Plaintiff respectfully submits that this important aspect of "probable cause" in malicious prosecution claims amply illustrates why this element is fundamentally incompatible with the claim of retaliation.

Finally, the proposed instruction would not even be proper in a malicious prosecution case for another reason: it downgrades the probable cause element to a "suspicion" that the plaintiff committed the offense. This is not the law.

**B.      If The Court Determines That The Issue Of "Probable Cause" Should Be Put To The Jury, Plaintiff Respectfully Submits The Following Modified Instruction.**

a. "Probable Cause" for the Defendants to contact the City Attorney and request that the City Attorney seek a Temporary Restraining Order is a defense to Plaintiffs' claims for retaliation.

b. It is the Defendants' burden to prove that they each had Probable Cause to contact the City Attorney and request that the City Attorney seek a Temporary Restraining Order.

c. To constitute "Probable Cause" for a Defendant, the evidence must establish that, based on the true facts known to the Defendant at the time the Defendant contacted the City Attorney, a reasonable and prudent person would believe

3

1 | that the plaintiff had committed the offense.

4 | DATED: August 18, 2009					GONZALEZ & LEIGH, LLP

6 | By: */s/ Matt Springman*
      MATT SPRINGMAN
      Attorney for Plaintiff
      JOEL THOMAS TOLER