**United States District Court**
**Eastern District of California**
Before the Honorable Lawrence K. Karlton



# FILED

AUG 2 0 2009

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY
DEPUTY CLERK

JOEL THOMAS TOLER,

v.

DAVID PAULSON, et al

**CASE #:   Civ. S-06-0735 LKK**

# JURY INSTRUCTIONS GIVEN

DATED: _8/20/2009._

Deputy Clerk

## INSTRUCTION NO. 1

Ladies and Gentlemen of the Jury:

It now becomes my duty to instruct you on the law. It is your duty as jurors to follow the law and apply it to the evidence in the case.

You are required to follow the law whether you agree with it or not.

In following the law, you must consider all of the instructions and not single out some and ignore the others; all of the instructions are equally important.

## INSTRUCTION NO. 2

You are the sole judges of the evidence in this case and it is up to you to evaluate the witnesses and other evidence. You are to perform this duty without bias, sympathy, prejudice, or what you think public opinion might be. You must impartially consider all the evidence in the case, following the law as stated in these instructions.

## INSTRUCTION NO. 3

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. The law is no respecter of persons; all persons stand equal before the law, and are to be dealt with as equals in a court of justice.

## INSTRUCTION NO. 4

Unless otherwise stated, the jury should consider each instruction given to apply separately and individually to the plaintiff and to each defendant in the case.

**INSTRUCTION NO. 5**

Even though there is more than one defendant in this case, you must decide each case against each defendant separately. For that reason, you cannot decide that just because one defendant is liable, another defendant is liable. Unless I tell you otherwise, all instructions which I give you apply to each defendant.

**INSTRUCTION NO. 6**

You do not have to decide any issue of fact in favor of the side that brought more witnesses or evidence to trial.

The test is which witnesses, and which evidence, convinces you because it is most believable.

In deciding contested issues, you should keep in mind who has the burden of proof on that issue as well as the applicable standard of proof under the law.

**INSTRUCTION NO. 7**

There are two kinds of evidence, direct and circumstantial. Direct evidence is where a witness testifies to having actual knowledge of a fact. Circumstantial evidence is a chain of evidence from which you could find that another fact exists, even though no one directly testified as to that fact.

How much you believe evidence should not depend on whether it is direct or circumstantial, but on whether the evidence is trustworthy and reliable. For that reason, you may find a fact has been proven by circumstantial evidence if that conclusion seems reasonable to you.

**INSTRUCTION NO. 8**

The evidence in this case consists of the sworn testimony of the witnesses and all exhibits received into evidence.

You are to consider only the evidence admitted in the case. If the evidence has been admitted for a limited purpose, you are to consider it only for that purpose. You must not consider for any purpose evidence as to which an objection was sustained by the Court, any evidence ordered stricken by the Court, or anything that you have seen or heard outside the courtroom. The arguments and questions of counsel are not evidence and a question may be considered only as it gives meaning to the answer.

## INSTRUCTION NO. 9

When the attorneys on both sides stipulate or agree to the existence of a fact, you should regard that fact as proven.

**INSTRUCTION NO. 10**

Certain testimony has been read into evidence from a deposition. A deposition is testimony taken under oath before the trial and preserved in writing. You are to consider that testimony as if it had been given in Court.

**INSTRUCTION NO. 11**

In deciding what the facts are, you must decide which testimony to believe and which testimony to reject. You may disbelieve all or any part of any witness' testimony. In making that decision, some of the things you may consider include:

(1)     Was the witness able to see, hear, or know the things about which the witness testified?

(2)     How good is the witness' memory and is the witness able to testify clearly?

(3)     Was the witness' manner while testifying straightforward and convincing, or evasive and unconvincing?

(4)     Did the witness have an interest in the outcome of the case or any bias or prejudice concerning anyone or anything that mattered in the case, and if so, did that interest or bias affect the testimony?

(5)     How reasonable was the witness' testimony when you consider it in light of all the other evidence in the case?

(6)     Was the witness' testimony contradicted by what that witness said or did at another time, or by the testimony of other believable witnesses or evidence?

In deciding whether or not to believe a witness, remember that people sometimes forget things or sometimes get confused. Because of that, you have to consider whether a contradiction is an innocent lapse of memory; and that may depend on whether it has to do with an important fact that someone would not be likely to forget or some small detail.

**INSTRUCTION NO. 12**

If a witness is shown knowingly to have testified falsely about any fact important to this case, you have a right to distrust the rest of the witness' testimony. On the other hand, you may accept any part of the testimony of that witness that you believe truthful.

**INSTRUCTION NO. 13**

In these instructions I will tell you that the plaintiff has the burden of proving certain issues. The party having the burden of proof on an issue must prove it by a "preponderance of the evidence."

By a preponderance of the evidence is meant the evidence which is more convincing and more probably true. If the evidence as to any issue is evenly balanced, your finding upon that issue must be against the party who had the burden of proving it.

In determining whether an issue has been proved by a preponderance of the evidence, you should consider all of the evidence having to do with that issue regardless of who produced it.

**INSTRUCTION NO. 14**

The plaintiff's claims in this lawsuit are based on section 1983 of Title 42 of the United States Code. That section gives anyone the right to sue for damages against any person or persons who, under color of any state law or custom, subjects plaintiff or causes the plaintiff to be subjected to the deprivation of any rights or privileges secured or protected by the Constitution or laws of the United States.

**INSTRUCTION NO. 15**

In order to prevail on his § 1983 claim against defendant David Paulson, Al
Garza, or Brook Byerley, the plaintiff must prove each of the following elements by a
preponderance of the evidence:

1. The defendant acted under color of law; and

2. The acts of defendant David Paulson, Al Garza, or Brook Byerley deprived the
   plaintiff of his particular rights under the United States Constitution as explained
   in later instructions.

If you find the plaintiff has proved each of these elements, your verdict should be for the
plaintiff. If, on the other hand, the plaintiff has failed to prove any one or more of these
elements, your verdict should be for the defendant or defendants.

At all times, each defendant was acting under color of state law.

**INSTRUCTION NO. 16**

In this case, the plaintiff alleges each defendant, either individually or in a conspiracy, deprived him of his rights under the First Amendment to the Constitution when defendants sought and obtained a temporary restraining order in retaliation for Mr. Toler's criticism of the District Attorney's Office.

Under the First Amendment, a citizen has the right to free expression. In order to prove a defendant deprived the plaintiff of his First Amendment right, the plaintiff must prove the following by a preponderance of the evidence:

1. Mr. Toler engaged in speech protected under the First Amendment;

2. Defendants sought a temporary restraining order on their own behalf based on a declaration signed by Al Garza; and

3. The temporary restraining order was sought in retaliation against plaintiff for exercising his right of free speech, and retaliation was a substantial or motivating factor for the defendants' action.

A substantial or motivating factor is a significant factor.

I instruct you that plaintiff's speech in this case was protected under the First Amendment and, therefore, the first element requires no proof.

**INSTRUCTION NO. 17**

Plaintiff must also establish that the defendants lacked probable cause to seek initiation of the temporary restraining order against him. He may establish that by proving by a preponderance of the evidence that a reasonable and prudent person with knowledge of the facts would not believe that plaintiff posed a credible threat of violence against employees of the district attorney's office.

The fact that a temporary restraining order was issued based on the defendant's declaration is not evidence that probable cause existed and should not be considered by you when making this determination.

**INSTRUCTION NO. 18**

Any employer, whose employee has suffered unlawful violence or a credible threat of
violence from any individual, that can reasonably be construed to be carried out or to have been
carried out at the workplace, may seek a temporary restraining order and an injunction on behalf
of the employee and, at the discretion of the court, any number of other employees at the
workplace.

## INSTRUCTION NO. 19

A "credible threat of violence" is a knowing and willful statement or course of conduct that would place a reasonable person in fear for his or her safety, and that serves no legitimate purpose.

**INSTRUCTION NO. 20**

You have heard evidence that plaintiff was prosecuted and acquitted for violation of the temporary restraining order. This verdict demonstrates only that the prosecution was unable to prove beyond a reasonable doubt that Mr. Toler violated the terms of the temporary restraining order.

**INSTRUCTION NO. 21**

To have an actionable conspiracy claim, a plaintiff must establish by a preponderance of the evidence, (1) the existence of an express or implied agreement among the defendants to deprive him of his constitutional rights, and (2) an actual deprivation of those rights resulting from that agreement.

**INSTRUCTION NO. 22**

The formation and existence of a conspiracy may be inferred from all circumstances tending to show the common intent and may be proved in the same way as any other fact may be proved, either by direct testimony of the fact or by circumstantial evidence, or by both direct and circumstantial evidence. It is not necessary to show a meeting of the alleged conspirators or the making of an express or formal agreement.

**INSTRUCTION NO. 23**

Each member of a conspiracy is liable for each act and bound by each declaration of every other member of the conspiracy if the act or the declaration is in furtherance of the object of the conspiracy.

The act of one conspirator pursuant to or in furtherance of the common design of the conspiracy is the act of all conspirators. A member of a conspiracy is not only liable for the particular wrongful act that, to his knowledge, his confederates agreed to and did commit, but is also liable for the natural and probable consequences of any wrongful act of a co-conspirator to further the object of the conspiracy, even though that act was not intended as a part of the agreed upon objective and even though he was not present at the time of the commission of the act.

You must determine whether each defendant was a member of a conspiracy to commit the originally agreed upon wrongful acts, and, if so, whether the act alleged was perpetrated by a co-conspirator in furtherance of this conspiracy and was a natural and probable consequence of the agreed upon objective of this conspiracy.

**INSTRUCTION NO. 24**

Every person who joins a conspiracy after its formation, is liable for and bound by the acts done and declarations made by other members in pursuance and furtherance of the conspiracy before and during the time that he is a member of the conspiracy.

Evidence of any acts done or declarations made by other conspirators prior to the time a person becomes a member of the conspiracy also may be considered by you in determining the nature, objectives and purposes of the conspiracy.

**INSTRUCTION NO. 25**

Each defendant in this case is individually entitled to, and must receive, your determination whether he was a member of the alleged conspiracy.

**INSTRUCTION NO. 26**

If, under the Court's instructions, you find that plaintiff is entitled to a verdict against defendant, you must then award plaintiff damages in an amount that will reasonably compensate plaintiff for each of the following elements of claimed loss or harm. You must find that such harm or loss was or will be suffered by the plaintiff and that such harm or loss was legally caused by the act upon which you base your finding of liability.

**INSTRUCTION NO. 27**

A legal cause of injury, damage, loss or harm is a cause which is a substantial factor in bringing about the injury, damage, loss or harm.

**INSTRUCTION NO. 28**

This does not mean that under the law there can only be one cause of an injury or damage. On the contrary, many factors or things, or the conduct of two or more persons or corporations may operate at the same time, either independently or together, to cause injury or damage; and in such case, each cause may be a legal cause for the purpose of determining liability in a case such as this one.

**INSTRUCTION NO. 29**

You should compensate a plaintiff for any loss or harm which is reasonably certain to be suffered by plaintiff in the future as a legal result of the injury in question; however, you may not award speculative damages, which is compensation for future harm which, although possible, is not reasonably certain.

**INSTRUCTION NO. 30**

You may award the reasonable value of legal services required and actually received by the plaintiff in defense of the criminal charges or in connection with the temporary restraining order. You may not include in this award any compensation for the plaintiff's legal expenses in connection with this lawsuit.

**INSTRUCTION NO. 31**

Reasonable compensation for any pain, discomfort, fears, anxiety, and other mental and emotional distress which the plaintiff suffered because of the injury and for any similar suffering you believe it is reasonably certain plaintiff will suffer for the same reason.

The law sets no definite standard under which you must decide the amount to be awarded for pain and suffering. In making this award, you are to exercise your authority calmly so that the amount of damages you fix compensates plaintiff reasonably under the evidence in the case.

## INSTRUCTION NO. 32

If you find that the plaintiff is entitled to a verdict, but you also find that under the instructions the plaintiff is not entitled to an award of actual damages, then you may return a verdict for the plaintiff in some nominal sum such as One Dollar ($1.00). The award of a nominal sum as actual damages would not prevent your awarding punitive damages in such amount as you deem appropriate, if you find that the award of punitive damages is justified under these circumstances.

**INSTRUCTION NO. 33**

Nothing I have said during the trial or in these instructions and nothing in the verdict form is meant to suggest to you what verdict I think you should find. What the verdict shall be is the exclusive responsibility of the jury.

## INSTRUCTION NO. 34

The verdict must represent the considered judgment of each juror and must be
unanimous.    Each of you must decide the case for yourself, but only after consulting with each
other and impartially considering the evidence in the case with your fellow jurors. In the course
of talking about the case with the other jurors, you should be willing to think about your own
views and change your opinion if convinced it is wrong. On the other hand, do not surrender
your honest belief as to what the evidence shows just because your fellow jurors do not agree
with you, or just to get a verdict.

Remember during your discussions that you are judges.

**INSTRUCTION NO. 35**

The first thing you should do after you enter the jury room is to select someone to act as your foreperson to lead your discussions and speak for the jury in court.

A verdict form has been prepared for your convenience.

You will take the form to the jury room and, when you have reached unanimous agreement as to your verdict, the foreperson will fill in, date, and sign the verdict form upon which you unanimously agree, and then advise the Court that you have reached a verdict.

**INSTRUCTION NO. 36**

If while you are discussing the case in the jury room you need to communicate with me, you may send a note by a marshal. None of you should try to communicate with me except by a signed writing, and I will not communicate with any member of the jury about the case, other than in writing, or orally here in open court.

As you will hear from the oath which the marshals take, they too, as well as all other persons, are forbidden to communicate in any way with any member of the jury about the case.

You are never to reveal to any person -- not even to me --

how you stand, numerically or otherwise, on any question until you have returned to court with your unanimous verdict.